**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, ENEA MILIORIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CASSAVA SCIENCES, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, by and through their undersigned attorneys, Clarick Gueron Reisbaum LLP, bring this action against Defendant Cassava Sciences, Inc., and allege as follows.

## NATURE OF THE ACTION

1.　Plaintiffs bring this action to recover damages caused by Cassava's filing and prosecution of a meritless lawsuit against them for the sole purpose of harassing, intimidating, punishing, and maliciously inhibiting public participation in scientific and popular discourse related to Cassava's experimental Alzheimer's drug candidate simufilam.

2.　Since at least 2021, scientists, investors, media outlets, and members of the public have raised concerns regarding simufilam, including with respect to its implausible supposed mechanism of action, obvious anomalies in research that were highly suggestive of improper data manipulation or fabrication, and irregular results in clinical trials.

3.　Plaintiffs are three scientists and investors who studied Cassava's claims, published a series of reports investigating and criticizing Cassava's claims and research practices

1

regarding simufilam, and engaged in other public discourse regarding simufilam research and Cassava's scientific integrity.

4.  Rather than seriously interrogate or defend the science underlying its claims about simufilam in the face of public scrutiny and widespread scientific skepticism, Cassava instead resorted to intimidation.

5.  One of Cassava's chief intimidation tactics was to sue Plaintiffs and several others for defamation in 2022, in a case denominated *Cassava Sciences, Inc. v. Bredt*, et al., No. 22-cv-09409-GHW-OTW (S.D.N.Y.) (the "Defamation Action").

6.  The Defamation Action was a transparent bid to quash Plaintiffs' and their co-defendants' criticism of the Company's research practices and claims regarding simufilam and to dissuade others in the scientific and investment community from publishing their own views on Cassava's conduct.

7.  Cassava's claims in the Defamation Action were without basis in either fact or law. The lead researcher on simufilam and Cassava's academic collaborator, Dr. Hoau-Yan Wang has been indicted by the United States Department of Justice for lying to the National Institutes of Health concerning the same research misconduct that Plaintiffs have long criticized. Cassava's founder and CEO Remi Barbier and Senior Vice President of Neuroscience Dr. Lindsay Burns have been forced out of the company. This Court has dismissed the claims against Plaintiffs in the Defamation Action in a series of careful and detailed decisions. And, most recently, Cassava belatedly abandoned its attempt to assert even the narrow subset of claims as to which the Court granted it leave to re-plead—but only on the very day it was due to respond to Plaintiffs' motion to dismiss, and only after Plaintiffs undertook the considerable burden and

2

expense of moving to dismiss Cassava's 282-page Second Amended Complaint, which attached 192 exhibits, totaling 1,929 pages of additional material.

8. Plaintiffs have been forced to expend significant funds in defending the meritless Defamation Action, have lost meaningful business opportunities as a result of Cassava's prosecution of the Defamation Action, and have experienced significant other personal harm.

9. Moreover, Cassava's campaign of intimidation succeeded for years. Manifestly cowed by the aggressiveness with which Cassava pursued the Defamation Action, several scientific journals have refused to take action with respect to highly suspect articles published in their own pages, and even the City University of New York suspended and refrained from publishing the results of an apparently completed investigation into research practices by Dr. Wang, after the "final" report from the investigation was leaked to the press and Cassava responded with its familiar tactics of intimidation and suppression.

10. Accordingly, Plaintiffs seek to recover their costs and attorney's fees, compensatory damages, and punitive damages against Cassava, as provided for by New York's Anti-SLAPP Law. (*See* N.Y. Civ. Rights Law § 70-a ("Anti-SLAPP Law")).

## PARTIES AND JURISDICTION

11. Plaintiff Dr. Jesse Brodkin is a citizen of New Jersey.

12. Plaintiff Dr. Adrian Heilbut is a citizen of New York.

13. Plaintiff Dr. Enea Milioris is a citizen of Greece.

14. Defendant Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas.

15. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiffs and Defendant.

