**By ECF**

November 22, 2024

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re: *Heilbut v. Cassava*, et al., Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Rochon:

      Pursuant to the Court's Aug. 28, 2024 Order (Dkt. 8), we submit this letter jointly on behalf of Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, and Defendants Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns.

1. **Nature of the action**

      **Plaintiffs' statement:** Plaintiffs are scientists and investors who were early and prominent critics of Cassava's scientific claims concerning its experimental Alzheimer's drug, simufilam. In retaliation for that criticism, Defendants filed a baseless defamation action to punish Plaintiffs, intimidate other would-be critics, and conceal known problems with simufilam's scientific and clinical research. *See Cassava Sciences, Inc. v. Bredt*, et al.*,* No. 22-cv-09409-GHW-OTW (S.D.N.Y.) (the "Defamation Action"). Judge Gregory H. Woods dismissed the Defamation Action in a thorough decision conforming with a Report and Recommendation by Magistrate Judge Ona T. Wang. Cassava thereafter filed a new complaint, but abandoned it after Plaintiffs moved to dismiss a second time.

      There is no real doubt about Defendants' bad faith in pursuing the Defamation Action. The lawsuit's facial deficiencies were laid bare in the decisions by Judge Woods and Magistrate Judge Wang. Its underlying factual infirmity stands out clearly from the results of government, academic, and internal investigations. Indeed, the validity of Plaintiffs' criticisms of Cassava—and hence the baseless nature of the Defamation Action—have been corroborated by the FDA, DOJ, SEC, and CUNY. As a result of those investigations, Cassava's lead researcher collaborator Dr. Hoau-Yan Wang was indicted, Remi Barbier (Cassava's former CEO) and Dr. Lindsay Burns (Barbier's spouse and Cassava's former lead scientist) were forced out of the company, and Cassava agreed to pay a $40 million fine to the SEC.

      Defendants pursued the Defamation Action for nearly two years, despite knowing from the outset that it was legally insupportable and that Plaintiffs' supposedly defamatory statements were valid. At minimum, Defendants knew they could never prove that Plaintiffs' statements were false because Defendants had none of the original research data or records necessary to refute Plaintiffs' central claim that the simufilam data had been manipulated or fabricated.

      Defendants' malicious lawsuit caused Plaintiffs to incur substantial legal expenses, lose meaningful business opportunities, and suffer significant additional harm, while harming the public by stifling legitimate discourse about Alzheimer's research. Plaintiffs assert claims under New York's anti-SLAPP law and claims for malicious prosecution and civil conspiracy to recover their costs and attorney's fees, other compensatory damages, and punitive damages.

**Defendants' statement:** Plaintiffs bring this case to recoup alleged costs and damages they sustained from a separate action brought by Defendant Cassava Sciences, Inc. Cassava sued Plaintiffs—among others—for defamation in the Southern District of New York on November 2, 2022. Cassava alleged that Plaintiffs ran a short and distort campaign, whereby they disseminated defamatory information about Cassava in order to decrease the value of Cassava's stocks, in turn increasing the value of their short positions.

In the court's ruling on defendants' motions to dismiss, the court held that a substantial portion of the alleged statements was defamatory. The court nonetheless granted defendants' motions based on its analysis of Cassava's actual malice allegations, and gave Cassava the opportunity to add to its malice allegations in an amended complaint. Cassava filed a new complaint on April 30, 2024. Plaintiffs filed a motion to dismiss that complaint, which was never ruled on. Cassava voluntarily dismissed its claims against Plaintiffs on August 2, 2024.

Plaintiffs filed the instant action four days later. The original complaint named only Cassava, and alleged only a violation of New York Civil Rights Law § 70-a. Plaintiffs filed an amended complaint on October 24, 2024. The Amended Complaint added Defendants Remi Barbier and Lindsay Burns, and added two new causes of action: malicious prosecution and conspiracy. The Amended Complaint alleges that the Defendants pursued the Defamation Action without probable cause or a reasonable basis.

Plaintiffs' allegations ignore the core of the Defamation Action: Plaintiffs asserted that Cassava itself was a fraud. This court found that those statements were defamatory. The Amended Complaint ignores the thrust of Plaintiffs' assertions and portrays Defendants as attempting to quell legitimate scientific debate. But "scientific debate" is not what Plaintiffs did: they launched a prolonged campaign designed to harm Cassava and enrich themselves, which continues today with their choice to bring the instant litigation after the Defamation Action has been resolved.

