## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, AND, ENEA MILIORIS, | Civil Action No. 1:24-cv-05948-JLR |
| Plaintiffs, | |
| DAVID BREDT and GEOFFREY PITT | |
| Intervenor Plaintiffs | |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, AND DR. LINDSAY BURNS, | |
| Defendants. | |

## DEFENDANTS CASSAVA SCIENCES, INC., REMI BARBIER, AND DR. LINDSAY BURNS'S MEMORANDUM IN SUPPORT OF THEIR <u>MOTION TO DISMISS THE INTERVENOR COMPLAINT</u>

Michael Vatis (NY Reg. No. 2258655)
J. Erik Connolly (*admitted pro hac vice*)
Caitlin Kovacs (*admitted pro hac vice*)
Michael B. Silverstein (*admitted pro hac vice*)
    mvatis@beneschlaw.com
    econnolly@beneschlaw.com
    ckovacs@beneschlaw.com
    msilverstein@beneschlaw.com

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** ................................................................................................ 1

**BACKGROUND** ................................................................................................. 1

**LEGAL STANDARD** ......................................................................................... 5

**ARGUMENT** ....................................................................................................... 6

**I.**    **Intervenor Plaintiffs' Anti-SLAPP claim fails because it is inapplicable and ignores the facts of the Defamation Action.** ............................................................ 6

    **A.**    **New York's Anti-SLAPP law cannot apply to the Defamation Action** ........... 7

    **B.**    **Intervenor Plaintiffs are not "defendants" under § 70-a.** ................................. 9

    **C.**    **Intervenor Plaintiffs have not and cannot allege that the Defamation Action lacked a substantial basis in law and fact.** .......................................................... 11

**II.**    **Intervenor Plaintiffs' malicious-prosecution claim fails because Intervenor Plaintiffs fail to adequately plead its elements.** .................................................... 15

    **A.**    **Cassava had probable cause to bring the underlying Defamation Action.** .... 15

    **B.**    **Cassava brought the Defamation Action without malice.** ............................... 18

    **C.**    **Defendants caused no special injuries to Intervenor Plaintiffs.** ..................... 19

**III.**    **Intervenor Plaintiffs' conspiracy claim ignores binding legal doctrines and is inadequately pled.** ............................................................................................... 22

    **A.**    **A corporation cannot conspire with its own agents acting under the scope of their employment.** ............................................................................................ 23

    **B.**    **Intervenor Plaintiffs fail to allege any common scheme or plan.** ................... 24

    **C.**    **Intervenor Plaintiffs' related claims are insufficient.** ...................................... 24

**CONCLUSION** ................................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................5

*Bank of Am., N.A. v. Kessler*,
  206 N.E.3d 1228 (N.Y. 2023).................................................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................5

*Black v. Green Harbour Homeowners' Ass'n, Inc.*,
  37 A.D.3d 1013 (N.Y. App. Div. 2007) ................................................................17

*Carroll v. Trump*,
  590 F. Supp. 3d 575 (S.D.N.Y. 2022)..................................................................7, 8

*Cassava Sciences, Inc. v. Bredt et al.*,
  No. 22-cv-9409, 2024 WL 1347362 (S.D.N.Y. Mar. 28, 2024)..................... *passim*

*Coritsidis v. Khal Bnei Torah of Mt Ivy*,
  No. 22-CV-10502 (CS), 2024 WL 37122 (S.D.N.Y. Jan. 3, 2024).........................7

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)......................................................................................2

*Du Chateau v. Metro-N. Commuter R. Co.*,
  253 A.D.2d 128 (1999) ...........................................................................................18

*Dudick v. Gulyas*,
  277 A.D.2d 686 (N.Y. App. Div. 2000) .................................................................19

*Dowd v. DeMarco*,
  314 F. Supp. 3d 576 (S.D.N.Y. 2018)....................................................................23

*Dynamic Energy Sols., LLC v. Pinney*,
  387 F. Supp. 3d 176 (N.D.N.Y. 2019).........................................................9, 10, 11

*Egiazaryan v. Zalmayev*,
  No. 11 CIV. 2670 PKC GWG, 2013 WL 6486258 (S.D.N.Y. Dec. 11, 2013), ......13

*Engel v. CBS, Inc.*,
  711 N.E.2d 626 (N.Y 1999).............................................................................16, 19

*Ericson v. Syracuse Univ.*,
    35 F. Supp. 2d 326 (S.D.N.Y. 1999)..................................................................23

*FiDi Creatives LLC v. Skapos LLC*,
    No. 654685/2023, 2024 WL 1647284 (N.Y. Sup. Ct. Apr. 12, 2024)..............23, 24

*Fink v. Shawangunk Conservancy, Inc.*,
    15 A.D.3d 754 (N.Y. App. Div. 2005) ...........................................................15, 16

*Fisk v. Letterman*,
    424 F. Supp. 2d 670 (S.D.N.Y. 2006)............................................................22, 23

*Genovese v. Cnty. of Suffolk*,
    128 F. Supp. 3d 661 (E.D.N.Y. 2015) .................................................................22

*Ginx, Inc. v. Soho All.*
    720 F. Supp. 2d 342 (S.D.N.Y. 2010)...................................................................7

*Hanna v. Plumer*,
    380 U.S. 460 (1965).............................................................................................7

*IntegrateNYC, Inc. v. State*,
    228 A.D.3d 152 (N.Y. App. Div. 2024) .............................................................10

*Johnson v. Priceline.com, Inc.*,
    711 F.3d 271 (2d Cir. 2013)..................................................................................5

*Kaye v. Trump*,
    58 A.D.3d 579 (N.Y. App. Div. 2009) ...............................................................21

*Keiler v. Harlequin Enterprises Ltd.*,
    751 F.3d 64 (2d Cir. 2014)...................................................................................5

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020).........................................................................6, 7, 8

*Levitin v. Miller*,
    No. 92 CIV. 0520 (KMW), 1994 WL 376078 (S.D.N.Y. July 15, 1994) ........15, 16

*Max v. Lissner*
    22-CV-5070 (VEC), 2023 WL 2346365 (S.D.N.Y. Mar. 3, 2023) ......................8, 9

*McGee v. Dunn*
    940 F. Supp. 2d 93 (S.D.N.Y. 2013)................................................................18, 19

*Murphy v. City of Stamford*,
    634 F. App'x 804 (2d Cir. 2015) ........................................................................23

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
  551 F. Supp. 3d 408 (S.D.N.Y. 2021).......................................................................8

*Nat'l Fuel Gas Distribution Corp. v. PUSH Buffalo*,
  104 A.D.3d 1307, 962 N.Y.S.2d 559 (2013) .........................................................13

*Nieves v. Cty. of Monroe*,
  761 F. Supp. 2d 48 (W.D.N.Y. 2011) ....................................................................18

*Pappas v. Philip Morris, Inc.*,
  915 F.3d 889 (2d Cir. 2019)....................................................................................7

