**Benesch**

J. Erik Connolly
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6348
Fax: 312.767.9192
econnolly@beneschlaw.com

January 9, 2025

Hon. Judge Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
Courtroom 20B
500 Pearl St.
New York, NY 10007-1312

> Re: *Heilbut et al. v. Cassava Sciences, Inc., et al.*, Case No. 1:24-cv-5948
> Defendants' Request for a Discovery Stay

Dear Judge Rochon:

My firm represents Cassava Sciences, Inc. ("Cassava"), Remi Barbier, and Dr. Lindsay Burns (together, "Defendants") in the above-captioned case. Today, Defendants filed Motions to Dismiss the First Amended Complaint, brought by the Dot.com Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, and the Intervenor Complaint, brought by Intervenor Plaintiffs David Bredt and Geoffrey Pitt, in their entirety (the "Motions"). Defendants now request a stay of discovery while this Court considers the Motions. For ease of reference, Defendants will collectively refer to both groups of plaintiffs as "Plaintiffs."

The Court "may, in its discretion, stay discovery" upon "a showing of good cause." *Romano v. AC360 Media, LLC*, No. 20-cv-8988 (LTS) (OTW), ECF No. 51, at 1 (S.D.N.Y. June 3, 2021). This Court routinely finds good cause to stay discovery where a motion to dismiss "appears not to be unfounded in the law" and is dispositive of the Plaintiff's claim. *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-07572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021); *see also, e.g., Del Mar TIC I, LLC v. Bancorp Bank*, 1:23-CV-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (Rochon, J.); *Press v. Primavera*, 1:21-CV-10971 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022) (Rochon, J.); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

The Court has "'considerable discretion' in determining whether a stay is warranted." *Del Mar*, 2024 WL 1348501, at *1 (citation omitted). In exercising its discretion, the Court may consider the following factors, among others: "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* (citation omitted).

Defendants can establish good cause to stay discovery here because (1) the Motions have strong legal bases that, at the very least, are not unfounded in the law; (2) discovery will be broad and require burdensome motion practice on attorney/client privilege and the work-product

doctrine; (3) New York state courts would automatically stay discovery while the Motions were pending; and, (4) Plaintiffs will experience little to no prejudice from a stay.

**Defendants' Motions have strong legal bases that entirely dispose of Plaintiffs' claims.** The Motions present substantial arguments for dismissal of all causes of action. *See, e.g.*, *Alapaha View*, 2021 WL 1893316, at *2 (granting stay of discovery where defendants' motion was dispositive to all elements and "appear[ed] not to be unfounded in the law") (citation omitted); *accord Press,* 2022 WL 17736916, at *2. Plaintiffs bring three counts: an Anti-SLAPP claim, a malicious prosecution claim, and a conspiracy claim. The Motions arguments against all three are, at the very least, not unfounded in the law. To the contrary, Defendants' arguments are likely to prevail.

*First*, state Anti-SLAPP statutes cannot and do not apply to complaints filed in federal court. New York's Anti-SLAPP law conflicts with the Federal Rules of Civil Procedure. Therefore, many courts have held that such statutes cannot form the basis of a defense or counterclaim in such circumstances. *See, e.g., Carroll v. Trump*, 590 F. Supp. 3d 575, 582–85 (S.D.N.Y. 2022). Additionally, the Anti-SLAPP claims cannot apply in this litigation because the Anti-SLAPP statute applies only to "a defendant," and the Plaintiffs are not "defendants". Accordingly, the Anti-SLAPP claims fail.

*Second*, the malicious-prosecution claim fails because Plaintiffs do not and cannot plead several required elements of the tort. Plaintiffs must sufficiently allege that the Defamation Action was brought "without probable cause" and "with malice;" and that they "suffered interference with [their] person or property from some provisional remedy." *Levitin v. Miller*, No. 92 CIV. 0520 (KMW), 1994 WL 376078, at *3 (S.D.N.Y. July 15, 1994). Defendants had probable cause to bring the Defamation Action because the suit had plausible merit, demonstrated by the multiple provisional holdings made by this Court in Cassava's favor. Additionally, Defendants brought the Defamation Action without malice; Plaintiffs fail to plead any facts beyond "[c]onclusory or speculative allegations" which "are insufficient" for a claim of malicious prosecution. *Nieves v. Cty. of Monroe*, 761 F. Supp. 2d 48, 52 (W.D.N.Y. 2011). And Plaintiffs fail to plead special injury, because they allege no actionable harms *caused* by Defendants. On these three bases, the Motions dispose of Plaintiffs' malicious-prosecution claim.

