# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>Defendants. | Case No. 1:24-cv-05948-JLR-OTW<br><br>**FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM PLAINTIFFS HEILBUT, BRODKIN, AND MILIORIS TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York ("SDNY"), Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris ("Plaintiffs"), by and through their attorneys, hereby request that Defendants Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns produce the documents requested herein that are in their possession, custody or control, at the offices of Clarick Gueron Reisbaum, 220 Fifth Avenue, 14th Floor, New York, NY, 10001, within thirty (30) days of service of these Requests, as required by FRCP 34(b)(2)(A).

Under FRCP 26(e), Defendants are required to supplement their responses if additional information becomes available. Each Request herein is made without prejudice to, or waiver of, the rights of Plaintiffs to seek further discovery at a later date.

1

## **DEFINITIONS**

The definitions and rules of construction under Local Civil Rule 26.3 of the SDNY Local Rules are incorporated by reference into these Requests. These definitions apply throughout these Requests without regard to capitalization.

1.  The term "Anti-SLAPP Action" or the "Action" shall mean the above-captioned action, Case No. 1:24-cv-05948-JLR-OTW (SDNY).

2.  The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as set forth in the SDNY Local Rules, and includes any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made, including, but not limited to, correspondence, memoranda, conversation, dialogues, discussions, interviews, consultations, agreements, electronic messages, electronic posts, and any other understandings between or among two or more persons, whether face-to-face or by telephone, fax, letter, email, website, social-media service, or any other means.

3.  The term "Complaint in Intervention" shall mean the Complaint in Intervention filed by the Neuroscientist Plaintiffs in this Action on December 12, 2024.

4.  The terms "concern," "concerns," and "concerning" as used herein shall mean consisting of, referring to, reflecting of, regarding, relating to, or in any way logically or factually connected with the matter, information, or document discussed or requested, whether directly or indirectly.

5.  The term "CP" shall mean the Citizen Petition that the Neuroscientist Plaintiffs, through their attorney, filed with the Food and Drug Administration on August 18, 2021.

6.  The term "CUNY" shall mean the City University of New York.

2

7. The term "Defamation Action" shall mean the action captioned *Cassava Sciences, Inc. v. Bredt*, et al., No. 22-cv-09409-GHW-OTW (SDNY).

8. The terms "Defendants," "You," and the possessive "Your" as used herein shall mean, refer to and include Defendants Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns, individually and collectively (unless noted otherwise), and any and all parents or predecessors, subsidiaries, affiliates and each of their present and former officers, directors, employees, agents, attorneys and any and all persons and/or business entities acting and/or purporting to act for or on their behalf.

9. The term "document" is used herein in its customary broad sense to include all materials discoverable pursuant to the FRCP and the SDNY Local Rules, including without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, opinions of counsel, agreements, reports or summaries of negotiations, trading slips, transaction receipts, broker statements, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, email, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files, computer storage media, computer software needed to produce in human-readable form the contents of said computer storage media, instructions for using said software, and all material fixed or recorded in or on any

medium or from which any material can be obtained, translated, or recovered, including without limitation deleted but recoverable data, of whatever kind known to You or in Your possession, custody or control. The term "document" also includes all drafts or copies that are not identical to the original, including drafts or copies with handwritten notes thereon.

10. The term "DOJ" shall mean the U.S. Department of Justice.

11. The terms "employee" or "employees" of a given entity, person or party shall include such entity's, person's or party's officers, directors, executives, principals, partners, members, managers, full-time employees, part-time employees, and any individuals working or engaged by such entity, person or party as an independent contractor, consultant, representative, sales representative, agent or in a similar capacity for the provision of personal services to or on behalf of such entity, person or party.

12. The term "FDA" shall mean the U.S. Food and Drug Administration.

13. The term "First Amended Complaint" or "FAC" shall mean the First Amended Complaint filed by Plaintiffs in this Action on October 24, 2024.

