

J. Erik Connolly
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6348
Fax: 312.767.9192
econnolly@beneschlaw.com

January 30, 2025

Hon. Judge Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
Courtroom 20B
500 Pearl St.
New York, NY 10007-1312

> Re: ***Heilbut et al. v. Cassava Sciences, Inc., et al.***, Case No. 1:24-cv-5948
> Defendants' Reply in Support of Their Request for a Discovery Stay

Dear Judge Rochon:

I write in support of Defendants' Request for a Discovery Stay, [ECF #47], and in response to Plaintiffs' Opposition ("Opposition"), [ECF #48]. The Court has considerable discretion in deciding whether to stay discovery, and considers many factors in exercising that discretion. But Plaintiffs' Opposition gives most of those factors mere lip service, and uses the Opposition to jump the gun on their responses to the Motions to Dismiss. Instead of prematurely litigating the Motions, this Court should stay discovery because *all* of the factors warrant a stay.

**Defendants' Motions to Dismiss are not unfounded in law and would dispose of the entire case.** As this Court has recognized, a request to stay is not the arena for addressing the merits of a motion to dismiss. *See Del Mar TIC I, LLC v. Bancorp Bank*, 1:23-CV-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (Rochon, J.). Instead, this Court does an initial review of the motion to dismiss and evaluates whether the motion is "unfounded in the law." *Id.* Defendants' Motions speak for themselves.

But Plaintiffs ignore the "unfounded in law" standard and use their Opposition to prematurely argue the merits. [Opp. at 1–3.] Their arguments against the Motions are wrong, but that is for Defendants' to-be-filed Reply. For now, all that matters is that, as shown by the Motions themselves, they are indeed well founded in law.

Further, Plaintiffs ignore another key aspect of the Court's initial review of the Motions: if they would dispose of the entire action, "this factor weighs in favor of granting the requested stay." *See Press v. Primavera*, 1:21-CV-10971 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022) (Rochon, J.). Defendants moved to dismiss all of the claims, so they presented substantial arguments for dismissing the entire action. This factor weighs in favor of a stay.

**Defendants will be unduly burdened by discovery.** Plaintiffs assert that potential discovery disputes and burden concerns do not warrant a stay. [Opp. at 3.] But Plaintiffs notably

took the opposite position when they argued for a stay in the original Defamation Action. *See Cassava Scis., Inc. v. Bredt et al.*, No. 22-cv-9409, ECF No. 83 at 2 (S.D.N.Y. March 3, 2023) ("discovery is ***anticipated*** to be expensive and substantially burdensome to all parties") (emphasis added). Indeed, at this stage of the proceedings, all the Court can consider is potential burden, so discounting potential disputes simply makes no sense.

Moreover, in this matter, Defendants will seek and be subject to requests for the exact same information that would have been exchanged in the Defamation Action—as that is plainly relevant to whether the Defamation Action lacked a substantial basis or probable cause. Plaintiffs previously tried to avoid what they saw as burdensome discovery from the Defamation Action. But now they want to charge ahead into the discovery they sought to avoid. They cannot have it both ways.

What's more, the Dot.com Plaintiffs have already conceded that "[t]he parties anticipate potential discovery disputes concerning the scope of the attorney-client privilege and work product doctrine, as Plaintiffs assert that Defendants' purposes for commencing and continuing the Defamation Action are a central issue in the case. These discovery disputes could delay the completion of fact discovery." [ECF #025 (Nov. 22, 2024 Joint Letter to the Court).] The requests Plaintiffs have propounded bear this out. They do not "single[] out" material that has already been reviewed for privilege. [Opp. at 3.] Instead, Plaintiffs' 28 requests seek (1) patently privileged communications regarding the Defamation Action, the Securities Action, and this case (Nos. 20, 23, 27); (2) all communications, regardless of subject matter, with 19 individuals (No. 12); and, (3) any information potentially relevant to this matter (Nos. 26–28). These sweeping discovery requests would require Defendants to engage in significant document review, including the production of a voluminous privilege log that surely will be the subject of motion practice.

**This action would be subject to an automatic stay in state court.** Had Plaintiffs filed this action in state court, Defendants would have taken advantage of New York state court procedures for Anti-SLAPP laws. While Defendants' motion would be pending, this case would be automatically stayed. N.Y. C.P.L.R. 3211(g). Plaintiffs state there is no precedent for a SLAPP perpetrator to receive the protections of an Anti-SLAPP law, but Plaintiffs assume the result they want. Defendants are not SLAPP perpetrators; instead, they would seek the same kind of Anti-SLAPP protection that Plaintiffs claim to champion. "We respectfully submit that unless this Court exercises its discretion to stay discovery, the defendants will needlessly be deprived of those protections." *Cassava Scis.*, No. 22-cv-9409, ECF No. 83 at 2 n.2.

**Plaintiffs will not be prejudiced by a stay.** Plaintiffs' allusions to financial issues and document preservation concerns have no basis. Plaintiffs' financial concerns warrant little response as they are wholly speculative, and wrong. And Plaintiffs' references to preservation issues conflate Defendants with Dr. Wang—whom the SEC and DOJ actually allege failed to preserve documents—and rely on unfounded allegations in a separate case. If Plaintiffs truly thought their case and discovery was urgent, they would not have sought a stay in the Defamation Action, and would have brought their instant claims as counterclaims instead of a stand-alone suit.

For the reasons stated above and for good cause shown, Defendants respectfully request that the Court grant a motion to stay discovery during the pendency of the Motions.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

J. Erik Connolly