**CLARICK GUERON REISBAUM**

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**

February 26, 2025

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Heilbut v. Cassava*, et al., Case No. 1:24-cv-05948-JLR-OTW,
    Plaintiffs' Request for Authorization of Alternative Service

Dear Judge Rochon,

My firm represents Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris (together, "Plaintiffs") in the above-captioned case. We request that the Court authorize Plaintiffs to serve two subpoenas *duces tecum* on Charles Spruck and Matthew Nachtrab by posting a copy of the subpoena on the door of Dr. Spruck's and Mr. Nachtrab's residential addresses and sending a copy of the same to those residential addresses via certified mail.

Subpoenas under Fed. R. Civ. P. 45 are served by "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, Rule 45 "does not explicitly mandate personal service," and Second Circuit courts "have permitted alternative means of service after the subpoenaing party has made diligent attempts to effectuate personal service." *United States v. Holland*, No. 19CV02456DGJMW, 2023 WL 3570667, at *1 (E.D.N.Y. May 18, 2023); *see, e.g.*, *Elliott v. Cartagena*, No. 19 CIV. 1998 (NRB), 2021 WL 12103903, at *1 (S.D.N.Y. Feb. 5, 2021) (authorizing substitute service after party failed to effect personal service despite hiring process services and making multiple attempts to serve at recipient's known addresses).

Alternative service should be "reasonably designed to ensure that a witness actually receives a subpoena." *See, e.g.*, *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Attaching a copy of a subpoena to the recipient's door and/or mailing the subpoena to the residence by certified mail are regularly approved methods of alternative service. *See, e.g.*, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 CIV. 1783 PAE, 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014) (holding "attaching a copy of the subpoenas to the door of Mr. Anza's residence and [] mailing a copy of the subpoenas to Mr. Anza's residence by certified mail - are similarly quite likely to provide Mr. Anza with actual timely notice"); *JPMorgan Chase Bank, N.A. v. IDW Grp.*, LLC, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (holding "[b]ecause alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met").

Hon. Rochon
February 26, 2025
Page 2

As described below, Plaintiffs have made substantial, diligent attempts to personally serve Dr. Spruck and Mr. Nachtrab, to no avail.

**Charles Spruck**

On January 3, 2025 Plaintiffs retained a private process server to serve a subpoena *duces tecum* on Dr. Spruck. A copy of the Notice of Subpoena is attached hereto as **Exhibit A**. The process server made seven attempts to serve Dr. Spruck, first at his place of work and then at his residential address: (1) on January 6, 2025, at 9:47 a.m., at Dr. Spruck's place of work, where the server was given Dr. Spruck's email and phone number with extension to email and call him to set up an appointment, the server never received any responses to his emails or voice mails; (2) on January 10, 2025, at 2:46 p.m., at Dr. Spruck's place of work, at which point reception sent Dr. Spruck an email stating that the server was looking for him and took the server's name and phone number; (3) on January 17, 2025, at 11:57 a.m., at Dr. Spruck's place of work; (4) on January 21, 2025, at 6:57 p.m., at Dr. Spruck's home address, where the server was informed by a neighbor that Dr. Spruck does live there; (5) on January 22, 2025, at 1:59 p.m., at Dr. Spruck's home address, where the server was informed by a neighbor that she had not seen him, but had seen his wife; (6) January 24, 2025, at 8:21 a.m., at Dr. Spruck's home address, where no one answered, but there were cars in the address's parking spot; and (7) January 24, 2025, at 9:57 a.m., at Dr. Spruck's home address again, where those cars remained. *See* **Exhibit B**, Affidavit of Non-Service.

**Matthew Nachtrab**

Since January 4, 2025, Plaintiffs have made six attempts to personally serve Mr. Nachtrab with a subpoena *duces tecum*. A copy of the Notice of Subpoena is attached hereto as **Exhibit C**. On January 3, 2025, Plaintiffs retained a private process server to serve the subpoena on Mr. Nachtrab at his home address. His residential address has been verified as recently as January 14, 2025, when Mr. Nachtrab filed a 2025 Florida Limited Liability Company Annual Report with the Florida Secretary of State identifying that address as his address, attached hereto as **Exhibit D**. The process server made six attempts to serve Mr. Nachtrab at that address: (1) January 4, 2025 at 6:50 p.m., where lights were on in the home but no one answered, (2) January 6, 2025 at 8:42 a.m., where a BMW was seen in the driveway, (3) January 7, 2025, at 7:18 p.m., (4) January 9, 2025, at 7:48 a.m., at which point the server left their contact number in the door, (5) January 11, 2025, at 9:02 a.m., where the server's contact number note was removed from the door, but no one called them, (6) January 22, 2025, at 8:12 p.m., where the same BMW was seen in the drive way. *See* **Exhibit E**, Affirmation of Non-Service.

There is no doubt that Plaintiffs have diligently attempted to serve Dr. Spruck and Mr. Nachtrab. There are clear indicia showing that Dr. Spruck and Mr. Nachtrab are in fact at their residential addresses: Dr Spruck's neighbors confirmed that he lives there, one saw his wife, and there were cars in his parking spot, and Mr. Nachtrab has recently confirmed his address in a filing with the Florida Secretary of State, and there were lights on and cars at his residence. Plaintiffs' process servers made numerous attempts to serve Dr. Spruck and Mr. Nachtrab, at various times on various days and, in Dr. Spruck's case, various places. (To compare, courts

Hon. Rochon
February 26, 2025
Page 3

have allowed alternative service after the same number or fewer attempts. *See, e.g.*, *Tube City IMS*, 2014 WL 6361746, at *3 (permitting substitute service following six failed attempts); *Ultradent Prods., Inc. v. Heyman*, Case No. M8-85 RPP, 2002 WL 31119425, *4 (S.D.N.Y. Sept. 24, 2002) (permitting substituted service after two failed attempts at personal service).) Further, Plaintiffs are concerned that future attempts at personal service will not be fruitful. Plaintiffs' process servers have left their contact information for both recipients and have not been contacted or received responses, in Dr. Spruck's case, to their outreach. Further, Plaintiffs' servers have tried to serve Dr. Spruck and Mr. Nachtrab at times where, based on the lights on and cars outside, it has appeared that someone has been available in their residences but unwilling to open the door and respond. Given Plaintiffs' diligent attempts to personally serve Dr. Spruck and Mr. Nachtrab, Plaintiffs now request authorization to proceed with service by posting on their residential doors and by certified mail—methods which are regularly found to be "reasonably designed" to "ensure actual receipt." *Holland*, 2023 WL 3570667.

      Accordingly, Plaintiffs request that this Court authorize service of subpoena *duces tecum* on Dr. Spruck and Mr. Nachtrab by (i) the posting a copy of the subpoenas on the doors of Dr. Spruck and Mr. Nachtrab's residential addresses and (ii) the mailing of copies to Dr. Spruck and Mr. Nachtrab via certified mail.

Respectfully submitted,

*s/ Isaac B. Zaur*

Isaac B. Zaur

cc:    All parties/counsel of record (via ECF).