

Caitlin Kovacs
71 S Wacker Dr, Suite 1600
Chicago, Illinois 60606
Direct Dial: 312.624.6392
Fax: 312.767.9192
ckovacs@beneschlaw.com

March 10, 2025

Hon. Judge Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
Courtroom 20B
500 Pearl St.
New York, NY 10007-1312

    Re:    ***Heilbut et al. v. Cassava Sciences, Inc., et al.***, Case No. 1:24-cv-5948
            Motion to File Document Under Seal

Dear Judge Rochon:

    This firm represents Cassava Sciences, Inc. in the above-referenced case. Pursuant to Your Honor's Individual Rule of Practice 4(B)(iii), we request the Court's approval to file under seal Defendants' Letter Requesting Confidential Mediation (the "Letter") and attached exhibits.

    The Letter and its exhibits focus entirely on settlement discussions and thus do not carry a presumption of public access. These documents are before the court for the sole purpose of requesting mediation, not to adjudicate any substantive matter at issue in this case. Defendants seek to file under seal six documents: the Letter and its Exhibits A through E.

    **I.**    **Legal Standard**

    The Court must follow three steps to determine whether the presumption of public access attaches to a particular document and bars sealing. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id*. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id*. (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id*.

Hon. Judge Jennifer L. Rochon
March 10, 2025
Page 2

## II. Settlement negotiations are presumed to be inaccessible to the public.

The Letter and its exhibits are relevant only to settlement negotiations, which have no associated presumption of public access, and therefore should be filed under seal. Long-standing Second Circuit precedent holds that there is no value in public access to settlement agreements and discussions. *See, e.g., U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) ("access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts"). Even where a settlement term already appears in a court's record, the presumption of public access is weak. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (holding that, where a settlement amount was in a hearing transcript, the defendant's "reasons for maintaining the confidentiality easily overcome the markedly weak presumption of access here."). A low presumption of access for settlement discussions protects both the courts' interest in promoting settlements and the parties' interests in confidentiality. *See id.* at 143.

Here, the Letter is entirely focused on requesting confidential mediation based on ongoing confidential settlement negotiations. Its exhibits include communications from the parties that comprise settlement negotiations. Defendants do not put these documents before the Court to adjudicate any substantive issue between any parties. Instead, Defendants use these documents to justify their request for efficient mediated resolution of this matter. Because the Letter and exhibits have no relevance to the judicial process, and exclusively contemplate settlement discussions which have no Article III relevance, there is no weight to the presumption of public access here.

"The need for a fair and efficient resolution through settlement…far outweighs the negligible presumption of access to settlement materials." *Glens Falls*, 160 F.3d at 858. Thus, here, the factors that legitimately counsel against disclosure far outweigh any presumption of public access to the Letter. Defendants respectfully request the Court permit sealing of the Letter and its exhibits.

Thank you for your attention and consideration in this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

Caitlin A. Kovacs