**CLARICK GUERON REISBAUM**

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

March 12, 2025

**By ECF**

Judge Jennifer L. Rochon
Daniel Patrick Moynihan United States Courthouse
Courtroom 20B
500 Pearl Street
New York, NY 10007-1312

Re: <u>Heilbut, et al. v. Cassava, et al</u>., Case No. 24:cv-05948-JLR

Dear Judge Rochon,

In accordance with the Court's order of March 11, 2025 (Dkt. 69), we respond on behalf of Plaintiffs Adrian Heilbut, Enea Milioris, and Jesse Brodkin to Defendants Cassava Sciences, Inc., Remi Barbier, and Dr. Lindsay Burns's March 10 letter (Dkt. 68) regarding a "request for confidential mediation."

Drs. Heilbut, Milioris, and Brodkin request that the Court deny Defendants' application for an order requiring the parties to engage in compulsory confidential mediation. This is not due to any lack of desire to resolve this matter. Indeed, Drs. Heilbut, Milioris, and Brodkin have repeatedly sought to engage in productive settlement discussions, including before this lawsuit was filed and again (as illustrated by the emails attached as Exhibit C to Defendants' letter) last month. Cassava, however, has continually refused to make any actual offer and has sought instead to impose pre-conditions on discussions and demand what amounts to a preview of our trial strategy related to damages while giving every indication that it will never agree to a settlement that recognizes the substantial personal cost inflicted on plaintiffs, let alone the harms inflicted on the public and scientific discourse, by their baseless and bad-faith defamation action and public intimidation campaign.

In our initial discussions on this front, held just before Cassava abandoned its second amended complaint in the underlying defamation action, Cassava declined to even consider any settlement that would require it to pay any money at all. In the more recent February 2025 discussions of which the emails attached to Cassava's March 10 letter form a part, we made clear to Cassava that we would be open to spending time and resources on settlement negotiations or mediation only if they could demonstrate an openness to a settlement in a range we considered realistic. In response, Cassava: 1) declined to make any specific settlement offer; 2) rejected our own specific demand as "unrealistic;" and 3) attempted to create various pre-conditions to further discussions, including insisting that both the fact and substance of any discussions be kept confidential even from the Intervenor Plaintiffs. Hence, it appeared clear that further

Judge Jennifer L. Rochon
March 12, 2025
Page 2

settlement discussions would be a waste of time. And we heard nothing more from Cassava on this front until their March 10 letter application.

We reject absolutely Cassava's protestations about supposed confidentiality concerns. In fact, it is Cassava—and only Cassava—that has proven itself willing to act improperly with respect to confidentiality in this context. As a condition to the abortive settlement discussions last month, Cassava insisted upon a mutual promise to keep the substance of our communications confidential, including specifically from the Intervenor Plaintiffs. With some reluctance, we agreed to this condition and made a settlement demand. Cassava, by filing our email containing that settlement demand as part of Exhibit C to its March 10 letter, now has disclosed that offer to the Court and to the Intervenor Plaintiffs and hence has egregiously violated the very confidentiality agreement it insisted upon. Plaintiffs, for their part, have not taken any action that calls into question their respect for any confidentiality agreement.

This is of a piece with Cassava's more general attempt to cast itself as the victim of unfortunate and costly litigation—which is nonsensical. To be entirely clear: It is Cassava that sued Drs. Heilbut, Milioris, and Brodkin for defamation in 2022, seeking $2 billion in ostensible damages. It is Cassava that published a press release celebrating the filing of that lawsuit.[1] According to discovery that has begun to emerge in this action, it was Cassava that secretly shared, in advance, its intention to file that lawsuit with certain favored investors and supporters. (It did so as part of its—highly successful—effort to encourage those supporters' attacks against Plaintiffs and simufilam's other skeptics, including by insinuating threats of physical violence and repeated baseless accusations of professional misconduct.) It was Cassava that served obviously pretextual subpoenas on Drs. Heilbut, Milioris, and Brodkin in the related securities litigation after Magistrate Judge Wang stayed discovery in its defamation action at the initial conference. It was Cassava that filed a complaint so lengthy, ill-constructed, and baseless that it was dismissed on numerous grounds, including violation of Rule 8 of the Federal Rules of Civil Procedure. It was Cassava that filed an even more abusively prolix amended complaint, necessitating additional costly motion practice, and then abandoned it after their collaborator Dr. Hoau-Yan Wang was indicted. And, it is Cassava that still—to this day—continues to falsely characterize Drs. Heilbut, Milioris, and Brodkin as "perpetrators of a short-and-distort campaign" against Cassava even after the research underlying simufilam has been revealed as a criminal fraud. (We do not use this expression lightly: in addition to Dr. Wang's indictment in August 2024, defendants Dr. Burns and Mr. Barbier have invoked their Fifth Amendment rights against self-incrimination as a basis to refuse to respond to virtually all of Plaintiffs' document requests in this action.)

Cassava's continued carping about Plaintiffs' own posts concerning the progress of this lawsuit are no basis to force the parties into confidential negotiations without any realistic hope of resolution. For one thing, and to state the obvious, these posts are almost the clearest possible example of protected speech: public comment on public filings in a public lawsuit pending in a public court. Cassava's continued attempt to suppress this type of speech (by suggesting to the

---

[1] https://www.cassavasciences.com/news-releases/news-release-details/cassava-sciences-files-lawsuit-against-perpetrators-short-and

Judge Jennifer L. Rochon
March 12, 2025
Page 3

Court in its application that it is somehow improper) betrays the same deliberate misrepresentation of the law governing speech that underlay the ill-fated underlying defamation action in the first place. And, Cassava's criticisms are especially ill-taken in light of its own frequent (and recent) public attacks on Plaintiffs for supposedly "perpetrating a short-and-distort" scheme.

      Finally, we oppose Cassava's request to seal its March 10 letter application from the public docket. Cassava's sealing request depends on the notion that its application and related exhibits "are not judicial documents." But this makes no sense. The announced purpose of Cassava's letter is to "request that the Court **order all parties** to engage in confidential settlement mediation." Cassava cannot ask this Court to enter an order compelling the parties to take certain actions while simultaneously claiming that its application is not a "judicial document." Cassava has provided no basis to seal its letter request (or this letter in response), and so we respectfully request that both letters (with the sole exception of Exhibit C to Defendants' March 10 letter, containing our own specific monetary settlement proposal) be unsealed.

      We thank the Court for its attention to this matter and are, of course, available to discuss at the Court's convenience if desired.

Respectfully submitted,

*/s/ Isaac B. Zaur*

Isaac B. Zaur