

Caitlin Alejandrina Kovacs
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6392
Fax: 312.767.9192
ckovacs@beneschlaw.com

March 25, 2025

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 20B
New York, NY 10007

   **Re:** *Heilbut, et al. v. Cassava Sciences Inc., et al.*, Case No. 1:24-cv-05948-JLR

Dear Judge Rochon:

  Pursuant to Local Civil Rule 37.2 and Rule 2(E) of Your Honor's Individual Rules and of Practice in Civil Cases, Defendant Cassava Sciences, Inc. ("Cassava") requests a pre-motion discovery conference with the Court.

## I. Introduction

  Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris (the "Dot.com Plaintiffs") and Plaintiffs David Bredt and Geoffrey Pitt (the "Intervenor Plaintiffs") (together, "Plaintiffs") all held short positions on Cassava stock during the events giving rise to Cassava's original suit against the Dot.com Plaintiffs. Plaintiffs do not dispute this fact. *See* ECF No. 9, First Amended Complaint ("FAC") ¶¶ 90, 96–107 (acknowledging position as short sellers); ECF No. 40, Intervenor Complaint ¶ 31 (same). Cassava's original lawsuit alleged that Plaintiffs engaged in a "short and distort" campaign to harm Cassava, and yield profits for the short sellers.

  Now, the Plaintiffs have sued Cassava for a stand-alone anti-SLAPP claim, malicious prosecution, and conspiracy for the very same "short and distort" allegations. ECF Nos. 9, 40. However, Plaintiffs have refused to produce documents in response to Cassava's discovery requests aimed at proving the truth of their allegations in the underlying litigation.

## II. Cassava's Discovery Requests

  In support of its position that Cassava had both a substantial basis ***and*** probable cause to allege defamation claims, Cassava served the following Requests for Production ("RFPs") on both sets of plaintiffs:

- **RFP No. 4.** All Documents and Communications reflecting or relating to any transactions or trades that You or Your family members made directly or indirectly, of Cassava Securities during the Relevant Period, including but not limited to options. (**Exhibit A**, Cassava's First Set of Requests for Production of Documents to Plaintiffs Adrian Heilbut,

      Jesse Brodkin, Enea Milioris; **Exhibit B**, Cassava's First Set of Requests for Production of Documents to Intervenor-Plaintiffs David Bredt and Geoffrey Pitt.)

- **RFP No. 5.** All Documents or Communications related to any interests or position that You or Your family members held, directly or indirectly, in Cassava Securities during the Relevant Period, including but not limited to short positions. (**Exhibits A–B**.)

### III. Plaintiffs' Objections and Refusal to Produce Documents

Cassava's Requests ask for details about Plaintiffs' potential financial incentives to spread harmful information about Cassava. Yet all Plaintiffs refused to produce ***any*** responsive documents.[1] In addition to numerous boilerplate objections, both sets of Plaintiffs objected to these Requests as seeking information that is "private, confidential, and/or proprietary in nature," and objected to the inclusion of the Plaintiffs' family members. (*Id.*) The Dot.com Plaintiffs further object that their "trading activity is not probative of whether Defendants had "probable cause" to pursue their claim, since the particulars of [their] trading activity were not known to Defendants when they decided to pursue the defamation claim and therefore necessarily could not be relevant to Defendants' state of mind at the time." (**Exhibit C**.)

In an effort to reduce the need for judicial intervention, counsel for the parties met and conferred on March 5, 2025 and March 13, 2025 regarding the issues raised in this letter. In an effort to ease the Plaintiffs' concerns regarding information about their family members, Cassava clarified that it seeks information from Plaintiffs' "family members" only to the extent that information is already in Plaintiffs' possession, custody and control. Plaintiffs' only concession was to disclose their net profits accumulated before the defamation action was filed, along with the range of dates during which they held such positions. (**Exhibit E**, Email Exchange dated March 25, 2025.) This was insufficient for a number of reasons, which Cassava laid out for Plaintiffs. (*Id.*) The parties' good-faith negotiation efforts did not lead to agreement on RFP Nos. 4 and 5.

### IV. Argument

Cassava's RFP Nos. 4 and 5 seek information that is relevant to the case and that Cassava has the right to prove up. Plaintiffs' short positions were a key feature of Cassava's defamation case, and these allegations feature prominently in Plaintiffs' present suit. Plaintiffs' attempt to draw an arbitrary line between (1) the fact that all plaintiffs held short positions and (2) any details about the short positions and resulting transactions has no basis in the law.[2]

Plaintiffs' argument that their "states of mind and motives for making the statements challenged in the underlying defamation action are not at issue in this action" mischaracterizes the law under which they seek relief. Profits earned by Plaintiffs from Cassava stock, as well as short

---

[1] **Exhibit C**, Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris's Responses and Objections to Cassava's First Set of Requests for Production of Documents; **Exhibit D**, Intervenor-Plaintiffs Dr. David Bredt's and Dr. Geoffrey Pitt's Responses and Objections to Defendant Cassava Sciences, Inc.'s First Set of Requests for Production of Documents.

[2] To the extent Plaintiffs are troubled by the confidential or proprietary nature of the requested information, these concerns can be addressed by entry of a protective order.

positions on Cassava stock, are relevant to whether Plaintiffs acted with actual malice as to Cassava's underlying claim, which alleged that Plaintiffs shorted their stock and quickly thereafter spread harmful information about Cassava. This figures into the present suit for two main reasons. ***First***, Section 70-a requires that the complaining party prove the defamation plaintiff (here, Cassava) brought suit "without a substantial basis in fact and law." Plaintiffs' short positions and profits on Cassava stock are relevant to Cassava's substantial basis that Plaintiffs acted with actual malice in the underlying suit—an element of defamation. ***Second***, a malicious prosecution plaintiff must prove that the defendant initiated proceedings without probable cause and with malice. Plaintiffs' short positions and profits on Cassava stock are once again relevant to Cassava's actual malice case, which weighs on whether Cassava had probable cause to sue Plaintiffs for defamation.

In this action for anti-SLAPP and tort relief, Cassava must be given an opportunity to defend and establish the basis for the defamation suit. Plaintiffs' objections suggest that Plaintiffs' own states of mind have no relevance to their suit. But Plaintiffs' case depends on the legal validity of a defamation lawsuit, which necessarily involves the question of ***Plaintiffs' actual malice***. Relevant, proportional information related to Plaintiffs' actual malice must be produced.

### V. Conclusion

Cassava seeks disclosure of relevant information that is proportional to the needs of this case. Although the parties' meet-and-confer conferences have generally resulted in compromise and agreement, the parties have been unable to reach resolution on the narrow topics raised in this letter despite good-faith efforts. Therefore, Cassava respectfully requests a pre-motion conference to resolve the parties' differences as to RFP Nos. 4 and 5.

                                                                Respectfully submitted,

                                                                BENESCH, FRIEDLANDER,
                                                                 COPLAN & ARONOFF LLP

                                                                Caitlin Alejandrina Kovacs

**Copied: Counsel of Record (via ECF)**
**Encl: Exhibits A–E**