# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, ENEA MILIORIS, | Civil Action No.  1:24-cv-05948-JLR |
| Plaintiffs, | Judge Jennifer L. Rochon |
| DAVID BREDT and GEOFFREY PITT | |
| Intervenor Plaintiffs | |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS, | |
| Defendants. | |

## CASSAVA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ADRIAN HEILBUT, JESSE BRODKIN, ENEA MILIORIS

Defendant Cassava Sciences, Inc. ("Cassava"), by and through its attorneys and pursuant to Federal Rule of Civil Procedure 34 and 26, propounds Cassava's First Set of Requests for Production of Documents ("Requests") to Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris ("Plaintiffs") to be answered fully within 30 days of service.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Requests as follows:

1.       "Action" shall mean the above-captioned lawsuit presently pending in the United States District Court for the Southern District of New York, No.  1:24-cv-05948-JLR.

1

2.      "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

3.      "Any" and "all" shall mean "any and all."

4.      The term "Cassava" as used herein means Cassava Sciences, Inc.

5.      The term "Cassava Fraud Sites" as used herein means the cassavafraud.com website and the simuflimflam.com website created by Enea Milioris, Ph.D, Jesse Brodkin, Ph.D., Adrian Heilbut, Ph.D., and Patrick Markey, Ph.D., available at the urls: https://www.cassavafraud.com/, and https://www.simuflimflam.com/, and includes any and all materials posted or published on the websites at any point in time since their inception, regardless of whether they are currently posted on the sites.

6.      The term "Citizen Petition" as used herein means the citizen petition, Statement of Concern, and whistleblower letter filed with the Food & Drug Administration on or about August 18, 2021. They are attached hereto as Exhibit A.

7.      The term "Citizen Petition Supplements" as used herein means the August 26, 2021 press release about the Citizens Petition issued by Labaton Sucharow, and the August 30, September 9, November 17, and December 8, 2021 supplemental letters to the FDA, authored by Jordan Thomas, Esq. They are attached hereto as Exhibit B.

8.      The term "Communication(s)" as used herein means the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed. It also includes any letters, emails, text messages or other instant messaging application, Twitter posts or

direct or group messages, or any other social media platform posts or direct or group messages, comments on websites, voice recordings, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

9.      "Defamation Action" shall mean the former lawsuit in the United States District Court for the Southern District of New York, No. 1:22-cv-09409-GHW-OTW.

10.     "Dr. Burns" shall mean Defendant Dr. Lindsay Burns.

11.     "Dr. Wang" shall mean Dr. Hoau-Yan Wang.

12.     "Complaint" shall mean the First Amended Complaint filed by Plaintiffs in this Action, and any amended complaints filed subsequently in this Action.

13.     "Concerning" shall mean without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

14.     The term "Document(s)" as used herein is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states, "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "Document(s)" refers to any document now or at any time in your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

15.     Electronically-Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

16.     Including" shall mean "including, but not limited to."

17.     The term "Letter to Journal Editors" as used herein means the July 1, 2022 email, including all attachments and referenced materials, to various journal editors with the subject line, "Hoau-Yan Wang Fraud: New Evidence of Serial Deceit and Editorial Failures" posted on the Cassava Fraud Sites. It is attached hereto as Exhibit C.

18.     The term "Person(s)" as used herein means, without limitation, individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other governmental and non-governmental entities.

4

19. "Plaintiffs" shall mean Adrian Heilbut, Jesse Brodkin, and Enea Milioris.

20. The term "QCM" as used herein means Quintessential Capital Management LLC or any of its representatives or agents.

21. The term "QCM SAVA Report" as used herein means the November 3, 2021 report authored by Quintessential Capital Management titled "Cassava Sciences (SAVA): Game over!", attached hereto as Exhibit D.

22. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

23. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

24. The term "Relevant Period" as used herein means the dates between January 1, 2020, and present.

25. The term "Research" as used herein means any studies, trials, or other research related to the development of simufilam, SavaDx, and any other work done by or on behalf of Cassava since 2000.

26. The term "Securities" as used herein means any common stock, preferred stock, debenture, option, or other debt of equity interest, derivatives, swaps, or hybrid interests, and any direct or indirect, legal or beneficial interest in any limited partnership.

