# Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

        Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

        Intervenor-Plaintiffs,

     v.

CASSAVA SCIENCES, INC., REMI BARBIER,
and LINDSAY BURNS,

        Defendants.

Case No. 1:24-cv-05948-JLR-OTW

### INTERVENOR-PLAINTIFFS DR. DAVID BREDT'S AND DR. GEOFFREY PITT'S RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26, Intervenor-Plaintiffs Dr. David Bredt and Dr. Geoffrey Pitt (the "Neuroscientist Plaintiffs"), by and through their attorneys, hereby respond to Defendant Cassava Sciences, Inc.'s ("Cassava") First Set of Requests for Production of Documents, dated January 13, 2025 ("the Requests," and each specific request therein, a "Request") as follows. The responses herein reflect only the present state of the Neuroscientist Plaintiffs' knowledge or information regarding the documents that Cassava has requested.

### GENERAL OBJECTIONS

The following General Objections are hereby incorporated by reference into each and every Instruction, Definition, and specific Response set forth below. From time to time, a specific Response may repeat a General Objection for emphasis or on some other basis. The omission of any General Objection in any specific response is not intended to be and should not be construed

as a waiver or limitation of any General Objection to that Response. The inclusion of any specific objections in the Responses below is not intended as, nor shall it in any way be deemed, a waiver of any General Objection or of any specific objection made herein or that may be asserted at another date.

1.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, any applicable rule or law. The Neuroscientist Plaintiffs will construe and respond to the Requests in accordance with the requirements of any applicable rule or law.

2.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they are vague, ambiguous, overbroad, unduly burdensome, lacking in particularity, or to the extent they seek documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case.

3.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they seek information and/or call for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice. Cassava cannot argue as a matter of law that its defamation claims against the Neuroscientist Plaintiffs had a substantial basis in law or fact. *See Aristocrat Plastic Surgery P.C. v. Silva*, 219 N.Y.S.3d 336, 337 (1st Dep't 2024); *Reeves v. Associated Newspapers, Ltd.*, 218 N.Y.S.3d 19, 30 (1st Dep't 2024). Requests seeking information about the basis for the Neuroscientist Plaintiffs' underlying statements, or their alleged motivation

2

to make such statements, are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case.

4.      The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to require production of "[a]ll" documents under circumstances in which a subset of all documents would be sufficient to show the pertinent information, on the ground that such Requests for production of "[a]ll" documents are overbroad and unduly burdensome.

5.      The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent the Requests seek "[a]ll" documents that existed during the relevant time period.  The Neuroscientist Plaintiffs make no representations as to whether the documents currently in their possession, custody, or control constitute "[a]ll" documents that existed during such time, and the Neuroscientist Plaintiffs do not purport to have knowledge of "[a]ll" documents that are the subject of each Request.

6.      The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they seek to define terms and/or characterize evidence in this litigation.

7.      The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to impose an obligation on the Neuroscientist Plaintiffs to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) from readily accessible sources (including electronic sources) where responsive documents can reasonably be expected to be found.  Any Request that requires the Neuroscientist Plaintiffs to go beyond such a search is overbroad and unduly burdensome.

8.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to require the production of documents that: (i) are publicly available; (ii) are already in the possession, custody, or control of Cassava; (iii) are otherwise available from sources to which Cassava has access; or (iv) are obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to impose upon the Neuroscientist Plaintiffs a duty to secure and produce documents or things not in their possession, custody, or control.

10.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to seek discovery from, or impose a discovery obligation on, any person or entity who is not a party to the litigation.

11.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to require the production of documents that are subject to any privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, doctrine, protection, immunity, or limitation on discovery.  Specific objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that the Neuroscientist Plaintiffs do not object to a Request on the basis of an applicable privilege.

12.    Any inadvertent disclosure of any privileged information to Cassava shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or the Neuroscientist Plaintiffs' right to object to the use of any document inadvertently disclosed.

The Neuroscientist Plaintiffs reserve the right to demand that Cassava return to them any document inadvertently produced. The Neuroscientist Plaintiffs have not previously waived any applicable privilege and specifically state that they do not intend to do so through the production of any documents or information in response to the Requests. The review and production of documents and information in response to the Requests will be conducted by counsel or attorneys supervised by counsel, and thus any production of privileged documents would be inadvertent as to the Neuroscientist Plaintiffs themselves.

