# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

        Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

        Intervenor-Plaintiffs,

        v.

CASSAVA SCIENCES, INC., REMI BARBIER,
and LINDSAY BURNS,

        Defendants.

Case No. 1:24-cv-05948-JLR

**PLAINTIFFS ADRIAN HEILBUT,
JESSE BRODKIN, AND ENEA
MILIORIS'S RESPONSES AND
OBJECTIONS TO CASSAVA'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

---

        Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, by their undersigned counsel,

hereby respond and object to Defendant Cassava Science Inc.'s First Set of Requests for

Production of Documents to Plaintiffs (the "Requests") as set forth below.

## GENERAL RESPONSES & OBJECTIONS

        Plaintiffs make the following general objections to each and every Definition, Instruction,

and Request contained in the Requests ("General Objections").

        1.      Plaintiffs object to the Requests insofar as they seek the production of documents

that are not in Plaintiffs' possession, custody, or control.

        2.      Plaintiffs object to the Requests insofar as they seek the production of documents

already in the possession, custody, or control of Defendants, publicly available, or more easily

obtainable from sources other than Plaintiffs.

        3.      Plaintiffs object to the Requests insofar as they seek documents protected by the

attorney-client privilege, the work product doctrine, the common interest privilege, or any other

applicable privilege or immunity. Such information or documents will not be provided in response to the Requests and any inadvertent disclosure or production thereof shall not operate as a waiver of such privileges or doctrines.

4.     Plaintiffs object to the Requests to the extent they purport to enlarge, expand, or in any way alter Plaintiffs' obligations under the Federal Rules of Civil Procedure, the Local Rules of the Sothern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

5.     By producing or agreeing to produce any document, Plaintiffs do not concede the relevancy or materiality of any Request or of the subject to which such Request refers. Plaintiffs' responses are made expressly subject to, and without waiver of, any objections available to Plaintiffs in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

6.     Plaintiffs object to Instruction Nos. 2 and 3, concerning privileged documents, to the extent that these instructions are unduly burdensome or go beyond Southern District of New York Local Rule 26.2.

7.     Plaintiffs object to Instruction No. 4, which seeks to have Plaintiffs identify whether they are "unable to respond in full to a Request after exercising due diligence to obtain all documents requested" to "so state; furnish the documents that are available, and indicate in writing your inability to provide the rest of the documents that are responsive to the Request, setting forth whatever information, knowledge, or belief you have concerning the unavailable documents." This instruction imposes an obligation on Plaintiffs that is vague and ambiguous, overbroad, and not proportional, given that Plaintiffs can only respond to a Request based on their knowledge and thus, for example, may have a different understanding than Defendant on

2

what constitutes a response "in full" to a Request. Documents that Defendant may consider to be part of a "full" response may be unknown to Plaintiffs or not yet known and thus not identifiable at this stage.

8. Plaintiffs object to Instruction Nos. 5, 6, and 7, and the definition of "Electronically Stored Information" to the extent they are unduly burdensome and seek to impose obligations beyond those imposed by the Applicable Rules. Plaintiffs are available to meet and confer regarding a mutually applicable, agreed-upon ESI protocol to be entered by the Court. These responses and objections and any productions by Plaintiffs shall be subject to such agreed-upon ESI protocol.

9. Plaintiffs object to the definitions of the terms "Citizen Petition", "Citizen Petition Supplements", "Letter to Journal Editors", "QCM SAVA Report", "SAVA Charade Presentation", and "Seeing Through the Blind Presentation", as vague and ambiguous to the extent each definition refers to an "attached" exhibit that was not attached to the Requests. Plaintiffs interpret each definition as an attempted reference to the materials at issue in the underlying Defamation Action and respond accordingly.

10. Plaintiffs object to the definition of "Social Media Account" as overbroad to the extent it seeks content from social media accounts or services that Plaintiffs have not used.

11. Plaintiffs object to the definitions of "You" and "Your" to the extent they seek to impose obligations beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiffs to collect, search, or produce materials from third parties, materials not in their possession, custody, or control, and materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

12.     Plaintiffs object to the Requests insofar as they seek the production of responsive documents within thirty (30) days. Plaintiffs will begin producing responsive documents on a rolling basis as soon as practical in accordance with the schedule entered by the Court.  Plaintiffs are willing to meet and confer to discuss the timing of the parties' respective document productions.

13.     Subject to all objections and responses herein, Plaintiffs intend to search for and produce documents responsive to the Requests by using reasonable search parameters, including search terms and date ranges, to search Plaintiffs' files for responsive documents.  Plaintiffs are willing to meet and confer to discuss these responses and objections, including reasonable search parameters for the parties' respective document productions, as well as the form and timing of any privilege logs in accordance with Southern District of New York Local Rule 26.2.

