# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>　　　　Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>　　　　Intervenor Plaintiffs<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and DR. LINDSAY BURNS,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-05948-JLR |

**THIRD PARTY MATTHEW NACHTRAB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' HEILBUT, BRODKINS, AND MILIORIS SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rules 26(b), 34, and 45 of the Federal Rules of Civil Procedure, Third Party Matthew Nachtrab ("Mr. Nachtrab"), by and through his undersigned counsel, hereby provides the following objections and responses to the Subpoena to Produce Documents ("Requests") issued to Mr. Nachtrab by Plaintiffs Heilbut, Brodkin, and Milioris ("Plaintiffs") dated January 3, 2025.

**PRELIMINARY STATEMENT**

The responses and objections contained herein are based upon such information and/or documents which are presently available and known to Mr. Nachtrab. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional information and/or documents, all of which may lead to additions to, changes in, and/or variations from the answers and objections set forth herein. The responses and objections set forth herein, therefore, are given without prejudice to Mr. Nachtrab's right to supplement or modify his responses or objections.

1

The responses and objections made herein are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections, including, but not limited to, all objections noted below. All such objections and grounds, therefore, are reserved. Any objections set forth herein are based on presently known information and, as such, any objection herein shall not constitute a waiver of any other objections that may be interposed at a later time. By responding to any Request, Mr. Nachtrab does not concede the relevance or admissibility of the information sought or provided, and does not waive, but expressly reserves, any and all objections with respect to the relevance or admissibility of such information. Furthermore, Mr. Nachtrab reserves the right to assert additional objections, specifically reserving all objections to the competency, relevancy, materiality, and admissibility of his responses, all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding.

## **GENERAL OBJECTIONS**

1. Mr. Nachtrab objects to the Requests to the extent they seek answers beyond those required to be provided under the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York (collectively, the "Rules").

2. Mr. Nachtrab objects to the Definitions and Instructions provided in the Requests to the extent they are inconsistent with the Rules.

3. Mr. Nachtrab objects to the Requests to the extent they seek information from documents and/or information that is not within Mr. Nachtrab's possession, custody, or control or are more appropriately sought from other parties whom Requests have been or may be directed. Mr. Nachtrab also objects to the extent the requested information is already in Plaintiffs' possession, custody, control or otherwise available from public sources.

4. Mr. Nachtrab objects to the Requests to the extent they seek documents and/or information that are not relevant to the above-captioned lawsuit.

5. Mr. Nachtrab objects to the Requests to the extent they seek confidential information.

6. Mr. Nachtrab objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, joint defense or common-interest privilege, or by any other applicable privilege or immunity from production. Nothing contained in Mr. Nachtrab's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent disclosure of information protected by the attorney-client privilege, prepared in anticipation of litigation, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the disclosure of such material or its subject matter. Mr. Nachtrab expressly reserves the right to object to the use or introduction of such information.

7. Mr. Nachtrab's responses are made without waiving or intending to waive, but to the contrary, are intended to preserve:

   a. The right to challenge and raise all questions of authenticity, relevancy, materiality, privilege, competence, propriety, and admissibility of any information provided in response to these Requests, which may arise in any subsequent legal proceeding;

   b. The right to object on any ground to the use of such information in any subsequent legal proceeding;

   c. The right to object on any ground at any time to additional information requests or other requests involving such information or the subject matter thereof; and

   d. The right to: (i) assert additional objections or supplemental responses; (ii) supplement, revise, add to, amend, or clarify these responses at any time; and (iii) produce responsive

3

information on a rolling basis if Mr. Nachtrab uncovers additional information called for by these Requests.

8. Mr. Nachtrab objects to the Requests to the extent they require Mr. Nachtrab to speculate as to the information sought. Such Requests are vague, indefinite, ambiguous, and lack a readily discernible meaning.

