Patrick J. Beisell
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6338
Fax: 312.767.9192
pbeisell@beneschlaw.com

April 7, 2025

**By ECF**
Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Re:   *Heilbut, et al., v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang,

We write on behalf of Matthew Nachtrab,[1] Dr. Charles Spruck, and Sitrick and Company (the "Subpoenaed Parties") in response to Plaintiffs' April 2, 2025 letter demanding that "this Court compel the Subpoenaed Parties to produce all documents responsive to the requests in the Subpoenas imminently."

Plaintiffs' demand should be denied for at least three reasons. First, this Court lacks personal jurisdiction over two of the Subpoenaed Parties. Second, Plaintiffs refused to confer in good-faith regarding these third-party requests ("the Requests"). And third, the Requests are overly broad and unduly burdensome. Accordingly, the Subpoenaed Parties request that this Court quash the Requests and award attorneys' fees to the Subpoenaed Parties

***First***, this Court does not have personal jurisdiction over Mr. Nachtrab or Dr. Spruck, and therefore lacks authority to compel them to comply. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) (holding that a district court must have personal jurisdiction over a nonparty to compel compliance with a Rule 45 subpoena). Personal jurisdiction under New York law is either general (Civil Practice Law and Rules ("CLPR") § 301) or specific (CPLR § 302). Mr. Nachtrab is a resident of Florida and Dr. Spruck is a resident of California. There is no evidence that either individual was or is present in New York on a sufficiently permanent and continuous manner to satisfy the requirements for general jurisdiction. *See e.g., Wallace Church & Co. Inc. v. Wyattzier, LLC*, No. 20-cv-1914 (CM), 2020 WL 4369850, at *4 (S.D.N.Y. Jul. 30, 2020). Nor have Plaintiffs submitted any evidence that Mr. Nachtrab or Dr. Spruck are subject to specific jurisdiction. Under CPLR § 302(a)(1), "two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015). The Second Circuit has established four factors for determining the applicability of Section 302(a)(1): (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether the defendant visited New York to meet with the parties after the contract was executed; (3) whether there is a choice-of-law clause in the contract; and (4) whether the contract requires the defendant to send notices and payments into the forum state. *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).

---

[1] I agreed to accept service on behalf of Mr. Nachtrab in order to resolve Plaintiffs' alleged inability to serve him. Mr. Nachtrab is in the process of obtaining separate local counsel such that I expect to withdraw as counsel soon.

April 7, 2025
Response to Plaintiffs' April 2, 2025 Motion to Compel
Page 2

Plaintiffs' claims do not arise from business Mr. Nachtrab or Dr. Spruck are alleged to have engaged in in New York, and Plaintiffs point to no relevant contractual relationship relating to New York. Consequently, this Court lacks personal jurisdiction over Mr. Nachtrab and Dr. Spruck and cannot grant Plaintiffs' request. Mr. Nachtrab and Dr. Spruck request that this Court quash their respective subpoenas pursuant to Fed. R. Civ. P. 45(3)(A) for lack of jurisdiction. *See, e.g., Elder–Beerman Stores Corp. v. Federated Dep't Stores, Inc.*, 45 F.R.D. 515, 516 (S.D.N.Y. 1968) (quashing a subpoena for lack of contacts with the forum).

**Second**, Plaintiffs failed to properly confer on this demand. Section II.B of this Court's Individual Practices in Civil Cases require that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." On March 31, 2025, the parties "conferred" for a few minutes wherein Plaintiffs' counsel issued an ultimatum: immediately withdraw all objections and produce all documents or Plaintiffs would file a motion to compel. Plaintiffs' counsel demanded a response within 24 hours. I was unable to reach all Subpoenaed Parties within 24 hours. Nonetheless, I responded the next day, notifying Plaintiffs' counsel that I was actively working to confer with my clients and would provide a proposal soon. To help bridge the gap between the parties and further the conferral process, I proposed that Plaintiffs' counsel identify categories of relevant documents they believed the Subpoenaed Parties possessed that Cassava did not. On April 2, Plaintiffs' counsel responded, refusing to engage in efforts to narrow the subpoenas, and telling me to bring them a proposal after obtaining authority from my clients. I agreed to do so. The next day, with no further discussion, Plaintiffs moved to compel. *See* **Ex. A**.

