# EXHIBIT C



| | Jeffrey A. Simes<br>+1 212 813 8879<br>jsimes@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br><br>goodwinlaw.com<br>+1 212 813 8800 |

March 28, 2025

<u>VIA ECF</u>

Hon. Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

      Re:    <u>Heilbut, et al. v. Cassava, et al.</u>, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

      We are counsel for Intervenor-Plaintiffs David Bredt and Geoffrey Pitt (the "Neuroscientist Plaintiffs"), and we write jointly on behalf of the Neuroscientist Plaintiffs and Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris (collectively, "Plaintiffs") in response to Defendant Cassava Sciences, Inc.'s ("Cassava") request for a pre-motion discovery conference pursuant to SDNY Local Civil Rule 37.2 and Section 2(E) of Judge Rochon's Individual Rules of Practice in Civil Cases. *See* Dkt. 81. We respectfully request that the Court deny Cassava's application for the reasons set forth below.

      Cassava was unsuccessful in its efforts in the underlying defamation action to persuade this Court that short trading in Cassava's stock by Plaintiffs pointed to actual malice. In fact, Judge Woods specifically explained that the opposite inference was at least equally plausible: that Plaintiffs' short positions in Cassava would tend to support their actual belief that Cassava was overvalued because it was premised on false science—and thus that their statements to that effect were not knowingly false. Cassava's efforts to comb through Plaintiffs' trading and finances in an attempt to show that "Plaintiffs acted with actual malice" is nothing more than a shallow attempt to relitigate an issue that both judges explicitly and squarely rejected in the defamation action. *Id.* at 3. Plaintiffs' short trades in Cassava stock cannot logically show malice or probable cause, and Cassava should not be permitted to harass Plaintiffs with an effort to relitigate what this Court already rejected.

**Relevant Background**

      In January 2024, Your Honor recommended that Plaintiffs' motions to dismiss Cassava's claims against them in the defamation action be granted. *Cassava Scis., Inc. v. Bredt*, 2024 WL 555484, *11 (S.D.N.Y. Jan. 3, 2024); *Cassava Scis., Inc. v. Heilbut*, 2024 WL 553806, at *6 (S.D.N.Y. Jan. 5, 2024). In opposing the motions, Cassava pointed to short trading in its stock by Plaintiffs. Your Honor held that Cassava's allegations that Drs. Bredt and Pitt were short sellers were insufficient to plead actual malice, as such allegations did not show "that [they] knew that the [Citizen Petition] and its follow up letters were false or made with reckless disregard for their falsity." *Cassava*, 2024 WL 555484, at *10 n.28. Your Honor further held that Cassava "fail[ed] to plead facts supporting actual malice" as to Drs. Heilbut, Brodkin, and Milioris "for the same reasons" as were articulated against Drs. Bredt and Pitt. *Cassava*, 2024 WL 553806, at *6



Hon. Ona T. Wang
March 28, 2025
Page 2

On March 28 2024, District Judge Gregory H. Woods granted the motions to dismiss and again rejected Cassava's theory that short trading showed malice. To the contrary, the Court ruled, in relevant part:

> [Cassava] claims that [Plaintiffs'] short positions in [Cassava's] stock gave them an improper motive to make defamatory statements about [Cassava]. But the short positions on their own do not support a showing of actual malice. The short positions could be viewed to support the contrary inference of [Plaintiffs'] genuine conviction that [Cassava's] stock was overvalued rather than undermine it. While the short position plausibly created a profit motive to publicize the short seller's critiques, that does not lead the Court to infer that they did not subjectively believe those critiques. After all, by shorting the stock, [Plaintiffs] put their money behind their belief that the stock is overvalued.

*Cassava Scis., Inc. v. Bredt*, 2024 WL 1347362, at *25 (S.D.N.Y. Mar. 28, 2024) (internal citation omitted). Judge Woods dismissed Cassava's claims against Drs. Bredt and Pitt with prejudice. Although Cassava was granted leave to file a second amended complaint for certain claims against Drs. Heilbut, Brodkin, and Milioris, which it did file one month later, Cassava voluntarily withdrew such claims on August 2, 2024 following further briefing. Judge Woods' ruling that Cassava failed to plead actual malice based on its allegations that Plaintiffs were short sellers thus represents the final decision on the matter.

**Argument**

As this Court has ruled, Plaintiffs' short trades of Cassava's stock do not show that Plaintiffs did not believe their statements about Cassava and thus cannot support an inference of malice. If anything, short trades show the opposite: Plaintiffs "put their money where their mouth is" by trading consistently with their public statements that Cassava's drug program hinged on fabricated data. Here, Cassava merely reiterates that "[p]rofits earned by Plaintiffs from Cassava stock, as well as short positions on Cassava stock, are relevant to whether Plaintiffs acted with actual malice." Dkt. 81 at 2-3. Cassava should not get to relitigate this issue, and its theory of relevance is backwards and illogical for the reasons the Court previously ruled. *See LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) ("Under New York law, collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." (internal quotation marks and citations omitted)).[1]

Cassava's request is yet another attempt to harass, annoy, and otherwise continue its smear campaign against Plaintiffs. During the meet and confer process, despite objecting to disclosure of their

---

[1] Furthermore, Cassava cannot credibly argue that the information it now seeks through Request Nos. 4 and 5 is probative of the merits of its decision to commence the defamation action in 2022, since such information was necessarily not known to Cassava at that time and is thus irrelevant to its state of mind.



Hon. Ona T. Wang
March 28, 2025
Page 3

trading information on the basis of relevance and lack of probative value, Plaintiffs submitted a compromise proposal by which they agreed to produce (1) their net profits from trading in Cassava securities during the period preceding the filing of the defamation action; and (2) the date ranges during which they held net short positions prior to the filing of the defamation action.  This information should have been sufficient for Cassava's purposes, given that the Court already rejected Cassava's efforts to invoke trading as a basis to prove actual malice and that the particulars of Plaintiffs' trading activity were not known to Cassava when it decided to pursue the defamation claim and therefore necessarily could not be relevant to Cassava's state of mind at the time.  Yet, Cassava flatly rejected the proposal and chose to involve this Court.  Given Cassava's track record, it appears that Cassava is pressing for these documents in an improper attempt to harass, annoy, and publicly expose Plaintiffs' private and confidential information.

      For the foregoing reasons, Plaintiffs respectfully request that Cassava's application for a pre-motion discovery conference be denied.  Should the Court allow Cassava to file a motion to compel, Plaintiffs will seek a protective order.

Respectfully submitted,

/s/ Jeffrey A. Simes

Jeffrey A. Simes

cc:      All counsel of record (via ECF)