**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSEE BRODKIN, ENEA MILIORIS,<br><br>       Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>       Defendants. | Civil Action No.  1:24-cv-05948-JLR-OTW<br><br>**DEFENDANT CASSAVA SCIENCES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Cassava Sciences, Inc., by and through its undersigned counsel, hereby answers the First Amended Complaint ("First Amended Complaint") of Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris ("Plaintiffs"). To the extent headings are alleged, Cassava denies all headings in the First Amended Complaint. Cassava further responds to the numbered paragraphs of the First Amended Complaint as follows:

## NATURE OF THE ACTION

1.      Cassava admits that it filed the lawsuit captioned *Cassava Sciences, Inc. v. Bredt, et al.*, No. 22-cv-09409-GHW in the Southern District of New York. Cassava denies the remaining allegations and characterizations contained in Paragraph 1.

2.      Cassava admits that Plaintiffs have published numerous statements about Cassava. Cassava admits that Plaintiffs have taken a short position with respect to Cassava's stock. Cassava otherwise lacks knowledge or information sufficient to respond to Plaintiffs' characterization that they are "scientists and investors" and therefore denies it. Cassava denies the remaining allegations and characterizations contained in Paragraph 2.

3.      To the extent that the allegations of Paragraph 6 contain legal conclusions, no response is required. To the extent a response is required, Cassava admits that the Department of Justice indicted Dr. Wang on June 28, 2024, and Dr. Lindsay Burns and Remi Barbier resigned from Cassava on July 17, 2024. To the extent that the allegations in Paragraph 3 purports to summarize and quote a governmental filing and a statement, the filing and statement speak for themselves and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 3.

4.      Cassava denies the allegations and characterizations contained in Paragraph 4.

5.      Cassava denies the allegations and characterizations contained in Paragraph 5.

6.      Cassava denies the allegations and characterizations contained in Paragraph 6.

7.      To the extent the allegations of Paragraph 7 purport to quote or restate a published writing, the writing speaks for itself, and no response is required. To the extent a response is required, Cassava denies the allegations and characterizations regarding it contained in Paragraph 7.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

8.      To the extent the allegations of Paragraph 8 purport to quote or restate legal filings, the filing speaks for itself, and no response is required. To the extent a response is required, Cassava denies the allegations and characterizations contained in Paragraph 8.

9.      To the extent the allegations of Paragraph 9 purport to quote or restate a governmental writing, the writing speaks for itself, and no response is required. To the extent a response is required, Cassava denies the allegations and characterizations regarding it contained in Paragraph 9.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants and Dr. Wang.

10.    To the extent that the allegations of Paragraph 10 contain legal conclusions, no response is required.  To the extent a response is required, Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 10.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants and other persons/entities.

11.    To the extent the allegations of Paragraph 11 purport to quote or restate a writing, the writing speaks for itself, and no response is required. To the extent a response is required, Cassava denies the allegations and characterizations regarding it contained in Paragraph 11. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

12.    Cassava denies the allegations and characterizations contained in Paragraph 12.

13.    To the extent that the allegations of Paragraph 13 contain legal conclusions, no response is required.  To the extent a response is required, Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 13 and therefore denies them.

14.    To the extent that the allegations of Paragraph 14 contain legal conclusions, no response is required.  To the extent a response is required, Cassava denies the allegations and characterizations contained in Paragraph 14.

15.    Cassava denies all liability for the claims alleged in the First Amended Complaint and denies that the Plaintiffs are entitled to any relief whatsoever.

## PARTIES AND JURISDICTION

16.    Cassava admits the allegations contained in Paragraph 16.

17.    Cassava admits the allegations contained in Paragraph 17.

18.    Cassava admits the allegations contained in Paragraph 18.

19.    Cassava admits the allegations contained in Paragraph 19.

20.     Cassava admits the allegations contained in Paragraph 20.

21.     Cassava admits the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 are conclusions of law to which no response is required.

23.     The allegations contained in Paragraph 23 are conclusions of law to which no response is required.

24.     The allegations contained in Paragraph 23 are conclusions of law to which no response is required.

25.     The allegations contained in Paragraph 23 are conclusions of law to which no response is required.

26.     To the extent that the allegations of Paragraph 26 contain legal conclusions, no response is required.  To the extent a response is required, Cassava denies the remaining allegations and characterizations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27 are conclusions of law to which no response is required.

