## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

       Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

       Intervenor Plaintiffs

v.

CASSAVA SCIENCES, INC., REMI
BARBIER, and DR. LINDSAY BURNS,

       Defendants.

Civil Action No. 1:24-cv-05948-JLR

### ANSWER OF DEFENDANT REMI BARBIER TO
### DOT.COM PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Remi Barbier ("Barbier"), by and through his undersigned counsel, answers the First Amended Complaint of Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris (the "Dot.com Plaintiffs") as follows:

1.      Paragraph 1 contains a characterization of the Dot.com Plaintiffs' claims to which no response is required. To the extent that a response is required, Barbier states that the Dot.com Plaintiffs are not entitled to any relief against him and otherwise invokes his Fifth Amendment right not to respond.

2.      Barbier admits that the Dot.com Plaintiffs are critics of simufilam and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 2. As to the second sentence, Barbier admits that the Dot.com Plaintiffs have published criticisms of simufilam, refers the court to the Dot.com Plaintiffs' public statements for a full and accurate statement of the contents thereof, and otherwise invokes his Fifth Amendment right not to

respond.

3.      In response to the allegations of Paragraph 3, Barbier invokes his Fifth Amendment right not to respond.

4.      In response to the allegations of Paragraph 4, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava Sciences, Inc. ("Cassava") to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

5.      In response to the allegations of Paragraph 5, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

6.      In response to the allegations of Paragraph 6, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

7.      In response to the allegations of Paragraph 7, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

8.      In response to the allegations of Paragraph 8, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that

litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

9.     In response to the allegations of Paragraph 9, Barbier invokes his Fifth Amendment right not to respond.

10.    In response to the allegations of Paragraph 10, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

11.    In response to the allegations of Paragraph 11, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

12.    In response to the allegations of Paragraph 12, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

13.    Barbier denies the allegations of Paragraph 13.

14.    In response to the allegations of Paragraph 14, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

15.    Paragraph 15 contains a characterization of the relief that the Dot.com Plaintiffs seek to which no response is required.  To the extent that a response is required, Barbier states that the Dot.com Plaintiffs are not entitled to any relief against him and otherwise invokes his Fifth

Amendment right not to respond.

16.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Barbier admits that Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas, and states that the remainder of Paragraph 19 consists of legal conclusions to which no response is required.

20.     Barbier admits the allegations of Paragraph 20.

21.     Barbier admits the allegations of Paragraph 21.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 22.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 23.

24.     Barbier denies the allegations of Paragraph 24.

25.     In response to the allegations of Paragraph 25, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

26.     In response to the allegations of Paragraph 26, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end

litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

27.    Paragraph 27 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 27.

28.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.    In response to the allegations of Paragraph 29, Barbier invokes his Fifth Amendment right not to respond.

30.    Barbier admits the allegations of Paragraph 30.

31.    In response to the allegations of Paragraph 31, Barbier invokes his Fifth Amendment right not to respond.

32.    In response to the allegations of Paragraph 32, Barbier invokes his Fifth Amendment right not to respond.

33.    In response to the allegations of Paragraph 33, Barbier invokes his Fifth Amendment right not to respond.

34.    In response to the allegations of Paragraph 34, Barbier invokes his Fifth Amendment right not to respond.

35.    In response to the allegations of Paragraph 35, Barbier invokes his Fifth Amendment right not to respond.

36.    In response to the allegations of Paragraph 36, Barbier invokes his Fifth Amendment right not to respond.

37.    In response to the allegations of Paragraph 37, Barbier invokes his Fifth Amendment right not to respond.

38.     In response to the allegations of Paragraph 38, Barbier invokes his Fifth Amendment right not to respond.

39.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     In response to the allegations of Paragraph 40, Barbier admits that public criticisms of simufilam have been made, refers to the Court to those public statements for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

41.     In response to the allegations of Paragraph 41, Barbier admits that the Dot.com Plaintiffs have made public statements critical of simufilam, refers the Court to those statements for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

42.     In response to the allegations of Paragraph 42, Barbier denies having knowledge or information as to FOIA and FOIL requests made by the Dot.com Plaintiffs, and otherwise invokes his Fifth Amendment right not to respond.

43.     In response to the allegations of Paragraph 43, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

44.     In response to the allegations of Paragraph 44, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

45.     In response to the allegations of Paragraph 45, Barbier denies that he individually

made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

46.    In response to the allegations of Paragraph 46, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

47.    In response to the allegations of Paragraph 47, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

48.    In response to the allegations of Paragraph 48, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

49.    In response to the allegations of Paragraph 49, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation

Action for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

50.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.    Paragraph 51 consists of legal conclusions to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

52.    The first sentence of Paragraph 52 consists of a legal conclusion to which no response is required.  To the extent that a response is required to the first sentence, and as to the remainder of the Paragraph, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

53.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.    Barbier denies having knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 56.

