UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>Intervenor Plaintiffs<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and DR. LINDSAY BURNS,<br><br>Defendants. | Civil Action No. 1:24-cv-05948-JLR |

**ANSWER OF DEFENDANT REMI BARBIER
TO INTERVENOR PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Remi Barbier ("Barbier"), by and through his undersigned counsel, answers the Complaint in Intervention of Intervenor-Plaintiffs Dr. David Bredt and Dr. Geoffrey Pitt (the "Intervenor Plaintiffs") as follows:

1. Paragraph 1 contains a characterization of the Intervenor Plaintiffs' claims to which no response is required. To the extent that a response is required, Barbier states that the Intervenor Plaintiffs are not entitled to any relief against him, denies that he individually made or was the primary proponent of the decisions by Cassava Sciences, Inc. ("Cassava") to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

2. In response to Paragraph 2, Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegation that the Intervenor Plaintiffs are "accomplished scientists," admits that the Intervenor Plaintiffs submitted a Citizens Petition to the Food and Drug

Administration ("FDA"), respectfully refers the Court to that Citizens Petition for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

3. In response to the allegations of Paragraph 3, Barbier invokes his Fifth Amendment right not to respond.

4. In response to the allegations of Paragraph 4, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

5. In response to the allegations of Paragraph 5, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

6. In response to the allegations of Paragraph 6, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

7. In response to the allegations of Paragraph 7, Barbier invokes his Fifth Amendment right not to respond.

8. In response to the allegations of Paragraph 8, Barbier denies that the Intervenor Plaintiffs suffered substantial injuries, further denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

9. Paragraph 9 contains a characterization of the relief that the Intervenor Plaintiffs seek to which no response is required. To the extent that a response is required, Barbier states that the Intervenor Plaintiffs are not entitled to any relief against him and otherwise invokes his Fifth Amendment right not to respond.

10. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Barbier admits that Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas, and states that the remainder of Paragraph 12 consists of legal conclusions to which no response is required.

13. Barbier admits the allegations of Paragraph 13.

14. Barbier admits the allegations of Paragraph 14.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 15.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 16.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 17.

18. In response to the allegations of Paragraph 18, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

19. In response to the allegations of Paragraph 19, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 20.

21. Paragraph 21 consists of a characterization of Plaintiffs' intentions to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 22.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 23.

24. Barbier incorporates by reference as though fully set forth herein his responses to Paragraphs 1–23.

25. Paragraph 25 consists of an explanation of the grounds upon which the Intervenor Plaintiffs sought leave to intervene to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 25.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 26.

27. Paragraph 27 states alternative grounds upon which the Intervenor Plaintiffs sought leave to intervene to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 27.

28. Paragraph 28 consists of incorporation by reference of purported bases for

intervention to which no response is required. To the extent that a response is required, Barbier denies the allegations of Paragraph 28.

29. In response to the allegations of Paragraph 29, Barbier incorporates by reference his response to the allegations of the First Amended Complaint of Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, as set forth in his answer to that complaint dated as of today's date and filed contemporaneously herewith, as though fully set forth herein.

30. Barbier incorporates by reference as though fully set forth herein his responses to Paragraphs 1–29.

31. In response to Paragraph 31, Barbier admits that the Intervenor Plaintiffs submitted a Citizens Petition to the FDA, respectfully refers the Court to that Citizens Petition for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

32. In response to the allegations of Paragraph 32, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

33. In response to the allegations of Paragraph 33, Barbier respectfully refers the Court to the Intervenor Plaintiffs' supplemental submissions to the FDA for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

34. In response to the allegations of Paragraph 34, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

35. In response to the allegations of Paragraph 35, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end

litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to the pleadings in the Defamation Action and the Intervenor Plaintiffs' Citizens Petition for a full and accurate statement of their respective contents, and otherwise invokes his Fifth Amendment right not to respond.

36. In response to the allegations of Paragraph 36, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to the pleadings in the Defamation Action for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

37. In response to the allegations of Paragraph 37, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to the pleadings in the Defamation Action for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

38. Paragraph 38 sets for a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

39. The first sentence of Paragraph 39 consists of a legal conclusion to which no response is required. To the extent that a response is required to the first sentence, and as to the

remainder of the Paragraph, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes his Fifth Amendment right not to respond.

40. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42. Barbier denies that he played any role in connection with the subpoenas that are described in Paragraph 42, respectfully refers the Court to the subpoenas for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

43. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Barbier respectfully refers the Court to the referenced Report and Recommendation for a full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. Barbier respectfully refers the Court to the referenced Report and Recommendation for a full and accurate statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47. Paragraph 47 consists of a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise invokes his Fifth Amendment right not to respond.

48. In response to Paragraph 48, Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies that he played any role in connection with the subpoenas that are described in Paragraph 51, and otherwise invokes his Fifth Amendment right not to respond.

52. In response to Paragraph 52, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and further denies that the Intervenor Plaintiffs have suffered substantial injuries as a result of Defendants' conduct.

