**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

        Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

        Intervenor-Plaintiffs,

        v.

CASSAVA SCIENCES, INC., REMI BARBIER,
and LINDSAY BURNS,

        Defendants.

Case No. 1:24-cv-05948-JLR-OTW

**PROTECTIVE ORDER**

---

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

1

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as either "Confidential" or "Confidential and Commercially Sensitive".

3.      The "Confidential" designation may be used for only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

 (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) any information of a personal or intimate nature regarding any individual; or

(d) any other category of information hereinafter given confidential status by the Court.

4.      The "Confidential and Commercially Sensitive" designation may be used for Discovery Material that Defendant Cassava Sciences, Inc. ("Cassava") previously produced to government agencies or other counterparties in litigation (the "Prior Productions") and any other documents that Cassava determines contain Confidential and Commercially Sensitive information.  Any Discovery Material bearing the "Confidential and Commercially Sensitive" designation shall not be shared with, reviewed by, or otherwise disclosed to Intervenor-Plaintiff David Bredt, unless counsel for Dr. Bredt obtains advance written confirmation from Cassava that such material does not contain proprietary business information.  For the avoidance of doubt, this provision does not restrict access of the Prior Productions to Intervenor-Plaintiff Geoffrey Pitt or Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris. With respect to the "Confidential" or "Confidential and Commercially Sensitive" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential"

2

or "Confidential and Commercially Sensitive" by stamping or otherwise clearly marking as "Confidential" or "Confidential and Commercially Sensitive" the protected portion in a manner that will not interfere with legibility or audibility.

5.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Confidential and Commercially Sensitive" either by (a) indicating on the record during the deposition that a question calls for "Confidential" or "Confidential and Commercially Sensitive" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential / Confidential and Commercially Sensitive Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or, "Confidential and Commercially Sensitive," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Confidential" or "Confidential and Commercially Sensitive."

6.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or, "Confidential and Commercially Sensitive," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Confidential and Commercially Sensitive" under the terms of this Protective Order.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

3

(e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers or videographers engaged to transcribe or record depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential and Commercially Sensitive" to any other person whomsoever, except to

(a)  Intervenor-Plaintiff Geoffrey Pitt, Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, and their insurers and counsel to their insurers;

(b)  Defendants Remi Barbier and Lindsay Burns, and their insurers and counsel to their insurers;

(c) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any non-party witness called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (the parties agree to meet and confer in the event Cassava

identifies non-party witnesses subpoenaed to testify at trial or deposition to whom the disclosure of Cassava's "Confidential and Commercially Sensitive" documents could cause Cassava competitive harm);

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers or videographers engaged to transcribe or record depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

9.      Prior to any disclosure of any Confidential or Confidential and Commercially Sensitive Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), 8(e), 8(g), and 8(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II(b) of Magistrate Judge Ona T. Wang's Individual Practices in Civil Cases.

11.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within two business days of receiving to the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court.  If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 25 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation. The Parties will meet and confer to discuss specific requests subject to a specific contractual or other obligation of confidentiality owed to a third party, where that obligation may require a reasonable extension to the deadlines contemplated in this provision.

12.     Recipients of Confidential or Confidential and Commercially Sensitive Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential or Confidential and Commercially

Sensitive Discovery Material for any business, commercial, or competitive purpose, or for any other litigation. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Confidential and Commercially Sensitive Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Section III(d) and Section IV of Magistrate Judge Ona T. Wang's Individual Practices in Civil Cases.

15.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Confidential and Commercially Sensitive.

16.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Confidential and Commercially Sensitive Discovery Material itself, and not text that in no material way reveals the Confidential or Confidential and Commercially Sensitive Discovery Material.

