| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>    Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>    Intervenor Plaintiffs<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, AND DR. LINDSAY BURNS,<br><br>    Defendants. | Civil Action No. 1:24-cv-05948-JLR |

## ~~[PROPOSED]~~ STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER DOCUMENTS

This Stipulation Regarding Production of Electronically Stored Information ("ESI") and Paper Documents ("ESI Protocol") shall govern the parties in the above-captioned case (the "Litigation").

**I.     Scope**

    **A.**    The procedures and protocols set forth in this ESI Protocol shall govern the production of ESI in this matter, unless the Parties agree in writing to change them or they are changed by the Court at the request of a Party.

    **B.**    Nothing in this ESI Protocol establishes any agreement as to the scope of discovery in this Litigation or the relevance of any particular ESI or information contained within. No provision of this ESI Protocol waives any objections as to the production, discoverability, admissibility, or confidentiality of Documents and ESI. Any propounded discovery requests, objections thereto, agreements between or among the Parties, and any pertinent Court orders in this Litigation shall govern the scope of

discovery in this Litigation.

**C.**     Nothing in this ESI Protocol is intended to be an exhaustive list of discovery obligations or rights of a Party.  To the extent additional obligations or rights not addressed in this ESI Protocol arise under the governing case law, the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, or any other applicable rules or regulations pertaining to the U.S. District Court for the Southern District of New York, those obligations or rights remain. The Parties agree to adhere to Federal Rule of Civil Procedure 26, such that they may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**D.**     This ESI Protocol shall not apply to documents that are to be reproduced from productions that have been made in other litigation matters.

**E.**     To the extent that third parties may produce documents in this case, the Parties agree that such third parties may elect to abide by the terms of this ESI Protocol.

**II.**  **Definitions.**     The following protocol and definitions shall control the production of discoverable documents and electronically stored information when production commences. The following terms shall be defined:

**A.**     "Bates Number" means an identifier consists of a short two to eight letter prefix, associated with the Producing Party's name, followed by a zero-padded sequence of eight numbers (e.g. ABCD00000001).  The prefix should include only letters, dashes,

or underscores. The prefix and number should not be separated by a space. Each page in the production is assigned a unique, incremental Bates number. The prefix must be the same for all pages produced from the same Producing Party.

**B.** "Custodian" shall mean any individual of a Producing Party for whom the Producing Party will produce Documents, either as disclosed during good faith meet and confers between the Parties or by an order of the Court.

**C.** "Custodial Data Source" means any data source used that is in the possession, custody, or control of a producing Party, in or on which the producing Party knows or reasonably believes that a Custodian for said producing Party stored potentially relevant Documents, ESI or Hard Copy Documents, whether or not created or generated by a Custodian, including but not limited to personal computers, laptops, tablets, email (whether stored locally or centrally), mobile devices, shared network servers, shared or individual network folders, cloud storage systems, structured data systems, or social media.

**D.** "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term under Federal Rule of Civil Procedure 34.

**E.** "Document Family" means a collection of pages or files maintained together constituting a logical single communication of information, but consisting of more than a single standalone record. Examples include an email and associated attachments, or a presentation.

**F.** "Electronically Stored Information" or "ESI" means and refers to electronic data, stored in or on any electronic storage medium, whether physical or virtualized, that can be obtained or translated into a reasonably usable form. and carries the broadest possible meaning consistent with FRCP 26 and FRCP 34.

**G.** "Extracted Text" is the textual content of a Native File including all header, footer, and document body information, copied into a separate data file, typically by an eDiscovery processing tool, for electronic production to facilitate ingestion to an eDiscovery review tool.

**H.** "Load File" means an electronic data file, typically created by an eDiscovery processing tool, which provides information about the interrelationships of the component parts of an electronic document production to facilitate ingestion to eDiscovery review tools.

**I.** "Metadata" means: (i) information associated with or embedded in a Native File that does not constitute the primary content of the file but which describes the characteristics, origins, usage, and/or validity of the electronic file; and (ii) information generated automatically by the operating system(s) of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

**J.** "Native File(s)" or "Native Format" means ESI that have an associated file structure defined by the creating or viewing application in the file type for (or of) the application in which such ESI is normally created, viewed, and/or modified.

**K.** "OCR" means the use of an optical character recognition (OCR) software application to produce searchable electronic data files of recognized text from paper documents and/or electronic image files.

**L.** "Party" or "Parties" means or refers to the named Plaintiffs and Defendants in the above-captioned case.

**M.** "Producing Party" shall mean the party producing Documents in response to any notice for inspection and discovery of documents, or a non-party either acting on a

party's behalf or responding to discovery pursuant to a subpoena.

**N.** "Receiving Party" shall mean the party receiving production of Documents in response to any request for production of document(s).

**III.** **De-duplication of Production.** The Parties shall use reasonable, good faith efforts to remove exactly duplicative files in their collections by the application of industry standard eDiscovery tools and accepted best practices. De-duplication should be performed across all sources (i.e., global or horizontal de-duplication). Near duplicates or similar documents will be produced. If a duplicate document exists as part of a document family, the duplicate will only be removed if the entire family is a duplicate, i.e., a single document will not be removed from a family even if it is a duplicate.

**IV.** **Privilege.** The handling of privilege, including advertent disclosures, clawback procedure, and claims of privilege are addressed in a separate protective order to be entered by the Court in this Litigation.

**V.** **Production Format.** Documents shall be produced according to the following formats:

**A.** **Electronic Production of Paper Documents.** Documents that are maintained in paper format shall be scanned single-page, black and white, 300dpi, Group IV TIFF images, unitized logically with load files that represent the full and complete information contained in the original Document. Documents that are available in color in their original form may be produced on a document-by-document basis upon reasonable request. Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned as part of the document as a separate page. Documents shall also be produced with the associated OCR text, and with a load file.

No Producing Party shall be required to ensure that the OCR is an exact duplicate of the contents of the image.

**B.  Electronically Stored Information.**  Document images shall be generated from electronic Documents in a set of color 300 DPI, single-page images that reflect the full and complete information contained on the original document, together with a document-level load file containing required metadata and a page-level load file for images.  In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document in addition to the Document's metadata.

**C.  File Structure.**  The Producing Party shall produce the following sets of files for all produced documents:

Load Files:

- Each production includes a document-level (.dat or .txt) metadata load file, which is a delimited text file format.  The first row of the file contains a list of metadata columns. Each subsequent row contains the metadata for a single document. Each column of each row contains one metadata value, with values encapsulated by a special "quote" character and columns separated by a special "separator" character throughout.

- The metadata load file should use a thorn (þ, ASCII character 231) as a text qualifier or "quote" character and the special, non-printing character DC4 (ASCII character 20) as a field delimiter.

- The fields Begin Bates, End Bates, and NativePath must be present for all documents originating as ESI.

- First line must contain the column/field names.

- Each subsequent row must contain the metadata for one document.

- Every row must have the same number of columns/fields (empty values are acceptable). Text must be encoded in either ASCII, UTF-8, or UTF-16.

- Each production includes an Opticon-formatted (.opt) image load file.

- Each line of the image load file represents one image.

- Each line of the image load file should be separated into seven, comma-delimited fields. From left to right, the fields are (1) the page identifier, (2) the volume identifier, (3) image path (including the image filename and extension), (4) a document marker ("Y" denotes the first page of a new document, otherwise leave blank), (5) can be used to indicate box, (6) can be used to indicate folder, and (7) page count, which is only included for the first page of a new document.

- Load Files should be placed in the Data folder in the root directory of the production.

Extracted Text and OCR Files (.txt files):

- A single text file for each document containing all the document's pages, in text.

- Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the document.

- Text and filenames must be encoded in UTF-8.

- Text files should be placed in the Text folder in the root directory of the production.

Image Files:

- Images should be single-page, black and white, 300dpi, text searchable PDF files per document or Group IV TIFF images. The producing party may produce color pages as 300 dpi JPG images upon request.

- Filenames should be of the form: <Bates num>.tif where <Bates num> is the BATES number of the first page of the document.

- Image files should be placed in the Image folder in the root directory of the production.

- No other information should be provided in image filenames, including confidentiality status.

- Filenames must be encoded in UTF-8

<u>Native Files</u>:

- File names must be unique in the production unless the content is identical. Filenames should begin with the Bates number of the first page of the associated Document.

- For each document produced in native format, a corresponding placeholder image shall be included in the production indicating the following: that the document was produced in native format, the Bates number, and the confidentiality designation.

- The filename must retain the file extension corresponding to the original native format; for example, an Excel 2003 spreadsheet's extension must be .xls

- Each filename, including extension, must correspond to the NativePath metadata field in its corresponding document's row in the load file

- Filenames must be encoded in UTF-8

- Native files should be placed in the Native folder in the root directory of the production.

**D.** **Resolution of Production Issues.** Documents that cannot be read because of imaging or formatting problems shall be promptly identified by the Receiving Party. The

Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to the extent the problem(s) are within the Parties' control.

E. **Native Format Documents.** Parties shall produce all spreadsheets and audio/video files in native format. Upon review of the produced documents, the Receiving Party may request the production of additional file types of electronic Documents in Native Format.

F. **Foreign Language Documents.** If no English version of a Document is available, the producing party has no obligation to produce an English translation of that Document and does not have an obligation to render that Document text searchable via OCR or other means if the foreign language does not use the Latin alphabet. The producing party shall make reasonable efforts to ensure that all technologies and processes used to collect, process and produce the text of any Document — including all TIFF conversion and OCR processes, and the extraction of text from native files — preserves all foreign language text, punctuation and other characteristics as they exist in the source native file. To the extent reasonably and technically possible, foreign language text files shall be delivered in UTF-8 and be Unicode compliant, with the correct encoding to enable the preservation of the Documents' original language.

VI. **Production Method.** Production media shall always be encrypted and will be sent via FTP or SFTP link provided via email at the time a production letter is emailed, or via encrypted physical media such as a Hard Drive or USB (sent via FedEx overnight service), unless the parties agree otherwise. Production letters will always accompany productions including the name of the matter in which it was produced, the production date, the Bates number range of the material contained in the production, and a short description of its contents. Passwords

for encrypted data and encrypted media will be sent separately from the data and media itself.

VII. **Document Unitization.** When scanning paper documents into Document Images, they shall be unitized in a manner so as to maintain the document(s) and any attachments, as they existed in their original state.

VIII. **Email Threading.** Where multiple email messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last In Time Email") and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. Only email messages for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive email messages that need not be produced.

IX. **Attachment Families.**

   A. **Parent-Child Relationship.** For electronic documents, the relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained using the Begin Family and End Family fields of the load file, provided however that the Parties shall only be required to present one level of parent-child relationship. Document Images generated from attachments to emails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent email in their Bates numbering.

   B. **Production of Non-Responsive Family Members of Responsive Documents.** Non-Responsive family members must be produced together with the Responsive Family Members. In instances where the Producing Party does not assert a privilege with

respect to the entire family of documents, the Producing Party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the Center of the page, with Confidential Branding Bottom Left, and Bates Branding Bottom Right of the page. Each slipsheet should be re-OCR'd at time of production to remove Extracted Text.

X. **Search.** The parties recognize that there exist a variety of search tools and methodologies, including but not limited to the use of search terms and technology assisted review ("TAR") tools. The parties agree to meet and confer over the use of search tools and methodologies, including the use of search terms and TAR, before any particular tool or methodology is applied.

XI. **Bates Numbering.** Each Producing Party shall Bates number its production(s) as follows:

A. **Document Images.** Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. The Bates Numbers shall be enumerated as defined above in Definitions. The Producing Party will use a consistent prefix throughout the matter. Thus, once a party chooses a two-to-five letter prefix, e.g. ABCD, it shall not later produce a Document using a different prefix, e.g. EFGH. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above. The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

**B.** **Native Format Documents.** In the event Native Format Documents are produced, in order to preserve the integrity of those Native Format Documents, no Bates Number, confidentiality legend or internal tracking number should be added to the content of the Native Document.

**C.** **Sort Order.** For Bates numbering within a given production volume, documents will be sorted by their original file path in ascending order, preserving family ordering.

**XII.** **Non-Discoverable ESI.** Absent a Party's specific written notice for good cause, the following categories of ESI are presumed to be inaccessible and not discoverable:

**A.** ESI permanently deleted in the normal course of business before the time a preservation obligation in this matter came into effect;

**B.** Backup data files that are maintained in the normal course of business for purposes of disaster recovery, including (but not limited to) backup tapes, disks, SAN, and other forms of media, and that are substantially duplicative of data more accessible elsewhere;

**C.** Deleted, "slack," fragmented, or unallocated data only accessible by means of forensic analysis;

**D.** Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

**E.** On-line access data such as (without limitation) temporary internet files, history files, cache files, DHCP and IP logs, and cookies;

**F.** Data in metadata fields frequently updated automatically, such as last-opened or last-printed dates;

**G.** Electronic data (e.g., call logs, email, calendars, contact data, notes, etc.) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), if a copy

of such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage);

**H.**     Voicemail, including Telephone or VOIP voice messages;

**I.**      Text messages and instant messages not retained in the ordinary course of business before the time a preservation obligation in this matter came into effect;

**J.**     Server, system, network, or software application logs;

**K.**     Data remaining from systems no longer in use that is unintelligible on the systems in use; and

**L.**     Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

**XIII.   Third-Party ESI Discovery**

**A.**     A party that issues a non-party subpoena (the "Issuing Party") will include a copy of this Stipulated Order with the subpoena and inform them that they may elect to produce documents in accordance with the specifications set forth herein.

**B.**     The Issuing Party will produce any documents obtained under a subpoena to all other parties.  Any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party.

**C.**     If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

**XIV.   Discovery and Admissibility.**  Nothing herein shall be construed to affect the discoverability or admissibility of any document or data.   All objections to the discoverability or

admissibility of any document or data are preserved and may be asserted at any time.

XV. **Disaster-Recovery Backup Data.**  Absent a Party's specific written notice for good cause, no Party shall be required to modify or suspend procedures, including rotation of backup media, used in the normal course of business to back up data and systems for disaster recovery purposes.  Absent a showing of good cause, such backup media shall be considered to be not reasonably accessible.

XVI. **Metadata.** The Producing Party shall produce the metadata information described below with each production and in the format described above.  The metadata is to be extracted from the original native file for each Document. For each Document, the Producing Party shall produce a line in the index file with the following fields, where available.  The field naming conventions shall be the following. Datetime metadata will be provided in UTC in a consistent, reasonable, and clearly delimited format.  For example, M/d/y H:m. To the extent timezone information is provided for context, it will be provided in a separate loadfile field.

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Begin Bates | Beginning Bates number of first page of a document | Text | ABCD000001 |
| End Bates | Ending Bates number of last page of a document | Text | ABCD000003 |
| Begin Family | Begin Bates of parent document of Family of attachments | Text | ABCD000001 |
| End Family | End Bates of last attachment of family | Text | ABCD000004 |
| Pages | Number of Bates stamped pages for the PDF image each document. | Number | 3 |
| NativePath | Relative file path of native record within production, including filename and extension of native file within the production. Only for documents produced in native format. | Text | .\VOL001\natives\001\ABCD000001.xlsx |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| TextPath | Relative file path of text record within production, including filename and extension of the text file within the production. | Text | .\VOL001\text\001\ABCD000001.txt |
| Placeholder | If Bates stamped document is produced with a placeholder image (values: Y or N) | Text | Y |
| Redacted | If this document has redactions (values: Y or N) | Text | Y |
| All Custodians | For deduplicated documents, list of all custodians the duplicate copy was collected from. | Text | |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| All Paths | For deduplicated documents, list of all file paths for duplicate copies. | Text | |
| Author | Creator of document | Text | Tom Jones |
| Bcc | Additional blind recipients of an email (Blind Carbon Copy) | Text | bob@acme.com |
| Cc | Additional recipients of email (Carbon Copy) | Text | sue@acme.com |
| Confidentiality | Confidentiality designation such as "Not Confidential," "Confidential" or "Attorneys' Eyes Only" | Text | Confidential |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Custodian | Name of person from whom documents were collected, or multiple custodians for de-duplicated documents. | Text | Tom Jones |
| Date Created | Datetime document was created | Datetime | 07/21/1969 02:56:00 |
| Date Modified | Datetime document was last modified | Datetime | 07/21/1969 02:56:00 |
| Date Received | Datetime document was received | Datetime | 07/21/1969 02:56:00 |
| Date Sent | Datetime an email was sent | Datetime | 07/21/1969 02:56:00 |
| Document Title | Title of an electronic document | Text | |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| File Extension | The suffix at the end of the native filename indicating file type | Text | .docx<br><br>.pdf<br><br>.xlsx |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Filename | Original filename of native document, including extension | Text | interesting_spreadsheet.xlsx |
| File Path | Original source file path, including location, folder name, filename, and extension | Text | media.zip//jones.pst//sent mail/444.eml//interesting_spreadsheet.xlsx |
| From | Sender | Text | jones@acme.com |
| In Reply To | Message id of email this email is in reply to | Text | |
| Message Id | Unique message id from internet headers | Text | |
| MD5 Hash | MD5 Hash Value of Document | MD5 Hash | |

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Subject | Subject line | Text | Check this out! |
| ThreadID | Email Thread Identification | Text | |
| To | Recipient | Text | mary@acme.com |

**XVII. Cooperation.** The Parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

Dated: April 1, 2025

By: _____

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut,*
*Jesse Brodkin, and Enea Milioris*

Dated: April 1, 2025

By: _____

**GOODWIN PROCTER LLP**
Jeffrey A. Simes
Meghan K. Spillane
620 Eighth Avenue
New York, NY 10018
212-813-8800
jsimes@goodwinlaw.com
mspillane@goodwinlaw.com

*Attorneys for Intervenor-Plaintiffs*
*Dr. David Bredt and Dr. Geoffrey Pitt*

Dated: April 1, 2025

By: _____

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
Michael Vatis
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel.: 646-593-7050
Email: mvatis@beneschlaw.com

J. Erik Connolly
Caitlin A. Kovacs
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel.: 312-212-4949
Email: econnolly@beneschlaw.com
Email: ckovacs@beneschlaw.com

Michael B. Silverstein
41 South High Street, Suite 2600
Columbus, OH 43215
Tel.: 614-223-9300
Email: msilverstein@beneschlaw.com

*Attorneys for Defendant Cassava Sciences, Inc*.

Dated: April 1, 2025

By: _____

**LAW OFFICE OF STEVEN J. FINK PLLC**
Steven J. Fink
100 Wall Street, 15th Floor
New York, NY 10005
(646) 802-6976
steven.fink@sjfinkpllc.com

*Attorneys for Defendants Remi Barbier
and Lindsay Burns*

ORDERED this 18th day of April, 2025.

**BY THE COURT**

_____

Ona T. Wang
United States Magistrate Judge