UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS, <br><br> Plaintiffs, <br><br> DAVID BREDT and GEOFFREY PITT, <br><br> Intervenor Plaintiffs <br><br> v. <br><br> CASSAVA SCIENCES, INC., REMI BARBIER, and DR. LINDSAY BURNS, <br><br> Defendants. | Civil Action No. 1:24-cv-05948-JLR |

ANSWER OF DEFENDANT DR. LINDSAY BURNS TO
DOT.COM PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Dr. Lindsay Burns ("Dr. Burns"), by and through her undersigned counsel,

answers the First Amended Complaint of Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and

Dr. Enea Milioris (the "Dot.com Plaintiffs") as follows:

1.      Paragraph 1 contains a characterization of the Dot.com Plaintiffs' claims to which

no response is required.  To the extent that a response is required, Dr. Burns states that the Dot.com

Plaintiffs are not entitled to any relief against her and otherwise invokes her Fifth Amendment

right not to respond.

2.      Dr. Burns admits that the Dot.com Plaintiffs are critics of simufilam and otherwise

denies having knowledge or information sufficient to form a belief as to the truth of the allegations of

the first sentence of Paragraph 2.  As to the second sentence, Dr. Burns admits that the Dot.com Plaintiffs

have published criticisms of simufilam, refers the court to the Dot.com Plaintiffs' public statements for

a full and accurate statement of the contents thereof, and otherwise invokes her Fifth Amendment right

not to respond.

3.      In response to the allegations of Paragraph 3, Dr. Burns invokes her Fifth Amendment right not to respond.

4.      In response to the allegations of Paragraph 4, Dr. Burns denies that she played any role in the decisions by Cassava Sciences, Inc. ("Cassava") to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

5.      In response to the allegations of Paragraph 5, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

6.      In response to the allegations of Paragraph 6, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

7.      In response to the allegations of Paragraph 7, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

8.      In response to the allegations of Paragraph 8, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

9.      In response to the allegations of Paragraph 9, Dr. Burns invokes her Fifth Amendment right not to respond.

10.     In response to the allegations of Paragraph 10, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

11.     In response to the allegations of Paragraph 11, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

12.     In response to the allegations of Paragraph 12, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

13.     Dr. Burns denies the allegations of Paragraph 13.

14.     In response to the allegations of Paragraph 14, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

15.     Paragraph 15 contains a characterization of the relief that the Dot.com Plaintiffs seek to which no response is required. To the extent that a response is required, Dr. Burns states that the Dot.com Plaintiffs are not entitled to any relief against her and otherwise invokes her Fifth Amendment right not to respond.

16.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    Dr. Burns admits that Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas, and states that the remainder of Paragraph 19 consists of legal conclusions to which no response is required.

20.    Dr. Burns admits the allegations of Paragraph 20.

21.    Dr. Burns admits the allegations of Paragraph 21.

22.    Paragraph 22 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 22.

23.    Paragraph 23 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 23.

24.    Dr. Burns denies the allegations of Paragraph 24.

25.    In response to the allegations of Paragraph 25, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

26.    In response to the allegations of Paragraph 26, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise

invokes her Fifth Amendment right not to respond.

27.    Paragraph 27 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 27.

28.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.    In response to the allegations of Paragraph 29, Dr. Burns invokes her Fifth Amendment right not to respond.

30.    Dr. Burns admits the allegations of Paragraph 30.

31.    In response to the allegations of Paragraph 31, Dr. Burns invokes her Fifth Amendment right not to respond.

32.    In response to the allegations of Paragraph 32, Dr. Burns invokes her Fifth Amendment right not to respond.

33.    In response to the allegations of Paragraph 33, Dr. Burns invokes her Fifth Amendment right not to respond.

34.    In response to the allegations of Paragraph 34, Dr. Burns invokes her Fifth Amendment right not to respond.

35.    In response to the allegations of Paragraph 35, Dr. Burns invokes her Fifth Amendment right not to respond.

36.    In response to the allegations of Paragraph 36, Dr. Burns invokes her Fifth Amendment right not to respond.

37.    In response to the allegations of Paragraph 37, Dr. Burns invokes her Fifth Amendment right not to respond.

38.    In response to the allegations of Paragraph 38, Dr. Burns invokes her Fifth

Amendment right not to respond.

39.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     In response to the allegations of Paragraph 40, Dr. Burns admits that public criticisms of simufilam have been made, refers to the Court to those public statements for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

41.     In response to the allegations of Paragraph 41, Dr. Burns admits that the Dot.com Plaintiffs have made public statements critical of simufilam, refers the Court to those statements for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

42.     In response to the allegations of Paragraph 42, Dr. Burns denies having knowledge or information as to FOIA and FOIL requests made by the Dot.com Plaintiffs, and otherwise invokes her Fifth Amendment right not to respond.

43.     In response to the allegations of Paragraph 43, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

44.     In response to the allegations of Paragraph 44, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

45.     In response to the allegations of Paragraph 45, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com

Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

46.     In response to the allegations of Paragraph 46, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

47.     In response to the allegations of Paragraph 47, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

48.     In response to the allegations of Paragraph 48, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

49.     In response to the allegations of Paragraph 49, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

50.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.    Paragraph 51 consists of legal conclusions to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

52.    The first sentence of Paragraph 52 consists of a legal conclusion to which no response is required.  To the extent that a response is required to the first sentence, and as to the remainder of the Paragraph, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

53.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 58.

59.     Dr. Burns denies that she played any role in connection with the subpoenas that are described in Paragraph 59, respectfully refers the Court to the subpoenas for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

60.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     Paragraph 61 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

62.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.     Dr. Burns respectfully refers the Court to the referenced court decisions for a full and accurate statement of their contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.     Dr. Burns respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.     Dr. Burns respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     Dr. Burns respectfully refers the Court to the referenced court decision for a full and

accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.    Dr. Burns respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.    In response to the allegations of Paragraph 68, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

69.    Dr. Burns respectfully refers the Court to the pleading referred to in Paragraph 69 for a full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.    Paragraph 70 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

71.    Paragraph 71 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

72.    Dr. Burns respectfully refers the Court to the pleading referred to in Paragraph 72 for a

full and accurate statement of its contents, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.    Paragraph 73 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

74.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.    Dr. Burns respectfully refers the Court to the United States Department of Justice announcement referenced in Paragraph 77 for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

78.    Dr. Burns respectfully refers the Court to the Form 8-K referenced in Paragraph 78 for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

79.    Dr. Burns admits the allegations of Paragraph 79.

80.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 81.

82.     Paragraph 82 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Dr. Burns denies that she played any role in Cassava's decisions to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

83.     In response to the allegations of Paragraph 83, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

84.     In response to the allegations of Paragraph 84, Dr. Burns respectfully refers the Court to the referenced statements by Elsevier, Inc. for a full and accurate statement of their contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

85.     In response to the allegations of Paragraph 85, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

86.     In response to the allegations of Paragraph 86, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

87.     In response to the allegations of Paragraph 87, Dr. Burns respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

88.     In response to the allegations of Paragraph 88, Dr. Burns respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

89.     In response to the allegations of Paragraph 89, Dr. Burns respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

90.     In response to the allegations of Paragraph 90, Dr. Burns invokes her Fifth Amendment right not to respond.

91.     In response to the allegations of Paragraph 91, Dr. Burns invokes her Fifth Amendment right not to respond.

92.     In response to the allegations of Paragraph 92, Dr. Burns respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

93.     In response to the allegations of Paragraph 93, Dr. Burns respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

94.     In response to the allegations of Paragraph 94, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

95.    Paragraph 95 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

96.    In response to the allegations of Paragraph 96, Dr. Burns invokes her Fifth Amendment right not to respond.

97.    In response to the allegations of Paragraph 97, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

98.    In response to the allegations of Paragraph 98, Dr. Burns respectfully refers the Court to the referenced transcript for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

99.    In response to the allegations of Paragraph 99, Dr. Burns respectfully refers the Court to the referenced statement for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

100.    In response to the allegations of Paragraph 100, Dr. Burns respectfully refers the Court to the referenced article and Form 8-K for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

101.    In response to the allegations of Paragraph 101, Dr. Burns respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com

Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

102.    In response to the allegations of Paragraph 102, Dr. Burns respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

103.    In response to the allegations of Paragraph 103, Dr. Burns respectfully refers the Court to the referenced editorial for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

104.    In response to the allegations of Paragraph 104, Dr. Burns respectfully refers the Court to the referenced letter for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

105.    In response to the allegations of Paragraph 105, Dr. Burns respectfully refers the Court to the referenced press release for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

106.    In response to the allegations of Paragraph 106, Dr. Burns respectfully refers the Court

to the referenced email for a full and accurate statement of its contents, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

107.    In response to the allegations of Paragraph 107, Dr. Burns respectfully refers the Court to the referenced SEC filings for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

108.    Paragraph 108 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

109.    In response to Paragraph 109, Dr. Burns denies having knowledge or information sufficient to form a belief as to the circumstances of service of process on Dr. Heilbut, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

110.    Paragraph 110 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

111.    In response to Paragraph 111, Dr. Burns invokes her Fifth Amendment right not to

respond.

112.    In response to Paragraph 112, Dr. Burns respectfully refers the Court to the referenced email for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

113.    In response to Paragraph 113, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

114.    In response to Paragraph 114, Dr. Burns respectfully refers the Court to the referenced online statements and letter to the DOJ for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

115.    In response to Paragraph 115, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

116.    In response to Paragraph 116, Dr. Burns invokes her Fifth Amendment right not to respond.

117.    In response to Paragraph 117, Dr. Burns respectfully refers the Court to the referenced statement by Cure Alzheimer's Fund for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

118.    In response to Paragraph 118, Dr. Burns invokes her Fifth Amendment right not to respond.

119.    In response to Paragraph 119, Dr. Burns invokes her Fifth Amendment right not to

respond.

120.    In response to Paragraph 120, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

121.    In response to Paragraph 121, Dr. Burns respectfully refers the Court to the referenced public statements for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

122.    In response to Paragraph 122, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

123.    Paragraph 123 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

124.    In response to Paragraph 124, Dr. Burns invokes her Fifth Amendment right not to respond.

125.    In response to Paragraph 125, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

126.     In response to Paragraph 126, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

127.     In response to Paragraph 127, Dr. Burns invokes her Fifth Amendment right not to respond.

128.     In response to Paragraph 128, Dr. Burns invokes her Fifth Amendment right not to respond.

129.     In response to Paragraph 129, Dr. Burns invokes her Fifth Amendment right not to respond.

130.     In response to Paragraph 130, Dr. Burns invokes her Fifth Amendment right not to respond.

131.     In response to Paragraph 131, Dr. Burns invokes her Fifth Amendment right not to respond.

132.     In response to Paragraph 132, Dr. Burns invokes her Fifth Amendment right not to respond.

133.     In response to Paragraph 133, Dr. Burns invokes her Fifth Amendment right not to respond.

134.     In response to Paragraph 134, Dr. Burns invokes her Fifth Amendment right not to respond.

135.     In response to Paragraph 135, Dr. Burns invokes her Fifth Amendment right not to respond.

136.     In response to Paragraph 136, Dr. Burns respectfully refers the Court to the referenced

documents for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

137.    In response to Paragraph 137, Dr. Burns invokes her Fifth Amendment right not to respond.

138.    In response to Paragraph 138, Dr. Burns invokes her Fifth Amendment right not to respond.

139.    In response to Paragraph 139, Dr. Burns invokes her Fifth Amendment right not to respond.

140.    In response to Paragraph 140, Dr. Burns respectfully refers the Court to the referenced statements for a full and accurate statement of their contents, and otherwise invokes her Fifth Amendment right not to respond.

141.    In response to Paragraph 141, Dr. Burns invokes her Fifth Amendment right not to respond.

142.    In response to Paragraph 142, Dr. Burns invokes her Fifth Amendment right not to respond.

143.    In response to Paragraph 143, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

144.    In response to Paragraph 144, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

145.     In response to Paragraph 145, Dr. Burns invokes her Fifth Amendment right not to respond.

146.     In response to Paragraph 146, Dr. Burns invokes her Fifth Amendment right not to respond.

147.     In response to Paragraph 147, Dr. Burns respectfully refers the Court to the referenced press release for a full and accurate statement of its contents and otherwise invokes her Fifth Amendment right not to respond.

148.     In response to Paragraph 148, Dr. Burns invokes her Fifth Amendment right not to respond.

149.     In response to Paragraph 149, Dr. Burns invokes her Fifth Amendment right not to respond.

150.     In response to Paragraph 150, Dr. Burns invokes her Fifth Amendment right not to respond.

151.     In response to Paragraph 151, Dr. Burns invokes her Fifth Amendment right not to respond.

152.     In response to Paragraph 152, Dr. Burns invokes her Fifth Amendment right not to respond.

153.     In response to Paragraph 153, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

154.     In response to Paragraph 154, Dr. Burns respectfully refers the Court to the referenced inspection report for a full and accurate statement of its contents, and otherwise invokes her Fifth

Amendment right not to respond.

155.    In response to Paragraph 155, Dr. Burns respectfully refers the Court to the referenced editor's note for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

156.    In response to Paragraph 156, Dr. Burns invokes her Fifth Amendment right not to respond.

157.    In response to Paragraph 157, Dr. Burns invokes her Fifth Amendment right not to respond.

158.    In response to Paragraph 158, Dr. Burns invokes her Fifth Amendment right not to respond.

159.    In response to Paragraph 159, Dr. Burns respectfully refers the Court to the quoted statement for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

160.    In response to Paragraph 160, Dr. Burns invokes her Fifth Amendment right not to respond.

161.    In response to Paragraph 161, Dr. Burns invokes her Fifth Amendment right not to respond.

162.    In response to Paragraph 162, Dr. Burns invokes her Fifth Amendment right not to respond.

163.    In response to Paragraph 163, Dr. Burns respectfully refers the Court to the source of the quoted statement for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

164.    In response to Paragraph 164, Dr. Burns invokes her Fifth Amendment right not to

respond.

165.    In response to Paragraph 165, Dr. Burns invokes her Fifth Amendment right not to respond.

166.    In response to Paragraph 166, Dr. Burns invokes her Fifth Amendment right not to respond.

167.    In response to Paragraph 167, Dr. Burns invokes her Fifth Amendment right not to respond.

168.    In response to Paragraph 168, Dr. Burns respectfully refers the Court to the source of the quoted statements for a full and accurate statement of its contents, and otherwise invokes her Fifth Amendment right not to respond.

169.    In response to Paragraph 169, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

170.    Paragraph 170 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

171.    Paragraph 171 consists of a series of legal conclusion to which no response is required. To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth

Amendment right not to respond.

172.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172.

173.    Paragraph 173 contains a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in in connection with the referenced subpoenas, and otherwise invokes her Fifth Amendment right not to respond.

174.    Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174.

175.    In response to Paragraph 175, Dr. Burns denies that the Dot.com Plaintiffs suffered substantial reputational harm as a result of Defendants' conduct, and otherwise invokes her Fifth Amendment right not to respond.

176.    In response to Paragraph 176, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

177.    In response to Paragraph 177, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and denies that Dr. Milioris suffered substantial injuries as a result of the Defendants' conduct, and otherwise invokes her Fifth Amendment right not to respond.

178.    Dr. Burns denies the allegations of the first sentence of Paragraph 178.  In response to the remaining allegations of Paragraph 178, Dr. Burns denies that she played any role in the decisions

by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

179.     In response to Paragraph 179, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

180.     In response to Paragraph 180, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

181.     In response to Paragraph 181, Dr. Burns denies that Dr. Heilbut has suffered substantial injury as a result of Defendants' conduct, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of that Paragraph.

182.     In response to Paragraph 182, Dr. Burns denies that Dr. Brodkin has suffered substantial injury as a result of Defendants' conduct, denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted, and otherwise invokes her Fifth Amendment right not to respond.

183.     Dr. Burns is not required to respond to Paragraph 183, which purports to state a claim

exclusively against Cassava.

184.    Dr. Burns is not required to respond to Paragraph 184, which purports to state a claim exclusively against Cassava.

185.    Dr. Burns is not required to respond to Paragraph 185, which purports to state a claim exclusively against Cassava.

186.    Dr. Burns is not required to respond to Paragraph 186, which purports to state a claim exclusively against Cassava.

187.    Dr. Burns is not required to respond to Paragraph 187, which purports to state a claim exclusively against Cassava.

188.    Dr. Burns is not required to respond to Paragraph 188, which purports to state a claim exclusively against Cassava.

189.    Dr. Burns is not required to respond to Paragraph 189, which purports to state a claim exclusively against Cassava.

190.    Dr. Burns is not required to respond to Paragraph 190, which purports to state a claim exclusively against Cassava.

191.    Dr. Burns is not required to respond to Paragraph 191, which purports to state a claim exclusively against Cassava.

192.    Dr. Burns is not required to respond to Paragraph 192, which purports to state a claim exclusively against Cassava.

193.    Dr. Burns is not required to respond to Paragraph 193, which purports to state a claim exclusively against Cassava.

194.    Dr. Burns is not required to respond to Paragraph 194, which purports to state a claim exclusively against Cassava.

195.    Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–194.

196.    Dr. Burns denies the allegations of Paragraph 196, except that she admits that Remi Barbier was formerly Cassava's CEO, Dr. Burns was formerly Cassava's Senior Vice President of Neuroscience, and that Remi Barbier and Dr. Burns are married.

197.    Dr. Burns denies the allegations of Paragraph 197.

198.    Dr. Burns denies the allegations of Paragraph 198.

199.    Dr. Burns denies the allegations of Paragraph 199.

200.    Paragraph 200 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that she played any role in the decisions by Cassava to commence, continue or end litigation against the Dot.com Plaintiffs, or any decisions as to the manner in which that litigation was prosecuted.

201.    Dr. Burns denies the allegation of Paragraph 201.

202.    Dr. Burns denies the allegations of Paragraph 202.

203.    Dr. Burns denies the allegations of Paragraph 203.

204.    Dr. Burns denies the allegations of Paragraph 204.

205.    Dr. Burns denies the allegations of Paragraph 205.

206.    Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–205.

207.    Dr. Burns denies the allegations of Paragraph 207.

208.    Dr. Burns denies the allegations of Paragraph 208.

209.    Dr. Burns denies the allegations of Paragraph 209.

210.    Dr. Burns denies the allegations of Paragraph 210.

211.    Dr. Burns denies the allegations of Paragraph 211.

212.    Dr. Burns denies the allegations of Paragraph 212.

213.    Dr. Burns denies the allegations of Paragraph 213.

214.    Dr. Burns denies the allegations of Paragraph 214.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

215.    The Dot.com Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

216.    The Dot.com Plaintiffs' claims are barred, in whole or in part, due to their tortious conduct, bad faith, and unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

217.    The Dot.com Plaintiffs are not entitled to relief because their statements at issue in the Defamation Action were defamatory.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

218.    To the extent Dr. Burns participated in Cassava's alleged public relations campaign, that campaign is protected under the First Amendment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

219.    As a Cassava employee, Dr. Burns was incapable of conspiring with Cassava and Remi Barbier pursuant to the intracorporate conspiracy doctrine.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

220.    To the extent that the Dot.com Plaintiffs suffered damages, those damages are the result, in whole or in part, of the Dot.com Plaintiffs' own incendiary public statements.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

221.    To the extent that the Dot.com Plaintiffs suffered damages, those damages were caused,

in whole or in part, by the conduct of third parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

222.    To the extent that the Dot.com Plaintiffs suffered damages, they have failed to mitigate said damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

223.    Defendants are entitled to Due Process to the extent the Dot.com Plaintiffs seek punitive damages.

Dated: New York, New York
        April 9, 2025                    Signed as to the objections and responses:

                                        LAW OFFICE OF STEVEN J. FINK PLLC


                                        */s/ Steven J. Fink*
                                        Steven J. Fink
                                        100 Wall Street, 15th Floor
                                        New York, New York 10005
                                        (646) 802-6976
                                        steven.fink@sjfinkpllc.com

                                        *Attorney for Defendants Remi Barbier and Lindsay Burns*

29