**CLARICK GUERON REISBAUM**

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**                                                                                            April 29, 2025

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re: <u>*Heilbut v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW</u>

Dear Judge Wang,

      Pursuant to the Court's April 23, 2025, Order (ECF 104), we write jointly on behalf of all Plaintiffs to respond to the three arguments raised in the Subpoenaed Parties' letter (ECF 89). Each of these arguments is defective; none justifies the continued obstruction of important non-party discovery that counsel for the Subpoenaed Parties (and Cassava) seek.

      *First*, the Subpoenaed Parties claim that this Court lacks personal jurisdiction over two of the three Subpoenaed Parties.[1] This assertion misses the point. Plaintiffs' letter was submitted in compliance with Local Rule 37.2 and Rule 4(b) of this Court's Individual Practices to seek "a conference to resolve a discovery dispute." Indeed, Plaintiffs believe that their letter was required as a preliminary to formal motion practice—and for good reason. Moreover, while it is true that two of the three subpoenas at issue command production of documents in other districts (the Southern District of Florida and the Central District of California), and thus motions to compel would be addressed to those Courts in the first instance, Plaintiffs believe that the ultimate disposition of these issues will be for this Court, including because Plaintiffs would seek transfer of any required motion to compel back to this Court pursuant to Federal Rule of Civil Procedure 45(f). Indeed, the present facts perfectly exemplify the purpose of such a transfer. To reiterate: Cassava's own counsel has taken on the representation of each of the three non-parties at issue. With respect to each of those parties, the Benesch firm has refused to produce any documents until after Cassava's own production is complete. And, the Benesch firm asserts the same—incorrect—argument in support of that position with respect to each: that this lawsuit involves only Cassava's own state of mind and therefore no evidence in the exclusive possession of any non-party could be relevant. The uniformity of these positions cries out for uniform treatment. *See Edwards v. Maxwell*, No. 15CV07433RWSSDNY, 2016 WL 7413505, at *2-3 (S.D. Fla. Dec. 22, 2016) (transferring motion where subpoenas at issue were substantially similar and rulings in separate districts would create "great risk of inconsistent rulings . . . disrupting the issuing court's management of the underlying litigation, both procedurally and substantively"); *UBS Sec. LLC v. Third Eye Cap. Corp.*, No. CV143997FMOMANX, 2014 WL 12613381, at *3 (C.D. Cal. Oct. 21, 2014) (same, reasoning that "the same issues are likely to arise in discovery in many districts.") (quoting 2013 Adv. Comm. Notes to Fed. R. Civ. P. 45).

---

[1] Non-party Sitrick & Company does not assert this argument.

April 29, 2025
Page 2 of 3

  Moreover, the position asserted by the Benesch firm on behalf of Nachtrab, Spruck, and Sitrick (and presumably also Cassava itself) is intimately related to the underlying nature of this lawsuit. On behalf of all of its (increasingly numerous) clients, Benesch wrongly insists that discovery is proper only into Cassava's state of mind—rather than its orchestrated campaign of intimidation and retaliation. Plainly, this Court is in the best position to assess the merits of this position.

  *Second*, Plaintiffs properly conferred on this Demand and reached a true impasse, as evidence by the Benesch firm's actual conduct here—and notwithstanding its attempt to manufacture the illusion of ongoing discussion. In the March 31, 2025 telephone conversation described in Plaintiffs' opening letter, counsel for the Subpoenaed Parties very simply refused to produce any documents or discuss the parameters of any production it would be willing to make until after Cassava's production was complete. Rather, counsel abruptly told Plaintiffs' counsel to "go to the Court" if we wanted any production from any of the non-parties they represented. Counsel attempted to muddy the record of this blanket refusal in their subsequent email, by writing that they "might" be open to changing their mind but had no authority from any client to do so. Neither then nor at any time thereafter to date—despite attempted email follow-up—did the Benesch firm indicate either that it had obtained any such authority from its clients or even what documents it "might" be willing to produce if its clients agreed. Rather, at most, counsel invited Plaintiffs to bid against themselves by unilaterally narrowing the scope of the subpoena.

  *Third*, the Requests are not unduly burdensome. The Subpoenaed Parties' burden argument rests on the contention that the non-party discovery at issue here is irrelevant because the only documents relevant to this action are those that bear directly on Cassava's own state of mind—and therefore that all relevant documents are in Cassava's own possession. But this makes no sense. Plaintiffs allege (as recognized in the Court's opinion denying Defendants' motion to dismiss) that Defendants harmed Plaintiffs by developing and carrying out a campaign of intimidation and retaliation against Plaintiffs' by, among other things, rallying supporters (both on social media and in the academic community) to "echo[] the criticisms that Cassava included in the Defamation Action" and to amplify the Defamation Action's unfounded claims "online and in other publications." (Dkt. 82 at 32.) Each of the three Subpoenaed Parties played a unique role in this campaign, making their documents relevant to this Action, as described in detail in Plaintiffs' initial letter, and much needed by Plaintiffs to show the insidious and far-reaching consequences of the Defendants' conduct.

  While the Subpoenaed Parties claim that "Cassava is likely to possess the relevant documents" (April 7 Ltr. at 3), that is hardly logical. Cassava is not likely to possess—let alone have access to—Mr. Nachtrab's social media accounts and private communications with other Cassava supporters. Cassava is not likely to possess a complete record of Dr. Spruck's emails with scientific journals (falsely) purporting to be an independent researcher verifying Cassava's scientific claims. And Cassava is not likely to possess Sitrick's internal documents and emails regarding strategy to discredit and attack Plaintiffs—or discussing the directions it had received from Cassava. Furthermore, Plaintiffs have always been ready to discuss the scope of document searches needed to retrieve the essential information it seeks. Indeed, numerous other non-parties not represented by the Benesch firm have been able to do so. To the extent that burden was a genuine concern on the Subpoenaed Parties' part, Plaintiffs would have been happy to discuss

April 29, 2025
Page 3 of 3

proper search terms and strategies if the Subpoenaed Parties had not, instead, entirely refused to produce until Cassava's production was complete and reviewed.

      Some of the most telling evidence produced so far in this case has come from non-parties. (A handful of examples showing Dr. Burns' use of Mr. Nachtrab and Dr. Spruck as conduits to help manage the campaign against Plaintiffs are discussed in Plaintiffs' opening letter and came from non-parties.) Cassava should not be allowed to obstruct discovery from these other crucial non-parties by: 1) arranging for its own counsel to represent them; 2) having that counsel refuse to produce anything until Cassava's own production (controlled of course by the same counsel) is complete; and 3) thus deny Plaintiffs access to key non-party discovery until depositions are already underway or even complete. (Notably, the current case schedule calls for the completion of fact discovery by July 3, which is only two months away as of this writing.)

      For these reasons, the Subpoenaed Non-Parties' request for this Court to quash the Requests is entirely unwarranted (not to mention inconsistent with their apparent position that each of their several clients should be entitled to resist a motion to compel in three separate District Courts). Plaintiffs reiterate their request that the Court schedule a pre-motion conference to address these matters.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      */s/ Isaac B. Zaur*

      Isaac B. Zaur

cc:    All parties/counsel of record (via ECF).