## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

      Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

      Intervenor Plaintiffs

v.

CASSAVA SCIENCES, INC., REMI
BARBIER, and DR. LINDSAY BURNS,

      Defendants.

Civil Action No. 1:24-cv-05948-JLR

### AMENDED ANSWER OF DEFENDANT REMI BARBIER
### TO DOT.COM PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Remi Barbier ("Barbier"), by and through his undersigned counsel, answers the First Amended Complaint of Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris (the "Dot.com Plaintiffs") as follows:

1.      Paragraph 1 contains a characterization of the Dot.com Plaintiffs' claims to which no response is required. To the extent that a response is required, Barbier denies the allegations of this Paragraph.

2.      Barbier admits that the Dot.com Plaintiffs are critics of simufilam and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 2. As to the second sentence, Barbier admits that the Dot.com Plaintiffs have published criticisms of simufilam, respectfully refers the Court to the Dot.com Plaintiffs' public statements for a full and accurate statement of the contents thereof, and otherwise denies the allegations of this sentence.

3.      In response to the allegations of Paragraph 3, Barbier denies that "Plaintiffs criticisms have been corroborated by" the referenced investigations, and respectfully refers the Court to the public statements made by the FDA, the DOJ, the SEC, CUNY, and the scientists and patient advocates referenced in this Paragraph for a full and accurate statement of their contents.

4.      Barbier denies the allegations of Paragraph 4.

5.      Barbier denies the allegations of Paragraph 5.

6.      Barbier denies the allegations of Paragraph 6.

7.      In response to the allegations of Paragraph 7, Barbier respectfully refers the Court to the referenced statements for a true and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

8.      Barbier denies the allegations of Paragraph 8.

9.      In response to the allegations of Paragraph 9, Barbier respectfully refers the Court to the referenced statements of the DOJ and SEC for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

10.     Barbier respectfully refers the Court to the public statements made by the SEC, the FDA, CUNY, the DOJ, and Cassava for a full and accurate statement of their contents, denies the final sentence of Paragraph 10, and otherwise invokes his Fifth Amendment right not to respond to this Paragraph.

11.     In response to the allegations of Paragraph 11, Barbier respectfully refers the Court to the quoted statement for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

12.     Barbier denies the allegations of Paragraph 12.

13.     Barbier denies having knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 13.

14.    Barbier denies the allegations of Paragraph 14.

15.    Paragraph 15 contains a characterization of the relief that the Dot.com Plaintiffs seek to which no response is required.  To the extent that a response is required, Barbier states that the Dot.com Plaintiffs are not entitled to any relief against him.

16.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    Barbier admits that Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas, and states that the remainder of Paragraph 19 consists of legal conclusions to which no response is required.

20.    Barbier admits the allegations of Paragraph 20.

21.    Barbier admits the allegations of Paragraph 21.

22.    Paragraph 22 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 22.

23.    Paragraph 23 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 23.

24.    Barbier denies the allegations of Paragraph 24.

25.    Barbier denies the allegations of Paragraph 25.

26.    Barbier denies the allegations of Paragraph 26.

27.    Paragraph 27 states a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of Paragraph 27.

28.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.    In response to the allegations of Paragraph 29, Barbier admits that he is Cassava's former CEO and that he is married to Dr. Burns and otherwise invokes his Fifth Amendment right not to respond.

30.    Barbier admits the allegations of Paragraph 30.

31.    In response to the allegations of Paragraph 31, Barbier respectfully refers the Court to the referenced papers for a full and accurate statement of their contents, admits that the papers were retracted, and otherwise denies the allegations of this Paragraph.

32.    Barbier respectfully refers the Court to the referenced patent application for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

33.    Barbier denies the allegations of Paragraph 33.

34.    In response to the allegations of Paragraph 34, Barbier invokes his Fifth Amendment right not to respond.

35.    In response to the allegations of Paragraph 35, Barbier respectfully refers the Court to the referenced investigational new drug application and grant applications for a full and accurate statement of their contents and otherwise invokes his Fifth Amendment right not to respond.

36.    In response to the allegations of Paragraph 36, Barbier admits that the FDA did not approve some applications by Pain Therapeutics and otherwise denies the allegations of this Paragraph.

37.    In response to the allegations of Paragraph 37, Barbier admits that the company

changed its name from Pain Therapeutics to Cassava in 2019, respectfully refers the Court to the referenced FDA determination for a full and accurate statement of its contents, and otherwise denies the allegations of this paragraph.

38.     In response to the allegations of Paragraph 38, Barbier admits that in excess of one hundred people enrolled in Cassava's Phase 1, Phase 2, and Phase 3 trials for simufilam and otherwise denies the allegations of this Paragraph.

39.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     In response to the allegations of Paragraph 40, Barbier admits that public criticisms of simufilam have been made and refers the Court to those public statements for a full and accurate statement of their contents.

41.     In response to the allegations of Paragraph 41, Barbier admits that the Dot.com Plaintiffs have made public statements critical of simufilam and refers the Court to those statements for a full and accurate statement of their contents.

42.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.     Barbier denies the allegations of Paragraph 43.

44.     Barbier denies the allegations of Paragraph 44.

45.     In response to the allegations of Paragraph 45, Barbier respectfully refers the Court to the referenced post for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

46.     Barbier denies the allegations of Paragraph 46.

47.     In response to the allegations of Paragraph 47, Barbier admits that Dr. David Bredt,

Dr. Geoffrey Pitt, and Quintessential Capital Management were named as defendants in the Defamation Action and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

48.    In response to the allegations of Paragraph 48, Barbier respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

49.    In response to the allegations of Paragraph 49, Barbier respectfully refers the Court to Cassava's complaint in the Defamation Action for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

50.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.    Paragraph 51 consists of legal conclusions to which no response is required.  To the extent that a response is required, Barbier denies the allegations of this Paragraph.

52.    The first sentence of Paragraph 52 consists of a legal conclusion to which no response is required.  To the extent that a response is required to the first sentence, and as to the remainder of the Paragraph, Barbier invokes his Fifth Amendment right not to respond.

53.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56.    Barbier denies having knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 56.

57.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of Paragraph 59.  Barbier denies the allegations of the fifth sentence of this paragraph.

60.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.    In response to Paragraph 61, Barbier denies having knowledge or information sufficient to form a belief as to whether Cassava filed the objections referenced in this Paragraph or their contents.

62.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.    Barbier respectfully refers the Court to the referenced court decisions for a full and accurate statement of their contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.    Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.    Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Barbier respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     Barbier denies the allegations of Paragraph 68.

69.     Barbier respectfully refers the Court to the pleading referred to in Paragraph 69 for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     Paragraph 70 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, respectfully refers the Court to the referenced pleadings for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

71.     Barbier denies the allegations of Paragraph 71.

72.     Barbier respectfully refers the Court to the pleading referred to in Paragraph 72 for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.     Barbier denies the allegations of Paragraph 73.

74.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.     Barbier respectfully refers the Court to the DOJ announcement referenced in Paragraph 77 for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

78.     Barbier respectfully refers the Court to the SEC Form 8-K referenced in Paragraph 78 for a full and accurate statement of its contents, and otherwise denies the allegations of this Paragraph.

79.     Barbier admits the allegations of Paragraph 79.

80.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.     Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     Paragraph 82 consists of a series of legal conclusions to which no response is required. To the extent that a response is required, Barbier denies the allegations of this Paragraph.

83.     Barbier denies the allegations of Paragraph 83.

84.     In response to the allegations of Paragraph 84, Barbier respectfully refers the Court to the referenced statements by Elsevier, Inc. for a full and accurate statement of their contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

85.     Barbier denies having a "penchant for retaliation" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.     Barbier denies the allegations of Paragraph 86.

87.     In response to the allegations of Paragraph 87, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents and otherwise denies the allegations

of this Paragraph.

88.     In response to the allegations of Paragraph 88, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

89.     In response to the allegations of Paragraph 89, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

90.     In response to the allegations of Paragraph 90, Barbier respectfully refers the Court to the referenced CUNY announcement for a full and accurate statement of its contents, admits that CUNY never published a final report, and otherwise denies the allegations of this Paragraph.

91.     Barbier denies the allegations of Paragraph 91.

92.     In response to the allegations of Paragraph 92, Barbier respectfully refers the Court to the referenced report for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

93.     In response to the allegations of Paragraph 93, Barbier denies that Defendants engaged in an "intimidation campaign," respectfully refers the Court to the referenced report for a full and accurate statement of its contents, and otherwise denies the allegations of this Paragraph.

94.     Barbier denies the allegations of Paragraph 94.

95.     Barbier denies the allegations of Paragraph 95.

96.     In response to the allegations of Paragraph 96, Barbier denies that Barbier and Dr. Burns led Cassava in "concoct[ing] a conspiracy theory" and otherwise invokes his Fifth Amendment right not to respond.

97.     Barbier denies the allegations of Paragraph 97.

98.     In response to the allegations of Paragraph 98, Barbier respectfully refers the Court to the referenced transcript for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

99.     In response to the allegations of Paragraph 99, Barbier respectfully refers the Court to the referenced statement for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

100.     In response to the allegations of Paragraph 100, Barbier respectfully refers the Court to the referenced article and SEC Form 8-K for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

101.     In response to the allegations of Paragraph 101, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents.

102.     In response to the allegations of Paragraph 102, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

103.     Barbier denies the allegations of the first sentence of Paragraph 103.  In response to the remaining allegations of Paragraph 103, Barbier admits that the *Journal of Clinical* Investigation published the referenced editorial on November 1, 2022, respectfully refers the Court to that editorial for a full and accurate statement of its contents, and otherwise denies the allegations of this Paragraph.

104.     In response the allegations of Paragraph 104, Barbier respectfully refers the Court to the referenced letter for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

105.     In response to the allegations of Paragraph 105, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents and otherwise denies the

allegations of this Paragraph.

106.     In response to the allegations of Paragraph 106, Barbier respectfully refers the Court to the referenced email for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

107.     In response to the allegations of Paragraph 107, Barbier respectfully refers the Court to the referenced SEC filings for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

108.     Barbier denies the allegations of Paragraph 108.

109.     In response to Paragraph 109, Barbier denies having knowledge or information sufficient to form a belief as to the circumstances of service of process on Dr. Heilbut.

110.     Barbier denies the allegations of Paragraph 110.

111.     Barbier denies the allegations of Paragraph 111.

112.     In response to Paragraph 112, Barbier respectfully refers the Court to the referenced email for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

113.     Barbier denies that Defendants engaged in a strategy of attacking their critics rather than defending their research and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

114.     In response to Paragraph 114, Barbier respectfully refers the court to the referenced online statements and letter to the DOJ for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

115.     Barbier denies the allegations of the first sentence of Paragraph 115.  As to the remainder of the allegations of this Paragraph, Barbier invokes his Fifth Amendment right not to

respond.

116.     In response to Paragraph 116, Barbier invokes his Fifth Amendment right not to respond.

117.     In response to Paragraph 117, Barbier respectfully refers the Court to the referenced statement by Cure Alzheimer's Fund for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

118.     In response to Paragraph 118, Barbier invokes his Fifth Amendment right not to respond.

119.     In response to Paragraph 119, Barbier invokes his Fifth Amendment right not to respond.

120.     In response to Paragraph 120, Barbier respectfully refers the Court to the statements made by the referenced scientific journals for a true and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

121.     In response to Paragraph 121, Barbier respectfully refers the Court to the referenced public statements for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

122.     In response to Paragraph 122, Barbier invokes his Fifth Amendment right not to respond.

123.     Paragraph 123 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies the allegations of this Paragraph.

124.     In response to Paragraph 124, Barbier invokes his Fifth Amendment right not to respond.

125.     In response to Paragraph 125, Barbier invokes his Fifth Amendment right not to

respond.

126.    In response to Paragraph 126, Barbier invokes his Fifth Amendment right not to respond.

127.    In response to Paragraph 127, Barbier invokes his Fifth Amendment right not to respond.

128.    In response to Paragraph 128, Barbier invokes his Fifth Amendment right not to respond.

129.    In response to Paragraph 129, Barbier invokes his Fifth Amendment right not to respond.

130.    In response to Paragraph 130, Barbier invokes his Fifth Amendment right not to respond.

131.    In response to Paragraph 131, Barbier invokes his Fifth Amendment right not to respond.

132.    In response to Paragraph 132, Barbier invokes his Fifth Amendment right not to respond.

133.    In response to Paragraph 133, Barbier invokes his Fifth Amendment right not to respond.

134.    In response to Paragraph 134, Barbier invokes his Fifth Amendment right not to respond.

135.    In response to Paragraph 135, Barbier invokes his Fifth Amendment right not to respond.

136.    In response to Paragraph 136, Barbier respectfully refers the Court to the referenced documents for a full and accurate statement of their contents and otherwise invokes his Fifth

Amendment right not to respond.

137.    In response to Paragraph 137, Barbier respectfully refers the Court to the referenced contracts for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

138.    In response to Paragraph 138, Barbier invokes his Fifth Amendment right not to respond.

139.    In response to Paragraph 139, Barbier invokes his Fifth Amendment right not to respond.

140.    In response to Paragraph 140, Barbier respectfully refers the Court to the referenced statements for a full and accurate statement of their contents and otherwise invokes his Fifth Amendment right not to respond.

141.    In response to Paragraph 141, Barbier invokes his Fifth Amendment right not to respond.

142.    In response to Paragraph 142, Barbier invokes his Fifth Amendment right not to respond.

143.    In response to Paragraph 143, Barbier invokes his Fifth Amendment right not to respond.

144.    In response to Paragraph 144, Barbier invokes his Fifth Amendment right not to respond.

145.    In response to Paragraph 145, Barbier invokes his Fifth Amendment right not to respond.

146.    In response to Paragraph 146, Barbier invokes his Fifth Amendment right not to respond.

147.    In response to the first sentence of Paragraph 147, Barbier respectfully refers the Court to the referenced press release for a full and accurate statement of its contents and otherwise denies the allegations of this sentence.  Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph.

148.    In response to Paragraph 148, Barbier invokes his Fifth Amendment right not to respond.

149.    In response to Paragraph 149, Barbier invokes his Fifth Amendment right not to respond.

150.    In response to Paragraph 150, Barbier respectfully refers the Court to the terms of the referenced Cash Incentive Bonus Plan for a full and accurate statement thereof and otherwise invokes his Fifth Amendment right not to respond.

151.    In response to Paragraph 151, Barbier invokes his Fifth Amendment right not to respond.

152.    In response to Paragraph 152, Barbier invokes his Fifth Amendment right not to respond.

153.    In response to Paragraph 153, Barbier invokes his Fifth Amendment right not to respond.

154.    In response to Paragraph 154, Barbier respectfully refers the Court to the referenced inspection report for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

155.    Barbier respectfully refers the Court to the referenced editor's note for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

156.    In response to Paragraph 156, Barbier respectfully refers the Court to the referenced

internal audit for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

157.    In response to Paragraph 157, Barbier invokes his Fifth Amendment right not to respond.

158.    In response to Paragraph 158, Barbier invokes his Fifth Amendment right not to respond.

159.    In response to Paragraph 159, Barbier respectfully refers the Court to the quoted statement for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

160.    In response to Paragraph 160, Barbier invokes his Fifth Amendment right not to respond.

161.    In response to Paragraph 161, Barbier invokes his Fifth Amendment right not to respond.

162.    In response to Paragraph 162, Barbier invokes his Fifth Amendment right not to respond.

163.    In response to Paragraph 163, Barbier respectfully refers the Court to the source of the quoted statement for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

164.    In response to Paragraph 164, Barbier invokes his Fifth Amendment right not to respond.

165.    In response to Paragraph 165, Barbier invokes his Fifth Amendment right not to respond.

166.    In response to Paragraph 166, Barbier invokes his Fifth Amendment right not to

respond.

167.    In response to Paragraph 167, Barbier invokes his Fifth Amendment right not to respond.

168.    In response to Paragraph 168, Barbier respectfully refers the Court to the source of the quoted statements for a full and accurate statement of its contents and otherwise invokes his Fifth Amendment right not to respond.

169.    In response to Paragraph 169, Barbier invokes his Fifth Amendment right not to respond.

170.    Paragraph 170 consists of a legal conclusion to which no response is required.  To the extent that a response is required, Barbier respectfully refers the Court to the referenced statements by the SEC and DOJ for a full and accurate statement of their contents and otherwise invokes his Fifth Amendment right not to respond.

171.    Barbier denies the allegations of Paragraph 171.

172.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172.

173.    Paragraph 173 contains a legal conclusion to which no response is required.  To the extent that a response is required, Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

174.    Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174.

175.    Barbier denies the allegations of Paragraph 175.

176.    In response to Paragraph 176, Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

177.    In response to Paragraph 177, Barbier denies that Dr. Milioris suffered substantial injuries as a result of the Defendants' conduct and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

178.    Barbier denies the allegations of the first sentence of Paragraph 178.  In response to the remaining allegations of Paragraph 178, Barbier denies knowledge or information sufficient to form a belief as to the truth of those allegations.

179.    In response to Paragraph 179, Barbier denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

180.    In response to Paragraph 180, Barbier denies that Defendants engaged in an intimidation campaign and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

181.    In response to Paragraph 181, Barbier denies that Dr. Heilbut has suffered substantial injury as a result of Defendants' conduct and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

182.    In response to Paragraph 182, Barbier denies that Defendants made "personal threats against Dr. Brodkin" or engaged in a "pattern of intimidation" and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

183.    Barbier is not required to respond to Paragraph 183, which purports to state a claim exclusively against Cassava.

184.    Barbier is not required to respond to Paragraph 184, which purports to state a claim exclusively against Cassava.

185.    Barbier is not required to respond to Paragraph 185, which purports to state a claim

exclusively against Cassava.

186.    Barbier is not required to respond to Paragraph 186, which purports to state a claim exclusively against Cassava.

187.    Barbier is not required to respond to Paragraph 187, which purports to state a claim exclusively against Cassava.

188.    Barbier is not required to respond to Paragraph 188, which purports to state a claim exclusively against Cassava.

189.    Barbier is not required to respond to Paragraph 189, which purports to state a claim exclusively against Cassava.

190.    Barbier is not required to respond to Paragraph 190, which purports to state a claim exclusively against Cassava.

191.    Barbier is not required to respond to Paragraph 191, which purports to state a claim exclusively against Cassava.

192.    Barbier is not required to respond to Paragraph 192, which purports to state a claim exclusively against Cassava.

193.    Barbier is not required to respond to Paragraph 193, which purports to state a claim exclusively against Cassava.

194.    Barbier is not required to respond to Paragraph 194, which purports to state a claim exclusively against Cassava.

195.    Barbier incorporates by reference as though fully set forth herein his responses to Paragraphs 1–194.

196.    Barbier denies the allegations of Paragraph 196, except that he admits that Barbier was formerly Cassava's CEO, Dr. Burns was formerly Cassava's Senior Vice President of Neuroscience,

and that Barbier and Dr. Burns are married.

197.    Barbier denies the allegations of Paragraph 197.

198.    Barbier denies the allegations of Paragraph 198.

199.    Barbier denies the allegations of Paragraph 199.

200.    Barbier denies the allegations of Paragraph 200.

201.    Barbier denies the allegations of Paragraph 201.

202.    Barbier denies the allegations of Paragraph 202.

203.    Barbier denies the allegations of Paragraph 203.

204.    Barbier denies the allegations of Paragraph 204.

205.    Barbier denies the allegations of Paragraph 205.

206.    Barbier incorporates by reference as though fully set forth herein his responses to

Paragraphs 1–205.

207.    Barbier denies the allegations of Paragraph 207.

208.    Barbier denies the allegations of Paragraph 208.

209.    Barbier denies the allegations of Paragraph 209.

210.    Barbier denies the allegations of Paragraph 210.

211.    Barbier denies the allegations of Paragraph 211.

212.    Barbier denies the allegations of Paragraph 212.

213.    Barbier denies the allegations of Paragraph 213.

214.    Barbier denies the allegations of Paragraph 214.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Dot.com Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Dot.com Plaintiffs' claims are barred, in whole or in part, due to their tortious conduct, bad faith, and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Barbier's conduct is protected by the right to petition under the Constitution of the State of New York and the United States Constitution.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged "PR campaign" is protected by the First Amendment of the United States Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the statements alleged as the basis for the Defamation Action were false, defamatory statements, including statements constituting defamation *per se*, and thus do not constitute protected speech.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

As a Cassava employee, Barbier was incapable of conspiring with Cassava and Dr. Burns pursuant to the intracorporate conspiracy doctrine.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by their own conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Dot.com Plaintiffs suffered damages, those damages are the result, in whole or in part, of the Dot.com Plaintiffs' own incendiary social media posts and other public statements.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by non-parties and/or intervening or supervening causes independent of any conduct by Barbier.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by other parties to the litigation and/or intervening or supervening causes independent of any conduct by Barbier.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the Dot.com Plaintiffs suffered damages, they have failed to mitigate said damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred by the Due Process clauses of the Constitution of the State of New York and the United States Constitution.

**REQUESTED RELIEF**

Barbier respectfully requests that the Court dismiss Plaintiffs' claims with prejudice and that

judgment be entered in Barbier's favor on such claims; that Barbier be awarded his costs of suit incurred

herein, including reasonable attorneys' fees; and that the Court grant Barbier such other and further

relief as the Court deems just and proper.


Dated: New York, New York
         April 30, 2025

LAW OFFICE OF STEVEN J. FINK PLLC


*/s/ Steven. J. Fink*
Steven J. Fink
100 Wall Street, 15th Floor
New York, New York 10005
(646) 802-6976
steven.fink@sjfinkpllc.com

*Attorney for Defendants Remi Barbier and Lindsay Burns*