UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>      Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>      Intervenor Plaintiffs<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and DR. LINDSAY BURNS,<br><br>      Defendants. | Civil Action No. 1:24-cv-05948-JLR |

## AMENDED ANSWER OF DEFENDANT DR. LINDSAY
## BURNS TO COMPLAINT IN INTERVENTION

Defendant Dr. Lindsay Burns ("Dr. Burns"), by and through her undersigned counsel, answers the Complaint in Intervention of Intervenor-Plaintiffs Dr. David Bredt and Dr. Geoffrey Pitt (the "Intervenor Plaintiffs") as follows:

1.      Paragraph 1 contains a characterization of the Intervenor Plaintiffs' claims to which no response is required. To the extent that a response is required, Dr. Burns denies the allegations of this Paragraph.

2.      In response to Paragraph 2, Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegation that the Intervenor Plaintiffs are "accomplished scientists," admits that the Intervenor Plaintiffs submitted a Citizens Petition to the Food and Drug Administration ("FDA"), respectfully refers the Court to that Citizens Petition and the source of the quoted statements for a full and accurate statement of their contents, and otherwise denies the allegations of this Paragraph.

3.      In response to the allegations of Paragraph 3, Dr. Burns respectfully refers the Court to the referenced statements for a full and accurate statement of their contents and otherwise invokes her Fifth Amendment right not to respond.

4.      Dr. Burns denies the allegations of Paragraph 4.

5.      In response to the allegations of Paragraph 5, Dr. Burns respectfully refers the Court to the source of the quoted statements for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

6.      In response to the allegations of the first sentence of Paragraph 6, Dr. Burns respectfully refers the Court to the referenced court decision for a true and accurate statement of its contents and otherwise denies the allegations of this sentence.  In response to the allegations of the second and third sentences of this Paragraph, Dr. Burns respectfully refers the Court to the referenced statements by the FDA, DOJ, SEC, and CUNY for a full and accurate statement of their contents and otherwise denies the allegations of these sentences.

7.      In response to the allegations of Paragraph 7, Dr. Burns respectfully refers the Court to the referenced public statement for a full and accurate statement of its contents and otherwise denies the allegations of this Paragraph.

8.      Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 8.  Dr. Burns denies the remaining allegations of this Paragraph.

9.      Paragraph 9 contains a characterization of the relief that the Intervenor Plaintiffs seek to which no response is required.  To the extent that a response is required, Dr. Burns states that the Intervenor Plaintiffs are not entitled to any relief against her.

10.      Dr. Burns denies having knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 10.

11.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Dr. Burns admits that Cassava is a publicly traded corporation incorporated in Delaware with its principal place of business in Austin, Texas, and states that the remainder of Paragraph 12 consists of legal conclusions to which no response is required.

13.     Dr. Burns admits the allegations of Paragraph 13.

14.     Dr. Burns admits the allegations of Paragraph 14.

15.     Paragraph 15 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 15.

16.     Paragraph 16 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 16.

17.     Dr. Burns denies the allegations of Paragraph 17.

18.     Dr. Burns denies the allegations of Paragraph 18.

19.     Dr. Burns denies the allegations of Paragraph 19.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 20.

21.     Paragraph 21 consists of a characterization of Plaintiffs' intentions to which no response is required.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 22.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 23.

24.    Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–23.

25.    Paragraph 25 consists of an explanation of the grounds upon which the Intervenor Plaintiffs sought leave to intervene to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 25.

26.    Paragraph 26 states a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 26.

27.    Paragraph 27 states alternative grounds upon which the Intervenor Plaintiffs sought leave to intervene to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 27.

28.    Paragraph 28 consists of incorporation by reference of purported bases for intervention to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of Paragraph 28.

29.    In response to the allegations of Paragraph 29, Dr. Burns incorporates by reference her response to the allegations of the First Amended Complaint of Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris, as set forth in her amended answer to that complaint dated as of today's date and filed contemporaneously herewith, as though fully set forth herein.

30.    Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–29.

31.    In response to Paragraph 31, Dr. Burns admits that the Intervenor Plaintiffs submitted a Citizens Petition to the FDA, respectfully refers the Court to that Citizens Petition for a full and accurate statement of its contents, and otherwise denies the allegations of this Paragraph.

32.    In response to the allegations of Paragraph 32, Dr. Burns respectfully refers the

Court to the referenced statements for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

33.     In response to the allegations of Paragraph 33, Dr. Burns respectfully refers the Court to the Intervenor Plaintiffs' supplemental submissions to the FDA for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

34.     Dr. Burns denies the allegations of Paragraph 34.

35.     In response to the allegations of Paragraph 35, Dr. Burns respectfully refers the Court to the pleadings in the Defamation Action and the Intervenor Plaintiffs' Citizens Petition for a full and accurate statement of their respective contents and otherwise denies the allegations of this Paragraph.

36.     In response to the allegations of Paragraph 36, Dr. Burns respectfully refers the Court to the pleadings in the Defamation Action for a full and accurate statement of their contents and otherwise denies the allegations of this Paragraph.

37.     Dr. Burns denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Paragraph 38 consists of legal conclusions to which no response is required.  To the extent that a response is required, Dr. Burns denies the allegations of this Paragraph.

39.     The first sentence of Paragraph 39 consists of a legal conclusion to which no response is required.  To the extent that a response is required to the first sentence, Dr. Burns denies its allegations.  As to the remainder of the Paragraph, Dr. Burns invokes her Fifth Amendment right not to respond.

40.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 42.  In response to the third sentence of this Paragraph, Dr. Burns denies that Defendants engaged in a "manifest effort to circumvent the stay of discovery entered in the Defamation Action, in a further effort to harass, punish, and intimidate the Neuroscientist Plaintiffs."

43.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.     Dr. Burns respectfully refers the Court to the referenced Report and Recommendation for a full and accurate statement of its contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.     Dr. Burns respectfully refers the Court to the referenced Report and Recommendation for a full and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47.     In response to Paragraph 47, Dr. Burns denies having knowledge or information sufficient to form a belief as to whether Cassava filed the objections referenced in this Paragraph or their contents.

48.     In response to Paragraph 48, Dr. Burns respectfully refers the Court to the referenced court decision for a full and accurate statement of its contents and otherwise denies

having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

49.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     Paragraph 51 contains a legal conclusion to which no response is required.  To the extent that a response is required, Dr. Burns denies that Defendants "manifestly intended . . . an end-run around the stay of discovery in the Defamation Action" and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

52.     In response to Paragraph 52, Dr. Burns denies that the Intervenor Plaintiffs have suffered substantial injuries as a result of Defendants' conduct and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

53.     In response to Paragraph 53, Dr. Burns respectfully refers the Court to the contents of the referenced posts for a full and accurate statement of their contents, denies that Dr. Burns "threatened Dr. Bredt and other critics," and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

54.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     In response to Paragraph 55, Dr. Burns respectfully refers the Court to the referenced posts for a full and accurate statement of their contents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

56.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.     Dr. Burns denies the allegations of the first sentence of Paragraph 58 and denies having knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of this Paragraph.

59.     In response to Paragraph 59, Dr. Burns respectfully refers the Court to the referenced letter for a full and accurate statement of its contents, denies that she played any role in connection with the letter being sent, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

60.     Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–59.

61.     Dr. Burns is not required to respond to Paragraph 61, which purports to state a claim exclusively against Cassava.

62.     Dr. Burns is not required to respond to Paragraph 62, which purports to state a claim exclusively against Cassava.

63.     Dr. Burns is not required to respond to Paragraph 63, which purports to state a claim exclusively against Cassava.

64.     Dr. Burns is not required to respond to Paragraph 64, which purports to state a claim exclusively against Cassava.

65.     Dr. Burns is not required to respond to Paragraph 65, which purports to state a claim exclusively against Cassava.

66.     Dr. Burns is not required to respond to Paragraph 66, which purports to state a claim exclusively against Cassava.

67.     Dr. Burns is not required to respond to Paragraph 67, which purports to state a claim exclusively against Cassava.

68.     Dr. Burns is not required to respond to Paragraph 68, which purports to state a claim exclusively against Cassava.

69.     Dr. Burns is not required to respond to Paragraph 69, which purports to state a claim exclusively against Cassava.

70.     Dr. Burns is not required to respond to Paragraph 70, which purports to state a claim exclusively against Cassava.

71.     Dr. Burns is not required to respond to Paragraph 71, which purports to state a claim exclusively against Cassava.

72.     Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–71.

73.     Dr. Burns denies the allegations of Paragraph 73, except that she admits that Remi Barbier was formerly Cassava's CEO, Dr. Burns was formerly Cassava's Senior Vice President of Neuroscience, and that Remi Barbier and Dr. Burns are married.

74.     Dr. Burns denies the allegations of Paragraph 74.

75.     Dr. Burns denies the allegations of Paragraph 75.

76.     Dr. Burns denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.     Dr. Burns denies the allegations of Paragraph 77.

78.     Dr. Burns denies the allegations of Paragraph 78.

79.    Dr. Burns denies the allegations of Paragraph 79.

80.    Dr. Burns denies the allegations of Paragraph 80.

81.    Dr. Burns denies the allegations of Paragraph 81.

82.    Dr. Burns denies the allegations of Paragraph 82.

83.    Dr. Burns denies the allegations of Paragraph 83.

84.    Dr. Burns incorporates by reference as though fully set forth herein her responses to Paragraphs 1–83.

85.    Dr. Burns denies the allegations of Paragraph 85.

86.    Dr. Burns denies the allegations of Paragraph 86.

87.    Dr. Burns denies the allegations of Paragraph 87.

88.    Dr. Burns denies the allegations of Paragraph 88.

89.    Dr. Burns denies the allegations of Paragraph 89.

90.    Dr. Burns denies the allegations of Paragraph 90.

91.    Dr. Burns denies the allegations of Paragraph 91.

92.    Dr. Burns denies the allegations of Paragraph 92.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Intervenor Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Intervenor Plaintiffs' claims are barred, in whole or in part, due to their tortious conduct, bad faith, and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Barbier's conduct is protected by the right to petition under the Constitution of the State of New York and the United States Constitution.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged "PR campaign" is protected by the First Amendment of the United States Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the statements alleged as the basis for the Defamation Action were false, defamatory statements, including statements constituting defamation *per se*, and thus do not constitute protected speech.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

As a Cassava employee, Barbier was incapable of conspiring with Cassava and Dr. Burns pursuant to the intracorporate conspiracy doctrine.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by their own conduct.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Intervenor Plaintiffs suffered damages, those damages are the result, in whole or in part, of the Intervenor Plaintiffs' own incendiary social media posts and other public statements.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by non-parties and/or intervening or supervening causes independent of any conduct by Barbier.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because some or all of the alleged damages Plaintiffs claim to have suffered were not caused by Barbier but, to the extent damages exist at all (which Barbier denies) they were caused by other parties to the litigation and/or intervening or supervening causes independent of any conduct by Barbier.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the Intervenor Plaintiffs suffered damages, they have failed to mitigate said damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred by the Due Process clauses of the Constitution of the State of New York and the United States Constitution.

## REQUESTED RELIEF

Barbier respectfully requests that the Court dismiss Plaintiffs' claims with prejudice and that judgment be entered in Barbier's favor on such claims; that Barbier be awarded his costs of suit incurred herein, including reasonable attorneys' fees; and that the Court grant Barbier such other and further relief as the Court deems just and proper.

Dated: New York, New York
     April 30, 2025

LAW OFFICE OF STEVEN J. FINK PLLC


*/s/ Steven. J. Fink*
Steven J. Fink
100 Wall Street, 15th Floor
New York, New York 10005
(646) 802-6976
steven.fink@sjfinkpllc.com

*Attorney for Defendants Remi Barbier and Lindsay Burns*

12