**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
ADRIAN HEILBUT, JESSE BRODKIN, and :
ENEA MILIORIS, :
: 24-cv-5948 (JLR) (OTW)
Plaintiffs, :
: **ORDER**
DAVID BREDT and GEOFFREY PITT, :
:
Intervenor Plaintiffs, :
:
-against- :
:
CASSAVA SCIENCES, INC., REMI BARBIER, and :
LINDSAY BURNS, :
:
Defendants. :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF 130. For the following reasons, Plaintiffs' motion to seal ECF 68-3 is **GRANTED**.

On May 20, 2025, the Court issued an order directing the parties to file a joint status letter on the Docket by May 28, 2025, articulating, *inter alia*, a brief statement of the parties' positions regarding the sealing motions and sealed documents at ECF Nos. 66, 67, 68, 73, 74, 77, and 78, and whether the parties would be able to move jointly to seal the affected documents. (ECF 123). On May 28, the parties filed their joint status letter, as directed, in which Plaintiffs request only that ECF 68-3 remain under seal, to which request Intervenor-Plaintiffs and Defendants do not object. (ECF 130). None of the parties request that any other document remain sealed. (ECF 130).

The filing at ECF 68-3, which reflects confidential settlement communications between the parties, is subject to a low presumption of access. *See, e.g.*, *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (noting that "access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts"). Moreover, the "need for a fair and efficient resolution through settlement . . . far outweighs the negligible presumption of access to settlement materials." *Id.* at 858. Accordingly, Defendants are directed to refile ECF 68 and all attachments, unredacted, **except for ECF 68-3** on the Docket by **Friday, June 13, 2025**.

Plaintiffs represent that they "take no position" on the sealing of ECF 74, which is the subject of the motion to seal at ECF 73 and remains provisionally under seal. (ECF 130). Furthermore, Plaintiffs represent that they rely on the reasoning in ECF 74 to justify continued sealing of ECF 68-3. (ECF 130). No other party has objected to unsealing ECF 74. Accordingly, Plaintiffs will inform the Court by **Friday, June 13, 2025** whether ECF 74 should remain sealed, at which time, hearing nothing to the contrary, **the Court will unseal ECF 74**.

Defendants' motions to seal at **ECF Nos. 66** and **67** and Intervenor-Plaintiffs' motion to seal at **ECF 77** are deemed **WITHDRAWN**.

The Clerk of Court is respectfully directed to **UNSEAL ECF Nos. 66** and **78**.

**SO ORDERED.**

Dated: June 10, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge