

Caitlin Kovacs
71 S Wacker Dr, Suite 1600
Chicago, Illinois 60606
Direct Dial: 312.624.6392
Fax: 312.767.9192
ckovacs@beneschlaw.com

March 10, 2025

Hon. Judge Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
Courtroom 20B
500 Pearl St.
New York, NY 10007-1312

    Re:    ***Heilbut et al. v. Cassava Sciences, Inc., et al.***, Case No. 1:24-cv-5948
             Request for Confidential Mediation

Dear Judge Rochon:

    As you know, we represent Cassava Sciences, Inc. in the above-referenced case. We write together with counsel for defendants Remi Barbier and Dr. Lindsay Burns pursuant to Southern District of New York Local Civil Rule 83.9 to respectfully request that the Court order all parties to engage in confidential settlement mediation. Defendants will be happy to suggest names of mediators and conference times should the Court enter such order.

    This matter has been before the Court since August 6, 2024, when the original Complaint went on file. Defendants' Motion to Dismiss went on file on January 9, 2025, and is under consideration. Discovery is open and ongoing. This case has reached a procedural point where parties frequently seek to determine whether the full extent and cost of discovery can be avoided by reaching accord on settlement, and some communications regarding settlement have occurred here. However, the issue of confidentiality surrounding these discussions has arisen as an impediment to further discussions.

    On January 29, 2025, Defendants' counsel wrote to counsel for the Dot.com Plaintiffs Enea Milioris, Adrian Heilbut, and Jesse Brodkin, along with counsel for Intervenor-Plaintiffs David Bredt and Geoffrey Pitt, asking that the parties stipulate to a confidentiality agreement to govern settlement discussions, but their counsel refused to enter such an agreement. (Exs. A, B.) Some further productive discussion was had with the counsel for the Dot.com Plaintiffs, but that discussion was unfortunately aborted when counsel stated that they would not agree to keep further discussions confidential. (Ex. C.)

    Defendants have particular concerns about engaging in detailed settlement discussions without a confidentiality order in light of the factual circumstances underlying this case, as they derive from defamatory public statements made about the Defendants, and because Plaintiffs continue to make public statements regarding the details of this lawsuit and further harming

Hon. Judge Jennifer L. Rochon
March 10, 2025
Page 2

Defendants' reputation. For example, Adrian Heilbut announced Cassava's new endeavor to license its simufilam method of treatment patent by posting, "Not content with stringing along seniors with Alzheimer's disease and their families for years with its imaginary drug, Simuflimflam, Cassava now aims to conjure false hopes for children…" (Ex. D.) Mr. Heilbut has also posted consistently regarding this case and this Court's rulings. For example, when Mr. Fink entered his appearance on behalf of Dr. Burns and Mr. Barbier, Mr. Heilbut posted the appearance online along with commentary on the controversy in the form of an internet meme quoting Sun Tzu's "The Art of War." (Ex. E).

Defendants would like to engage in productive conversations with Plaintiffs without the threat of a new tweet storm hanging over its head. It is reasonable for settlement discussions to proceed under a confidentiality agreement so that the parties can make specific offers and share their perspectives on the case with candor and without concern that statements made in negotiations will be publicized. Plaintiffs have not identified any reasonable basis for their refusal to agree to such parameters around settlement discussions. Defendants would be willing to proceed with ordinary-course settlement discussions if Plaintiffs were to agree to enter into a confidentiality agreement and engage in good-faith discussions on a timely basis. But in the absence of such agreement, Defendants seek the Court's assistance, under its authority to order mediation, to facilitate confidential discussions in such mediation.

The Defendants welcome the opportunity for each party to present its view of the underlying case, and benefit from a neutral party's guidance in reaching a mutually acceptable resolution. We ask the Court to order confidential mediation as is its discretion.

Thank you for your attention and consideration in this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

_____
Caitlin A. Kovacs


LAW OFFICE OF STEVEN J.
  FINK PLLC

*/s/ Steven J. Fink*
Steven J. Fink