

Isaac B. Zaur
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**                                                                August 11, 2025

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Heilbut, et al., v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

      Pursuant to Your Honor's Individual Rule of Practice II.e, we write on behalf of Plaintiffs Dr. Jesse Brodkin, Dr. Adrian Heilbut, and Dr. Enea Milioris to respectfully request an approximately 30-day extension of the discovery schedule, as set forth below.  Defendants Mr. Barbier and Dr. Burns request an approximately 90-day extension of the discovery schedule.

      The parties seek these extensions to allow sufficient time to complete depositions.  To date, the parties have conducted five fact depositions, including three party depositions and two third-party depositions; the parties anticipate taking an additional seven to ten depositions.  The parties, however, disagree as to the necessary length of time.

**Plaintiffs' Statement**

      The original deadlines, current deadlines, and Plaintiffs' proposed extended deadlines are as follows:

| Event | Original Deadline (Dkt. 42) | Current Deadline (Dkt. 123) | Proposed Deadline |
|---|---|---|---|
| Fact discovery | July 3, 2025 | Aug. 29, 2025 | Oct. 3, 2025 |
| Plaintiffs' expert disclosures | July 17, 2025 | Sept. 12, 2025 | Oct. 17, 2025 |
| Defendants' rebuttal expert disclosures | Aug. 18, 2025 | Oct. 10, 2025 | Nov. 14, 2025 |
| Expert discovery / all discovery | Aug. 28, 2025 | Oct. 24, 2025 | Dec. 5, 2025 |

      Plaintiffs are committed to moving expeditiously through discovery and seek these extensions solely as a practical necessity to complete depositions.  In mid-June, Plaintiffs raised several apparent deficiencies in Cassava's document production and the parties have only recently made progress in addressing those issues.  Since mid-July, Cassava has made and is continuing to make supplemental productions, and the parties are continuing to meet and confer.

Similarly, Plaintiffs have been negotiating with several third parties concerning document subpoenas served by Plaintiffs and made progress resolving certain disputes. To the extent Plaintiffs are unable to resolve any remaining disputes with Cassava or third parties, Plaintiffs will promptly seek the Court's intervention as appropriate.

Defendants' request for a 90-day extension would amount to an 11-month fact discovery period. The request is unreasonable, particularly in light of Cassava's lack of urgency in completing its document production. Cassava did not produce a single document unique to this case until May 30, 2025 (five months after Plaintiffs served document requests in January); while Cassava claimed to substantially complete its production at that point, it did not provide its privilege log until July 23, and it produced more than 18,000 additional documents between July 16 and August 8 that should have been produced in May or earlier. These delays are the primary reason any extension is necessary.

Change of counsel for Defendants Barbier and Dr. Burns is no basis for an extension, given that the same firm has represented them in the related securities action since October 2024; and, when the substitution occurred on July 3, outgoing counsel represented that it "will not delay the matter." (Dkt. 149.) Finally, the upcoming criminal trial of Cassava's former collaborator, Dr. Hoau-Yan Wang, at the end of October, is no reason to delay discovery; the final disposition of that case could be many months away if trial is postponed or the verdict is appealed. Delaying this case beyond 30 days or tying the schedule to Dr. Wang's criminal proceedings would prejudice Plaintiffs, particularly considering Cassava's future as a going concern remains highly uncertain.

**Defendants Barbier's and Burns' Statement**

Mr. Barbier and Dr. Burns are similarly committed to moving expeditiously through discovery. However, both the current deadline for fact discovery (August 29) and Plaintiffs' proposed deadline (October 3) are not reasonable or realistic in light of several factors. First, as Plaintiffs note, the parties anticipate taking an additional seven to ten depositions, including third-party depositions. The parties will need adequate time to both schedule and prepare for those depositions, including coordinating with those deponents on their availability and potentially coordinating their travel. Second, many of the claims and allegations in this case are purportedly attributable to non-party Dr. Hoau Yan Wang. Dr. Wang was criminally indicted in the District of Maryland and his twelve-day trial is scheduled to commence on October 20, 2025.[1] The timing and outcome of Dr. Wang's trial will have direct implications on fact discovery. Extending the current fact discovery deadline to factor in the implications of Dr. Wang's trial will ensure the efficiency of discovery and may obviate the need to reopen fact discovery later. Third, Mr. Barbier and Dr. Burns retained new counsel in this matter approximately one month ago, and new counsel should be afforded adequate time to thoroughly familiarize themselves with the facts and the record (including the thousands of documents produced in this case before counsel was retained) in order to adequately prepare for the upcoming depositions and other matters related to fact discovery. Fourth, we are aware that

---

[1] *See United States v. Wang*, Case No. 8:24-cr-00211-TDC (D. Md), ECF 80.

Hon. Ona T. Wang
August 11, 2025
Page 3 of 4

Plaintiff's counsel will not be available for deposition in the last week of August, and the Jewish holidays (September 22-24, October 2) will similarly impact defense counsel's availability (and potentially that of certain deponents).

For these reasons, counsel for Mr. Barbier and Dr. Burns propose a ninety (90) day extension to the current deadlines, as follows:

| Event | Original Deadline (Dkt. 42) | Current Deadline (Dkt. 123) | Proposed Deadline |
|---|---|---|---|
| Fact discovery | July 3, 2025 | Aug. 29, 2025 | Nov. 27, 2025 |
| Plaintiffs' expert disclosures | July 17, 2025 | Sept. 12, 2025 | Dec. 11, 2025 |
| Defendants' rebuttal expert disclosures | Aug. 18, 2025 | Oct. 10, 2025 | Jan. 8, 2026 |
| Expert discovery / all discovery | Aug. 28, 2025 | Oct. 24, 2025 | Jan. 22, 2026 |

**Defendant Cassava Sciences Inc.'s Statement**

Cassava Sciences, Inc. does not oppose either proposed extension of the discovery period. Cassava agrees, however, with Defendants Barbier and Burns that Dr. Wang's criminal trial in October 2025 has direct implications for fact discovery in this case, particularly given Plaintiffs' stated intent to depose Dr. Wang and the overlap in schedules for this case and Dr. Wang's criminal proceeding. Although Cassava shares the other parties' interest in moving the case forward expeditiously, given that a modest extension of time would permit resolution of Dr. Wang's criminal case before the close of fact discovery, Cassava favors a 90-day extension. Should an extension be limited to less than 90-days, Cassava reserves its right to seek to reopen fact discovery as necessary, including if Plaintiffs seek an adverse inference from any assertion by any witness of their Fifth Amendment privilege in advance of Dr. Wang's criminal trial.

Cassava rejects any suggestion that it has not acted diligently in completing document discovery, or that the timing of Cassava's document productions are the "primary" reason an extension is warranted. Cassava has been diligent and cooperative in addressing all potential discovery disputes.

\*   \*   \*

This is the second request for an extension of the original discovery deadlines set in the Case Management Order (Dkt. 42); the first extension request was granted on May 20, 2025 (Dkt. 123). There are no court conferences currently scheduled that would be affected by these proposed deadlines.

Hon. Ona T. Wang
August 11, 2025
Page 4 of 4

      We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              */s/ Isaac B. Zaur*
                                              Isaac B. Zaur

cc:  All parties/counsel of record (by ECF)