**CLARICK GUERON REISBAUM**

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**  August 21, 2025

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Heilbut, et al., v. Cassava, et al*., Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang,

We write on behalf of plaintiffs in response to defendants Remi Barbier and Dr. Lindsay Burns' letter, dated August 20, 2025, claiming that a 90-day extension of the discovery schedule is necessary because plaintiffs noticed two additional third-party document subpoenas on August 19, 2025. (Dkt. 154.)  As explained by plaintiffs in the parties' joint letter, dated August 11, 2025, there is no reason to extend the schedule beyond the approximately 30-day extension sought by plaintiffs. (Dkt. 153.)  Defendants' August 20 letter omits necessary context.

Neither of the two document subpoenas supports defendants' request.  Plaintiffs issued the subpoena to the publisher of The Journal of Clinical Investigation after weeks of unsuccessful efforts to obtain the same documents from its editor-in-chief, Elizabeth McNally, whom plaintiffs previously served with a subpoena on June 20.  Similarly, plaintiffs issued a subpoena to Francisco Partners as a direct result of their August 12 deposition of Cassava's CEO, Richard Barry, whose testimony shed new light on the role played by Sanford Robertson, Francisco Partners' former principal and Cassava's former director.  Plaintiffs intend to resolve both subpoenas expeditiously, without holding up depositions or otherwise delaying the discovery schedule.

As plaintiffs previously explained, defendants' lack of urgency throughout discovery is the primary reason any extension is necessary. (Dkt. 153 at 1-2.)  For example, on August 1, 8, 13, 18, and 20, plaintiffs asked Barbier's and Dr. Burns's counsel for their deposition availability in September; counsel did not even respond until an hour before filing their letter last night, stating only: "We have been and are continuing to discuss deposition availability [] with our clients. We hope to get you a response shortly."  At the same time, on August 13, plaintiffs offered multiple dates for Dr. Heilbut's deposition (the only remaining plaintiff to be deposed); defendants have yet to confirm a date.  Defendants' delay tactics should not be rewarded with an unnecessary and unreasonable 90-day extension.

Plaintiffs remain confident that—with defendants' cooperation—the parties can complete all fact discovery by their proposed deadline of October 3, 2025.  The parties have now taken a total of six depositions with two more on calendar in September and approximately 4-5 others

Hon. Ona T. Wang
August 21, 2025
Page 2 of 2

that still need to be calendared, including Burns and Barbier for whom plaintiffs have been requesting dates in September for three weeks to no avail.

      For these reasons, plaintiffs reiterate their request for an approximately 30-day extension, as set forth in their August 11 letter. (Dkt. 153.)

      We thank the Court for its attention to this matter and are available at the Court's convenience.

Respectfully submitted,

*/s/ Isaac B. Zaur*

Isaac B. Zaur

cc:   All parties/counsel of record (via ECF)