UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>              Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>              Intervenor-Plaintiffs,<br><br>           v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>              Defendants. | Case No. 1:24-cv-05948-JLR-OTW |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANTS REMI BARBIER AND LINDSAY BURNS
TO FILE UNDER SEAL A LIMITED PORTION OF A DISCOVERY LETTER MOTION**

**BAKER & HOSTETLER LLP**

Douglas W. Greene (*pro hac vice*)
45 Rockefeller Plaza-14th Floor
New York, New York 10111
Telephone:   212.589.4200
Facsimile:   212.589.4201
Email: dgreene@bakerlaw.com

*An Attorney for Defendants Remi Barbier
and Lindsay Burns*

**INTRODUCTION**

Pursuant to Rule VI.b. of the Court's Individual Practices, Defendants Remi Barbier and Lindsay Burns submit this motion to (i) file under seal an unredacted version of their letter motion requesting a pre-motion conference on their anticipated motion for a limited stay ("Request"); and (ii) publicly file a version of the Request with certain redactions ("Redacted Information").

**LEGAL STANDARD**

The right of public access to "judicial records is not absolute." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Rather, "[t]he weight of the presumption" of public access to judicial records "is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.*

In evaluating motions to seal, courts in this Circuit apply a three-step analysis. First, courts consider whether the "documents are judicial documents" to which the "common law presumption of access attaches." *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *1 (S.D.N.Y. Jan. 10, 2025). If they are, the court must then "determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Finally, the court must "balance competing considerations against" the presumption of access, including the "countervailing . . . privacy interests of those resisting disclosure." *Id.* at 120. "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

## ARGUMENT

**A.    There is a Low Presumption of Public Access to the Request.**

Here, the presumption of public access that attaches to the Request, a letter motion relating to the timing of certain fact witness depositions, is low. Indeed, as this Court has recognized: while "letter motions . . . 'may be judicial documents to which the presumption of public access may apply,'" "a low presumption of public access attaches" when such materials are related to discovery. *OpenAI*, 2025 WL 66500, at *2-3. Accordingly, "the reasons" for sealing discovery-related material "need not be as compelling as those required to seal" pleadings or dispositive filings, which are essential to the Court's Article III functions. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

The reasons for sealing the Redacted Information here easily overcome the low standard applicable to discovery-related materials.

**B.    The Redacted Information Concerns Sensitive, Personal, and Intimate Information as to Mr. Barbier and Dr. Burns.**

As discussed in the supporting memorandum filed concurrently under seal here, the Redacted Information concerns sensitive, personal, and intimate information as to Mr. Barbier and Dr. Burns, which also otherwise qualifies as "Confidential Information" under Section 3(c) of the Protective Order. Moreover, Mr. Barbier and Dr. Burns have previously designated similar information provided in discovery as "Confidential" under the Protective Order. *OpenAI*, 2025 WL 66500, at *3 (sealing information designated "Confidential" under protective order).

**C.    Premature Disclosure of the Redacted Information May Affect Mr. Barbier and Dr. Burns's Rights to a Fair Trial.**

As discussed in the supporting memorandum filed concurrently under seal here, "premature" and public disclosure of the Redacted Information may affect Mr. Barbier's and Dr.

Burns's "rights . . . to a fair trial." *United States v. Ferguson*, 2008 WL 113654, at *1 (D. Conn. Jan. 5, 2008).

### D.   The Redacted Information is Narrowly Tailored to Protect Mr. Barbier's and Dr. Burns's Rights and Interests.

Mr. Barbier and Dr. Burns only seek to redact four sentences in the Request that specifically pertain to the sensitive and personal information discussed in the supporting memorandum filed under seal concurrently here. Accordingly, the Redacted Information is "narrowly tailored to serve" Mr. Barbier's and Dr. Burns's rights and interests. *Lugosch*, 435 F.3d at 120.

### CONCLUSION

For these reasons, Mr. Barbier and Dr. Burns respectfully request that the Court seal and maintain the redactions to their request for a pre-motion conference on their anticipated motion for a limited stay and extension of the fact discovery deadline.

Dated:  September 26, 2025　　　　　　　　　Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*
Douglas W. Greene (*pro hac vice*)
45 Rockefeller Plaza-14th Floor
New York, New York 10111
Telephone:  212.589.4200
Facsimile:   212.589.4201
Email: dgreene@bakerlaw.com

*An Attorney for Defendants Remi Barbier and Lindsay Burns*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Civil Rule 7.1(c), I hereby certify that on September 26, 2025, I electronically filed the foregoing document. As measured by the word processing system used to prepare it, the memorandum has a word count of 689 and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

BAKER & HOSTETLER LLP

By: /s/ *Douglas W. Greene*
      Douglas W. Greene