UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>                    Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>                    Intervenor-Plaintiffs,<br><br>          v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>                    Defendants. | Case No. 1:24-cv-05948-JLR-OTW<br><br>**FILED UNDER SEAL** |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANTS REMI BARBIER AND LINDSAY BURNS
TO FILE UNDER SEAL A LIMITED PORTION OF A DISCOVERY LETTER MOTION**

**BAKER & HOSTETLER LLP**

Douglas W. Greene (*pro hac vice*)
45 Rockefeller Plaza-14th Floor
New York, New York 10111
Telephone:    212.589.4200
Facsimile:    212.589.4201
Email: dgreene@bakerlaw.com

*An Attorney for Defendants Remi Barbier
and Lindsay Burns*

## INTRODUCTION

Pursuant to Rule VI.b. of the Court's Individual Practices, Defendants Remi Barbier and Lindsay Burns submit this sealed Supplemental Memorandum of Law in support of their motion for leave to (i) file under seal an unredacted version of their letter motion requesting a pre-motion conference on their anticipated motion for a limited stay ("Request"); and (ii) publicly file a version of the Request with certain redactions ("Redacted Information").

As discussed herein, the Redacted Information comprises four sentences relating to the potential impact of the government's upcoming trial against non-party Dr. Hoau-Yan Wang—*i.e.*, the possibility that uncertainty related to the outcome of that criminal trial may lead Mr. Barbier and Dr. Burns to invoke their Fifth Amendment privilege if they are compelled to testify prior to the resolution of the Dr. Wang's trial.

The extreme sensitivity of the Redacted Information to Mr. Barbier and Dr. Burns, and the "annoyance, embarrassment, oppression, or undue burden" that would result from its public disclosure, far outweighs the "low" presumption of public access to the Redacted Information. Fed. R. Civ. P. 26(c)(1); *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025). Indeed, the Redacted Information clearly qualifies as "Confidential Information" under the Protective Order. *See* ECF 124.

Accordingly, Mr. Barbier and Dr. Burns respectfully request that the Court seal the minimal Redacted Information contained in their Request.

## LEGAL STANDARD

The right of public access to "judicial records is not absolute." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Rather, "[t]he weight of the presumption" of public access to judicial records "is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information

1

to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.*

In evaluating motions to seal, courts in this Circuit apply a three-step analysis. First, courts consider whether the "documents are judicial documents" to which the "common law presumption of access attaches." *OpenAI*, 2025 WL 66500, at *3. If they are, the court must then "determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Finally, the court must "balance competing considerations against" the presumption of access, including the "countervailing . . . privacy interests of those resisting disclosure." *Id.* at 120. "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Additionally, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1).

Here, Mr. Barbier's and Dr. Burns's privacy interests far outweigh any presumption of public access to the Redacted Information.

## ARGUMENT

### A. There is a Low Presumption of Public Access to Discovery Documents.

"Generally, 'a court's authority to oversee discovery and control the evidence introduced at trial . . . constitutes an exercise of judicial power . . . ancillary to the court's core role in adjudicating cases[.]" *OpenAI*, 2025 WL 66500, at *2. Accordingly, "a low presumption of public access attaches" to "documents [that] are related to discovery." *Id.* at *3. Indeed, this Court recently concluded that a low presumption of public access applies to discovery letter motions. *Id.*

Because the Request is a discovery letter motion, and is otherwise "ancillary to the court's core role in adjudicating a case," the presumption of public access is "low," and the "reasons" for

sealing "need not be as compelling as those required to seal" pleadings or dispositive filings. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

As explained here, Mr. Barbier's and Dr. Burns's competing privacy interests far outweigh the "low" presumption of public access to the minimal Redacted Information in the Request.

**B.    The Redacted Information Concerns Sensitive Information and Otherwise Constitutes Confidential Information under the Protective Order.**

The Redacted Information relates to the potential impact of Dr. Wang's criminal trial on Mr. Barbier's and Dr. Burns's forthcoming deposition testimony, including the potential that they may invoke their Fifth Amendment right against self-incrimination if they are compelled to testify before resolution of Dr. Wang's trial.

It is well-known that the public widely (and incorrectly) perceives invocations of the Fifth Amendment, particularly by senior corporate executives, as admissions of guilt. *See, e.g.*, Matthew Schwarz and Nick Barnaby, "The Fifth Amendment Is for Innocent People, Too," *BoiesSchiller* (Jan. 10, 2020), https://www.bsfllp.com/news-events/the-fifth-amendment-is-forinnocent- people-too.html ("[T]he commonly-held wisdom is that prominent public figures, senior corporate executives especially, face professional ruin if they invoke their Fifth Amendment rights and in doing so essentially admit guilt."); Joseph Fawbush, Esq., "Is 'Pleading the Fifth' an Admission of Guilt?" *FindLaw* (Aug. 19, 2022), https://www.findlaw.com/legalblogs/law-andlife/ is-pleading-the-fifth-an-admission-of-guilt/ ("[T]he public tends to perceive taking the fifth as an admission of guilt."). And Mr. Barbier and Dr. Burns have been subjected to constant negative media scrutiny related to the allegations in this case and the related government investigations. For instance, *STAT+*, a popular life sciences, biopharma, and medical publication, has been publishing

negative articles about Mr. Barbier and Dr. Burns on a near-monthly basis for nearly a year,[1] and the investigations and litigations have also been widely (and negatively) covered by the *New York Times*, *Yahoo*,[2] *Reuters*,[3] *BioSpace*,[4] and *FierceBiotech*.[5]

Because public disclosure of Mr. Barbier's and Dr. Burns's potential Fifth Amendment invocations are almost certain to be picked up by the media, such disclosure would unnecessarily and unfairly create an assumption of their guilt in the public domain. Accordingly, it is indisputable that public disclosure of Mr. Barbier's and Dr. Burns's potential invocation of the Fifth Amendment would create a significant and very real risk of "harm to the business, commercial,

---

[1] Adam Feuerstein, "With resignations of top leaders, Cassava Sciences exposes a dark, ugly corner of the Alzheimer's disease world," *STAT+* (July 17, 2024), https://www.statnews.com/2024/07/17/cassava-sciences-alzheimers-resignations/; Jonathan Wosen, "Cassava Sciences and former execs, facing SEC charges for misleading claims, agree to fines," *STAT+* (Sept. 26, 2024), https://www.statnews.com/2024/09/26/cassava-sciences-and-former-execs-sec-charges-misleading-claims-agree-to-fines/; Adam Feuerstein, "Worst Biopharma CEO of 2024? It's no contest Remi Barbier, the former CEO of Cassava Sciences, had a very bad year," STAT+ (Dec. 18, 2024), https://www.statnews.com/2024/12/18/worst-biopharma-ceo-2024-remi-barbier-cassava-sciences/.

[2] Vandana Singh, "SEC Charges Cassava Sciences Over Manipulated Alzheimer's Trial Data, Company And Former Execs Agree To Pay Penalty," *Yahoo!* (Sept. 27, 2024), https://finance.yahoo.com/news/sec-charges-cassava-sciences-over-122803570.html.

[3] Jonathan Stempel, "Cassava Sciences must face malicious prosecution lawsuit over Alzheimer's drug," *Reuters* (Mar. 26, 2025), https://www.reuters.com/business/healthcare-pharmaceuticals/cassava-sciences-must-face-malicious-prosecution-lawsuit-over-alzheimers-drug-2025-03-26/; Reuters, "Cassava Sciences shares fall after SEC charges for misleading Alzheimer's drug trial claims," *Reuters* (Sept. 26, 2024), https://www.reuters.com/business/healthcare-pharmaceuticals/us-charges-cassava-sciences-two-former-executives-misleading-claims-about-2024-09-26/.

[4] Tristan Manalac, "Cassava Execs Step Down Amid DOJ Probe of Possible Alzheimer's Drug Fraud," BioSpace (July 18, 2024), https://www.biospace.com/business/cassava-execs-step-down-amid-doj-probe-of-possible-alzheimers-drug-fraud.

[5] Ben Adams, "Cassava CEO, 'dazed and confused,' takes to biotech defense handbook by blaming short sellers for woes," *FierceBiotech* (Sept. 3, 2021), https://www.fiercebiotech.com/biotech/cassava-ceo-dazed-and-confused-takes-to-biotech-defense-handbook-blames-short-sellers-for.

financial [and] personal interests" of Mr. Barbier and Dr. Burns, and otherwise concerns "information of a personal or intimate nature." *See* Protective Order (ECF 124), ¶3(c) (defining "Confidential Information"). For these reasons, the Redacted Information constitutes "Confidential Information" under the Protective Order, [6] and there is otherwise good cause to seal the redacted information. Fed. R. Civ. P. 26(c)(1).

### C. Premature Disclosure of the Redacted Information May Affect Barbier's and Burns's Rights to a Fair Trial.

The Court should grant the motion to seal for the additional reason that "premature" disclosure of the Redacted Information "may affect" Mr. Barbier's and Dr. Burns's "rights . . . to a fair trial." *United States v. Ferguson*, 2008 WL 113654, at *1 (D. Conn. Jan. 5, 2008). Indeed, courts in this Circuit have found that "[d]eclining to answer questions during civil litigation based on one's Fifth Amendment rights . . . can lead to an adverse inference being drawn against the party invoking the privilege." *In re Drummon*, 2025 WL 1327191, at *8 (S.D.N.Y. May 7, 2025).

---

[6] For these reasons, Mr. Barbier and Dr. Burns have designated their discovery responses discussing their Fifth Amendment invocations as "Confidential" under the Protective Order, including:

1. Mr. Barbier's March 3, 2025 Objections and Responses to Plaintiffs Heilbut, Brodkin, and Milioris's First Set of Requests for Production of Documents.
2. Dr. Burns's March 3, 2025 Objections and Responses to Plaintiffs Heilbut, Brodkin, and Milioris's First Set of Requests for Production of Documents.
3. Mr. Barbier's March 3, 2025 Objections and Responses to Intervenor-Plaintiffs Bredt and Pitt's First Set of Interrogatories.
4. Dr. Burns's March 3, 2025 Objections and Responses to Intervenor-Plaintiffs Bredt and Pitt's First Set of Interrogatories.
5. Mr. Barbier's March 3, 2025 Objections and Responses to Intervenor-Plaintiffs Bredt and Pitt's First Set of Requests for Production of Documents.
6. Dr. Burns's March 3, 2025 Objections and Responses to Intervenor-Plaintiffs Bredt and Pitt's First Set of Requests for Production of Documents.

Here, the Redacted Information concerns Mr. Barbier's and Dr. Burns's *potential* invocation of the Fifth Amendment in the near future, which may not come to pass. Premature disclosure of these potential invocations may cause Plaintiffs to improperly seek an adverse inference against Mr. Barbier and Dr. Burns, or may otherwise be improperly construed by a jury as supporting an adverse inference. Moreover, given that Mr. Barbier and Dr. Burns may not invoke their Fifth Amendment rights in their upcoming depositions, premature public disclosure of their potential invocations would needlessly harm and prejudice them. Accordingly, the Court should grant the motion to seal in order to prevent premature disclosure of this potentially prejudicial information, and to preserve Mr. Barbier's and Dr. Burns's right to a fair trial.

### D. The Redacted Information is Narrowly Tailored to Protect Mr. Barbier's and Dr. Burns's Rights and Interests.

Mr. Barbier and Dr. Burns only seek to redact four sentences in the Request that specifically pertain to the sensitive and personal information detailed here. Accordingly, the Redacted Information is "narrowly tailored to serve" Mr. Barbier's and Dr. Burns's rights and interests. *Lugosch*, 435 F.3d at 120.

### CONCLUSION

For the foregoing reasons, Mr. Barbier and Dr. Burns respectfully request that the Court grant their motion for leave to file under seal.

Dated: September 26, 2025                              Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*

Douglas W. Greene (*pro hac vice*)
45 Rockefeller Plaza-14th Floor
New York, New York 10111
Telephone:  212.589.4200
Facsimile:   212.589.4201
Email: dgreene@bakerlaw.com

*An Attorney for Defendants Remi Barbier and
Lindsay Burns*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)</u>

Pursuant to Local Civil Rule 7.1(c), I hereby certify that on September 26, 2025, I electronically filed the foregoing document. As measured by the word processing system used to prepare it, the memorandum has a word count of 1,702 and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

BAKER & HOSTETLER LLP

By:    /s/ *Douglas W. Greene*
Douglas W. Greene