# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 26, 2025

Douglas W. Greene
direct dial: 212.847.7090
dgreene@bakerlaw.com

**VIA ECF AND EMAIL | FILED UNDER SEAL**

Honorable Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

**Re:** *Request for Pre-Motion Conference on Defendants' Motion for a Limited Stay*
Case No: 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

Pursuant to Your Honor's Individual Practices, Defendants Remi Barbier and Lindsay Burns respectfully request a pre-motion conference to discuss their anticipated motion for a limited stay to allow the depositions of Mr. Barbier, Dr. Burns, and non-party Dr. Hoau-Yan Wang to occur at reasonable and mutually agreeable times after the resolution of the government's trial against Dr. Wang. *See U.S. v. Wang*, No. 8:24-CR-211 (D. Md.). Because the *Wang* trial is scheduled to begin on October 20, 2025 and end on November 4, 2025, Defendants request that the current October 28, 2025 fact discovery deadline be stayed and extended to December 19, 2025, for the sole purpose of allowing these three depositions to occur after the resolution of the *Wang* trial.

On September 25, 2025, counsel for the Parties conferred by teleconference regarding Defendants' anticipated motion. Plaintiffs oppose Defendants' motion.

**I.   Background**

This case concerns Defendant Cassava Science's development of simufilam, an exploratory drug for the treatment of Alzheimer's. Mr. Barbier is Cassava's former CEO, and Dr. Burns is Cassava's former Senior Vice President of Neuroscience. Dr. Wang is a former professor at City University of New York, who discovered and published papers explaining the mechanism of action behind simufilam (along with Dr. Burns), and who played a significant role in the underlying research and trials.

Hon. Ona T. Wang
September 26, 2025
Page 2

On November 11, 2022, Cassava filed suit against Plaintiffs in this action (and others) for defamation. *Cassava Sciences, Inc. v. Bredt, et al.*, No. 1:22-CV-9409 (S.D.N.Y.). The complaint alleged that Plaintiffs published defamatory statements against Cassava in connection with the development of simufilam. *Id.*, ECF 120, ¶ 7. These statements included that: (1) Cassava and Dr. Wang committed "scientific fraud"; (2) Cassava and Dr. Wang "lied" about having the original Western blots and other data supporting their findings; (3) Cassava and Dr. Wang "faked" or "manipulated" Western blot images and other data; (4) the science behind simufilam was "fabricated"; and (5) Mr. Barbier and Dr. Wang could "go to jail." *E.g., id.* ¶¶ 159, 176, 255, 444, 459. On August 14, 2024, Cassava voluntarily dismissed the action. *Id.*, ECF 142.

On June 28, 2024 Dr. Wang was criminally indicted. *Wang*, ECF 1 ("Indictment"). The Indictment alleged that, between 2015 and 2023, Dr. Wang "caused to be submitted . . . grant proposals to the [National Institute of Health]" for the development of simufilam that included allegedly manipulated or otherwise fabricated data. *Id.* ¶¶ 10, 14. According to the Indictment, Dr. Wang made "materially false, fraudulent, and misleading statements" to the NIH and scientific journals about "his scientific research . . . including the truth and accuracy of the images and information provided as representations of the underlying scientific experiments;" "manipulat[ed] data and images of Western blots"; and "failed to keep original scientific data." *Id.* ¶14.

On August 6, 2024, Plaintiffs filed this action asserting Anti-SLAPP claims against Cassava. On October 24, 2024, Plaintiffs filed an Amended Complaint ("AC"), adding claims for malicious prosecution and conspiracy against Mr. Barbier and Dr. Burns. ECF 9. The AC is largely premised on allegations against Dr. Wang, including the fact of his criminal indictment. For instance, Plaintiffs allege that Cassava, Mr. Barbier, and Dr. Burns acted in "bad faith in commencing and continuing the defamation action," and that this bad faith is corroborated by the allegations in the *Wang* Indictment. *E.g.,* AC ¶¶ 3, 5, 9, 10, 77, 136, 201, 208, 210-11.

On August 22, 2025, the Court extended all discovery deadlines to October 28, 2025, and scheduled a status conference for the same day to discuss "what discovery has been done, what discovery remains, and how [the Parties] plan to complete that discovery in a timely manner, as well as whether a further extension of discovery is required." ECF 156. On September 17, Plaintiffs served notice of a subpoena to Dr. Wang for deposition. Plaintiffs have proposed, but not confirmed, October 6 for Dr. Wang's deposition. On September 22, Plaintiffs noticed Dr. Burns and Mr. Barbier for deposition, and proposed October 16 and 17 as depositions dates.

## II.   Basis of the Motion

District courts have the inherent power to issue a stay when it would serve the interests of justice. *SEC v. Ahmed*, 2025 WL 958732, *3 (S.D.N.Y. Mar. 31, 2025). In determining whether to stay a civil proceeding pending resolution of an ongoing criminal proceeding, courts consider: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case; 3) the private interests of and burden on the defendants; 4) the private interests of the plaintiffs; 5) the interests of the courts; and 6) the public interest." *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 2015 WL 14023658, *2 (S.D.N.Y. Aug. 21, 2015). Here, each factor weighs in favor of a limited stay to allow for Mr. Barbier's, Dr. Burns's, and Dr. Wang's depositions to take place after the resolution of the *Wang* trial.

Hon. Ona T. Wang
September 26, 2025
Page 3

**Factor 1: Overlap**. There is significant overlap between the issues in this case and the *Wang* action. At its core, the AC claims that Mr. Barbier and Dr. Burns: "knew" that "the foundational scientific claims supporting simufilam"—discovered by Dr. Wang—"were widely contested among the scientific community"; "lacked original records or data"—generated and kept by Dr. Wang—"capable of refuting Plaintiffs' statements that the data presented by Defendants appeared to be fabricated or manipulated"; "knew" that "Dr. Wang's laboratory was 'unacceptable' and failed to retain any original records or data"; and "knew" that "the clinical studies supporting simufilam were tainted by egregious research misconduct"—including, and primarily, by Dr. Wang. AC ¶¶ 3, 10, 40-42, 96, 115-82.

Moreover, Plaintiffs invoke Dr. Wang's Indictment as support for their claims against Mr. Barbier and Dr. Burns, and recently subpoenaed Dr. Wang for deposition. *E.g.,* AC ¶¶ 3, 5, 9, 10, 77, 136, 201, 208, 210-11.

Dr. Wang is thus a "central figure" to this litigation and the criminal proceedings against him "arise from the same facts and involve nearly identical issues," all of which warrants a stay. *SEC v. Blaszczak*, 2018 WL 301091, *2 (S.D.N.Y. Jan. 3, 2018); *see also CodeSmart*, 2015 WL 14023658, *2-3 (granting stay where a "central figure" to the civil case was criminally indicted and there were "several overlapping issues between" the civil and criminal proceedings) (collecting cases); *Weidinger v. Djokic*, 2023 WL 4106274, *4 (S.D.N.Y. June 21, 2023) (similar).

**Factor 2: Status of the Criminal Action**. The imminence of Dr. Wang's criminal trial also weighs in favor of a stay. *E.g., Pullman v. Collins*, 2025 WL 1004731, *4 (S.D.N.Y. Apr. 3, 2025); *CodeSmart*, 2015 WL 14023658, *3.

**Factors 3 & 4: Parties' Interests**. Plaintiffs would not be prejudiced by the requested stay because it is "limited in time by virtue of the [imminent] criminal trial" of Dr. Wang. *Pullman*, 2025 WL 1004731, *4; *see also Gustave v. City of N.Y.*, 2010 WL 3943428, *3 (E.D.N.Y. Oct. 6, 2010). Because it is unlikely that Dr. Wang will appear for deposition before his criminal trial, Plaintiffs could also benefit from the requested stay.

A limited stay would also avoid unnecessary burden on Defendants. If Mr. Barbier and Dr. Burns are deposed prior to the conclusion of Dr. Wang's trial, the uncertainty of the outcome of that trial could reasonably lead Mr. Barbier and Dr. Burns to invoke the Fifth Amendment privilege at their depositions. Depending on the nature of the evidence presented at the trial and its result, they may well then decide to testify, but only after Dr. Wang's criminal trial. It would be far more fair and efficient to avoid this two-step process and simply set their depositions for after the conclusion of Dr. Wang's trial in the first instance.

**Factor 5: Judicial Economy**. A limited stay pending resolution of Dr. Wang's trial promotes judicial economy because it "has the very real potential, given the significant overlap" with this litigation, "to help illuminate the issues here," and could "contribute significantly to the narrowing of issues in dispute." *CodeSmart*, 2015 WL 14023658, *4; *Weidinger*, 2023 WL 4106274, *4. Because Dr. Wang will likely not appear for deposition before his criminal trial, the requested stay would afford Plaintiffs the opportunity to depose Dr. Wang after the criminal trial. Moreover, a limited stay would prevent the two-step process of Mr. Barbier and Dr. Burns

Hon. Ona T. Wang
September 26, 2025
Page 4

testifying both before and again after Dr. Wang's trial. *See S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (granting stay of depositions to prevent "havoc with the orderly conduct of" depositions).

    ***Factor 6: Public Interest***: Granting this limited stay "will not inordinately prolong the civil case and [] the criminal prosecution could provide some benefit to [this action] and advance public interests." *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1141 (S.D.N.Y. 1995).

* * *

    For these reasons, Mr. Barbier and Dr. Burns request a pre-motion conference regarding their anticipated motion for a limited stay.

    Respectfully submitted,

Douglas W. Greene
Partner

cc: All counsel of record via email