16. This Court has personal jurisdiction over Cassava because this cause of action arises out of Cassava's filing and prosecution of the Defamation Action in New York (and indeed in this very Court).

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

18. Cassava is the sponsor of clinical studies of an experimental new drug—simufilam—proposed to treat patients with Alzheimer's disease.

19. Cassava's claims about simufilam are based on research by Dr. Hoau-Yan Wang, a professor at CUNY, and Dr. Lindsay Burns, Cassava's SVP of Neuroscience and the spouse of Cassava's CEO, Remi Barbier.

20. Doctors, scientists, investors, academic journals, and the general press have all raised serious concerns regarding Cassava's claims about simufilam and the validity and integrity of Dr. Wang's and Dr. Burns's research.

21. Plaintiffs are prominent among those critics. Plaintiffs have expressed criticism and concern about simufilam, Cassava, Dr. Wang, and Dr. Burns in various forums, including: (1) an open letter to the FDA; (2) a website publishing their views about Cassava with the domain cassavafraud.com; (3) a presentation deck concerning Cassava with the title "Cassava Sciences: A Shambolic Charade"; (4) a presentation deck specifically concerning Cassava's supposed diagnostic for Alzheimer's with the title "SavaDx Exposed,"; (5) a presentation deck

4

concerning research improprieties in a Cassava-sponsored open-label study of simufilam with the title "Cassava and the Wang Lab: Seeing through the Blind"; (6) testimony at public CUNY board meetings; and (7) posts on Twitter (now known as X).

22.　　In an effort to punish and suppress Plaintiffs' participation in the public and scientific discourse concerning Cassava and simufilam, Cassava commenced the Defamation Action on November 2, 2022.

23.　　In addition to Plaintiffs, Cassava sued other prominent sceptics in the Defamation Action, including Dr. David Bredt, a neuroscientist and former executive at Eli Lilly and Johnson & Johnson, Dr. Geoffrey Pitt, a cardiologist at Weill Cornell Medicine, and an investment manager known as Quintessential Capital Management LLC.

24.　　In the Defamation Action, Cassava alleged that plaintiffs had made false and defamatory statements concerning Cassava in their letter to the FDA and slide decks published online and in their related posts on Twitter. The initial complaint was 184 pages long and attached 106 exhibits.

25.　　Two days later, Cassava filed a First Amended Complaint, making substantially similar allegations and adding only a handful of jurisdictional allegations.

26.　　The allegations in the First Amended Complaint were without basis in fact or law, for numerous reasons. Among many other defects in the Defamation Action:

    a. Cassava made no coherent or specific allegations to support an inference of actual malice, as required under New York law, instead relying on the same set of voluminous but generic assertions of actual malice against all seven defendants in the Defamation Action.

    b.    The statements by Plaintiffs that Cassava attacked as "defamatory" were statements of opinion and therefore not actionable under New York law.

    c.    The challenged statements also constituted nonactionable scientific discourse under *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490 (2d Cir. 2013).

27.    On November 7, 2022, the Defamation Action was assigned to Magistrate Judge Wang for all pre-trial purposes.

28.    For a time, Cassava's strategy of intimidation succeeded.

29.    Plaintiffs and the other defendants in the Defamation Action were forced to incur hundreds of thousands of dollars in attorney's fees and costs.

30.    Plaintiffs lost out on substantial business opportunities because of Cassava's public and well-funded attacks on their credibility.

31.    Plaintiffs experienced significant personal and emotional harms from the financial and reputational costs of the Defamation Action.

32.    The publisher of at least two academic journals declined to take action critical of Dr. Wang's research, expressly because of the pendency of the Defamation Action.

33.    CUNY, which had undertaken an internal investigation of Dr. Wang and his research lab, succumbed to Cassava's pressure by suspending its investigation when a "final" report highly critical of Dr. Wang became public.

34.    On information and belief, numerous other people and institutions with an interest in the public discourse concerning Cassava, Dr. Wang, and simufilam were dissuaded from participating in the discourse because of Cassava's public and aggressive pursuit of the meritless Defamation Action.

35. In early 2023, all of the defendants in the Defamation Action filed motions to dismiss the First Amended Complaint.

36. In July 2023, Cassava served improper and overbroad document subpoenas on Plaintiffs, seeking 49 broad categories of documents, ostensibly in connection with a securities class action that Cassava is defending in the Western District of Texas, in a further effort to harass, punish, and intimidate Plaintiffs.

37. On January 3, 2024, Magistrate Judge Wang issued a Report and Recommendation recommending that Cassava's claims against Dr. David Bredt and Dr. Geoffrey Pitt be dismissed.

38. On January 5, 2024, Magistrate Judge Wang issued a second Report and Recommendation recommending that the claims against Plaintiffs be dismissed.

39. On January 23, 2024, Magistrate Judge Wang issued a third Report and Recommendation recommending that the claims against Quintessential Capital Management LLC be dismissed.

40. In January and February 2024, Cassava filed meritless objections to each of Magistrate Judge Wang's Reports and Recommendations; and each set of defendants in the Defamation Action filed responses to Cassava's objections.

41. On March 28, 2024, the Hon. Gregory H. Woods granted all Defendants' motions to dismiss the First Amended Complaint.

42. On April 29, 2024, Cassava filed a Second Amended Complaint against Plaintiffs.

43. On June 28, 2024, Plaintiffs moved to dismiss Cassava's Second Amended Complaint.

44. On the same day, the United States Department of Justice announced the indictment of Dr. Wang for "engag[ing] in a scheme to fabricate and falsify scientific data in grant applications made to [the National Institutes of Health] on behalf of himself and [Cassava]."

45. On July 1, 2024, Cassava disclosed in a Form 8-K filing that Cassava has been engaging with the U.S. Department of Justice and the U.S. Securities and Exchange Commission "in connection with ongoing investigations into the Company and two senior employees of the Company."

46. On July 17, 2024, Cassava announced that its CEO Remi Barbier and its chief scientist Lindsay Burns were departing from the company.

47. Cassava's opposition to Plaintiff's motion to dismiss the Second Amended Complaint was due Friday, August 2, 2024. Instead of opposing the motion, Cassava filed a notice of voluntary dismissal.

## COUNT ONE
### (New York Civil Rights Law § 70-a)

48. Plaintiffs repeat and re-allege all other Paragraphs as if set forth fully within.

49. Cassava commenced and continued the Defamation Action, which is an action involving public petition and participation, as defined in New York Civil Rights Law § 76-a.

50. The Defamation Action was (and to the extent still maintained against other defendants still is) commenced and continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification, or reversal of existing law.

51. The Defamation Action was commenced and continued for the sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of speech, petition or association rights within the meaning of the NY Anti-SLAPP Law.

52. Accordingly, Plaintiffs are entitled to recover costs and attorney's fees, compensatory damages, and punitive damages from Cassava pursuant to New York Civil Rights Law § 70-a through this action and claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Drs. Brodkin, Heilbut, and Milioris demand judgment as follows:

A) Awarding costs and attorney's fees incurred in connection with the Defamation Action;

B) Awarding Plaintiffs' costs and attorney's fees incurred in prosecuting this action;

C) Awarding Plaintiffs compensatory damages in an amount to be proven at trial;

D) Awarding Plaintiffs punitive damages in an amount to be established at trial; and

E) Any such other and further relief as the Court deems just and proper.

Dated: August 6, 2024
New York, New York

CLARICK GUERON REISBAUM LLP

By: /s/ Isaac B. Zaur
Isaac B. Zaur
David Kumagai
220 Fifth Avenue, 14th Floor
New York, New York 10001
(212) 633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com

LAW OFFICE OF DANIEL F. WACHTELL

9

By: /s/ Daniel F. Wachtell
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
(917) 667-6954
dan@danwachtell.com

*Attorneys for Dr. Jesse Brodkin, Dr. Adrian Heilbut, and Dr. Enea Milioris*