## 2. Jurisdiction and venue

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and complete diversity exists. Plaintiff Brodkin is a citizen of New Jersey; Plaintiff Heilbut is a citizen of New York; and Plaintiff Milioris is a citizen of Greece. Defendant Cassava is incorporated in Delaware with its principal place of business in Texas; and Defendants Barbier and Burns are citizens of Texas. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the underlying Defamation Action was filed and litigated in this District.

## 3. Existing deadlines and outstanding motions

The Court has entered the following agreed-upon briefing schedule for Defendants' Motions to Dismiss the FAC: Any motion is due December 17, 2024; any opposition is due January 30, 2024; and any reply is due February 20, 2024.

Defendants also intend to file a motion to stay discovery along with their Motion to Dismiss.

4. **Discovery already taken place and discovery necessary for settlement negotiations**

No discovery in this case has taken place to date.

**Plaintiffs' statement:** Plaintiffs believe that meaningful settlement negotiations could be facilitated by (i) Defendants' prompt re-production of documents already produced in their ongoing securities action and now-resolved SEC investigation; (ii) Defendants' prompt production of documents sufficient to show Defendants' reasons for commencing and continuing the Defamation Action; and (iii) the depositions of Barbier, Burns, Christopher Cook (Cassava general counsel), and Hoau-Yan Wang (Cassava's lead research collaborator).

**Defendants' statement:** Defendants will file a motion to stay discovery along with their motion to dismiss. Plaintiffs have already indicated that the discovery they seek will be broad and burdensome. Their request here to obtain every produced document from a separate government proceeding, documents that would reveal attorneys' litigation strategy and advice, and four depositions including Cassava's in-house counsel (who was hired *after* the Defamation Action commenced) before they even considering settlement negotiations demonstrates an intent to maximize pain – not reach resolution. Defendants believe a decision on the forthcoming motion to dismiss will help facilitate meaningful settlement negotiations.

5. **Prior settlement discussions and alternative dispute resolution**

The parties briefly discussed the potential settlement of this matter immediately prior to Cassava's voluntary dismissal of the Defamation Action but were unable to perceive any path to resolution. The parties have conferred on the potential use of alternative dispute resolution mechanisms. In light of the prior discussion, Plaintiffs do not believe such mechanisms would be appropriate at this stage. The parties are open to discussing such mechanisms in the future.

6. **Other information**

Along with this joint letter, the parties are submitting today a proposed Case Management Order that reflects dates conforming with the Court's default requirements (*e.g.*, completion of fact discovery within 120 days). However, the parties anticipate that, in the event the Court denies Defendants' Motion to Stay Discovery, the parties will need a modest extension of that default schedule to allow for an additional 60 days to complete discovery. Thus, the parties jointly request that the Court enter a Case Management Order providing for the completion of fact discovery on or before June 3, 2025, service of Plaintiffs' expert disclosures on or before June 10, 2025, service of Defendants' expert disclosures on or before July 8, 2025, and completion of expert discovery by July 21, 2025.

The parties anticipate potential discovery disputes concerning the scope of the attorney-client privilege and work product doctrine, as Plaintiffs assert that Defendants' purposes for commencing and continuing the Defamation Action are a central issue in the case. These discovery disputes could delay the completion of fact discovery.

Respectfully submitted,

| | |
|---|---|
| **CLARICK GUERON REISBAUM LLP** | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
| By: */s/ Isaac B. Zaur* <br> Isaac B. Zaur <br> David Kumagai <br> 220 Fifth Avenue, 14th Floor <br> New York, NY 10001 <br> Tel.: 212-633-4310 <br> Email: izaur@cgr-law.com <br> Email: dkumagai@cgr-law.com | By: */s/ Michael Vatis* <br> Michael Vatis <br> 1155 Avenue of the Americas, 26th Floor <br> New York, NY 10036 <br> Tel.: 646-593-7050 <br> Email: mvatis@beneschlaw.com |
| **LAW OFFICE OF DANIEL F. WACHTELL** <br><br> By: */s/ Daniel F. Wachtell* <br> Daniel F. Wachtell <br> 90 Broad Street, 23rd Floor <br> New York, New York 10004 <br> Tel.: 917-667-6954 <br> Email: dan@danwachtell.com <br><br> *Attorneys for Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris* | J. Erik Connolly <br> Caitlin A. Kovacs <br> 71 South Wacker Drive, Suite 1600 <br> Chicago, IL 60606 <br> Tel.: 312-212-4949 <br> Email: econnolly@beneschlaw.com <br> Email: ckovacs@beneschlaw.com <br><br> Michael B. Silverstein <br> 41 South High Street, Suite 2600 <br> Columbus, OH 43215 <br> Tel.: 614-223-9300 <br> Email: msilverstein@beneschlaw.com <br><br> *Attorneys for Defendants Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns* |