*Perryman v. Vill. of Saranac Lake*,
  41 A.D.3d 1080 ((N.Y. App. Div. 2007) ..........................................................16, 17

*Pirro v. Bd. of Trustees of Vill. of Groton*,
  203 A.D.3d 1263 ((N.Y. App. Div. 2022) .............................................................16

*Prince v. Intercept*,
  634 F. Supp. 3d 114 (S.D.N.Y. 2022)..................................................................2, 8

*Reeves v. Associated Newspapers, Ltd.*,
  No. 154855/20, 2024 WL 3892069 (N.Y. App. Div. Aug. 22, 2024) ....................11

*Reszka v. Collins*,
  136 A.D.3d 1299 (N.Y. App. Div. 2016) ...............................................................20

*Rodriguez v. Perales*,
  657 N.E.2d 247 (N.Y. App. Div. 1995)..................................................................11

*Rubin v. Lutfy*,
  25 Misc. 3d 1242(A), 906 N.Y.S.2d 783 (Sup. Ct. 2009) ......................................18

*Savarese v City of New York*,
  547 F. Supp. 3d 305 (S.D.N.Y 2021).....................................................................23

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)...........................................................................................6, 7

*Stolow v. Greg Manning Auctions Inc.*,
  258 F. Supp. 2d 236 (S.D.N.Y.).............................................................................24

*United States v. Filippatos*,
  307 F. Supp. 564 (S.D.N.Y. 1969) ........................................................................14

**Statutes and Rules**

Fed. R. Civ. P. 12 ................................................................................................ *passim*

N.Y. Civ. Rights Law § 70-a ............................................................................... *passim*

Defendants Cassava Sciences, Inc. ("Cassava"), Remi Barbier, and Dr. Lindsay Burns, by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file the following Memorandum in Support of their Motion to Dismiss Intervenor Plaintiffs David Bredt and Geoffrey Pitt's ("Intervenor Plaintiffs") Complaint in Intervention ("Intervenor Complaint").

## <u>INTRODUCTION</u>

The Court should dismiss the Intervenor Complaint because it alleges no conduct that amounts to any tort or actionable violation. Intervenor Plaintiffs bring (1) a novel Anti-SLAPP claim in federal court, in an attempt to backdoor a disallowed remedy; (2) a malicious prosecution claim, despite this Court already holding that there was plausible merit in hundreds of claims within the Defamation Action; and (3) a civil-conspiracy claim, merely alleging that Defendants engaged in a "PR campaign," which is not actionable. This suit is merely another ploy in a yearslong campaign of harassment against Cassava that should have ended with the resolution of the Defamation Action. All three claims are meritless, and must fail.

Accordingly, this Court should dismiss the Intervenor Complaint with prejudice.

## <u>BACKGROUND</u>

Intervenor Plaintiffs base their claim on Cassava's lawsuit against them for defamation (the "Defamation Action"). [*See* Intervenor Compl. ¶¶ 1–9, 59–91.] However, as a threshold matter, the Intervenor Complaint omits central allegations and holdings from this Court that are found in the same pleadings and decisions they reference throughout the Intervenor Complaint. Those pleadings and decisions are integrated within the Intervenor Complaint via Intervenor Plaintiffs' repeated reference to them and the fact that their case is based entirely on the Defamation Action.

Accordingly, this Court should consider the relevant pleadings and decisions when ruling on this Motion, and Cassava describes those key facts below.[1]

Cassava sued Intervenor Plaintiffs—among others—for defamation on November 2, 2022 in the Southern District of New York. *See* Compl., *Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. Nov. 2, 2022). Cassava filed its First Amended Complaint against Intervenor Plaintiffs and—Adrian Heilbut, Jess Brodkin, and Enea Milioris (hereinafter "Dot.com Plaintiffs")—for defamation on November 4, 2024. *See* First Am. Intervenor Compl., *Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. Nov. 4, 2024) (hereinafter "Defamation FAC"). Cassava alleged that Intervenor Plaintiffs and others engaged in a "short-and-distort" campaign against Cassava. *See* Defamation FAC ¶ 5. Through this campaign, Intervenor Plaintiffs and others shorted Cassava's stock and published defamatory statements to drive the price down. *Id*. ¶¶ 5-10. As the defamatory statements took their effect, Intervenor Plaintiffs' and others' short positions rewarded them. *Id*. ¶ 1. Cassava alleged Intervenor Plaintiffs made these false statements with actual malice and in order to line their pockets. *Id*. ¶¶ 289–365. Intervenor Plaintiffs made these false statements through private and public letters to FDA officials, which were sent by a New York-based attorney, Jordan Thomas, who was retained by Intervenor Plaintiffs. *Id*. ¶ 15. Specifically, on August 18, 2021, Intervenor Plaintiffs authorized Thomas to send a "citizen's petition" to the FDA, which included factually inaccurate information about Cassava, for purposes conveying that Cassava was a fraud. Defamation. *Id*. ¶¶ 118-123. Intervenor Plaintiffs continued making similar statements about Cassava through supplement letters to the

---

[1] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Even if this Court does not believe the facts and procedure of the Defamation Action are necessarily integrated into the First Amended Complaint, this Court can still consider them by taking judicial notice of the public filings in that case. *Prince v. Intercept*, 634 F. Supp. 3d 114, 126 (S.D.N.Y. 2022).

FDA, which were sent on August 30, 2021, September 9, 2021, November 17, 2021 and December 8, 2021. *Id.* ¶¶ 124-130; 143-148; 153-155. The Dot.com Plaintiffs and others made additional statements in various forms, but their most prolific outlet was X, formerly known as twitter. *Id.* ¶¶ 18–21.

And while Intervenor Plaintiffs made hundreds of different defamatory statements about Cassava on various subjects, they centered on the same theme: "Cassava is a fraud." *Id.* ¶¶ 8, 160. The thrust of Intervenor Plaintiffs' many defamatory statements was not simply a critique of the science underlying Cassava's investigational treatment for Alzheimer's or even a focused attack on the individuals who performed that research. Instead, Intervenor Plaintiffs asserted that *Cassava itself*—not the underlying studies or individuals who performed them—was a fraud. Of course, as Cassava alleged and maintains, Cassava is not a fraud. *Id.* ¶¶ 162–67. Cassava is a biotechnology company conducting clinical trials on a hopefully lifechanging drug for those with Alzheimer's: simufilam. *Id.* ¶ 2. So Cassava sought to vindicate its name and seek damages from those who purposefully profited off this false narrative.

The district court ruled that 315 of the Dot.com Plaintiffs' statements were defamatory. These statements "either directly accused [Cassava] of scientific misconduct, stated that simufilam was not effective, or heavily intimated that [Cassava] was engaged in fraudulent behavior." *Cassava Scis., Inc. v. Bredt et al.*, No. 1:22-cv-9409, 2024 WL 1347362, at *21 (S.D.N.Y. Mar. 28, 2024). The district court then held that Cassava could amend its complaint as to those 315 statements in order to enhance its actual-malice allegations. *Id.* at *29. In so holding, the district court held that it could not conclude "that amendment of the Complaint to replead Plaintiff's claims with respect to the challenged tweets would be futile." *Id.*

And, of course, when ruling on Intervenor Plaintiffs' motion to dismiss, the district court used the applicable federal standard: "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at *6.

By March 28, 2024, following the district court's dismissal of Cassava's claims, Intervenor Plaintiffs ceased to be defendants in the Defamation Action. Cassava then filed a Second Amended Complaint against the Dot.com Plaintiffs addressing the district court's concerns. *See* Second Am. Intervenor Compl., *Cassava Sciences, Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. Apr. 29, 2024) (hereinafter "Defamation SAC"). It focused on an even narrower subset of statements than the 315 statements the court labeled defamatory and added additional allegations to bolster its actual malice assertions. *See generally id.*

The Dot.com Plaintiffs again filed a motion to dismiss. *See* Mot. to Dismiss, *Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. June. 28, 2024). They rehashed most of the same arguments they made in their first motion to dismiss. The same day the Dot.com Plaintiffs filed their new motion, the Department of Justice filed an indictment against Dr. Wang related to alleged fraud the government believes he committed related to early research on simufilam. *See* Indictment, *United States v. Wang*, Case No. 24-cr-00211-TDC (D. Md.). Notably, neither Cassava nor any of its employees had been indicted, and the indictment did not allege that Cassava itself or its employees engaged in any wrongful or illegal conduct.

Cassava voluntarily dismissed the case against the Dot.com Plaintiffs on August 2, 2024. *See* Not. of Vol. Dismissal, *Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. August 2, 2024). The district court endorsed that notice on August 5, 2024. *See* Mem., *Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409 (S.D.N.Y. August 5, 2024).

The Dot.com Plaintiffs initiated this action the next day, and subsequently filed their First Amended Complaint on October 24, 2024. On December 2, 2024, Intervenor Plaintiffs filed their Intervenor Complaint. Similar to the First Amended Complaint filed by the Dot.com Plaintiffs, here Intervenor Plaintiffs allege three claims against Cassava. *First*, it alleges that Cassava violated New York Civil Rights Law § 70-a by bringing the Defamation Action "without a substantial basis in fact and law." [Intervenor Compl. ¶¶ 59–70.] To support this legal conclusion, Intervenor Plaintiffs allege that Cassava lacked any proof that a reasonable mind could accept as adequate to support the conclusion the Intervenor Plaintiffs defamed Cassava. [*Id.* ¶ 65.] They do not mention that **the district court** found 315 of the statements at issue in the Defamation Action to be defamatory. *Second*, the Intervenor Complaint alleges that Cassava maliciously prosecuted the Defamation Action, again making no mention of the numerous provisional holdings in favor of Cassava therein. [*Id.* ¶¶ 71–82.] *Third*, the Intervenor Complaint alleges a count of conspiracy, relying on Cassava's "PR campaign" as the basis of a common scheme. [*Id.* ¶¶ 83–91.]

## <u>LEGAL STANDARD</u>

To survive a 12(b)(6) motion to dismiss, "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013). This Court must "accept[] as true all material factual allegations in the complaint and draw[] all reasonable inferences in plaintiffs' favor." *Id.* While a complaint need not "contain detailed or elaborate factual allegations," the allegations must be "sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enterps. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). In other words, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When state laws conflict with federal rules, the federal rule must win out, and the state law cannot apply. *See La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010).

## ARGUMENT

The Intervenor Complaint fails on each count. Count I fails because: the Anti-SLAPP claim is inapplicable in federal court; the Anti-SLAPP statute only applies to defendants, and Intervenor Plaintiffs are not "defendants"; and Defendants had a "substantial basis"—as used by the statute—in fact and law for bringing the Defamation Action. Count II fails because: Defendants brought the Defamation Action with probable cause; Intervenor Plaintiffs make no showing of malice underlying the Defamation Action; and Intervenor Plaintiffs allege no special injury caused by Defendants. Count III fails because: the intracorporate conspiracy doctrine bars conspiracy claims against a corporation and its employees; the Intervenor Complaint alleges no common scheme or plan as required for conspiracy; and conspiracy cannot be pled as an independent tort.

**I.    Intervenor Plaintiffs' Anti-SLAPP claim fails because it is inapplicable and ignores the facts of the Defamation Action.**

Count I fails to state a plausible claim for relief for three reasons. ***First***, whether framed as an affirmative cause of action or otherwise, New York's Anti-SLAPP law cannot apply to a federal complaint. ***Second***, New York's Anti-SLAPP law allows only "defendants" to bring claims, which Intervenor Plaintiffs no longer are. ***Third***, the Defamation FAC is viewed as a whole, and Intervenor Plaintiffs have not alleged and cannot allege that Cassava's Defamation Action lacked a substantial basis in fact and law, particularly where the district court has already determined that 315 of the at-issue statements were defamatory.

A.    **New York's Anti-SLAPP law cannot apply to the Defamation Action.**

The Intervenor Complaint attempts to hold Cassava to a higher burden than imposed on it by the Federal Rules of Civil Procedure.  For this reason alone, Count I fails.

This position is not controversial.  If a Federal Rule of Civil Procedure "answers the same question" as a state law, the Federal Rule governs in federal court, unless the rule at issue violates the Rules Enabling Act.  *Reid*, 966 F.3d at 87.  In other words, if a state law conflicts with a federal rule answering the same question, the federal rule prevails.  *Carroll v. Trump*, 590 F. Supp. 3d 575, 582 (S.D.N.Y. 2022).  This balances two competing interests: (1) ensuring that federal courts honor substantive state law, and (2) protecting the integrity of federal courts as an independent judicial system.  *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 894 (2d Cir. 2019).  Courts strike this balance by focusing on whether the Rule "really regulate[s] procedure."  *Shady Grove*, 559 U.S. at 407 (cleaned up).  In this way, courts honor "[o]ne of the shaping purposes of the Federal Rules[, which] is to bring about uniformity in the federal courts."  *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) (citation omitted).

Applying these principles, numerous courts have held that New York's Anti-SLAPP laws cannot apply in federal court.  *See, e.g.*, *Coritsidis v. Khal Bnei Torah of Mt Ivy*, No. 22-CV-10502 (CS), 2024 WL 37122, at *6 (S.D.N.Y. Jan. 3, 2024) (collecting cases).  New York's Anti-SLAPP laws "elevate a plaintiff's burden at the pleading stage above 'plausibility' (the post-*Twombly*/*Iqbal* federal standard) to 'substantial basis.'"  *Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 366 (S.D.N.Y. 2010).  This heightened burden directly conflicts with Rules 12 and 56—the summary judgment standard—of the Federal Rules.  *See id.*  Rule 12—as noted above—requires a plaintiff establish only a plausible basis for relief, and Rule 56 requires a party to show there is merely a genuine dispute of material fact.

Judges in this Court have specifically found that Intervenor Plaintiffs' chosen section—70-a—"does not apply in federal court." *Prince v. Intercept*, 634 F. Supp. 3d 114, 142 (S.D.N.Y. 2022). Section 70-a "imposes a different, and higher, burden on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure." *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 432 (S.D.N.Y. 2021). The substantial basis standard in New York's § 70-a conflicts with Federal Rules 12 and 56, so it "is inapplicable in federal court." *Id.* (citing *Reid*, 966 F.3d at 87).

When parties to federal suits attempt to lodge substantive counterclaims under New York's Anti-SLAPP statute, federal courts largely have rejected that attempt. *See, e.g., Carroll,* 590 F. Supp. 3d at 582 ; *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 431–32. In both *Carroll* and *National Academy*, the defendant sought to assert a counterclaim based on § 70-a. *Carroll*, 590 F. Supp. 3d at 578; *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 417. Neither court permitted the defendant to do so, because § 70-a conflicts with the Federal Rules. *Carroll,* 590 F. Supp. 3d at 582; *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 431–32. It did not matter that the relief was framed as a substantive claim as opposed to a defense—the claim would still subvert the Federal Rules by allowing a defendant to hold plaintiffs to a heightened, state-imposed standard. *Carroll,* 590 F. Supp. 3d at 582; *Nat'l Acad. of Television Arts & Scis., Inc.*, 551 F. Supp. 3d at 431–32.

The only cases Cassava's counsel has found permitting a completely independent affirmative cause of action under § 70-a centered on *state* complaints. The *Max* court recognized that New York's Anti-SLAPP law permitted an affirmative cause of action in a narrow setting: an allegation that "a defamation plaintiff violated the substantive state law by commencing a defamation lawsuit in ***state*** court." *Max v. Lissner*, 22-CV-5070 (VEC), 2023 WL 2346365, at *8

(S.D.N.Y. Mar. 3, 2023), *appeal dismissed* (June 21, 2023) (emphasis added).  And in *Pinney*, the plaintiff similarly brought its Anti-SLAPP claim based on a state complaint. *Dynamic Energy Sols., LLC v. Pinney*, 387 F. Supp. 3d 176, 189 (N.D.N.Y. 2019).  There was no conflict applying New York's Anti-SLAPP law in *Max* or *Pinney* because the plaintiffs did not seek to subvert the federal rules; instead, the plaintiffs sought to apply a state law to a state complaint with the federal court sitting only in diversity.  Here, however, Intervenor Plaintiffs seek to subvert the federal rules by applying a heightened, state-law pleading standard to a federal complaint.

So Intervenor Plaintiffs' claim suffers from the same defect as the counterclaims asserted in *Carroll* and *National Academy*.  The claim's status as a standalone suit does not save it; counterclaims are simply affirmative claims asserted by a defendant, and there is no reason why asserting the same claim in a separate action would mitigate the conflict between that claim and the Federal Rules.  Just like the counterclaims in *Carroll* and *National Academy*, Intervenor Plaintiffs' claim here would retroactively and impermissibly heighten the burden that Cassava needed to meet in the Defamation Action.

Intervenor Plaintiffs' attempt to end-run the federal rules, therefore, fails.  There is no meaningful difference between Intervenor Plaintiffs asserting New York's Anti-SLAPP provisions as a defense or counterclaim versus an independent cause of action.  Accordingly, this Court should follow the many other courts that have refused to apply § 70-a to federal complaints, and dismiss this case.

### B.    Intervenor Plaintiffs are not "defendants" under § 70-a.

Section 70-a creates a cause of action only for "a defendant in an action involving public petition and participation."  Not "a person," or "a party who is or has been a defendant," but "a defendant."  Therefore, only actual defendants can bring a § 70-a claim.  But Intervenor Plaintiffs are not defendants, so they have no claim.

The plain text of § 70-a limits claims to those who are defendants. The starting point for statutory interpretation is "the plain text—the clearest indicator of legislative intent." *Bank of Am., N.A. v. Kessler*, 206 N.E.3d 1228, 1233 (N.Y. 2023) (quotation and citation omitted). Section 70-a does not define defendant, so this Court should look to its "usual and commonly understood meaning." *See IntegrateNYC, Inc. v. State*, 228 A.D.3d 152, 171-72 (N.Y. App. Div. 2024). A defendant is "a person or group against whom a criminal or civil action is brought: someone who is being sued or accused of committing a crime." *Defendant*, Meriam-Webster, https://www.merriam-webster.com/dictionary/defendant. In other words, a defendant is someone *currently* facing a lawsuit.

Intervenor Plaintiffs are not currently facing a lawsuit by Cassava, SLAPP or otherwise. Cassava's Defamation FAC against Intervenor Plaintiffs was dismissed in the Defamation Action on March 28, 2024. Following the dismissal, Cassava chose not to appeal the decision. Only after that first action was resolved and the Dot.com Plaintiffs initiated this instant action did Intervenor Plaintiffs decide to file its Intervenor Complaint. But they were no longer "someone who is being sued," so they were not defendants who could institute such an action.

*Pinney* bears this out. There, the plaintiff brought an Anti-SLAPP action in federal court based on a state complaint. *Pinney*, 387 F. Supp. 3d at 181. The plaintiff complained that a tortious interference claim that the defendant had voluntarily dismissed was a SLAPP claim and sought remedies under §§ 70-a and 76-a. *Id.* Among the reasons the Court granted defendant's motion to dismiss was that the plaintiff did not assert Anti-SLAPP as a counterclaim in state court. *Id.* at 189. The Court held that such a procedure of bringing a separate lawsuit did not adhere to the purposes of the Anti-SLAPP statute. *Id.* The same is true here. Bringing a separate lawsuit *after* litigation is over does not adhere to the purposes of the Anti-SLAPP statute: preventing damages

10

and litigation costs for those facing meritless lawsuits. *See Senate Bill S52A,* The New York State Senate, https://www.nysenate.gov/legislation/bills/2019/S52.

If the New York legislature wanted to expand those protected by Anti-SLAPP to include those who have *previously* been defendants, they could have used language making that clear. After all, this Court must assume "the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose." *Rodriguez v. Perales*, 657 N.E.2d 247, 249 (N.Y. App. Div. 1995). And here, the legislature deliberately chose the word "defendant." They could have said "person" or even "a party who is or has been a defendant" or otherwise made it clear that this law applied to those who were not currently defendants.

Yet, every state Anti-SLAPP statute currently in effect permits only "defendants" to bring a claim under the statute. Accordingly, Cassava's counsel has found no cases in any jurisdiction where a party was allowed to bring an affirmative Anti-SLAPP claim **after** the alleged SLAPP suit had ended. *See Pinney*, 387 F. Supp. 3d at 189. Plaintiffs should not be the first.

### C. Intervenor Plaintiffs have not and cannot allege that the Defamation Action lacked a substantial basis in law and fact.

Even if this Court believes—as a matter of first impression—that Intervenor Plaintiffs can avoid a conflict with Federal Rules by framing their Anti-SLAPP claim as an independent affirmative claim, and even if this Court believes—despite *Pinney*—that Intervenor Plaintiffs do not have to currently be defendants in a SLAPP suit to maintain a claim, Intervenor Plaintiffs' claims still fail. Intervenor Plaintiffs' Count I fails unless they show that the Defamation Action lacked any substantial basis in law and fact. N.Y. Civ. Rights Law § 70-a. "[S]ubstantial basis" means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Reeves v. Associated Newspapers, Ltd.*, No. 154855/20, 2024 WL 3892069, at *1 (N.Y. App. Div. Aug. 22, 2024) (citation omitted). This Court's memorandum opinion on the

Defamation Action demonstrates Cassava's substantial basis in law because the Court found hundreds of statements defamatory. No allegations—conclusory, irrelevant, or otherwise—change that core fact.

*First*, Intervenor Plaintiffs cannot show that Cassava lacked a substantial basis in law to file its Defamation Action. Intervenor Plaintiffs attempt to separate or parse Cassava's allegation in the Defamation Action is contrary to law. Although the district court dismissed some of the defamatory claims in Cassava's Defamation FAC with prejudice, the court made clear that it was not dismissing all claims with prejudice. Cassava filed one complaint against multiple defendants. Contrary to Intervenor Plaintiffs' assertions in paragraph 6, the district court held that 315 of the statements within Cassava's Defamation FAC were capable of a defamatory meaning. The Intervenor Complaint, tellingly, ignores this part of the district court's holding. Cassava could not have lacked a substantial basis in law for its claims when the district court agreed that hundreds of statements—at least at the motion to dismiss stage—were actionable and defamatory.

Further, the district court explicitly stated that it could not find Cassava's claims regarding those 315 statements were futile. *Cassava Scis., Inc.*, 2024 WL 1347362, at *29. The district court allowed Cassava to replead its allegations regarding those statements to allege additional context to prove actual malice. *Id.* If the district court believed Cassava had absolutely no basis to meet the actual malice bar, it could have and would have said so. Instead, it stated that it "cannot conclude that it would be futile for Plaintiff to replead its allegations of actual malice." *Id.* Therefore, when viewing the Defamation FAC as a whole, it is clear Cassava had a substantial basis in law to file its Defamation Action.

It is of little consequence that the statements made by Intervenor Plaintiffs, in particular, were dismissed with prejudice. Where Cassava can establish a substantial basis for *any* of the

claims alleged in the Defamation Action, no § 70-a claim based on that complaint can survive. *Push Buffalo* bears this out.  In *Push Buffalo*, a state court dismissed all claims against an individual defendant and allowed one claim against a co-defendant, but rejected the individual's claim for § 70-a attorney's fees.  *Nat'l Fuel Gas Distribution Corp. v. PUSH Buffalo*, 104 A.D.3d 1307, 1309 (N.Y. App. Div. 2013).  Despite all claims against the individual being dismissed, the state court refused to give § 70-a fees.  *Id.*  Similarly, here, the district court found that certain of Cassava's claims against another group of defendants had potential merit.

Moreover, the district court did not reject Cassava's claims against Intervenor Plaintiffs outright, but rather conducted a complex legal analysis before reaching its holding.  Specifically, the district court dedicated approximately 13 out of 56 pages to examining the defamatory claims against Intervenor Plaintiffs. *Cassava Scis., Inc.*, 2024 WL 1347362, at *8-24, *19-20.  The district court carefully analyzed each statement individually that was challenged by Cassava, which included an analysis of whether the statements qualified as scientific conclusions, opinion statements, unchallenged factual statements, or defamation by implication.  *Id.*  This exhaustive analysis further shows that Cassava did have a substantial basis to file its defamation action against Intervenor Plaintiffs.  *See Egiazaryan v. Zalmayev*, No. 11 CIV. 2670 PKC GWG, 2013 WL 6486258, at *14 (S.D.N.Y. Dec. 11, 2013), *report and recommendation adopted as modified*, No. 11 CIV. 2670 PKC GWG, 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) (despite dismissing the plaintiff's defamation claim, the court granted the plaintiff's summary judgement motion on the defendant's anti-SLAPP counterclaim under N.Y. Civ. Rights §70-a(1)(a) and dismissed the defendant's counterclaim for attorney fees under the anti-SLAPP statute because, among other things, "the nature of the underlying claims in this case reflect that there was a legitimate basis for the suit and that it might well have been expected to have been successful. The dismissal of

[plaintiff]'s lawsuit resulted only from an exhaustive analysis of the complex legal doctrines that characterize New York's law of defamation."). Had no substantial basis in law existed, the district court would have dismissed the claims out of hand rather than performing an intricate evaluation of each statement alleged.

*Second*, Intervenor Plaintiffs cannot show that Cassava's claims lacked a substantial basis in fact. The thrust of the at-issue statements was that Cassava itself was a fraud. *Cassava Scis., Inc.*, 2024 WL 1347362, at *18. Cassava knows that these allegations were false because it knows it is not a fraud. No allegations in the Intervenor Complaint can show otherwise.

Indeed, certain allegations in the Defamation Action actually demonstrate Cassava was *not* a fraud. The Defamation Action contained allegations that (1) Cassava made public filings with the SEC demonstrating that it did not engage in any wrongdoing, *e.g.*, Defamation FAC ¶¶ 166–67; (2) Cassava's executives did not receive cash payments tied to Cassava's stock, *e.g. id.* ¶ 166; (3) independent third parties reviewed Cassava's data prior to publication, *e.g. id.* ¶¶ 182–83. A fraudulent company does not open itself up to the public so willingly nor curtail its executives profits. And filing a lawsuit defending itself against defamatory claims necessarily exposed Cassava to more scrutiny, which is also not something a fraudulent company would willingly do. In short, nothing in the Defamation FAC demonstrates that Cassava lacked a substantial basis for believing—correctly—that it was and is not a fraud.

Further, nothing in Dr. Wang's indictment supports an inference that the Defamation Action lacked a substantial basis in fact. The indictment is "no more than an accusation" — not a finding of fact. *United States v. Filippatos*, 307 F. Supp. 564, 565 (S.D.N.Y. 1969). It has "no evidentiary value" whatsoever. *Id*. Further, the indictment against Dr. Wang does not allege that Cassava itself engaged in any fraudulent activity. The allegations against Dr. Wang do not

translate to allegations of fraud against Cassava of the kind both Intervenor Plaintiffs and the Dot.com Plaintiffs made. *See* Defamation FAC ¶¶ 118-130; 143-148; 153-155; *see also* SAC ¶ 310. In other words, Dr. Wang's indictment does nothing to create a reasonable inference that Cassava itself committed fraud, and that Cassava lacked a substantial basis for contending otherwise. Without sufficient facts—either in the Intervenor Complaint or in reality—Count I cannot stand.

## II. Intervenor Plaintiffs' malicious-prosecution claim fails because Intervenor Plaintiffs fail to adequately plead its elements.

Count II fails because the Intervenor Complaint does not adequately allege that the Defamation Action was brought without probable cause, with malice, or caused special injury to any Plaintiff. To allege malicious prosecution, the Intervenor Plaintiffs need facts to infer: "(1) the commencement of a judicial proceeding against plaintiff; (2) by or at the instance of defendant; (3) without probable cause; (4) with malice; (5) which has terminated in favor of the plaintiff; (6) to his injury. … Where, as here, the [underlying] proceeding is civil in nature, plaintiff must also show (7) that he suffered interference with his person or property from some provisional remedy." *Levitin v. Miller*, No. 92 CIV. 0520 (KMW), 1994 WL 376078 at *3 (S.D.N.Y. July 15, 1994). Here, construing all facts in their favor, Intervenor Plaintiffs cannot show a lack of probable cause, existence of malice, or special injury.

### A. Cassava had probable cause to bring the underlying Defamation Action.

Cassava brought the Defamation Action because it had plausible merit. Probable cause consists of "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." *Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 755 (N.Y. App. Div. 2005). "Because 'obviously less in the way of grounds for belief will be required to justify a reasonable person in bringing a civil rather than a criminal suit,' when the

underlying action is civil in nature the want of probable cause must be patent." *Id.* (citation omitted)  Indeed, if "at least some causes of action in the underlying complaint had *potential* merit," then a malicious prosecution claim fails.  *Pirro v. Bd. of Trustees of Vill. of Groton*, 203 A.D.3d 1263, 1265 (N.Y. App. Div. 2022) (citation omitted).  Therefore, a plaintiff must show "an entire lack of probable cause in the prior proceeding," which is "no easy feat."  *Perryman v. Vill. of Saranac Lake*, 41 A.D.3d 1080, 1081 (N.Y. App. Div. 2007) (quoting  *Engel v. CBS, Inc*., 711 N.E.2d 626, 631 (N.Y. 1999).

Cassava need not establish probable cause for each claim underlying the Defamation Action to defend itself against a malicious prosecution claim.  *See Pirro*, 203 A.D.3d 1263, 1265 (finding that "defendants [had] satisfied their prima facie burden to demonstrate that the action, 'considered as a whole, was not entirely without probable cause'").  When defendants in a malicious prosecution suit receive even some favorable holdings in their underlying suit, "probable cause [is] not obviously lacking."  *See Levitin*, 1994 WL 376078 at *5.  The district court here did, in fact, reach holdings in favor of Cassava in the Defamation Action, so that action could not have lacked probable cause.  *Fink* shows why.  In *Fink v. Shawangunk*, the district court made one holding in favor of Shawangunk (defendant in malicious-prosecution claim, plaintiff in the underlying proceedings), though ultimately finding for Fink on most issues.  15 A.D.3d at 754–55.  When Fink subsequently filed a malicious prosecution claim, that one holding for Shawangunk gave rise to a presumption of probable cause.  *Id.*  The Court recognized that "defendant's arguments, although ultimately unsuccessful, were not frivolous or unsupported," and dismissed the malicious prosecution claim.  *Id.* at 755.

In the Defamation Action, the Court found hundreds of statements by the Dot.com Plaintiffs to be both actionable and defamatory, judicially recognizing the merit of Cassava's

claims in the underlying cause. *See, e.g., Cassava Scis., Inc.*, 2024 WL 1347362, at *17 ("the statements regarding the Open Label Study are more ambiguous and are therefore actionable"); *Id.* at *18 ("statements about the Open Label Study are defamatory."); *Id.* at *20 ("The Court concludes that [Cassava] has adequately pleaded that some of the tweets were defamatory."). These holdings are evidence of Cassava's probable cause—the district court found that Cassava's arguments were not frivolous or unsupported. The Court did not ultimately hold for Shawangunk in *Fink* or for Cassava as to the Intervenor Plaintiffs in the Defamation Action. Nonetheless, provisional favorable holdings support a finding of probable cause in the respective underlying actions.

Probable cause is clear, and here, Intervenor Plaintiffs cannot rely solely on the dismissal of some of the defamatory statements to establish the lack of probable cause; instead, Intervenor Plaintiffs must plead adequate facts to show Cassava lacked probable cause to file the Defamation Action as a whole, including the claims filed against the Dot.com Plaintiffs. *See Perryman*, 41 A.D.3d at 1082 (holding that "[d]efendant seeking dismissal of malicious prosecution cause of action arising out of prior civil proceeding need not establish that each claim in prior proceeding was supported by probable cause; defendant may meet its burden with respect to that element of civil malicious prosecution claim by demonstrating that probable cause existed for prior proceeding as whole"); *see also Black v. Green Harbour Homeowners' Ass'n, Inc.*, 37 A.D.3d 1013, 1014 (N.Y. App. Div. 2007) (dismissing a malicious prosecution claim where "at least some causes of action in the underlying complaint" had "potential merit").

Intervenor Plaintiffs do not rebut the judicial recognition of the merit that led this Court to grant Cassava leave to amend its pleadings, nor even address that the district court held for Cassava

in regard to the 315 statements in the Defamation Action. Their failure is damning. They cannot show a lack of probable cause, so their malicious-prosecution claim fails.

### B.    Cassava brought the Defamation Action without malice.

Intervenor Plaintiffs do not and cannot plead evidence of any improper motive for the Defamation Action, as required to make a showing of malice. Intervenor Plaintiffs must show that Cassava commenced the Defamation Action "due to a wrong or improper motive, something other than a desire to see the ends of justice served" to show malice for malicious prosecution. *Du Chateau v. Metro-N. Commuter R. Co.*, 2253 A.D.2d 128, 132, (N.Y. App. Div. 1999). Instead, Intervenor Plaintiffs allege motive in two ways, both insufficient: legal conclusions and *non sequitur* facts that cannot constitute improper motive as matter of law.

Intervenor Plaintiffs assert bald legal conclusions in their Intervenor Complaint to establish malice. "Conclusory or speculative allegations are insufficient: plaintiff must *specifically* allege that the named defendants acted with malice." *Nieves v. Cty. of Monroe*, 761 F. Supp. 2d 48, 52 (W.D.N.Y. 2011). Intervenor Plaintiffs, however, merely repeat common law elements in their allegations that the Defamation Action was commenced "for the sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of speech, petition or association rights," or "in retaliation against the Neuroscientist Plaintiffs for their public criticism." [Intervenor Compl., ¶¶ 67, 68.] "Unsubstantiated and conclusory allegations of malice [are] insufficient to sustain" a claim for malicious prosecution. *Rubin v. Lutfy*, 25 Misc. 3d 1242(A), 906 N.Y.S.2d 783 (Sup. Ct. 2009), *judgment entered,* (N.Y. Sup. Ct. 2010). Intervenor Plaintiffs can lob conclusions at this Court, but those conclusions do not sustain or support their claims of improper motive at this stage.

In the face of non-existent malice allegations, *McGee v. Dunn* is instructive. 940 F. Supp. 2d 93 (S.D.N.Y. 2013). In advancing a malicious prosecution claim, the *McGee* plaintiff alleged

that the defendant had used varying dates to describe when a phone call had occurred.  *Id.* at 102.

Because the defendant was inconsistent when giving a date, plaintiff argued, the defendant was

likely to lie, be inconsistent, or speak "without regard for the truth or falsity" when talking to police

about a related legal proceeding.  *Id.* at 102.  This Court held that such allegations do "not show,

nor imply that [the defendant] acted with malice," and granted the defendant's motion to dismiss.

*Id.*

Here, Intervenor Plaintiffs make similarly nonsensical allegations, hoping to create an

inference or illusion of improper motive.  Plaintiffs assert a string of circumstances about which

they are unhappy and equate that with "malice" as defined by New York law.  As in *McGee*,

Intervenor Plaintiffs ask the Court to make an insurmountable logical leap to connect Intervenor

Plaintiffs' factual allegations here with malice.  Improper motive is not shown nor implied by

standard increases in a company's stock or base level self-respect.  Intervenor Plaintiffs' illogical

allegations cannot show that any defendants acted with malice, and neither can their legal

conclusions, and so Count II must fail.

### C.    Defendants caused no special injuries to Intervenor Plaintiffs.

Intervenor Plaintiffs allege no special injuries.  Malicious prosecution claims based on a

civil proceeding must allege a special injury.  *Dudick v. Gulyas*, 277 A.D.2d 686, 688 (N.Y. App.

Div. 2000).  "[T]he role that the special injury requirement fulfills is that of a buffer to insure

against retaliatory malicious prosecution claims and unending litigation."  *Engel*, 93 N.Y.2d at

205.  "Put another way, what is 'special' about special injury is that the defendant must abide some

concrete harm that is considerably more cumbersome than the physical, psychological or financial

demands of defending a lawsuit."  *Id.*

Intervenor Plaintiffs' only special injury allegations are conclusory statements about the

physical, psychological and financial demands of defending a credible lawsuit.  These do not

count.  The Intervenor Complaint alleges that the Intervenor Plaintiffs suffered "substantial harm to their professional reputation and … experienced emotional and psychological harm, from Cassava's prosecution of the Defamation Action."  [Intervenor Compl. ¶ 51.]  But special injuries must be a "wrongful interference with his person or property" that do not merely amount to "the physical, psychological or financial demands of defending a lawsuit."  *See Reszka v. Collins*, 136 A.D.3d 1299, 1301 (N.Y. App. Div.2016).  In *Reszka,* the plaintiff alleged that he experienced some financial harms and reputational harms, none of which "involved wrongful interference" but only amounted to normal costs of defending a lawsuit.  *Id.* (citation omitted)  With alleged reputational and emotional harm, the Intervenor Complaint merely alleges that Intervenor Plaintiffs experienced the psychological demands of defending a lawsuit.  These demands are not special injuries.

Moreover, both Bredt and Pitt conclusorily allege that the Defamation Action caused third-parties, unaffiliated with Cassava, to interfere with their professional reputation.  Specifically, Bredt alleges he was "doxed" by thousands of posts on X and other websites from Cassava investors and supporters; Cassava supporters inundated Rapport Therapeutics, Bredt's current employer, message board on Yahoo Finance, "accusing Dr. Bredt of lacking professional integrity"; and an anonymous group of Cassava investors sent a letter to the Major Fraud Division of the DOJ petitioning the DOJ to open a criminal investigation into the Intervenor Plaintiffs.  [Intervenor Compl. ¶¶ 52, 57, 58.]  Pitt further conclusorily alleges Cassava supporters posted hundreds of harassing messages on X concerning Pitt; Cassava supporters lodged several complaints against Pitt directly with Weill Cornell Medical College; and an anonymous group of Cassava investors sent a letter to the Major Fraud Division of the DOJ petitioning the DOJ to open a criminal investigation into the Intervenor Plaintiffs.  [Intervenor Compl. ¶¶ 53-56, 58.]  Special

injury must be caused by the defendant. *See Kaye v. Trump*, 58 A.D.3d 579, 580 (N.Y. App. Div. 2009). In *Kaye*, the plaintiff brought a malicious-prosecution claim against a former condominium-board member. *Id.* The plaintiff alleged that she had to move out of her condo, a special injury, because the former condominium-board member filed two civil actions against her, made a criminal complaint, and made rude remarks. *Id.* The Court dismissed her complaint, because she "allege[d] conclusorily that she was forced by defendants' 'acts' to sell her condominium unit…she assert[ed] no facts that would establish that the two civil actions or the filing of a criminal complaint, or the rude remarks, *caused* her to move." *Id.* The Court held that Kaye did not establish that those acts *caused* her injury; she made a decision based on circumstances. *Id.* Here, Intervenor Plaintiffs conclusory allege "Cassava supporters" and "Cassava investors" harassed Intervenor Plaintiffs on Twitter, lodged complaints, and sent a letter to the DOJ. Notably, Intervenor Plaintiffs do not allege that Cassava or agents/employees of Cassava committed these actions. Defendants did not force these alleged "Cassava supporters" or "Cassava investors" to do anything. Intervenor Plaintiffs were named defendants in a lawsuit concerning information that was made public and subject to much online discussion. [Intervenor Compl. ¶ 31-34.] Defendants did not interfere with Intervenor Plaintiffs' reputation, person or property.

Furthermore, alleged-injuries from subpoenas served in an unrelated Securities Action are not recoverable here. Intervenor Plaintiffs allege that subpoenas served on Intervenor Plaintiffs in an unrelated Securities Action were a manifest effort to harass, punish, and intimidate the Intervenor Plaintiffs. [Intervenor Compl. ¶¶ 40-42.] Additionally, Intervenor Plaintiffs argue the Securities Action caused Intervenor Plaintiffs to incur substantial cost in responding to the subpoenas issued by Cassava. [*Id*. ¶¶ 49, 58.] Setting aside that these costs are not close to special

injuries—as argued above—even if they were, they were not caused by the Defamation Action. The special injuries must emanate from the prosecution of the allegedly malicious proceeding, not an unrelated one. *See Genovese v. Cty. of Suffolk*, 128 F. Supp. 3d 661, 676 (E.D.N.Y. 2015) (finding that a party cannot be held liable for damages for two unrelated claims because "[n]either of these two claims for damages were reasonably related to plaintiff's claim of malicious prosecution"). But the Intervenor Plaintiffs base their malicious prosecution claim on the Defamation Action, not unrelated subpoenas. [Intervenor Compl. ¶¶ 71-82.] So any alleged damages from those subpoenas fall outside of this claim.

The Intervenor Complaint alleges no special injuries as to Intervenor Plaintiffs and alleges injuries to Intervenor Plaintiffs that the Defendants could not have caused, so Count II fails.

### III. Intervenor Plaintiffs' conspiracy claim ignores binding legal doctrines and is inadequately pled.

Intervenor Plaintiffs cannot allege civil conspiracy. Conspiracy is not an independent substantive tort; conspiracy may be alleged only "to connect the actions of separate defendants with an otherwise actionable tort." *Fisk v. Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y. 2006) (citation omitted). A civil-conspiracy claim fails unless plaintiffs "demonstrate the underlying tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Id.*

Intervenor Plaintiffs' claim fails because (1) the intracorporate-conspiracy doctrine bars their claim, (2) Intervenor Plaintiffs fail to allege a common scheme or plan, and (3) Intervenor Plaintiffs fail to allege any underlying tort, so Claim III fails.

**A.    A corporation cannot conspire with its own agents acting under the scope of their employment.**

A claim alleging "a conspiracy to commit fraud, entered into by [a corporation] and two of its employees…is barred by the intracorporate-conspiracy doctrine, under which 'the officers, employees, and agents of the same corporate entity acting within their scope of employment, along with the corporate entity itself, are considered a single entity and are legally incapable of conspiring with each other.'" *FiDi Creatives LLC v. Skapos LLC*, No. 654685/2023, 2024 WL 1647284,  at *6 (N.Y. Sup. Ct. Apr. 12, 2024) (quoting *Savarese v City of New York*, 547 F Supp 3d 305, 343 (S.D.N.Y 2021)).[2]  Intervenor Plaintiffs themselves admit that the "***coordinated PR campaign***" is "**led by Barbier and Dr. Burns**."  [Intervenor Compl. ¶ 85 (emphasis added).]  The Intervenor Complaint confirms that the individual Defendants were working alongside and with the approval of Cassava, the corporation that employed them.  Thus, the intracorporate-conspiracy doctrine applies, and a claim of civil conspiracy must fail.  *See FiDi Creatives LLC*,  2024 WL 1647284, at *6 (dismissing conspiracy claim based on intracorporate-conspiracy doctrine); *Dowd v. DeMarco*, 314 F. Supp. 3d 576, 587–88 (S.D.N.Y. 2018) (same); *Murphy v. City of Stamford*, 634 F. App'x 804 (2d Cir. 2015) (same); *Ericson v. Syracuse Univ.*, 35 F. Supp. 2d 326, 329 (S.D.N.Y. 1999) (same).

---

[2] In *Savarese,* this Court did not apply the intracorporate-conspiracy doctrine because it found that the Defendants were not acting within the scope of their employment.  *Id.* at 344.  The defendants were a group of police officers, one traffic agent, and the city, who all allegedly conspired to arrest the plaintiff.  *Id.*  The Court held that the traffic agent was outside the scope of his employment because making arrests is in the job description of a police officer, but not a traffic agent.  *Id.*  But here, Defendants are two agents of a corporation, the CEO and senior vice president, and the corporation itself, who allegedly conspired to file the Defamation Action against Intervenor Plaintiffs.  [Intervenor Compl. ¶¶ 84-91.]

**B.    Intervenor Plaintiffs fail to allege any common scheme or plan.**

Intervenor Plaintiffs must allege the first element of civil conspiracy, "an agreement between two or more parties." *FiDi Creatives LLC*, 2024 WL 1647284, at *6. Instead, Intervenor Plaintiffs make "conclusory, vague [and] general allegations that the defendants have engaged in a conspiracy." *Fisk*, 424 F Supp 2d at 677. This Court deemed such allegations insufficient in *Fisk*. The plaintiff in *Fisk* raised vague allegations that a scheme existed but made no concrete mention of the defendant's involvement. *Id.* Here, Intervenor Plaintiffs merely allege the existence of "Defendants' concerted and coordinated PR campaign," and a myriad of actions taken by Defendants to protect the reputation of Cassava. [Intervenor Compl., ¶ 85.] There is no factual allegation of an agreement between all parties to engage in a common scheme.

**C.    Intervenor Plaintiffs' related claims are insufficient.**

Lastly, as discussed above, Intervenor Plaintiffs fail to state claims for Count I, violation of New York Civil Law 70-a, and Count II, and malicious prosecution. Thus, Intervenor Plaintiffs fail to prove any underlying tort, and their claim of conspiracy must fail. *See Stolow v. Greg Manning Auctions Inc.*, 258 F. Supp. 2d 236, 244 (S.D.N.Y.) ("[i]f a conspiracy claim does not have an underlying actionable tort, it must be dismissed.")

<u>**CONCLUSION**</u>

Cassava respectfully requests that the Court grant its Motion and dismiss this case with prejudice.

Dated: January 9, 2024

Respectfully submitted,
CASSAVA SCIENCES, INC.
DR. LINDSAY BURNS
REMI BARBIER


By their attorneys,

*/s/ J. Erik Connolly*
J. Erik Connolly (*admitted pro hac vice*)
   EConnolly@beneschlaw.com
   Illinois ARDC No. 6269558

Caitlin Kovacs (*admitted pro hac vice*)
   ckovacs@beneschlaw.com
   Illinois ARDC No. 4180162

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

Michael B. Silverstein (*admitted pro hac vice*)
   msilverstein@beneschlaw.com
   Ohio Bar No. 98036

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus OH, 43215
Telephone: (614) 2233-9300

Michael Vatis
   mvatis@beneschlaw.com
   NY Reg. No. 2258655

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
1155 Avenue of the Americas
26th Floor
New York, NY 10036
Telephone: (646) 593-7050

25

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Hon. J. J. L. Rochon's Individual Rule of Practice 3(c), I certify that the foregoing Memorandum in Support of Motion to Dismiss was prepared in 12-point font, including footnotes, and contains 7,475 words, excluding the parts of the document that are exempted by Individual Rule 3(c).

I declare under penalty of perjury that the foregoing is true and correct.


Dated: January 9, 2024                    _/s/ J. Erik Connolly_____
                                          J. Erik Connolly (*admitted pro hac vice*)
                                          EConnolly@beneschlaw.com
                                          Illinois ARDC No. 6269558

## <u>CERTIFICATE OF SERVICE</u>

I, Erik Connolly, hereby certify that a copy of the foregoing Memorandum in Support of Motion to Dismiss, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 9, 2024.


Dated: January 9, 2024                                 */s/ J. Erik Connolly*