*Third*, the intracorporate conspiracy doctrine bars Plaintiffs' conspiracy claim. Under the intracorporate conspiracy doctrine, a corporation cannot conspire with its own agents acting under the scope of their employment. That is exactly what Plaintiffs allege here: Defendants are a corporation, its former vice president, and its former CEO. All of the acts that Plaintiffs allege constitute a conspiracy were done within the scope of the individual Defendants' employments. This is rudimentary intracorporate conspiracy doctrine.

**Discovery will be broad and burdensome.** In the parties' joint letter (ECF No. 25), Plaintiffs stated that they intend to discover privileged materials, including *all* documents disclosed in government securities proceedings, which would reveal attorneys' litigation strategy and advice. Additionally, Plaintiffs intend to depose Cassava's in-house counsel (who was hired after the Defamation Action commenced). Plaintiffs' attempts to circumvent black-letter law will burden both the Defendants and the Court. Cassava will, appropriately, resist Plaintiffs' requests for

privileged information, which will lead to disputes requiring the Court's time and attention. Cassava will bear the burden of close review of potentially privileged documents called for by Plaintiffs' requests, and expend significant effort redacting and logging privileged materials. Plaintiffs may then challenge Cassava's privilege log entries, requiring additional motion practice and the Court's further investment of time. And Defendants and the Court will have to engage in a similar process for depositions: Plaintiffs will seek testimony on privileged communications and topics, and the parties will have to brief those issues as well. All in all, Defendants and the Court should expect multiple rounds of briefing on privilege issues over the course of discovery. Granting the requested stay would prevent such intensive investment of time and expense before the need for any discovery is potentially obviated by this Court's ruling on Defendants' Motions.

**This suit is a lawsuit based on public petition and participation, which would be subject to an automatic stay in state court.** New York state courts automatically stay proceedings when a defendant files a motion to dismiss a claim that is based on public petition and participation. N.Y. C.P.L.R. 3211(g). A lawsuit is based on public petition and participation if it involves the constitutional right to petition. N.Y. Civ. Rights Law § 76-a. The constitutional right to petition includes the right to access the courts to address grievances, meaning filing lawsuits. *See Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 173 (S.D.N.Y. 2020). Here, Plaintiffs sue Defendants for Cassava's previous lawsuit against them. That lawsuit, undoubtedly, was a public petition. Had the plaintiffs filed their state law claims in state court, the court would be required to stay discovery while considering Defendants' Motions. But, instead, Plaintiffs avoid this procedure while still trying to rely on state law claims—one of which, as explained in the Motions, should not even apply in federal court to a federal complaint. The same reasoning that would apply in New York court applies here: when there are serious questions about the validity of a claim, considerations of judicial economy suggest that motions to dismiss should be resolved before the parties invest substantial time and costs engaging in discovery.

**Plaintiffs will experience little to no prejudice from a discovery stay.** A stay of discovery will change nothing for the Plaintiffs. Their alleged damages are not accumulating, as they were allegedly sustained during a litigation that is now resolved. And Plaintiffs themselves have demonstrated no urgency in prosecuting their claims or engaging in discovery. Each of them requested discovery be stayed in the Defamation Action, and succeeded in preventing that discovery while their motions to dismiss were pending. *See Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409, ECF No. 132 at 4 n.2 (S.D.N.Y. June 13, 2024). And none of the Plaintiffs raised the claims asserted here as defenses or counterclaims while the Defamation Action was active. Once Plaintiffs Heilbut, Brodkin, and Milioris filed their initial Complaint in this matter, following resolution of the Defamation Action, they made no attempt to serve it. (ECF No. 1). Instead, they waited 79 days before they finally requested a summons in connection with their First Amended Complaint (ECF No. 10). Intervenor Plaintiffs David Bredt and Geoffrey Pitt delayed even further, waiting four months before intervening in this action. (ECF No. 30.) Plaintiffs' delay in engaging in discovery regarding the Defamation Action and in asserting their claims against Defendants demonstrate that they will not be prejudiced by the stay Defendants request.

For the reasons stated above and for good cause shown, Defendants respectfully request that the Court grant a motion to stay discovery during the pendency of the Motions. We thank the Court for its time and attention to this matter.

Hon. Judge Jennifer L. Rochon
January 9, 2025
Page 4

                              Very truly yours,

                              BENESCH, FRIEDLANDER,
                                COPLAN & ARONOFF LLP

                              J. Erik Connolly