14. The term "Individual Defendants" shall mean Remi Barbier and Lindsay Burns.

15. The term "Neuroscientist Plaintiffs" shall mean Intervenor-Plaintiffs Dr. David Bredt and Dr. Geoffrey Pitt.

16. The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. The term "Plaintiffs" shall mean Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris.

18. The term "Plaintiffs' Website" shall mean the website with the domain, cassavafraud.com.

19. The terms "relate to," "relates to," "relating to," and "related to" as used herein shall mean referencing to (directly or indirectly), evidencing, consisting of, concerning, or logically or factually connected with the matter discussed.

20. The term "Relevant Time Period" shall mean the time period from January 1, 2021, to the present.

21. The term "SavaDX" shall mean Cassava's potential diagnostic to detect the presence of Alzheimer's disease in blood.

22. The term "SEC" shall mean the U.S. Securities and Exchange Commission.

23. The term "Securities Action" shall mean the action captioned *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.).

24. The term "simufilam" shall mean Cassava's drug candidate that was the subject of clinical studies to treat patients with Alzheimer's disease, as referenced in the First Amended Complaint and the Complaint in Intervention.

## INSTRUCTIONS

1. In responding to these Requests, furnish all information that is available to You, including information that is in the possession of any of Your present or former directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons acting and/or purporting to act for or on Your behalf or otherwise subject to Your custody or control.

2. For the avoidance of doubt, these Requests are intended to capture all available means of communication used to discuss the subject matter of these Requests, including but not limited to emails, text messages, instant messages, and social media or online posts or messages on any forum or platform used by Defendants (*e.g.*, Discord, Facebook, WhatsApp, Twitter/X, PubPeer, Springer, etc.).

3.  Responses to these Requests shall be supplemented and/or amended to the extent required by the FRCP. These Requests shall be deemed to impose a continuing duty upon You to properly and timely serve upon the Plaintiffs supplemental and/or amended responses and documents.

4.  With respect to any documents, parts of documents or information responsive hereto as to which You assert a claim of privilege or other immunity from discovery in accordance with FRCP 26, You shall, unless the parties expressly agree otherwise, submit a list identifying each such document or piece of information by stating:

   a. its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

   b. the identity of each person who participated in its preparation;

   c. the identity of each person who signed or sent the document;

   d. the identity of each person to whom the document or information was addressed, copied or sent;

   e. the identity of each person who received the document or information; and

   f. the basis of the claim of privilege or immunity.

5.  In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

   a. the last known custodian;

   b. date of destruction or discard;

   c. the manner of destruction or discard;

   d. the reason(s) for destruction or discard;

   e. as to lost or misplaced documents, the efforts made to locate such documents;

  f. a statement describing the document, including a summary of its contents;

  g. the identity of its author(s); and

  h. the persons to whom it was sent or shown.

 6. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

 7. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto and all handwritten notes thereon. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

 8. Each draft or copy of a requested document that is not identical to the original, including drafts or copies with handwritten notes thereon, shall be produced.

 9. To the extent that a document requested is responsive to more than one specific Request, You need produce the document only once.

 10. Each responsive document shall be produced as it is kept in the ordinary course of business, or as otherwise agreed upon by the parties or specified by the Court.

 11. All documents produced in response to these Requests shall be Bates stamped or otherwise marked in sequential order.

 12. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata and in accordance with an ESI protocol agreed-upon by the parties.

13. If You object to any Request, state with specificity the grounds for such objection and the Request or Requests to which each objection applies. Any Request to which an objection is made should be responded to insofar as it is not deemed objectionable.

14. If You believe that any Request, Definition, or Instruction is ambiguous, in whole or in part, You nonetheless must respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

15. If there are no documents responsive to a particular Request, please provide a written response so stating.

16. To the extent necessary to bring within the scope of the Requests contained herein any information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (a) the masculine, feminine, or neuter pronoun shall not exclude other genders; (b) the word "including" shall be read to mean including without limitation; (c) the present tense shall be construed to include the past tense and vice versa; (d) references to directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons shall include both current and former directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons; (e) the use of the singular form of any word includes the plural and vice versa; (f) the terms "any," "all," and "each" shall be read to mean any, all, each, and every; and (g) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be considered to be outside of their scope.

17. The Plaintiffs do not waive, but rather preserve, any objections to the use or introduction of evidence at trial or any other stage of this Action on any subjects covered by these Requests.

## DOCUMENT REQUESTS

1. All documents and communications with any person at any time concerning the Neuroscientist Plaintiffs' CP, the Neuroscientist Plaintiffs' supplemental submissions to the FDA, the Plaintiffs' Website, or any materials posted on the Plaintiffs' Website.

2. All documents and communications with any person at any time concerning Adrian Heilbut, Jesse Brodkin, Enea Milioris, Patrick Markey, David Bredt, Geoffrey Pitt, Quintessential Capital Management, or Gabriele Grego.

3. All documents and communications with any person during the Relevant Time Period concerning any other individual critic of simufilam, SavaDX, Cassava, Dr. Hoau-Yan Wang, or the Individual Defendants, except for such documents or communications wholly unrelated to such person's criticism of simufilam, SavaDX, Cassava, Dr. Hoau-Yan Wang, or the Individual Defendants.

4. All documents and communications with any person during the Relevant Time Period concerning Cassava's public relations or media strategies, plans, or campaigns relating to simufilam or SavaDX, including any strategies, plans, or campaigns concerning allegations of data manipulation or fabrication against Dr. Hoau-Yan Wang or Defendants.

5. All documents and communications with any person during the Relevant Time Period concerning any effort to coordinate, suppress, encourage, shape, or influence public participation, public debate, media coverage, or scientific discourse related to simufilam, SavaDX, Defendants, Dr. Hoau-Yan Wang, the Neuroscientist Plaintiffs, or Plaintiffs.

6. All documents and communications with any person during the Relevant Time Period concerning any media inquiries or media coverage related to allegations of data manipulation or fabrication against Dr. Hoau-Yan Wang or Defendants, including any

documents and communications related to articles published by *Science, The New York Times*, *The Wall Street Journal*, or *Reuters*.

7. All documents and communications with any person during the Relevant Time Period concerning any dialogue on social media or other online fora related to simufilam, SavaDX, Dr. Hoau-Yan Wang, the Neuroscientist Plaintiffs or Plaintiffs.

8. All documents, reports, and communications with any person at any time concerning any audit, review, inspection, or investigation of Dr. Hoau-Yan Wang or his laboratory at CUNY, including (i) Cassava's internal audit in 2022 (*see* FAC ¶ 136.a); (ii) the FDA's inspection in 2022 (*see* FAC ¶ 136.c); and (iii) CUNY's investigation (*see* FAC ¶ 136.d).

9. All policies, contracts, or agreements with or concerning CUNY or Dr. Hoau-Yan Wang from any time period, including any policies, contracts, or agreements related to the ownership of (or access to) data or research about simufilam or SavaDX.

10. All documents and communications with any person at any time concerning any actual or alleged errors, anomalies, or signs of data manipulation (or fabrication) relating to any research about simufilam or SavaDX or any other research by Dr. Hoau-Yan Wang or Dr. Lindsay Burns.

11. All communications with scientific journals at any time concerning any actual or proposed erratum, expression of concern, or retraction relating to any research about simufilam or SavaDX or any other research by Dr. Hoau-Yan Wang or Dr. Lindsay Burns.

12. All documents and communications during the Relevant Time Period with or about Mark Johnson, Matthew Nachtrab, Joe Springer, Charles Spruck, Marina Picciotto, Paul Aisen, Mike Weiner, Elizabeth McNally, Sarah Jackson, Rex Ahima, Sandra Rolston,

Christopher Cabalu, Marie-Andree Roy, Anthony Daher, Darcy Aiken, Elizabeth Bik, Jari Ylänne, Angelique Bordey, or David Calderwood.

13. All documents and communications with any person during the Relevant Time Period concerning Cassava's Scientific Advisory Board ("SAB") and all communications with any current or former SAB member, including Dr. Hoau-Yan Wang, Steven Arnold, Barbara Sahakian, Jeffrey Cummings, or Trevor Robbins.

14. All documents and communications with any person at any time concerning the decision to conduct a "re-do" of the biomarker analyses from the Phase 2b study of simufilam.

15. All documents and communications with any person at any time concerning any manuscripts or other scientific journal submissions related to the Phase 2b study of simufilam, including any editorial responses or peer reviews.

16. All documents and communications with any person at any time concerning the End-of-Phase 2 or EOP2 meeting with the FDA for simufilam (*see* Defamation Action, Dkt. 124-14), including any meeting notes or summaries.

17. All documents and communications with any person at any time concerning any research that Cassava claimed to provide "independent" confirmation of the science underpinning simufilam, including the studies by Yale University, the University of Milan, and the Cochin Institute (*see* Defamation Action, Dkt. 120, ¶¶ 113-121).

18. All documents and communications cited or referenced in (i) any pleading in this Action; (ii) the SEC's Complaint against Defendants (*SEC v. Cassava Sciences, Inc.,* et al., No. 24-cv-1150 (W.D. Tex. Sept. 26, 2024) at Dkts. 1 and 2-1); (iii) the SEC's Order Instituting Cease and Desist Proceedings against Dr. Hoau-Yan Wang (*In the Matter of Hoau-Yan Wang*,

11

File No. 3-22210 (SEC Sept. 26, 2024)); or (iv) the DOJ's Indictment against Dr. Hoau-Yan Wang (*U.S.A. v. Hoau-Yan Wang*, No. 24-cr-211-TDC (D. Md. June 27, 2024) at Dkt. 1).

19. All documents and communications produced to the SEC, DOJ, or plaintiffs in the Securities Action, and all records (inclusive of transcripts, exhibits, and videos) of any witness interviews or depositions conducted in the Securities Action, SEC investigation, or DOJ investigation.

20. All documents and communications concerning Your decision and attempts to issue and pursue third-party subpoenas on the Plaintiffs and Neuroscientist Plaintiffs in the Securities Action.

21. Documents sufficient to show the conclusions of any internal investigation, review, or audit concerning simufilam, SavaDX, Dr. Hoau-Yan Wang, or the Individual Defendants, as well as documents sufficient to show the factual bases of such conclusions.

22. Documents sufficient to show all reasons for the termination of Dr. Lindsay Burns's and Remi Barbier's employment at Cassava.

23. All documents and communications with any person concerning the Defamation Action, including all documents purporting to show the factual bases for the claims asserted in the Defamation Action and all documents purporting to show the factual bases for any decision to commence, continue, or end the Defamation Action.

24. Any document retention policies, information security and information technology policies, or backup policies and procedures, and any contracts or agreements with third-party information technology or data management vendors related to such policies or procedures.

25. All documents and communications concerning Your compliance or noncompliance with Your document retention, management, and destruction policies insofar as such compliance or noncompliance concerns or potentially concerns documents sought by these Requests.

26. To the extent not otherwise produced, all documents and communications required to be disclosed or produced in Your initial disclosures under FRCP 26(a)(1).

27. All documents and communications with any person at any time concerning this Action or any allegation, claim or defense therein.

28. All documents and communications with any person at any time concerning any discoverable information relevant to this Action that has not been produced in response to any of the Requests set forth above.

Dated:   January 13, 2025
         New York, New York

CLARICK GUERON REISBAUM LLP

By: /s/ Isaac B. Zaur

Isaac B. Zaur
David Kumagai
Amanda J. Wong
220 Fifth Avenue, 14th Floor
New York, New York 10001
(212) 633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com
awong@cgr-law.com

LAW OFFICE OF DANIEL F. WACHTELL

By: /s/ Daniel F. Wachtell

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
(917) 667-6954

dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut,
Jesse Brodkin, and Enea Milioris*