27. The term "SAVA Charade Presentation" as used herein means the November 3, 2021 presentation titled, "Cassava Sciences: A Shambolic Charade", posted on the Cassava Fraud Sites. It is attached hereto as Exhibit D.

28.     The term "SavaDx Presentation" as used herein means the November 29, 2021, presentation titled, "SavaDx Exposed", posted on the Cassava Fraud Sites. It is attached hereto as Exhibit E.

29.     The term "Seeing Through the Blind Presentation" as used herein means the December 10, 2021 presentation titled, "Cassava and the Wang Lab: Seeing Through the Blind", posted on the Cassava Fraud Sites. It is attached hereto as Exhibit F.

30.     "Social Media Account" shall mean any social media account operated by you or on your behalf, including without limitation any blog or social media account on Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler, or other social media account on which you published, broadcast, distributed, promoted or discussed any Defamatory Statement.

31.     The term "You" or "Your" as used herein means Enea Milioris, Ph.D, Jesse Brodkin, Ph.D., and Adrian Heilbut, Ph.D., including any and all employees, agents, representatives, fiduciaries, brokers, advisors, accountants, attorneys, consultants, and other Persons or entities under Your control or direction or acting or purporting to act on Your behalf.

## INSTRUCTIONS

1.     These Requests are continuing in nature, and any document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever You find, locate, acquire, or become aware of such documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such documents.

2.     If any document responsive to these Requests is withheld under a claim of privilege, you shall identify with respect to each Document: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the type of document (letter, report, etc.); (iv) the general subject matter of the

6

document; (v) the date of the document; (vi) the specific privilege claimed; and (vii) the factual

basis for your assertion of privilege or the reason for withholding.

3.      If a portion of any document responsive to these Requests is withheld under a claim

of privilege or any other objection, any non-privileged portion of such document must be produced

with the portion claimed to be privileged redacted.

4.      All responsive documents, wherever located, that are in your possession, custody,

or control, or that of any of your agents, attorneys, or representatives, shall be produced in response

to these Requests. If you are unable to respond in full to a Request after exercising due diligence

to obtain all documents requested, so state; furnish the documents that are available; and indicate

in writing your inability to provide the rest of the documents that are responsive to the Request,

setting forth whatever information, knowledge, or belief you have concerning the unavailable

documents.

5.      All ESI shall be produced either on portable storage media (CD/DVD, USB flash

drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents

stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image

format and produced as either black and white TIFF or color JPG images, accompanied by their

corresponding document-level extracted text, a Concordance-formatted (.dat) load file containing

related document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF

image must convey all the information the document contains, disclosing all track changes, hidden

content, notes, and any hidden slides, rows or columns, subject to any redactions. Images should

be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each

image. Documents should be properly unitized and shall not be combined. Documents such as

7

spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

6.      Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Instruction No. 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

7.      Non-responsive family members must be produced together with responsive family members. In instances where you do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and bates branding bottom right of the page.

8.      A Request shall be deemed to include a Request for each document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the Document in addition to the document itself, without redaction, abbreviation, or expurgation.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.      All Documents and Communications referenced in Your Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures.

2.      All Documents and Communications that form a basis for, either in whole or in part, the opinions of any Person who is expected to be called as a witness in this Action on Your behalf.

3.      To the extent not already produced, all Documents and Communications relating to Your allegations in the Complaint.

4.      All Documents or Communications reflecting or relating to any transactions or trades that You or Your family members made directly or indirectly, of Cassava Securities during the Relevant Period, including but not limited to options.

5.      All Documents or Communications related to any interests or positions that You or Your family members held, directly or indirectly, in Cassava Securities during the Relevant Period, including but not limited to short positions.

6.      All Documents or Communications related to the Citizen Petition or Citizen Petition Supplements.

7.      All Documents or Communications related to the QCM SAVA Report.

8.      All Documents or Communications related to the Letter to Journal Editors.

9.      All Documents or Communications related to the SAVA Charade Presentation.

10.     All Documents or Communications related to the SavaDx Presentation.

11.     All Documents or Communications related to the Seeing Through the Blind Presentation.

12.     All Documents or Communications related to the Cassava Fraud Sites.

13.     All Documents and Communications related to Your allegedly defamatory statements, as described in the Second Amended Complaint in the Defamation Action, including the truth or falsity of those statements.

14.     All Documents and Communications related to Your allegedly defamatory statements, as described in the First Amended Complaint in the Defamation Action, including the truth or falsity of those statements.

15.     All Documents or Communications with David Bredt, Geoffrey Pitt, Adrian Heilbut, Jesse Brodkin, Patrick Markey, Gabriele Grego, or QCM regarding Cassava, Remi Barbier, or Dr. Burns.

16.     All Documents and Communications reflecting or relating to any social media posts, regarding Cassava or its Research, made on any Social Media Account controlled, operated, or owned by You during the Relevant Time Period.

17.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 41 of Your Complaint: "Beginning in 2021, Plaintiffs expressed criticism and concern about simufilam, Cassava, Barbier, Dr. Wang, and Dr. Burns in various public forums, including through: (1) an open letter to the FDA; (2) testimony at a public CUNY meeting; (3) a poster presented at a Clinical Trials on Alzheimer's Disease ("CTAD") conference describing experiments to test certain aspects of Dr. Burns and Dr. Wang's research; (4) a letter to journal editors concerning research misconduct of Dr. Wang in 32 papers dating back two decades; (5) posts on the online scientific forum PubPeer; (6) posts on Twitter (now known as X); (7) three presentation decks describing problems with Cassava's claims related to simufilam and Cassava's ostensible diagnostic test for Alzheimer's disease, branded as SavaDX; and (8) a website compiling their critiques and sources at www.cassavafraud.com."

18.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 44 of Your Complaint: "Defendants began to target and threaten Plaintiffs shortly after they began to speak publicly about simufilam."

19.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 45 of Your Complaint: "[I]n December 2021, Dr. Burns threatened Plaintiffs and other critics in a Facebook post that stated, in part: 'Sorry Adrian Heilbut. Sorry Jesse Brodkin. . . . Your days are numbered.'"

20.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 85 of Your Complaint: "On information and belief, other journals likewise have refrained from taking such actions out of fear that they too would become victims of Defendants' penchant for retaliation."

21.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 103 of Your Complaint: "Defendants' smear campaign succeeded in impugning the credibility of Plaintiffs even among their peers within the scientific community."

22.     All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 111 of Your Complaint: "Defendants' bullying tactics have extended to all corners of the scientific community, including through efforts to silence or manipulate scientific journals, CUNY, and other individual scientists."

Dated:  January 13, 2025

Respectfully submitted,

**BENESCH,    FRIEDLANDER,    COPLAN
  & ARONOFF LLP**

*/s/ Michael B. Silverstein*

J. Erik Connolly (*admitted pro hac vice*)
Illinois ARDC No. 6269558
New York State Bar No. 6133276
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile:  (312) 767-9192
Email:  EConnolly@beneschlaw.com

Caitlin A. Kovacs (*admitted pro hac vice*)
Illinois ARDC No. 6313273
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile:  (312) 767-9192
Email:  CKovacs@beneschlaw.com

Michael B. Silverstein (*admitted pro hac vice*)
Ohio Bar No. 0098036
41 South High Street, Suite 2600
Columbus, OH 43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
Email: msilverstein@beneschlaw.com

Michael A. Vatis
New York State Bar No. 2258655
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Telephone: (646) 593-7050
Facsimile: (646) 755-3397
Email: mvatis@beneschlaw.com

*Attorneys for Defendants Cassava Sciences, Inc.,
Remi Barbier, and Dr. Lindsay Burns*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January 2025, I caused a true and correct copy of

the attached Cassava's First Set of Requests for Production of Document to Plaintiff Enea Milioris

to be sent via e-mail to:

Amanda Wong
David Robert Shine Kumagai
Isaac Berkman Zaur
Clarick Gueron Reisbaum LLP
220 5th Ave, 14th Floor
10001
New York, NY 10001
212-633-4310
Email: awong@cgr-law.com
      dkumagai@cgr-law.com
      izaur@cgr-law.com

*Attorneys for Plaintiffs Adrian Heilbut,*
*Jesse Brodkin, and Enea Milioris*

Jeffrey A. Simes
Meghan K. Spillane
620 Eight Avenue
New York, NY 10018
212-813-8800
Email: jsimes@goodwinlaw.com
      mspillane@goodwinlaw.com

*Attorneys for Intervenor Plaintiffs*
*David Bredt and Geoffrey Pitt*


                                      */s/ Michael B. Silverstein*
                                      Michael B. Silverstein

                                      *Attorney for Defendants*