13.     The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they seek disclosure of information that is private, confidential, and/or proprietary in nature, or which otherwise constitutes protected commercial, financial, competitively sensitive, and/or trade secret information.

14.     The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to require the Neuroscientist Plaintiffs to search for and produce documents, including e-mails and other electronic documents, that are not reasonably accessible or to the extent the production of such documents and electronic information would be an undue burden or expense on the Neuroscientist Plaintiffs.

15.     The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they purport to require the Neuroscientist Plaintiffs to create or generate documents that do not currently exist.

16.     The Neuroscientist Plaintiffs object to each of the Requests to the extent they seek documents that are also sought by other Requests on the ground that such Requests are unnecessarily cumulative and duplicative. The Neuroscientist Plaintiffs further object to the

5

Requests to the extent they are interposed for the purpose of annoyance, embarrassment, or harassment.

17.    The Neuroscientist Plaintiffs object to the Requests, including the Definitions, Instructions, and each specific Request therein, to the extent they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to the Requests, the Neuroscientist Plaintiffs do not admit the correctness of such allegations and assertions.

18.    The Neuroscientist Plaintiffs' responses are based on their current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein.  Without in any way obligating themselves to do so, the Neuroscientist Plaintiffs expressly reserve the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available.  The Neuroscientist Plaintiffs also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

19.    The Neuroscientist Plaintiffs' responses and objections shall not be construed as representations regarding the existence or nonexistence of specific documents in their possession, custody, or control.

20.    Whenever the Neuroscientist Plaintiffs agree to produce documents in response to a Request, such a response does not constitute a representation that responsive documents exist or that the Neuroscientist Plaintiffs will search all files maintained by any person, but only that responsive documents will be produced if they exist, can be located with a reasonable and diligent

search of readily accessible files where responsive documents reasonably would be expected to be found, and are not otherwise protected from disclosure.

21.    By agreeing to search for documents, the Neuroscientist Plaintiffs do not concede either that any Request seeks information that is relevant to a claim or defense or that any Request seeks information that is proportional to the needs of this case.  Rather, the Neuroscientist Plaintiffs expressly reserve all further objections as to the relevance and admissibility of the information provided, as well as the right to object to further discovery relating to the subject matter of any information.

22.    In making these objections to the Requests, the Neuroscientist Plaintiffs do not in any way waive or intend to waive but rather intend to preserve and are preserving:

a.    all objections to competency, relevancy, and materiality of any documents, responses, or information provided in response to the Requests;

b.    all rights to object on any ground in any further proceedings in this litigation to the use of any of the documents, responses, or information provided in response to the Requests; and

c.    all rights to object to any request for further responses to these Requests or any other requests.

## OBJECTIONS TO DEFINITIONS

These Objections to Definitions are incorporated by reference into each of the Specific Responses and Objections as though set forth fully therein.

1.    The Neuroscientist Plaintiffs object to the definitions of "Cassava Fraud Sites," "Citizen Petition," "Citizen Petition Supplements," "Letter to Journal Editors," "QCM," "QCM SAVA Report," "Research," "Securities," "SAVA Charade Presentation," "SavaDX Presentation," and "Seeing Through the Blind Presentation" because they are vague, ambiguous,

7

overbroad, unduly burdensome, and lacking in particularity, and include documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case.

2.  The Neuroscientist Plaintiffs object to the definition of "Social Media Account" as overbroad to the extent it seeks content from social media accounts or services that the Neuroscientist Plaintiffs have not used.

3.  The Neuroscientist Plaintiffs object to the definition of "Relevant Period" because it is vague, ambiguous, and/or unclear, and therefore calls for the production of documents, information, or things that are not relevant to the claims or defenses of the parties, are beyond the scope of the pleadings, are overbroad or unduly burdensome, and/or are not proportional to the needs of the case.  Unless otherwise stated, the Neuroscientist Plaintiffs' responses to specific Requests are limited to the time period from January 1, 2021, to the present.

4.  The Neuroscientist Plaintiffs object to the definitions of "You" and "Your" to the extent they seek to impose obligations beyond those imposed by the applicable rules and are unduly burdensome, including insofar as they purport to require the Neuroscientist Plaintiffs to collect, search, or produce materials from third parties, materials not in their possession, custody, or control, and materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

## **INSTRUCTIONS**

These Objections to Instructions are incorporated by reference into each of the Specific Responses and Objections as though set forth fully therein.

1.      The Neuroscientist Plaintiffs object to the Instructions to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by any applicable rule or law, or any discovery protocols to which the parties agree.

2.      The Neuroscientist Plaintiffs object to the Instructions to the extent they are unduly burdensome.

3.      The Neuroscientist Plaintiffs object to Instructions to the extent they purport to impose an obligation on the Neuroscientist Plaintiffs to produce documents that are not in the Neuroscientist Plaintiffs' possession, custody, or control.

4.      The Neuroscientist Plaintiffs object to Instructions to the extent they purport to impose an obligation on the Neuroscientist Plaintiffs to conduct anything beyond a reasonable search of readily accessible files from readily accessible sources where responsive documents can reasonably be expected to be found.

5.      The Neuroscientist Plaintiffs object to Instructions to the extent they purport to impose an obligation on the Neuroscientist Plaintiffs to produce documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

6.      The Neuroscientist Plaintiffs object to Instructions to the extent they purport to require the production of documents that are subject to any privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, doctrine, protection, immunity, or limitation on discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications referenced in Your Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions.  The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case.  The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control.  The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications that form a basis for, either in whole or in part, the opinions of any Person who is expected to be called as a witness in this Action on Your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions.  The Neuroscientist Plaintiffs object to this Request to the extent it is premature, vague, ambiguous, overbroad, unduly burdensome, and

lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "form," "basis," "opinions," "expected," "called," and "witness." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will produce documents and information concerning their fact and expert witnesses at the time and in the manner required by the applicable rules and obligations and in accordance with the Court's Civil Case Management Plan and Scheduling Order.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not already produced, all Documents and Communications relating to Your allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further

object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents or Communications reflecting or relating to any transactions or trades that You or Your family members made directly or indirectly, of Cassava Securities during the Relevant Period, including but not limited to options.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "reflecting," "transactions," "trades," "family members," "directly," "indirectly," and "options." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is

protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity. The Neuroscientist Plaintiffs further object to this Request as harassing, particularly insofar as it targets the Neuroscientist Plaintiffs' family members, who were not party to the Defamation Action nor party to this action. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks disclosure of information that is private, confidential, and/or proprietary in nature and would thus cause the Neuroscientist Plaintiffs annoyance, embarrassment, and oppression that outweighs any purported probative value.

In light of the foregoing objections, the Neuroscientist Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents or Communications related to any interests or positions that You or Your family members held, directly or indirectly, in Cassava Securities during the Relevant Period, including but not limited to short positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "interests," "positions," "family members," "held," "directly," "indirectly," and "short." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession

13

or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity. The Neuroscientist Plaintiffs further object to this Request as harassing, particularly insofar as it targets the Neuroscientist Plaintiffs' family members, who were not party to the Defamation Action nor party to this action. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks disclosure of information that is private, confidential, and/or proprietary in nature and would thus cause the Neuroscientist Plaintiffs annoyance, embarrassment, and oppression that outweighs any purported probative value.

In light of the foregoing objections, the Neuroscientist Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents or Communications related to the Citizen Petition or Citizen Petition Supplements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the

production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs are willing to meet and confer with Cassava to reasonably narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents or Communications related to the QCM SAVA Report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The

Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs state that they do not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents or Communications related to the Letter to Journal Editors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The

Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs are willing to meet and confer with Cassava to reasonably narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications related to the SAVA Charade Presentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs state that they do not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents or Communications related to the SavaDx Presentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs state that they do not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications related to the Seeing Through the Blind Presentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs state that they do not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents or Communications related to the Cassava Fraud Sites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs state that they do not possess any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications related to Your allegedly defamatory statements, as described in the First Amended Complaint in the Defamation Action, including the truth or falsity of those statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information and/or calls for the production of documents relating to Cassava's defamation claims against the Neuroscientist Plaintiffs that have been dismissed with prejudice, as such Requests are not relevant to the claims and defenses in the instant action and are therefore not proportional to the needs of the case. The Neuroscientist Plaintiffs further object to this Request to the extent the Court in the Defamation Action found that no statement made by the Neuroscientist Plaintiffs was defamatory, that all of their statements involved scientific opinion, and that no malice was appropriately ascribed to them. (*See, e.g.*, Intervenor Compl. ¶ 47.) The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

In light of the foregoing objections, the Neuroscientist Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents or Communications with David Bredt, Geoffrey Pitt, Enea Milioris, Adrian Heilbut, Jesse Brodkin, Patrick Markey, Gabriele Grego, or QCM regarding Cassava, Remi Barbier, or Dr. Burns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs are willing to meet and confer with Cassava to reasonably narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications reflecting or relating to any social media posts, regarding Cassava or its Research, made on any Social Media Account controlled, operated, or owned by You during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "reflecting," "social media posts," "made," "controlled," "operated," and "owned." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 2 of Your Complaint: "The Neuroscientist Plaintiffs… presented their concerns with the research of Cassava's lead scientists—Dr. Hoau-Yan Wang, a professor at the City University of New York ('CUNY'), and Dr. Lindsay Burns, Cassava's former Senior Vice

President ('SVP') of Neuroscience—in exacting factual detail, requesting that the FDA further investigate the data that Cassava itself admitted contained 'problems' and 'errors.'"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "support" and "contradict." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 73 of Your Complaint: "Barbier and Dr. Burns each individually participated in the malicious prosecution of the Defamation Action, including by issuing threats or

attacks against the Neuroscientist Plaintiffs on investor calls, and other forums, by participating in decisions to commence and continue the lawsuit, by publicly and privately spreading the baseless allegations in the lawsuit, by orchestrating and implementing the company's PR campaign that falsely blamed all criticism of simufilam on a "short and distort" campaign, and by overseeing the company's overall litigation strategy, which included the Defamation Action and the recruitment and hiring of a new general counsel, reporting directly to Barbier, six days before the lawsuit was filed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "support" and "contradict." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such

documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 52 of Your Complaint: "Among other posts, Defendant Dr. Burns herself threatened Dr. Bredt and other critics in a Facebook post that stated, in part: 'Your days are numbered.'"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "support" and "contradict." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 82 of Your Complaint: "[T]he Neuroscientist Plaintiffs experienced harassment from Cassava's supporters online, including doxing of their personal information with malicious intent; public challenges to their professional integrity, including by leading medical publications, influenced by Cassava's self-serving PR campaign; employment challenges stemming from unfounded complaints brought by Cassava and its supporters; and unfounded threats of criminal investigation or loss of their professional licenses."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions.  The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case.  Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "support" and "contradict."  The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within

their possession, custody, or control that are responsive to this Request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 70 of Your Complaint: "The Defamation Action and Cassava's campaign of intimidation have stifled legitimate debate over Alzheimer's research, while causing significant harm to the public at large, including Alzheimer's patients and their families, the scientific community, and public trust in legal, regulatory, and scientific institutions."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The Neuroscientist Plaintiffs incorporate each of the foregoing General Objections, Objections to Definitions, and Objections to Instructions. The Neuroscientist Plaintiffs object to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, and includes documents that are neither relevant to the claims or defenses of any party to the pending litigation nor proportional to the needs of this case. Among other things, this Request is vague and ambiguous to the extent it uses the undefined terms "support" and "contradict." The Neuroscientist Plaintiffs further object to this Request to the extent it seeks documents already within Cassava's possession or readily accessible to Cassava, non-party documents, and/or information not in the Neuroscientist Plaintiffs' custody, possession, or control. The Neuroscientist Plaintiffs further object to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, the Neuroscientist Plaintiffs will conduct a reasonable search to identify and produce relevant, nonprivileged documents within

their possession, custody, or control that are responsive to this Request to the extent such documents exist.

Dated:  February 17, 2025
       New York, New York

/s/ Jeffrey A. Simes
Jeffrey A. Simes
Meghan K. Spillane
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel.:    (212) 813-8800
Fax:    (212) 355-3333
jsimes@goodwinlaw.com
mspillane@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

I, Jeffrey A. Simes, hereby certify that on February 17, 2025, a true and correct copy of the

foregoing was served by electronic mail on counsel of record for all parties.

_/s/ Jeffrey A. Simes_
Jeffrey A. Simes