14.     Discovery is ongoing in this matter, and these responses are based on Plaintiffs' present state of recollection, knowledge, and belief.  These responses are subject to additional or different information that discovery may disclose, and as such, Plaintiffs reserve the right to supplement these objections and/or responses if necessary upon the discovery of additional information.

## SPECIFIC RESPONSES & OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents and Communications referenced in Your Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request as vague and ambiguous to the extent it seeks "All Documents and Communications referenced" in Plaintiffs' initial disclosures, and Plaintiffs object to this

Request as overbroad to the extent it seeks documents that are not in Plaintiffs' possession, custody, or control.

Plaintiffs further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, and common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents referred to in Section B of Plaintiffs' initial disclosures, served on January 6, 2025, to the extent such documents can be located through a reasonable search.

**REQUEST NO. 2:**

All Documents and Communications that form a basis for, either in whole or in part, the opinions of any Person who is expected to be called as a witness in this Action on Your behalf.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request as vague and ambiguous to the extent that it seeks "All Documents and Communications that form a basis for . . . the opinions of any Person" that Plaintiffs expect to call as a witness, without limitations or specifying what "opinions" it specifically seeks. Plaintiffs also object to this Request to the extent that it seeks protected work product and represents a premature request for a witness list or a premature request for expert disclosures inconsistent with the schedule entered by the Court and the Applicable Rules.

Subject to the foregoing objections, Plaintiffs will produce documents and information concerning Plaintiffs' fact and expert witnesses at the time and in the manner required by the case schedule and Applicable Rules.

**REQUEST NO. 3**

To the extent not already produced, all Documents and Communications relating to Your allegations in the Complaint.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or the common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 4:**

All Documents or Communications reflecting or relating to any transactions or trades that You or Your family members made directly or indirectly, of Cassava Securities during the Relevant Period, including but not limited to options.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request on the grounds that Plaintiffs' and any of their families' "transactions or trades" of "Cassava Securities" are not relevant to any party's claims or defenses in this action, particularly considering that Plaintiffs' states of mind and motives for making the statements challenged in the underlying Defamation Action are not at issue in this action, and there is no dispute that Plaintiffs have held stock and options positions that stood to benefit from a decline in Cassava's stock price.

Plaintiffs also object to this Request as harassing, particularly insofar as it targets Plaintiffs' family members, who were not party to the Defamation Action nor party to this action. Plaintiffs also object to this Request to the extent it seeks disclosure of information that is private, confidential, and/or proprietary in nature and would thus cause Plaintiffs annoyance, embarrassment, and oppression that outweighs any purported probative value.

Plaintiffs additionally object to this Request as vague, ambiguous, and overbroad insofar as the reference to "indirect" trades or transactions is unclear and insofar as the request for documents "reflecting or relating to" "transactions or trades" could be understood to include virtually any document with a passing or tangential reference to such transactions or trades. Similarly, because "family members" is not defined, it could include relations of any kind, no matter how remote, and is thus overbroad.  Finally, Plaintiffs object to this Request as duplicative of Request No. 5.

Plaintiffs further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, and common interest privilege.  Based on the forgoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 5:**

All Documents or Communications related to any interests or positions that You or Your family members held, directly or indirectly, in Cassava Securities during the Relevant Period, including but not limited to short positions.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that Plaintiffs' and their families' "interests or positions . . . held, directly or indirectly, in Cassava Securities" are not relevant to any party's

7

claims or defenses in this action, particularly considering that Plaintiffs' states of mind and motives for making the statements challenged in the underlying Defamation Action are not at issue in this action, and there is no dispute that Plaintiffs have held stock and options positions that stood to benefit from a decline in Cassava's stock price.

Plaintiffs also object to this Request as harassing, particularly insofar as it targets Plaintiffs' family members, who were not party to the Defamation Action nor party to this action. Plaintiffs also object to this Request to the extent it seeks disclosure of information that is private, confidential, and/or proprietary in nature and would thus cause Plaintiffs annoyance, embarrassment, and oppression that outweighs any purported probative value.

Plaintiffs additionally object to this Request as vague, ambiguous, and overbroad insofar as the reference to "indirect" interests or positions is unclear and insofar as the request for documents "reflecting or relating to" "interests or positions" could be understood to include virtually any document with a passing or tangential reference to such "interests or positions". Similarly, because "family members" is not defined, it could include relations of any kind, no matter how remote, and is thus overbroad.  Finally, Plaintiffs object to this Request as duplicative of Request No. 4.

Plaintiffs further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, and common interest privilege.

Based on the forgoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 6:**

All Documents or Communications related to the Citizen Petition or Citizen Petition Supplements.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the Citizen Petition and Citizen Petition Supplements may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action.  Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the Citizen Petition or Citizen Petition Supplements could include virtually any document with a passing or tangential reference to the Citizen Petition or Citizen Petition Supplements.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 7:**

All Documents or Communications related to the QCM SAVA Report.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the QCM SAVA Report may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the QCM SAVA Report could include virtually any document with a passing or tangential reference to the QCM SAVA Report.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 8:**

All Documents or Communications related to the Letter to Journal Editors.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the Letter to Journal Editors may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning

simufilam's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the Letter to Journal Editors could include virtually any document with a passing or tangential reference to the Letter to Journal Editors.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 9:**

All Documents or Communications related to the SAVA Charade Presentation.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action. Documents related to the SAVA Charade Presentation may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

11

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the SAVA Charade Presentation could include virtually any document with a passing or tangential reference to the SAVA Charade Presentation.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 10:**

All Documents or Communications related to the SavaDx Presentation.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the SavaDx Presentation may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning SavaDx's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action.  Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the SavaDx Presentation could include virtually any document with a passing or tangential reference to the SavaDx Presentation.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 11:**

All Documents or Communications related to the Seeing Through the Blind Presentation.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the Seeing Through the Blind Presentation may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action.  Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the Seeing Through the Blind Presentation could include virtually any document with a passing or tangential reference to the Seeing Through the Blind Presentation.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common

interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 12:**

All Documents or Communications related to the Cassava Fraud Sites.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action.  Documents related to the Cassava Fraud Sites may be relevant to the extent they reflect Defendants' knowledge of the issues thereon concerning simufilam's and SavaDx's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action.  Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad since documents "related to" the Cassava Fraud Sites could include virtually any document with a passing or tangential reference to the Cassava Fraud Sites.

Plaintiffs additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 13:**

All Documents and Communications related to Your allegedly defamatory statements, as described in the Second Amended Complaint in the Defamation Action, including the truth or falsity of those statements.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action. Documents related to the "allegedly defamatory statements" in the "Second Amended Complaint in the Defamation Action" and their "truth or falsity" may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's and SavaDx's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this request as harassing, insofar it reflects Defendants' efforts to relitigate Plaintiffs' "allegedly defamatory statements" despite Cassava's voluntary dismissal of the Second Amended Complaint in the Defamation Action.

Plaintiffs further object to this Request as vague, ambiguous, and overbroad for seeking documents "related to" each of Plaintiffs' 75 allegedly defamatory statements without limitation as to substance, subject, or further clarification on what types of documents it seeks.

15

This Request is also improper to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 14:**

All Documents and Communications related to Your allegedly defamatory statements, as described in the First Amended Complaint in the Defamation Action, including the truth or falsity of those statements.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action. Documents related to the "allegedly defamatory statements" in the "First Amended Complaint in the Defamation Action" and their "truth or falsity" may be relevant to the extent they reflect Defendants' knowledge of the issues therein concerning simufilam's and SavaDx's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs also object to this request as harassing, insofar it reflects Defendants' efforts to relitigate Plaintiffs' "allegedly defamatory statements" despite the Court's dismissal of the First Amended Complaint in the Defamation Action.

16

Plaintiffs further object to this Request as vague, ambiguous, and overbroad for seeking documents "related to" each of Plaintiffs' hundreds of allegedly defamatory statements in the First Amended Complaint without limitation as to substance, subject, or further clarification on what types of documents it seeks.

This Request is also improper to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 15:**

All Documents or Communications with David Bredt, Geoffrey Pitt, Adrian Heilbut, Jesse Brodkin, Patrick Markey, Gabriele Grego, or QCM regarding Cassava, Remi Barbier, or Dr. Burns.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action, such as documents unrelated to Defendants' purposes for commencing or continuing the Defamation Action against Plaintiffs.

Plaintiffs also object to this Request to the extent it seeks privileged documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

17

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 16:**

All Documents and Communications reflecting or relating to any social media posts, regarding Cassava or its Research, made on any Social Media Account controlled, operated, or owned by You during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action. Documents reflecting or relating to Plaintiffs' social media posts about Cassava or its Research may be relevant to the extent they reflect Defendants' knowledge of issues with simufilam's and SavaDx's underlying research, which bears on Defendants' purposes for commencing or continuing the Defamation Action. Such relevant documents are likely already in the possession of Defendants, and Plaintiffs are unlikely to have additional relevant documents on this topic.

Plaintiffs additionally object to this Request as vague, ambiguous, and overbroad insofar as it seeks documents and communications "reflecting or relating to" "any [of Plaintiff's] social media posts" regarding Cassava or its Research during the Relevant Time Period, which captures content duplicative of Requests 14 and 15, and additional content that was not at issue in the underlying Defamation Action nor at issue in the present action.

This Request is also improper to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege,

including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 17:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 41 of Your Complaint: "Beginning in 2021, Plaintiffs expressed criticism and concern about simufilam, Cassava, Barbier, Dr. Wang, and Dr. Burns in various public forums, including through: (1) an open letter to the FDA; (2) testimony at a public CUNY meeting; (3) a poster presented at a Clinical Trials on Alzheimer's Disease ("CTAD") conference describing experiments to test certain aspects of Dr. Burns and Dr. Wang's research; (4) a letter to journal editors concerning research misconduct of Dr. Wang in 32 papers dating back two decades; (5) posts on the online scientific forum PubPeer; (6) posts on Twitter (now known as X); (7) three presentation decks describing problems with Cassava's claims related to simufilam and Cassava's ostensible diagnostic test for Alzheimer's disease, branded as SavaDX; and (8) a website compiling their critiques and sources at www.cassavafraud.com."

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request on the grounds that it seeks documents not relevant to any party's claims or defenses in this action, including insofar as it reflects Defendants' efforts to relitigate the allegedly defamatory statements at issue in the Defamation Action.

Plaintiffs also object to this Request as vague, ambiguous, and overbroad insofar as it seeks all documents and communications that "support, contradict, or relate to" the quoted categories of statements by Plaintiffs.

Plaintiffs additionally object to this Request because it is expressly duplicative of multiple other Requests, including No. 3 (seeking all documents and communications "relating to Your allegations in the Complaint"), No. 8 (seeking all documents related to the Letter to Journal Editors), Nos. 9-11 (seeking all documents and communications related to Plaintiff's presentations), No. 12 (seeking all documents and communications "related to the Cassava Fraud Sites"), and No. 16 (seeking all documents and communications related to Plaintiff's "social media posts").

This Request is also improper to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 18:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 44 of Your Complaint: "Defendants began to target and threaten Plaintiffs shortly after they began to speak publicly about simufilam."

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs incorporate their General Objections as if set forth fully herein. Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected

20

by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Plaintiffs additionally object to this Request to the extent that it seeks materials already in Defendants' possession concerning Defendants' own conduct, including Defendants' communications made in response to Plaintiffs' public commentary regarding simufilam.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 19:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 45 of Your Complaint: "[I]n December 2021, Dr. Burns threatened Plaintiffs and other critics in a Facebook post that stated, in part: 'Sorry Adrian Heilbut. Sorry Jesse Brodkin. . . . Your days are numbered.'"

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Plaintiffs additionally object to this Request to the extent that it seeks materials already in Defendants' possession concerning Defendants' own conduct, specifically Defendant Burns's December 2021 Facebook post.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 20:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 85 of Your Complaint: "On information and belief, other journals likewise have refrained from taking such actions out of fear that they too would become victims of Defendants' penchant for retaliation."

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Plaintiffs also object to this Request to the extent that it seeks materials already in Defendants' possession concerning Defendants' own conduct, including Defendants' communications with scientific journals.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 21:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 103 of Your Complaint: "Defendants' smear campaign succeeded in impugning the credibility of Plaintiffs even among their peers within the scientific community."

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected

by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Plaintiffs additionally object to this Request to the extent that it seeks materials already in Defendants' possession concerning Defendants' own conduct, including Defendants' engagement in any public campaign to "impugn[] the credibility of Plaintiffs."

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

**REQUEST NO. 22:**

All Documents and Communications that support, contradict, or relate to the following allegation in paragraph 111 of Your Complaint: "Defendants' bullying tactics have extended to all corners of the scientific community, including through efforts to silence or manipulate scientific journals, CUNY, and other individual scientists."

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs incorporate their General Objections as if set forth fully herein.  Further, Plaintiffs object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or common interest privilege, including documents and communications with counsel about this litigation and the Defamation Action.

Plaintiffs additionally object to this Request to the extent that it seeks materials already in Defendants' possession concerning Defendants' own conduct, including Defendants' communications with third parties in the scientific community.

Subject to the forgoing objections, Plaintiffs will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located through a reasonable search.

23

Dated: February 17, 2025

CLARICK GUERON REISBAUM LLP

By: */s/ Isaac B. Zaur*
Isaac B. Zaur
David Kumagai
Amanda J. Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
212-633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com
awong@cgr-law.com

LAW OFFICE OF DANIEL F. WACHTELL

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954
dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut,*
*Dr. Jesse Brodkin, and Dr. Enea Milioris*