9. Mr. Nachtrab objects to the Requests to the extent they are duplicative, overlapping, and redundant.

10. Mr. Nachtrab objects to the Requests because the temporal scope is unreasonable, overly broad, and unduly burdensome. All of the Requests are unlimited in time, which is unreasonable. To the extent that Mr. Nachtrab agrees to produce any documents in response to the Requests, that agreement is to produce documents dated between January 1, 2021 and August 2, 2024 (the date on which Cassava filed its notice of voluntary dismissal in the case captioned *Cassava Sciences, Inc. v. Bredt*, et al., No. 22-cv-09409-GHW-OTW (S.D.N.Y.)). This time period shall be referred to herein as the "Applicable Time Period."

11. Mr. Nachtrab objects to these Requests pursuant to Federal Rule of Civil Procedure 45(d)(1) because Plaintiffs' counsel has failed to "take reasonable steps to avoid imposing undue burden or expense on" Mr. Nachtrab. Each Request lacks any temporal scope, each Request seeks "all" documents and communications, and each Request involves numerous persons and concepts. These Requests facially impose an undue burden and expense on Mr. Nachtrab—a third party that is not named in this or any other related litigation involving the named parties.

12. Mr. Nachtrab incorporates by reference each and every General Objection set forth above into the objections set forth below. Mr. Nachtrab may repeat a General Objection, but failure to repeat a General Objection does not waive any General Objection to each and every Request. Mr.

4

Nachtrab reserves the right to supplement his objections and responses, including the right to retract any responses contained herein.

## DOCUMENT REQUESTS

**Request No. 1.** All documents and communications with anyone concerning Adrian Heilbut, Jesse Brodkin, Enea Milioris, Patrick Markey, David Bredt, Geoffrey Pitt, Quintessential Capital Management, Gabriele Grego, or Elizabeth Bik.

**RESPONSE:** Mr. Nachtrab objects to this Request because it has no temporal limitation and because it calls for "all documents" and "all" communications with "anyone" at all, making this Request overbroad and unduly burdensome. Mr. Nachtrab further objects to this Request to the extent it seeks information protected by the attorney/client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege or immunity. Mr. Nachtrab further objects to this Request as it is duplicative of the other Requests in this subpoena and involves documents and communications in the possession, custody, or control of parties to the litigation other than Mr. Nachtrab. Pursuant to Fed. R. Civ. P. 26(b)(1), Mr. Nachtrab further objects to this Request as beyond the scope of discovery as it (1) is irrelevant to the parties' claims and defenses, (2) is not proportional to the needs of the case, (3) ignores the parties' relative access to relevant information and the parties' resources, and (4) ignores the significant burden and expense imposed upon Mr. Nachtrab, who is not a party to this litigation, and therefore the burden and expense of responding to this Request outweighs any likely benefit to Plaintiffs. Mr. Nachtrab reincorporates his general objections as if fully set forth herein.

Subject to and without waiving his objections, Mr. Nachtrab states that all potentially relevant documents and communications should be sought directly from Cassava in the first instance, and not a third party. As Cassava has not yet produced any documents or communications in this case, it is premature and a violation of Federal Rule of Civil Procedure 45(d)(1) to require Mr. Nachtrab to produce documents and communications in response to this Request, particularly since any

5

potentially relevant documents and communications from Mr. Nachtrab would likely be duplicative of what Plaintiffs will receive from Cassava. Once Cassava has made sufficient productions in this case for Plaintiffs to identify any perceived gaps in Cassava's productions that Plaintiffs reasonably believe can be filled by documents and communications in the possession, custody, or control of Mr. Nachtrab, Mr. Nachtrab is willing to discuss at that time responding to and producing relevant documents and communications, if any are located, in response to a properly narrowed version of this Request.

**Request No. 2.**   All documents and communications with anyone concerning simufilam or SavaDX, or any scientific, preclinical, or clinical research, studies, or data related to simufilam or SavaDX.

**RESPONSE:** Mr. Nachtrab objects to this Request because it has no temporal limitation and because it calls for "all documents" and "all" communications with "anyone" at all, making this Request overbroad and unduly burdensome. Mr. Nachtrab further objects to this Request to the extent it seeks information protected by the attorney/client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege or immunity. Mr. Nachtrab further objects to this Request as it is duplicative of the other Requests in this subpoena and involves documents and communications in the possession, custody, or control of parties to the litigation other than Mr. Nachtrab. Pursuant to Fed. R. Civ. P. 26(b)(1), Mr. Nachtrab further objects to this Request as beyond the scope of discovery as it (1) is irrelevant to the parties' claims and defenses, (2) is not proportional to the needs of the case, (3) ignores the parties' relative access to relevant information and the parties' resources, and (4) ignores the significant burden and expense imposed upon Mr. Nachtrab, who is not a party to this litigation, and therefore the burden and expense of responding to this Request outweighs any likely benefit to Plaintiffs. Mr. Nachtrab reincorporates his general objections as if fully set forth herein.

Subject to and without waiving his objections, Mr. Nachtrab states that all potentially relevant documents and communications should be sought directly from Cassava in the first instance, and not a third party. As Cassava has not yet produced any documents or communications in this case, it is premature and a violation of Federal Rule of Civil Procedure 45(d)(1) to require Mr. Nachtrab to produce documents and communications in response to this Request, particularly since any potentially relevant documents and communications from Mr. Nachtrab would likely be duplicative of what Plaintiffs will receive from Cassava. Once Cassava has made sufficient productions in this case for Plaintiffs to identify any perceived gaps in Cassava's productions that Plaintiffs reasonably believe can be filled by documents and communications in the possession, custody, or control of Mr. Nachtrab, Mr. Nachtrab is willing to discuss at that time responding to and producing relevant documents and communications, if any are located, in response to a properly narrowed version of this Request.

**Request No. 3.** All documents and communications with anyone concerning the Anti-SLAPP Action, Defamation Action, or Securities Action.

**RESPONSE:** Mr. Nachtrab objects to this Request because it has no temporal limitation and because it calls for "all documents" and "all" communications with "anyone" at all, making this Request overbroad and unduly burdensome. Mr. Nachtrab further objects to this Request to the extent it seeks information protected by the attorney/client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege or immunity. Mr. Nachtrab further objects to this Request as it is duplicative of the other Requests in this subpoena and involves documents and communications in the possession, custody, or control of parties to the litigation other than Mr. Nachtrab. Pursuant to Fed. R. Civ. P. 26(b)(1), Mr. Nachtrab further objects to this Request as beyond the scope of discovery as it (1) is irrelevant to the parties' claims and defenses, (2) is not proportional to the needs of the case, (3) ignores the parties' relative access to

relevant information and the parties' resources, and (4) ignores the significant burden and expense imposed upon Mr. Nachtrab, who is not a party to this litigation, and therefore the burden and expense of responding to this Request outweighs any likely benefit to Plaintiffs. Mr. Nachtrab reincorporates his general objections as if fully set forth herein.

Subject to and without waiving his objections, Mr. Nachtrab states that all potentially relevant documents and communications should be sought directly from Cassava in the first instance, and not a third party. As Cassava has not yet produced any documents or communications in this case, it is premature and a violation of Federal Rule of Civil Procedure 45(d)(1) to require Mr. Nachtrab to produce documents and communications in response to this Request, particularly since any potentially relevant documents and communications from Mr. Nachtrab would likely be duplicative of what Plaintiffs will receive from Cassava. Once Cassava has made sufficient productions in this case for Plaintiffs to identify any perceived gaps in Cassava's productions that Plaintiffs reasonably believe can be filled by documents and communications in the possession, custody, or control of Mr. Nachtrab, Mr. Nachtrab is willing to discuss at that time responding to and producing relevant documents and communications, if any are located, in response to a properly narrowed version of this Request.

**Request No. 4.**        All documents and communications with anyone concerning Cassava, Remi Barbier, Dr. Lindsay Burns, or Dr. Hoau-Yan Wang.

**RESPONSE:** Mr. Nachtrab objects to this Request because it has no temporal limitation and because it calls for "all documents" and "all" communications with "anyone" at all, making this Request overbroad and unduly burdensome. Mr. Nachtrab further objects to this Request to the extent it seeks information protected by the attorney/client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege or immunity. Mr. Nachtrab further objects to this Request as it is duplicative of the other Requests in this subpoena and

involves documents and communications in the possession, custody, or control of parties to the litigation other than Mr. Nachtrab. Pursuant to Fed. R. Civ. P. 26(b)(1), Mr. Nachtrab further objects to this Request as beyond the scope of discovery as it (1) is irrelevant to the parties' claims and defenses, (2) is not proportional to the needs of the case, (3) ignores the parties' relative access to relevant information and the parties' resources, and (4) ignores the significant burden and expense imposed upon Mr. Nachtrab, who is not a party to this litigation, and therefore the burden and expense of responding to this Request outweighs any likely benefit to Plaintiffs. Mr. Nachtrab reincorporates his general objections as if fully set forth herein.

Subject to and without waiving his objections, Mr. Nachtrab states that all potentially relevant documents and communications should be sought directly from Cassava in the first instance, and not a third party. As Cassava has not yet produced any documents or communications in this case, it is premature and a violation of Federal Rule of Civil Procedure 45(d)(1) to require Mr. Nachtrab to produce documents and communications in response to this Request, particularly since any potentially relevant documents and communications from Mr. Nachtrab would likely be duplicative of what Plaintiffs will receive from Cassava. Once Cassava has made sufficient productions in this case for Plaintiffs to identify any perceived gaps in Cassava's productions that Plaintiffs reasonably believe can be filled by documents and communications in the possession, custody, or control of Mr. Nachtrab, Mr. Nachtrab is willing to discuss at that time responding to and producing relevant documents and communications, if any are located, in response to a properly narrowed version of this Request.

Dated: March 24, 2025

Signed as to the objections and responses:

*/s/ Patrick J. Beisell*
J. Erik Connolly (*pro hac vice*)
   EConnolly@beneschlaw.com
   Illinois ARDC No. 6269558

Caitlin A. Kovacs (*pro hac vice*)
   ckovacs@beneschlaw.com
   Illinois ARDC No. 4180162

Patrick J. Beisell (*pro hac vice* to be sought)
   pbeisell@beneschlaw.com
   Illinois ARDC No. 6320288

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

Michael B. Silverstein (*pro hac vice*)
   msilverstein@beneschlaw.com
   Ohio Bar No. 98036
41 South High Street, Suite 2600
Columbus, OH 43215
Telephone: (614) 223-9300

Michael Vatis
   mvatis@beneschlaw.com
   NY Reg. No. 2258655
1155 Avenue of the Americas
26th Floor
New York, NY 10036
Telephone: (646) 593-7050

*Attorneys for Matthew Nachtrab*

## CERTIFICATE OF SERVICE

I, Patrick J. Beisell, hereby certify that on March 24, 2025, I served a copy of the foregoing to all counsel of record by email:

| | |
|---|---|
| Amanda Wong<br>David Robert Shine Kumagai<br>Isaac Berkman Zaur<br>Clarick Gueron Reisbaum LLP<br>41 Madison Avenue<br>23rd Floor<br>New York, NY 10010<br>212-633-4310<br>Email: awong@cgr-law.com<br>         dkumagai@cgr-law.com<br>         izaur@cgr-law.com<br><br>Daniel F. Wachtell<br>Law Office of Daniel F. Wachtell<br>90 Broad Street<br>23rd Floor<br>New York, New York 10004<br>(917) 667-6954<br>Email: dan@danwachtell.com<br><br>*Attorneys for Dot.com Plaintiffs* | Jeffrey A. Simes<br>Meghan K. Spillane<br>Jessica Vogele<br>Goodwin Procter, LLP (NYC)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 813-8879<br>Fax: (212)-355-3333<br>Email: jsimes@goodwinprocter.com<br>         mspillane@goodwinlaw.com<br>         jvogele@goodwinlaw.com<br><br>*Attorneys for Intervenor-Plaintiffs*<br><br>Steven J. Fink<br>100 Wall Street, 15th Floor<br>New York, New York 10005<br>(646) 802-6976<br>Email: steven.fink@sjfinkpllc.com<br><br>*Attorney for Defendants Remi Barbier and Lindsay Burns* |

                                         */s/ Patrick J. Beisell*
                                         Patrick J. Beisell (*pro hac vice* to be sought)

                                         *One of the Attorneys for Matthew Nachtrab*