**Third**, the Requests are unduly burdensome. Courts consider the following factors when determining if requests are unduly burdensome: (1) relevance; (2) the party's need for the documents; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the documents are described; and (6) the burden imposed. *Bridgeport Music Inc. v. UMG Recordings, Inc.,* No. 05-cv-6430 (VM) (JCF), 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007). Each of these factor shows an undue burden. (1) To the extent they seek documents not in the possession of a named party, the Requests seek irrelevant information. Each of Plaintiffs' three causes of action (anti-SLAPP, malicious prosecution, and civil conspiracy) have two things in common: (a) they turn on Cassava's intent and knowledge in prosecuting the defamation action, and (b) they have nothing to do with the Subpoenaed Parties' knowledge or conduct.[2] To the extent Mr. Nachtrab, Dr. Spruck, or Sitrick & Company possess documents and communications reflecting Cassava's knowledge or conduct, they will necessarily be Cassava documents or communications with Cassava. Any relevant information could be therefore obtained from Cassava. (2) Because the relevant material can be obtained from a named party, Plaintiffs do not need to get these documents from the Subpoenaed Parties. At the very least, Plaintiffs should reduce the burden on these third parties by agreeing to determine whether the

---

[2] Plaintiffs' counsel has already admitted that the scope of discovery is limited to whether Cassava had a substantial basis and probable cause to pursue its defamation lawsuit. *See* **Ex. B** (the requested discovery is irrelevant because it is "unrelated to whether Defendants had a 'substantial basis' to file the defamation lawsuit . . . . [it] is not probative of whether Defendants had 'probable cause' to pursue their claim . . . . [and therefore it] necessarily could not be relevant to Defendants' state of mind at the time."); **Ex. C** ("the particulars of Plaintiffs' trading activity were not known to Cassava when it decided to pursue the defamation claim and therefore necessarily could not be relevant to Cassava's state of mind at the time.").

documents can be obtained from named parties first. (3) The Requests are overbroad because each demands "all documents and communications with anyone." (4) The Requests have no temporal limitation. (5) The Requests are largely *identical* for all Subpoenaed Parties, and not reasonably particularized. (6) For each of these reasons, and because the Subpoenaed Parties are non-parties, the Requests impose an undue burden.

Indeed, under these circumstances, Plaintiffs have failed to abide by Fed. R. Civ. P. 45(d)(1)'s requirement that they "take reasonable steps to avoid imposing undue burden or expense on" the Subpoenaed Parties. The Subpoenaed Parties have reasonably and properly requested that Plaintiffs attempt to obtain potentially responsive documents directly from Cassava in the first instance. Plaintiffs' rebuttal effectively concedes that Cassava is likely to possess the relevant documents, and seeks to excuse Plaintiffs' failure to first seek the documents from a named party based only an unsubstantiated concern about Cassava's document preservation and *Amphenol Corp. v. Fractus, S.A.*, No. 19-mc-160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019). But (1) there is no reason to believe at this stage that Cassava has not preserved the relevant documents, and (2) *Amphenol Corp.* actually supports the Subpoenaed Parties' position. The *Amphenol Corp.* court only permitted potentially duplicative discovery from a non-party because the plaintiff seeking discovery had *already received* productions from the defendant and provided evidence that those productions revealed "numerous discrepancies." *Id*. No party, including Plaintiffs, has produced any documents yet, and Plaintiffs' bald assertion of spoliation is unsupported by any evidence. *See Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, No. 10-CV-35A SR, 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013) (stating that "courts are required to limit discovery if, *inter alia,* it can be obtained from some other source that is more convenient, less burdensome, or less expensive," and holding that because the documents sought from the third-party "could easily have been requested" from a named party, the "subpoena [is] unduly burdensome") (citations omitted); *Burns v. Bank of America,* 2007 WL 1589437, at *4 (S.D.N.Y. June 4, 2007) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness[.]").

Thus, for the reasons set forth above this Court has ample basis to quash the Requests and the Subpoenaed Parties respectfully ask this Court to do so. Fed. R. Civ. P. 26(b)(2)(C) requires courts to limit "unreasonably cumulative or duplicative" discovery. Under Rule 26(c), courts have "discretion" to do so "by making 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Am. High-Income Tr. v. AlliedSignal Inc.*, No. 02 Civ. 2506 (LTS) (JCF), 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006) (quoting Fed. R. Civ. P. 26(c)). The Subpoenaed Parties further request that this Court order Plaintiffs to pay undersigned counsel's attorney's fees for responding to this meritless motion, particularly given that Plaintiffs and the Subpoenaed Parties were not at an impasse and were just beginning a reasonable meet-and-confer process. When notified of the deficiencies with their motion, Plaintiffs' counsel refused to withdraw the motion. *Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122, 2015 WL 13735434, at *3 (E.D.N.Y. Oct. 7, 2015) ("Under Rule 45(d)(1), when a party issues a subpoena without taking 'reasonable steps to avoid imposing undue burden or expense' on a third party, the issuing court can impose an appropriate sanction, including reasonable attorneys' fees, on the party or attorney responsible for the failure to do so." (quoting Fed. R. Civ. P. 45(d)(1))).

April 7, 2025
Response to Plaintiffs' April 2, 2025 Motion to Compel
Page 4

        Very truly yours,

        BENESCH, FRIEDLANDER,
          COPLAN & ARONOFF LLP

        /s/ *Patrick J. Beisell*

        Patrick J. Beisell
        *Attorney for the Subpoenaed Parties* (*pro hac vice* pending)

cc: All counsel of record (via ECF)