## **FACTS**

### A.  **Barbier, Dr. Burns, Dr. Wang, and Cassava Repurpose Simufilam From a Supposed Painkiller to a Supposed Alzheimer's Treatment**

28.     Cassava admits that it developed and tested simufilam's potential as a treatment for Alzheimer's disease.  Cassava denies the remaining allegations and characterizations contained in paragraph 28.

29.     Cassava admits that Dr. Lindsay Burns is married to Remi Barbier, Dr. Lindsay Burns used to work at Cassava as a Senior Vice President of Neuroscience, Remi Barbier used to work at Cassava as its Chief Executive Officer, and that Dr. Wang used to be a professor at CUNY

who performed research on simufilam. Cassava denies the remaining allegations and characterizations contained in paragraph 29.

30.    Cassava admits that Cassava's prior name was Pain Therapeutics and that Remi Barbier founded it in 1998. Cassava denies the remaining allegations contained in paragraph 30.

31.    Cassava admits that Dr. Wang and Dr. Burns published the referenced papers in 2006 and 2009. To the extent paragraph 31 purports to summarize published writings, those writings speak for themselves and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 31.

32.    To the extent Paragraph 32 purports to summarize a patent application, the patent application speaks for itself and no response is required. Cassava admits a patent application for what would later become simufilam was filed in 2009. Cassava denies the remaining allegations and characterizations contained in Paragraph 32.

33.    To the extent Paragraph 33 purports to summarize unnamed publications, the publications speak for themselves and no response is required. Cassava lacks knowledge and information sufficient to respond to any remaining allegations contained in Paragraph 33, and therefore denies them.

34.    To the extent Paragraph 34 purports to summarize unnamed publications, the publications speak for themselves and no response is required. Cassava lacks knowledge and information sufficient to respond to any remaining allegations contained in Paragraph 34, and therefore denies them.

35.    Cassava admits that it filed an application in 2017 to investigate simufilam as a potential treatment for Alzheimer's disease, and applied for and received NIH grants. Cassava denies the remaining allegations and characterizations contained in Paragraph 35.

36.    Cassava admits that the FDA did not approve some applications by Pain Therapeutics.  Cassava denies the remaining allegations and characterizations contained in Paragraph 36.

37.    Cassava admits that it changed its name from Pain Therapeutics to Cassava in 2019. To the extent that the allegations in Paragraph 37 purport to characterize publications by the FDA, the publications speak for themselves and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 37.

38.    Cassava admits that in excess of one hundred people enrolled in its Phase 1, Phase 2, and Phase 3 trials for simufilam.  Cassava denies the remaining allegations and characterizations contained in Paragraph 38.

39.    Cassava states that it ceased all trials of simufilam as a potential treatment for Alzheimer's disease in November 2024. Cassava denies the remaining allegations and characterizations contained in Paragraph 39.

**B. Plaintiffs Criticize the Scientific and Clinical Research Associated with Simufilam in Numerous Public Forums**

40.    Cassava admits that individuals and entities raised criticisms regarding simufilam. Cassava denies the remaining allegations and characterizations contained in Paragraph 40.

41.    Cassava admits that Plaintiffs criticized and made claims about Cassava in the manner described in Paragraph 41.  Cassava denies the remaining allegations and characterizations contained in Paragraph

42.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 42, and therefore denies them.

**C. Defendants File the Defamation Action to Punish and Suppress Plaintiffs' Participation in Public Discourse Concerning Simufilam**

43.    Cassava denies the allegations contained in Paragraph 43.

44.    Cassava denies the allegations regarding it contained in Paragraph 44. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

45.    To the extent that the allegations in Paragraph 45 purport to summarize and quote a social media post by Dr. Lindsay Burns, the post speaks for itself, and no response is required. Cassava lacks personal knowledge and information sufficient to admit or deny the remaining allegations regarding the other Defendants.

46.    To the extent that the allegations in Paragraph 46 purport to summarize and quote a writing, the writing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 46.

47.    Cassava admits that Dr. David Bredt, Dr. Geoffrey Pitt, and Quintessential Capital Management LLC were named as defendants in *Cassava Sciences, Inc. v. Bredt, et al.*, No. 22-cv-09409-GHW in the Southern District of New York. Cassava denies the remaining allegations and characterizations contained in Paragraph 47.

48.    Since the allegations in Paragraph 48 purport to summarize and characterize a legal filing, the legal filing speaks for itself, and no response is required.

49.    To the extent that the allegations in Paragraph 46 purport to summarize, characterize, and quote a legal filing, the legal filing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 49.

50.    To the extent that the allegations in Paragraph 50 purport to summarize and characterize a legal filing, the legal filing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 are conclusions of law for which no response is required. Nonetheless, Cassava denies the allegations contained in Paragraph 51.

52.     Cassava denies the allegations contained in Paragraph 52.

### D. Defendants Ultimately Lose (and Abandon) the Defamation Action

53.     Cassava admits the allegations contained in Paragraph 53.

54.     Cassava admits the allegations contained in Paragraph 54.

55.     Cassava admits the allegations contained in Paragraph 55.

56.     Cassava admits the allegations contained in Paragraph 56.

57.     To the extent that the allegations in Paragraph 57 purport to characterize and quote Cassava's initial disclosures in a separate action, the initial disclosures speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 57.

58.     Cassava admits that Magistrate Judge Wang held an Initial Pretrial Conference on March 8, 2023 and ordered that all discovery be stayed.  Cassava denies the remaining allegations and characterizations contained in Paragraph 58.

59.     Cassava admits that it served documents subpoenas on the Plaintiffs in the case captioned *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE pending in the Western District of Texas. To the extent the allegations contained in Paragraph 59 purport to characterize the subpoenas, the documents speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 59.

60.     Since the allegations contained in Paragraph 60 purport to characterize Judge Wang's Reports and Recommendations, the documents speak for themselves, and no response is required.

61.     Cassava admits that it filed objections to Judge Wang's Reports and Recommendations. Cassava further admits that each set of defendants filed responses to Cassava's objections. Cassava denies the remaining allegations and characterizations contained in Paragraph 61.

62.     Since the allegations contained in Paragraph 62 purport to characterize Judge Woods' March 28, 2024 Order, the Order speaks for itself, and no response is required.

63.     To the extent that the allegations contained in Paragraph 63 purport to characterize Judge Woods' March 28, 2024 Order and Magistrate Judge Wang's Reports and Recommendations, the Order and Reports and Recommendations speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 63.

64.     To the extent that the allegations contained in Paragraph 64 purport to characterize and quote Judge Woods' March 28, 2024 Order, the Order speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 64.

65.     To the extent that the allegations contained in Paragraph 65 purport to characterize and quote Magistrate Judge Wang's Reports and Recommendations, they speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 65.

66.     To the extent that the allegations contained in Paragraph 66 purport to characterize and quote Magistrate Judge Wang's Reports and Recommendations, they speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 66.

67.    To the extent that the allegations contained in Paragraph 67 purport to characterize Judge Woods' March 28, 2024 Order, the Order speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 67.

68.    Cassava denies the allegations contained in Paragraph 68.

69.    Cassava admits that it filed a Second Amended Complaint in the Defamation Action.  To the extent that the remaining allegations contained in Paragraph 69 purport to characterize the Second Amended Complaint, the Second Amended Complaint speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 69.

70.    Cassava denies the allegations and characterizations contained in Paragraph 70.

71.    Cassava denies the allegations and characterizations contained in Paragraph 71.

72.    To the extent that the allegations contained in Paragraph 72 purport to characterize and quote the Second Amended Complaint, the Second Amended Complaint speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 72.

73.    Cassava denies the allegations contained in Paragraph 73.

74.    Cassava admits that it did not agree to the specific extension of time and page limit that the Dot.com Plaintiffs requested regarding their response to the Second Amended Complaint. Cassava further admits that the Court granted Plaintiffs an extension of time and page limit to respond to the Second Amended Complaint.  Cassava denies the remaining allegations and characterizations contained in Paragraph 74.

75.    Cassava admits the allegations contained in Paragraph 75.

76.    Cassava admits the allegations contained in Paragraph 76.

77.     Cassava admits that the United States Department of Justice indicted Dr. Wang on June 28, 2024. To the extent that the remaining allegations contained in Paragraph 77 purport to quote a legal filing, the legal filing speaks for itself, and no response is required.

78.     Since the allegations contained in Paragraph 78 purport to quote and characterize Cassava's Form 8-K, the Form 8-K speaks for itself, and no response is required.

79.     Cassava admits that on July 17, 2024, it announced that Remi Barbier and Dr. Burns were resigning from Cassava.

80.     Cassava admits the allegations contained in Paragraph 80.

81.     Cassava admits the allegations contained in Paragraph 81.

82.     To the extent the allegations contained in Paragraph 82 contain legal conclusions, no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 82.

### E.    Notwithstanding its Eventual Dismissal by the Court and Abandonment by Defendants, the Defamation Action Succeeded in Suppressing Independent Scientific Review of Simufilam

83.     Cassava denies the allegations and characterizations regarding it contained in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 purport to summarize and quote from documents, the documents speak for themselves, and no response is required. Cassava otherwise denies the remaining allegations and characterizations contained in Paragraph 84.

85.     Cassava denies any personal knowledge that would corroborate the allegations in Paragraph 85. Cassava otherwise lacks knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 85, and therefore denies them.

86.     Cassava denies the allegations regarding it contained in Paragraph 86.

87.    To the extent that the allegations in Paragraph 87 purport to summarize and quote a published writing, the writing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 87.

88.    To the extent that the allegations in Paragraph 88 purport to summarize and quote a published writing, the writing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 88.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding third parties.

89.    To the extent that the allegations in Paragraph 89 purport to summarize and quote a published writing, the writing speaks for itself, and no response is required. Cassava denies any remaining allegations and characterizations regarding it contained in Paragraph 89.

90.    Cassava admits that CUNY never published a final report. Cassava denies the remaining allegations contained in Paragraph 90.

91.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 91.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

92.    To the extent that the allegations in Paragraph 92 purport to summarize and quote a published writing, the writing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 92.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

93.    To the extent that the allegations in Paragraph 93 purport to summarize and quote a published writing, the writing speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 93.

94.      Cassava denies the allegations contained in Paragraph 94.

**F.  Defendants' Illegitimate Purposes Are Demonstrated by Their Frivolous Claims, Bad-Faith PR Strategy, Abusive Litigation Tactics, and Public Threats**

95.      Cassava denies the allegations regarding it contained in Paragraph 95.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

*i.      Defendants' PR Campaign to Blame All Bad News on Short Sellers and Shame Critics for Hurting Alzheimer's Patients*

96.      Cassava denies the allegations and characterizations contained in Paragraph 96.

97.      Cassava denies the allegations contained in Paragraph 97.

98.      To the extent that the allegations in Paragraph 98 purport to characterize and quote a social media post, the post speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 98.

99.      To the extent that the allegations in Paragraph 99 purport to characterize and quote news article, the article speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 99.

100.     To the extent that the allegations in Paragraph 100 purport to characterize and quote a news article, the article speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 100.

101.     To the extent that the allegations in Paragraph 101 purport to characterize and quote a press release, the press release speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 101.

102.     Since the allegations in Paragraph 102 purport to characterize and quote a press release, the press release speaks for itself, and no response is required.

103.     To the extent that the allegations in Paragraph 103 purport to characterize and quote an editorial, the editorial speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 103.

104.     To the extent that the allegations in Paragraph 104 purport to characterize and quote a letter to the editor, the letter speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 104.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

105.     To the extent that the allegations in Paragraph 105 purport to characterize and quote a press release, the press release speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 105.

106.     Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 106, and therefore denies them.

107.     To the extent that the allegations in Paragraph 107 purport to characterize and quote SEC filings, the filings speak for themselves, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 107.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

### ii.     *Defendants Have Engaged in Gratuitous and Abusive Litigation Practices*

108.     Cassava denies the allegations contained in Paragraph 108.

109.     Cassava admits that it personally served Dr. Heilbut in accordance with the applicable rules of procedure.  Cassava denies the remaining allegations and characterizations contained in Paragraph 109.

110.     Cassava denies the allegations contained in Paragraph 110.

iii.    *Defendants Have Threatened Critics, Including Plaintiffs, and Incited or Actively Encouraged Others to Repeat and Amplify Their Attacks*

111.    Cassava denies the allegations regarding it contained in Paragraph 111.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

112.    To the extent that the allegations in Paragraph 112 purport to characterize and quote an email, the email speaks for itself, and no response is required. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

113.    Cassava denies that it undertook a "strategy of attacking its critics rather than defending its research." Cassava lacks knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 113 and therefore denies them.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

114.    Cassava denies that the allegations in the Defamation Action were "baseless." Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants or other parties.

### G.  **Defendants Knew of Fundamental Problems with the Biochemical and Clinical Research Underlying Simufilam When It Commenced the Defamation Action**

115.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 115.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

   *i.*    ***When They Commenced the Defamation Action, Defendants Knew Their Novel Claims About Simufilam Had Never Been Corroborated and Relied Entirely on Contested Research***

116.    Cassava denies the allegations regarding it contained in Paragraph 116. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

117.    To the extent that the allegations in Paragraph 117 purport to characterize a webpage, the webpage speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 117. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

118.    Cassava admits that simufilam's proposed mechanism of action generally relates to the hypotheses described in Paragraph 118. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 118. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

119.    Cassava admits that simufilam's proposed mechanism of action generally relates to the hypotheses described in Paragraph 118 and referred to in Paragraph 119. Cassava denies the remaining allegations contained in Paragraph 119.

120.    Since the allegations contained in Paragraph 120 purport to characterize and summarize public publications, the documents speak for themselves, and no response is required.

121.    Cassava denies any allegations contained in Paragraph 121.

122.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 122. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

ii.    *When They Commenced the Defamation Action, Defendants Knew that No Original Data Existed to Support Their Scientific Claims*

123.    The allegations of Paragraph 123 are conclusions of law for which no response is require. To the extent a response is required, Cassava denies the allegations and characterizations contained in Paragraph 123.

124.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 124.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

125.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 125.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

126.    Cassava denies the allegations and characterizations contained in Paragraph 126.

127.    Cassava denies the allegations and characterizations contained in Paragraph 126.

128.    Cassava denies that the allegations in Paragraph 128 represent a complete and accurate explanation of Western blots.

129.    Cassava denies the allegations contained in Paragraph 129.

130.    Cassava admits that Paragraph 129's description of ELISA testing is generally correct. Cassava denies the remaining allegations contained in Paragraph 130.

131.    Cassava denies the allegations and characterizations contained in Paragraph 131.

132.    To the extent that the allegations in Paragraph 132 purport to summarize writings and public statements, such writings and statements for themselves, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 132.

133.    Cassava admits that misfolded filamin-A is associated with Alzheimer's disease. Cassava denies the remaining allegations and characterizations contained in Paragraph 133.

134. To the extent that the allegations in Paragraph 134 purport to summarize a legal filing, the legal filing speaks for itself, and no response is required. To the extent that the allegations in Paragraph 134 purport to represent allegations in an indictment as irrefutable fact, Cassava responds that an indictment's allegations are not irrefutable fact, and denies Paragraph 134's characterization of them as such. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 134. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding Dr. Wang.

135. Cassava admits that it contracted with Dr. Wang's laboratory as part of the process to investigate and test simufilam. Cassava denies the remaining allegations and characterizations contained in Paragraph 135.

136. To the extent that the allegations in Paragraph 136 purport to summarize legal filings, the legal filings speak for themselves, and no response is required. To the extent that the allegations in Paragraph 136 purport to represent allegations in complaints or indictments as irrefutable facts, allegations in a complaint or an indictment are not irrefutable fact, and Cassava denies Paragraph 136's characterization of them as such. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 136. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other parties.

137. Since the allegations contained in Paragraph 137 purport to characterize and summarize a contract, the contract speaks for itself, and no response is required.

138. Cassava denies the allegations and characterizations regarding it contained in Paragraph 138 regarding Cassava. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

139.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 139.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

140.    To the extent that the allegations Paragraph 140 purport to quote and summarize a document, the document speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 140.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

141.    Cassava denies the allegations regarding it contained in Paragraph 141.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

142.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 142.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

143.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 143.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

### iii.    *When They Commenced the Defamation Action, Defendants Knew Simufilam's Clinical Trial Results Were Tainted by Research Misconduct*

144.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 144.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

145.    Cassava admits that it conducted a Phase 2b trial of simufilam as a potential treatment for Alzheimer's disease in accordance with a written protocol submitted to the FDA. Cassava denies the remaining allegations and characterizations contained in Paragraph 145.

146.    Cassava admits that it engaged a laboratory at Lund University to conduct analyses of certain biological samples in connection with the Phase 2b trial.  Cassava denies the remaining allegations and characterizations contained in Paragraph 146.

147.    To the extent that the allegations in Paragraph 147 purport to characterize and summarize a press release, the press release speaks for itself, and no response is required. Cassava denies the remaining allegations and characterizations contained in Paragraph 147.

148.    Cassava denies the allegations regarding it contained in Paragraph 148.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

149.    Cassava admits that Dr. Wang re-tested its samples. Cassava denies the remaining allegations contained in Paragraph 149.

150.    Cassava admits that its Board of Directors approved a Cash Incentive Bonus Plan on August 26, 2020.  To the extent that the allegations in Paragraph 150 purport to characterize and represent the contents of the Cash Incentive Bonus Plan, the document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 150.

151.    Cassava admits that it reported results of an analysis in September 2020.  Cassava denies the remaining allegations and characterizations contained in Paragraph 151.

152.    Cassava denies the allegations and characterizations contained in Paragraph 152.

153.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 153.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

154.    To the extent that the allegations in Paragraph 154 purport to characterize and represent the FDA's September 16, 2022 inspection report, the document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 154.

155.    To the extent that the allegations in Paragraph 155 purport to characterize and represent a writing, the document speaks for itself and no response is required.  Cassava admits that a copy of the FDA's inspection report was published in *Science* in March 2024.  Cassava denies the remaining allegations and characterizations contained in Paragraph 155.

156.    To the extent that the allegations in Paragraph 156 purport to characterize and represent a writing, the document speaks for itself and no response is required.  Cassava denies the allegations and characterizations regarding it contained in Paragraph 156.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

157.    Cassava admits the allegations contained in Paragraph 157.

158.    Cassava lacks knowledge and information sufficient to respond to the allegations contained in Paragraph 158, and therefore denies them

159.    To the extent that the allegations in Paragraph 159 purport to characterize and quote an uncited statement, that statement speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 159.

160.    To the extent the allegations contained in Paragraph 160 contain legal conclusions, they require no response. Cassava denies the remaining allegations and characterizations contained in Paragraph 160.

161.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 161.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants and other parties.

162.    To the extent the allegations contained in Paragraph 162 purport to represent an SEC document, that document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 162.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants and other parties.

163.    To the extent the allegations contained in Paragraph 163 purport to represent an SEC document, that document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 163.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants and other parties.

164.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 164.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

165.    Cassava admits that the Phase 2b study sought to measure cognitive changes. Cassava denies the remaining allegations and characterizations contained in Paragraph 165.

166.     To the extent the allegations contained in Paragraph 166 purport to represent a report by Cassava, that document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations contained in Paragraph 166.

167.     Cassava denies the allegations and characterizations regarding it contained in Paragraph 167.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

168.     To the extent the allegations contained in Paragraph 168 purport to represent a SEC document, that document speaks for itself and no response is required.  Cassava denies the remaining allegations and characterizations regarding it contained in Paragraph 168.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

169.     Cassava denies the allegations and characterizations contained in Paragraph 169.

170.     Cassava denies the allegations contained in Paragraph 170.

171.     Cassava denies the allegations and characterizations regarding it contained in Paragraph 171.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

**H. The Defamation Action Caused Plaintiffs Substantial Damages**

172.     Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 172, and therefore denies them.

173.     Cassava denies that it served subpoenas "as an end-run around the stay of discovery in the Defamation Action."  Cassava lacks knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 173, and therefore denies them.

174.     Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 174, and therefore denies them.

175.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 175, and therefore denies them.

176.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 176, and therefore denies them.

177.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 177, and therefore denies them.

178.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 178, and therefore denies them.

179.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 179, and therefore denies them.

180.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 180, and therefore denies them.

181.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 181, and therefore denies them.

182.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 182, and therefore denies them.

**COUNT ONE**
**(New York Civil Rights Law § 70-a)**
**Against Defendant Cassava**

183.    Cassava repeats and incorporates by reference its responses to the First Amended Complaint Paragraphs 1–182 as if stated fully herein.

184.    Cassava admits that it filed the lawsuit captioned *Cassava Sciences, Inc. v. Bredt, et al.*, No. 22-cv-09409-GHW in the Southern District of New York. The remaining allegations contained in Paragraph 184 are legal conclusions to which no response is required. To the extent a response is required, Cassava denies the remaining allegations contained in Paragraph 184.

185.    Cassava admits the allegations contained in Paragraph 185.

186.    The allegations contained in Paragraph 186 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 186.

187.    The allegations contained in Paragraph 187 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 187.

188.    The allegations contained in Paragraph 188 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 188.

189.    The allegations contained in Paragraph 189 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 189.

190.    The allegations contained in Paragraph 190 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 190.

191.    Cassava denies the allegations contained in Paragraph 191.

192.    Cassava denies the allegations contained in Paragraph 192.

193.    The allegations contained in Paragraph 193 are conclusions of law for which no response is required.  To the extent a response is required, Cassava denies the allegations contained in Paragraph 193.

194.    Cassava denies the allegations contained in Paragraph 194.

## COUNT TWO
## (Malicious Prosecution)
## Against All Defendants

195.    Cassava repeats and incorporates by reference its responses to the First Amended Complaint Paragraphs 1–194 as if stated fully herein.

196.    Cassava admits that it filed the lawsuit captioned *Cassava Sciences, Inc. v. Bredt, et al.*, No. 22-cv-09409-GHW in the Southern District of New York.  Cassava further admits that Remi Barbier was Cassava's Chief Executive Officer at the time it filed the referenced lawsuit. Cassava further admits that Remi Barbier and Dr. Lindsay Burns are married.  Cassava denies the remaining allegations contained in Paragraph 196.

197.    Cassava denies the allegations and characterizations regarding it contained in Paragraph 197.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

198.    Cassava admits that it voluntarily dismissed its Second Amended Complaint on August 2, 2024.  Cassava denies the remaining allegations contained in Paragraph 198.

199.    Cassava admits that it voluntarily dismissed its Second Amended Complaint on August 2, 2024, and that there was no settlement, compromise, inducement or consideration from Plaintiffs in exchange for the voluntary dismissal.  Cassava denies that the remaining allegations and characterizations contained in Paragraph 199.

200.    To the extent the allegations contained in Paragraph 200 contain legal conclusions, they require no response. Cassava denies the remaining allegations and characterizations contained in Paragraph 200.

201.    To the extent the allegations in Paragraph 201 purport to summarize or characterize Cassava's September 2022 audit documents, the documents speak for themselves, and no response is required. Cassava denies the remaining allegations regarding it contained in Paragraph 201.

Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

202.    Cassava denies the allegations contained in Paragraph 202.

203.    Cassava denies the allegations contained in Paragraph 203.

204.    Cassava denies the allegations contained in Paragraph 204.

205.    Cassava lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 205, and therefore denies them.

<u>**COUNT THREE**</u>
<u>**(Conspiracy)**</u>
<u>**Against All Defendants**</u>

206.    Cassava repeats and incorporates by reference its responses to the First Amended Complaint Paragraphs 1–205 as if stated fully herein.

207.    The allegations contained in Paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, Cassava denies the allegations regarding it contained in Paragraph 207.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

208.    Cassava denies the allegations contained in Paragraph 208.

209.    Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

210.    Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

211.    Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

212.    Cassava admits that it announced Remi Barbier's and Dr. Burns' respective resignations from Cassava on July 17, 2024.  Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

213.    The allegations contained in Paragraph 213 are legal conclusions for which no response is required. To the extent are response is required, Cassava denies the allegations regarding it contained in Paragraph 213. Cassava lacks personal knowledge and information sufficient to admit or deny allegations regarding the other Defendants.

214.    The allegations contained in Paragraph 214 are legal conclusions for which no response is required. To the extent are response is required, Cassava denies the allegations contained in Paragraph 214.

## AFFIRMATIVE DEFENSES

Defendant alleges and assert the following affirmative defenses.  Defendant does not hereby assume the burden of proof on any such defenses that would otherwise rest on Plaintiff. Defendant further reserves the right to add to, modify, and/or delete these affirmative defenses, including without limitation as discovery proceeds in this matter.

## FIRST AFFIRMATVE DEFENSE

Plaintiffs' claims are barred and/or limited by reason of Plaintiffs' own tortious conduct, bad faith, or unclean hands.

## SECOND AFFIRMATVE DEFENSE

The Anti-SLAPP claim is contrary to and in violation of the Constitution of the State of New York and the United States Constitution, including, but not limited to, the right to a jury trial.

## THIRD AFFIRMATVE DEFENSE

Plaintiffs' claims are barred because Cassava's conduct is protected by the right to petition

under the Constitution of the State of New York and the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Cassava but, to the extent damages exist at all (which Cassava denies) they were caused by their own conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to mitigate any damages they allegedly suffered.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Cassava but, to the extent damages exist at all (which Cassava denies) they were caused by non-parties and/or intervening or supervening causes independent of any conduct by Cassava.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Cassava but, to the extent damages exist at all (which Cassava denies) they were caused by other parties to the litigation and/or intervening or supervening causes independent of any conduct by Cassava.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred by the Due Process clauses of the Constitution of the State of New York and the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

To the extent that a court finds that this action involves "public petition and participation"

and "was commenced or continued without a substantial basis in fact and law," which finding would be made in error, the anti-SLAPP claim is barred because this action can still be "supported by a substantial argument for the extension, modification or reversal of existing law" including but not limited to the fact that the anti-SLAPP statute is in violation of the Constitution of the State of New York and the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the statements alleged by Cassava as the basis for the Defamation Action were false, defamatory statements, including statements constituting defamation *per se*, and thus do not constitute protected speech.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' conspiracy claims are barred because the alleged "PR campaign" is protected by the First Amendment of the United States Constitution.

## REQUESTED RELIEF

Cassava respectfully requests that the Court dismiss Plaintiffs' claims with prejudice and that judgment be entered in Cassava's favor on such claims; that Cassava be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and that the Court grant Cassava all other and further relief, at law or in equity, to which it is justly entitled.

Dated:  April 9, 2025

Respectfully submitted,

**BENESCH,    FRIEDLANDER,    COPLAN
  & ARONOFF LLP**

*/s/ J. Erik Connolly*
Michael A. Vatis
New York State Bar No. 2258655
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Telephone: (646) 593-7050
Facsimile: (646) 755-3397
Email: mvatis@beneschlaw.com


J. Erik Connolly (admitted *pro hac vice*)
Illinois ARDC No. 6269558
New York State Bar No. 6133276
Caitlin A. Kovacs (admitted *pro hac vice*)
Illinois ARDC No. 6313273
William E. Walsh (admitted *pro hac vice*)
Illinois ARDC No. 6287631
Julie M. Loftus (admitted *pro hac vice*)
Illinois ARDC No. 6287631
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile:  (312) 767-9192
Email: EConnolly@beneschlaw.com
        CKovacs@beneschlaw.com
        WWalsh@beneschlaw.com
        JLoftus@beneschlaw.com


Michael B. Silverstein (admitted *pro hac vice*)
Ohio Bar No. 0098036
41 South High Street, Suite 2600
Columbus, OH 43215
Telephone: (614) 223-9300
Facsimile:  (614) 223-9330
Email: msilverstein@beneschlaw.com

*Attorneys for Defendant Cassava Sciences, Inc.*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that the foregoing was electronically filed on April 9, 2025, with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>*s/ J. Erik Connolly*</u>
*One of the Attorneys for Defendant*
*Cassava Sciences Inc.*