57.      Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.      Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.      Barbier denies that he played any role in connection with the subpoenas that are described in Paragraph 59, respectfully refers the Court to the subpoenas for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

60.      Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.      Paragraph 61 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

62.      Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.      Barbier respectfully refers the Court to the referenced court decisions for a full and accurate statement of their contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.      Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.    Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.    Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.    Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.    In response to the allegations of Paragraph 68, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

69.    Barbier respectfully refers the Court to the pleading referred to in Paragraph 69 for a full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.    Paragraph 70 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

71.    Paragraph 71 consists of a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary

proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

72.    Barbier respectfully refers the Court to the pleading referred to in Paragraph 72 for a full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.    Paragraph 73 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

74.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.    Barbier respectfully refers the Court to the United States Department of Justice announcement referenced in Paragraph 77 for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

78.    Barbier respectfully refers the Court to the Form 8-K referenced in Paragraph 78 for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

79.     Barbier admits the allegations of Paragraph 79.

80.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     Paragraph 82 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

83.     In response to the allegations of Paragraph 83, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

84.     In response to the allegations of Paragraph 84, Barbier respectfully refers the Court to the referenced statements by Elsevier, Inc. for a full and accurate statement of their contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

85.     In response to the allegations of Paragraph 85, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that

litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

86.    In response to the allegations of Paragraph 86, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

87.    In response to the allegations of Paragraph 87, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

88.    In response to the allegations of Paragraph 88, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

89.    In response to the allegations of Paragraph 89, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

90.    In response to the allegations of Paragraph 90, Barbier invokes his Fifth Amendment right not to respond.

91.    In response to the allegations of Paragraph 91, Barbier invokes his Fifth Amendment right not to respond.

92.    In response to the allegations of Paragraph 92, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

93.    In response to the allegations of Paragraph 93, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes his Fifth

Amendment right not to respond.

94.     In response to the allegations of Paragraph 94, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

95.     Paragraph 95 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

96.     In response to the allegations of Paragraph 96, Barbier invokes his Fifth Amendment right not to respond.

97.     In response to the allegations of Paragraph 97, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

98.     In response to the allegations of Paragraph 98, Barbier respectfully refers the Court to the referenced transcript for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

99.     In response to the allegations of Paragraph 99, Barbier respectfully refers the Court to the referenced statement for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

100.     In response to the allegations of Paragraph 100, Barbier respectfully refers the Court to

the referenced article and Form 8-K for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

101.    In response to the allegations of Paragraph 101, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

102.    In response to the allegations of Paragraph 102, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

103.    In response to the allegations of Paragraph 103, Barbier respectfully refers the Court to the referenced editorial for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

104.    In response to the allegations of Paragraph 104, Barbier respectfully refers the Court to the referenced letter for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

105.    In response to the allegations of Paragraph 105, Barbier respectfully refers the Court to

the referenced press release for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

106.    In response to the allegations of Paragraph 106, Barbier respectfully refers the Court to the referenced email for a full and accurate statement of its contents, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

107.    In response to the allegations of Paragraph 107, Barbier respectfully refers the Court to the referenced SEC filings for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

108.    Paragraph 108 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

109.    In response to Paragraph 109, Barbier denies having knowledge or information sufficient to form a belief as to the circumstances of service of process on Dr. Heilbut, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

110.    Paragraph 110 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

111.    In response to Paragraph 111, Barbier invokes his Fifth Amendment right not to respond.

112.    In response to Paragraph 112, Barbier respectfully refers the Court to the referenced email for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

113.    In response to Paragraph 113, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

114.    In response to Paragraph 114, Barbier respectfully refers the Court to the referenced online statements and letter to the DOJ for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

115.    In response to Paragraph 115, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

116.    In response to Paragraph 116, Barbier invokes his Fifth Amendment right not to respond.

117.     In response to Paragraph 117, Barbier respectfully refers the Court to the referenced statement by Cure Alzheimer's Fund for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

118.     In response to Paragraph 118, Barbier invokes his Fifth Amendment right not to respond.

119.     In response to Paragraph 119, Barbier invokes his Fifth Amendment right not to respond.

120.     In response to Paragraph 120, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

121.     In response to Paragraph 121, Barbier respectfully refers the Court to the referenced public statements for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

122.     In response to Paragraph 122, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

123.     Paragraph 123 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

124.    In response to Paragraph 124, Barbier invokes his Fifth Amendment right not to respond.

125.    In response to Paragraph 125, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

126.    In response to Paragraph 126, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

127.    In response to Paragraph 127, Barbier invokes his Fifth Amendment right not to respond.

128.    In response to Paragraph 128, Barbier invokes his Fifth Amendment right not to respond.

129.    In response to Paragraph 129, Barbier invokes his Fifth Amendment right not to respond.

130.    In response to Paragraph 130, Barbier invokes his Fifth Amendment right not to respond.

131.    In response to Paragraph 131, Barbier invokes his Fifth Amendment right not to respond.

132.    In response to Paragraph 132, Barbier invokes his Fifth Amendment right not to respond.

133.    In response to Paragraph 133, Barbier invokes his Fifth Amendment right not to

respond.

134.    In response to Paragraph 134, Barbier invokes his Fifth Amendment right not to respond.

135.    In response to Paragraph 135, Barbier invokes his Fifth Amendment right not to respond.

136.    In response to Paragraph 136, Barbier respectfully refers the Court to the referenced documents for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

137.    In response to Paragraph 137, Barbier invokes his Fifth Amendment right not to respond.

138.    In response to Paragraph 138, Barbier invokes his Fifth Amendment right not to respond.

139.    In response to Paragraph 139, Barbier invokes his Fifth Amendment right not to respond.

140.    In response to Paragraph 140, Barbier respectfully refers the Court to the referenced statements for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

141.    In response to Paragraph 141, Barbier invokes his Fifth Amendment right not to respond.

142.    In response to Paragraph 142, Barbier invokes his Fifth Amendment right not to respond.

143.    In response to Paragraph 143, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against

the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

144.    In response to Paragraph 144, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

145.    In response to Paragraph 145, Barbier invokes his Fifth Amendment right not to respond.

146.    In response to Paragraph 146, Barbier invokes his Fifth Amendment right not to respond.

147.    In response to Paragraph 147, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

148.    In response to Paragraph 148, Barbier invokes his Fifth Amendment right not to respond.

149.    In response to Paragraph 149, Barbier invokes his Fifth Amendment right not to respond.

150.    In response to Paragraph 150, Barbier invokes his Fifth Amendment right not to respond.

151.    In response to Paragraph 151, Barbier invokes his Fifth Amendment right not to respond.

152.    In response to Paragraph 152, Barbier invokes his Fifth Amendment right not to respond.

153.     In response to Paragraph 153, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

154.     In response to Paragraph 154, Barbier respectfully refers the Court to the referenced inspection report for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

155.     In response to Paragraph 155, Barbier respectfully refers the Court to the referenced editor's note for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

156.     In response to Paragraph 156, Barbier invokes his Fifth Amendment right not to respond.

157.     In response to Paragraph 157, Barbier invokes his Fifth Amendment right not to respond.

158.     In response to Paragraph 158, Barbier invokes his Fifth Amendment right not to respond.

159.     In response to Paragraph 159, Barbier respectfully refers the Court to the quoted statement for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

160.     In response to Paragraph 160, Barbier invokes his Fifth Amendment right not to respond.

161.     In response to Paragraph 161, Barbier invokes his Fifth Amendment right not to respond.

162.    In response to Paragraph 162, Barbier invokes his Fifth Amendment right not to respond.

163.    In response to Paragraph 163, Barbier respectfully refers the Court to the source of the quoted statement for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

164.    In response to Paragraph 164, Barbier invokes his Fifth Amendment right not to respond.

165.    In response to Paragraph 165, Barbier invokes his Fifth Amendment right not to respond.

166.    In response to Paragraph 166, Barbier invokes his Fifth Amendment right not to respond.

167.    In response to Paragraph 167, Barbier invokes his Fifth Amendment right not to respond.

168.    In response to Paragraph 168, Barbier respectfully refers the Court to the source of the quoted statements for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

169.    In response to Paragraph 169, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

170.    Paragraph 170 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com

Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

171.    Paragraph 171 consists of a series of legal conclusion to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

172.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172.

173.    Paragraph 173 contains a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he played any role in connection with the referenced subpoenas, and otherwise invokes his Fifth Amendment right not to respond.

174.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174.

175.    In response to Paragraph 175, Barbier denies that the Dot.com Plaintiffs suffered substantial reputational harm as a result of Defendants' conduct, and otherwise invokes his Fifth Amendment right not to respond.

176.    In response to Paragraph 176, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

177.    In response to Paragraph 177, Barbier denies that he individually made or was the

primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and denies that Dr. Milioris suffered substantial injuries as a result of the Defendants' conduct, and otherwise invokes his Fifth Amendment right not to respond.

178.    Barbier denies the allegations of the first sentence of Paragraph 178.  In response to the remaining allegations of Paragraph 178, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

179.    In response to Paragraph 179, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

180.    In response to Paragraph 180, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

181.    In response to Paragraph 181, Barbier denies that Dr. Heilbut has suffered substantial injury as a result of Defendants' conduct, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of that Paragraph.

182.    In response to Paragraph 182, Barbier denies that Dr. Brodkin has suffered substantial injury as a result of Defendants' conduct, denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

183.    Barbier is not required to respond to Paragraph 183, which purports to state a claim exclusively against Cassava.

184.    Barbier is not required to respond to Paragraph 184, which purports to state a claim exclusively against Cassava.

185.    Barbier is not required to respond to Paragraph 185, which purports to state a claim exclusively against Cassava.

186.    Barbier is not required to respond to Paragraph 186, which purports to state a claim exclusively against Cassava.

187.    Barbier is not required to respond to Paragraph 187, which purports to state a claim exclusively against Cassava.

188.    Barbier is not required to respond to Paragraph 188, which purports to state a claim exclusively against Cassava.

189.    Barbier is not required to respond to Paragraph 189, which purports to state a claim exclusively against Cassava.

190.    Barbier is not required to respond to Paragraph 190, which purports to state a claim exclusively against Cassava.

191.    Barbier is not required to respond to Paragraph 191, which purports to state a claim exclusively against Cassava.

192.    Barbier is not required to respond to Paragraph 192, which purports to state a claim exclusively against Cassava.

193.    Barbier is not required to respond to Paragraph 193, which purports to state a claim exclusively against Cassava.

194.    Barbier is not required to respond to Paragraph 194, which purports to state a claim exclusively against Cassava.

195.    Barbier incorporates by reference as though fully set forth herein his responses to Paragraphs 1–194.

196.    Barbier denies the allegations of Paragraph 196, except that he admits that Barbier was formerly Cassava's CEO, Dr. Lindsay Burns was formerly Cassava's Senior Vice President of Neuroscience, and that Barbier and Dr. Lindsay Burns are married.

197.    Barbier denies the allegations of Paragraph 197.

198.    Barbier denies the allegations of Paragraph 198.

199.    Barbier denies the allegations of Paragraph 199.

200.    Paragraph 200 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted.

201.    Barbier denies the allegation of Paragraph 201.

202.    Barbier denies the allegations of Paragraph 202.

203.    Barbier denies the allegations of Paragraph 203.

204.    Barbier denies the allegations of Paragraph 204.

205.    Barbier denies the allegations of Paragraph 205.

206.    Barbier incorporates by reference as though fully set forth herein her responses to

Paragraphs 1–205.

207.    Barbier denies the allegations of Paragraph 207.

208.    Barbier denies the allegations of Paragraph 208.

209.    Barbier denies the allegations of Paragraph 209.

210.    Barbier denies the allegations of Paragraph 210.

211.    Barbier denies the allegations of Paragraph 211.

212.    Barbier denies the allegations of Paragraph 212.

213.    Barbier denies the allegations of Paragraph 213.

214.    Barbier denies the allegations of Paragraph 214.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

215.    The Dot.com Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

216.    The Dot.com Plaintiffs' claims are barred, in whole or in part, due to their tortious

conduct, bad faith, and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

217.    The Dot.com Plaintiffs are not entitled to relief because their statements at issue in the

Defamation Action were defamatory.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

218.    To the extent Barbier participated in Cassava's alleged public relations campaign, that

campaign is protected under the First Amendment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

219.    As a Cassava employee, Barbier was incapable of conspiring with Cassava and Dr. Burns pursuant to the intracorporate conspiracy doctrine.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

220.    To the extent that the Dot.com Plaintiffs suffered damages, those damages are the result, in whole or in part, of the Dot.com Plaintiffs' own incendiary public statements.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

221.    To the extent that the Dot.com Plaintiffs suffered damages, those damages were caused, in whole or in part, by the conduct of third parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

222.    To the extent that the Dot.com Plaintiffs suffered damages, they have failed to mitigate said damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

223.    Defendants are entitled to Due Process to the extent the Dot.com Plaintiffs seek punitive damages.

Dated: New York, New York
          April 9, 2025                    Signed as to the objections and responses:

                                           LAW OFFICE OF STEVEN J. FINK PLLC


                                           */s/ Steven J. Fink*
                                           Steven J. Fink
                                           100 Wall Street, 15th Floor
                                           New York, New York 10005
                                           (646) 802-6976
                                           steven.fink@sjfinkpllc.com

                                           *Attorney for Defendants Remi Barbier and Lindsay Burns*

29