53. In response to Paragraph 53, Barbier respectfully refers the Court to the contents of the

referenced posts for a full and accurate statement of their contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

54. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55. In response to Paragraph 55, Barbier denies that he individually made or was the primary proponent of decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, respectfully refers the Court to the referenced posts for a full and accurate statement of their contents, and otherwise invokes his Fifth Amendment right not to respond.

56. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57. In response to Paragraph 57, Barbier denies that he individually made or was the primary proponent of decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58. In response to Paragraph 58, Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of this Paragraph, and otherwise invokes his Fifth Amendment right not to respond.

59. In response to Paragraph 59, Barbier respectfully refers the Court to the referenced letter for a full and accurate statement of its contents, denies that he played any role in connection with the letter being sent, and otherwise invokes his Fifth Amendment right not to respond.

60. Barbier incorporates by reference as though fully set forth herein his responses to

Paragraphs 1–59.

61. Barbier is not required to respond to Paragraph 61, which purports to state a claim exclusively against Cassava.

62. Barbier is not required to respond to Paragraph 62, which purports to state a claim exclusively against Cassava.

63. Barbier is not required to respond to Paragraph 63, which purports to state a claim exclusively against Cassava.

64. Barbier is not required to respond to Paragraph 64, which purports to state a claim exclusively against Cassava.

65. Barbier is not required to respond to Paragraph 65, which purports to state a claim exclusively against Cassava.

66. Barbier is not required to respond to Paragraph 66, which purports to state a claim exclusively against Cassava.

67. Barbier is not required to respond to Paragraph 67, which purports to state a claim exclusively against Cassava.

68. Barbier is not required to respond to Paragraph 68, which purports to state a claim exclusively against Cassava.

69. Barbier is not required to respond to Paragraph 69, which purports to state a claim exclusively against Cassava.

70. Barbier is not required to respond to Paragraph 70, which purports to state a claim exclusively against Cassava.

71. Barbier is not required to respond to Paragraph 71, which purports to state a claim exclusively against Cassava.

72. Barbier incorporates by reference as though fully set forth herein his responses to Paragraphs 1–71.

73. Barbier denies the allegations of Paragraph 73, except that he admits that Barbier was formerly Cassava's CEO, Dr. Lindsay Burns was formerly Cassava's Senior Vice President of Neuroscience, and that Barbier and Dr. Lindsay Burns are married.

74. Barbier denies the allegations of Paragraph 74.

75. Barbier denies the allegations of Paragraph 75.

76. Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77. Paragraph 77 consists of a legal conclusion to which no response is required. To the extent that a response is required, Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted.

78. Barbier denies the allegations of Paragraph 78.

79. Barbier denies the allegations of Paragraph 79.

80. Barbier denies the allegations of Paragraph 80.

81. Barbier denies the allegations of Paragraph 81.

82. Barbier denies the allegations of Paragraph 82.

83. Barbier denies that he individually made or was the primary proponent of the decisions by Cassava to commence, continue or end litigation against the Intervenor Plaintiffs, or that he personally directed the manner in which that litigation was prosecuted, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84. Barbier incorporates by reference as though fully set forth herein his responses to

Paragraphs 1–83.

85. Barbier denies the allegations of Paragraph 85.

86. Barbier denies the allegations of Paragraph 86.

87. Barbier denies the allegations of Paragraph 87.

88. Barbier denies the allegations of Paragraph 88.

89. Barbier denies the allegations of Paragraph 89.

90. Barbier denies the allegations of Paragraph 90.

91. Barbier denies the allegations of Paragraph 91.

92. Barbier denies the allegations of Paragraph 92.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93. The Intervenor Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94. The Intervenor Plaintiffs' claims are barred, in whole or in part, due to their tortious conduct, bad faith, and unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95. The Intervenor Plaintiffs are not entitled to relief because their statements at issue in the Defamation Action were defamatory.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96. To the extent Barbier participated in Cassava's alleged public relations campaign, that campaign is protected under the First Amendment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

97. As a Cassava employee, Barbier was incapable of conspiring with Cassava and Dr. Burns pursuant to the intracorporate conspiracy doctrine.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

98. To the extent that the Intervenor Plaintiffs suffered damages, those damages are the result, in whole or in part, of the Intervenor Plaintiffs' own incendiary public statements.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

99. To the extent that the Intervenor Plaintiffs suffered damages, those damages were caused, in whole or in part, by the conduct of third parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

100. To the extent that the Intervenor Plaintiffs suffered damages, they have failed to mitigate said damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

101. Defendants are entitled to Due Process to the extent the Intervenor Plaintiffs seek punitive damages.

Dated: New York, New York
April 9, 2025

Signed as to the objections and responses:

LAW OFFICE OF STEVEN J. FINK PLLC

*/s/ Steven J. Fink*
Steven J. Fink
100 Wall Street, 15th Floor
New York, New York 10005
(646) 802-6976
steven.fink@sjfinkpllc.com

*Attorney for Defendants Remi Barbier and Lindsay Burns*