17.    Each person who has access to Discovery Material that has been designated as Confidential or Confidential and Commercially Sensitive shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal

claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential and Commercially Sensitive," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: April 11, 2025                                          Dated: April 11, 2025

**CLARICK GUERON REISBAUM LLP**                    **LAW OFFICE OF STEVEN J. FINK PLLC**

By: _____              By: _____
Isaac B. Zaur                                         Steven J. Fink
David Kumagai                                       100 Wall Street, 15th Floor
Amanda J. Wong                                     New York, New York 10005
41 Madison Avenue, 23rd Floor                 646-802-6976
New York, NY 10010                               steven.fink@sjfinkpllc.com
212-633-4310
izaur@cgr-law.com                                  *Attorneys for Defendants Remi Barbier*
dkumagai@cgr-law.com                            *and Dr. Lindsay Burns*
awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954
dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut,*
*Dr. Jesse Brodkin, and Dr. Enea Milioris*

claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential and Commercially Sensitive," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: April 11, 2025

**CLARICK GUERON REISBAUM LLP**

By: _____
Isaac B. Zaur
David Kumagai
Amanda J. Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
212-633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com
awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954
dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut,*
*Dr. Jesse Brodkin, and Dr. Enea Milioris*

Dated: April 11, 2025

**LAW OFFICE OF STEVEN J. FINK PLLC**

By: _____
Steven J. Fink
100 Wall Street, 15th Floor
New York, New York 10005
646-802-6976
steven.fink@sjfinkpllc.com

*Attorneys for Defendants Remi Barbier*
*and Dr. Lindsay Burns*

7

Dated: April 11, 2025

**GOODWIN PROCTER LLP**

By: _____

Jeffrey A. Simes
Meghan K. Spillane
620 Eighth Avenue
New York, NY 10018
212-813-8800
jsimes@goodwinlaw.com
mspillane@goodwinlaw.com

*Attorneys for Intervenor-Plaintiffs*
*Dr. David Bredt and Dr. Geoffrey Pitt*

Dated: April 11, 2025

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: _____

J. Erik Connolly (*pro hac vice*)
EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Caitlin Kovacs (*pro hac vice*)
ckovacs@beneschlaw.com
Illinois ARDC No. 4180162
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
312-212-4949

Michael B. Silverstein (*pro hac vice*)
msilverstein@beneschlaw.com
Ohio Bar No. 98036
41 South High Street, Suite 2600
Columbus OH, 43215
614-223-9300

Michael Vatis
mvatis@beneschlaw.com
NY Reg. No. 2258655
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
646-593-7050

*Attorneys for Defendant Cassava Sciences, Inc.*

Dated: April 11, 2025

**GOODWIN PROCTER LLP**

By: _____
Jeffrey A. Simes
Meghan K. Spillane
620 Eighth Avenue
New York, NY 10018
212-813-8800
jsimes@goodwinlaw.com
mspillane@goodwinlaw.com

*Attorneys for Intervenor-Plaintiffs*
*Dr. David Bredt and Dr. Geoffrey Pitt*

Dated: April 11, 2025

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: _____
J. Erik Connolly (*pro hac vice*)
EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Caitlin Kovacs (*pro hac vice*)
ckovacs@beneschlaw.com
Illinois ARDC No. 4180162
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
312-212-4949

Michael B. Silverstein (*pro hac vice*)
msilverstein@beneschlaw.com
Ohio Bar No. 98036
41 South High Street, Suite 2600
Columbus OH, 43215
614-223-9300

Michael Vatis
mvatis@beneschlaw.com
NY Reg. No. 2258655
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
646-593-7050

*Attorneys for Defendant Cassava*
*Sciences, Inc.*

8

**SO ORDERED.**


Dated:

   New York, New York                                   _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

       Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

       Intervenor-Plaintiffs,

      v.

CASSAVA SCIENCES, INC., REMI BARBIER,
and LINDSAY BURNS,

       Defendants.

Case No. 1:24-cv-05948-JLR-OTW

**<u>NON-DISCLOSURE AGREEMENT</u>**

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Confidential and Commercially Sensitive." I agree that I will not disclose such "Confidential" or "Confidential and Commercially Sensitive" Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: