UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,

    Plaintiffs,

DAVID BREDT and GEOFFREY PITT,

    Intervenor-Plaintiffs,

    v.

CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,

    Defendants.

Case No. 1:24-cv-05948-JLR-OTW

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANTS REMI BARBIER AND LINDSAY BURNS TO FILE UNDER SEAL A LIMITED PORTION OF A DISCOVERY LETTER MOTION**

CLARICK GUERON REISBAUM LLP
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
212-633-4310

LAW OFFICE OF DANIEL F. WACHTELL
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954

*Attorneys for Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris*

Pursuant to Rule VI.b of the Court's Individual Practices, plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris submit this Memorandum of Law in opposition to individual defendants' Lindsay Burns and Remi Barbier's motion for leave to file Dkt. 162 under seal (Dkt. 158).

## PRELIMINARY STATEMENT

There is no basis to seal any portion of individual defendants' Dr. Burns's and Mr. Barbier's pre-motion letter seeking a stay of discovery in order to allow them to add an extension to the fact discovery deadline. (Dkt. 162.) The individual defendants cite no authority to support the notion that a person's potential decision to invoke their right against self-incrimination is entitled to the heightened degree of confidentiality sufficient to justify sealing of a judicial document. And indeed, that position is without legal foundation. The application also makes no logical sense, because Dr. Burns and Mr. Barbier already have publicly invoked the Fifth Amendment in connection with their answers to plaintiffs' pleadings over a hundred times each.

## LEGAL ARGUMENT

There is no legal or logical basis for Dr. Burns' and Mr. Barbier's motion to seal their own contemplated modification of the scope of their Five Amendment invocation after the criminal trial of Cassava's and Dr. Burns's research collaborator Dr. Hoau-Yan Wang.

Motions to seal "must be 'carefully and skeptically review[ed] ... to [e]nsure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018). That is because "[t]he common law and the First Amendment accord a presumption of public access to judicial documents." *In re Lifetrade Litig.*, No. 17CV2987, 2023 WL 6211958, at *1 (S.D.N.Y. Sept. 25, 2023). Accordingly, when considering a motion to seal, the court will conduct a three-part analysis determining (i) whether the document is in fact a judicial document, (ii) the weight of

2

the presumption of access, and (iii) whether there are "specific, on the record findings" that sealing is necessary "to preserve higher values" and is "narrowly tailored to serve that interest." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386, 2023 WL 5054602, at *1 (S.D.N.Y. Aug. 8, 2023). The court will seal the document only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Id.* at *2. "The party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted." *Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016).

Facts that are already public are generally not subject to sealing. Indeed, "repeated prior public disclosure" of information that a movant wishes to seal "is fatal to his sealing motion." *In re Tel. Media Grp. Ltd.*, No. 23-MC-215, 2023 WL 5770115, at *6 (S.D.N.Y. Sept. 6, 2023) (rejecting motion to seal where details had "already been disclosed to the public, including by means of . . . [movant's] public filings"); *Kairam v. W. Side GI, LLC*, No. 118CV01005, 2018 WL 6712723, at *1 (S.D.N.Y. Nov. 29, 2018) ("The Court finds that Defendant has not met its burden to justify sealing this information, which in any case would remain public as it is discussed in the Court's Report and Recommendation"); *see also Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407, 2020 WL 3791865, at *11 (E.D.N.Y. July 7, 2020) ("In light of the information that is already publicly available in the MDL and in Lens.com's First Amended Answer, Alcon cannot be said to be at risk of suffering competitive harm from disclosure of the same or comparable information here").

Here, Dr. Burns and Mr. Barbier claim that the references in their letter to their potential invocation of the Fifth Amendment should be sealed because "public disclosure of [their] potential Fifth Amendment invocations are almost certain to be picked up by the media" and that "such disclosure would unnecessarily and unfairly create an assumption of their guilt in the

3

public domain." Dkt. 160 at 4.  But, Dr. Burns and Mr. Barbier have already publicly disclosed that they are broadly invoking the Fifth Amendment in this action, in multiple public pleadings:

- On April 9, 2025, Dr. Burns and Mr. Barbier filed their initial answers to plaintiffs' and intervenor-plaintiffs' first amended complaints.  Dkt. 93-96.  In each of those pleadings, Dr. Burns and Mr. Barbier invoked their "Fifth Amendment right not to respond" *hundreds of times*.  See Dkt. 93 (Burns invoking Fifth Amendment 136 times), 94 (Barbier invoking Fifth Amendment 137 times), 95 (Burns invoking Fifth Amendment 25 times), 96 (Barbier invoking Fifth Amendment 26 times).

- On April 23, 2025, Dr. Burns and Mr. Barbier refiled their initial answers, which contained the same invocations.  Dkt. 102-103.  On April 30, 2025, Dr. Burns and Mr. Barbier filed amended answers to plaintiffs' and intervenor-plaintiffs' first amended complaints.  Dkt. 107-110.  Again, defendants robustly invoked their Fifth Amendment.  Dkt. 107 (Burns invoking Fifth Amendment 54 times), 108 (Barbier invoking Fifth Amendment 55 times), 109 (Burns invoking Fifth Amendment twice), 110 (Barbier invoking Fifth Amendment twice).

Hence, Dr. Burns and Mr. Barbier have already made "repeated prior public disclosure[s]" of their invocation of the Fifth Amendment in this action.  These invocations, among other things, touched specifically upon Dr. Burns' and Mr. Barbier's relationships and work with Dr. Wang; for example, Dr. Burns' role as Dr. Wang's collaborator regarding "the unprecedent[ed] claim that Alzheimer's disease was associated with a misfolded conformation of filamin-A, and that simufilam could restore the filamin-A to its native shape."  Dkt. 107 at 34; Dkt. 108 at 34; *see also* Dkt. 9 at 34 (First Amended Complaint).

More recently, defendants noted in a joint submission to the Court on August 11 that "the timing and outcome of Dr. Wang's trial will have direct implications on fact discovery." Dkt. 153 at 2. Defendant Cassava Sciences, Inc. added the possibility that Plaintiffs could "seek an adverse inference from any assertion by any witness of their Fifth Amendment privilege in advance of Dr. Wang's criminal trial," clearly referencing Dr. Burns and Mr. Barbier—who had not been deposed yet and who had invoked the Fifth Amendment privilege at length. *Id.* at 3.

For these reasons, Dr. Burns' and Mr. Barbier's claims that further disclosure of the potential that they may invoke the Fifth Amendment will newly "create an assumption of their guilt" are hardly credible. Dkt. 160 at 5. Their actual Fifth Amendment invocations regarding the same topics have already been disclosed, and the potential that they may invoke (or modify the scope of their invocations of) the Fifth Amendment based on their inferences from the DOJ's presentation of evidence at Dr. Wang's criminal trial will not add to that disclosure in any protectible sense. To be blunt: Any risk that the public will infer or assume their guilt by virtue of their invocation of the Fifth Amendment has already been realized.

Dr. Burns and Mr. Barbier also argue that the disclosure of their potential invocations "are almost certain to be picked up by the media," as support for their claim to privacy interests outweighing the presumption of public access. Not only is their anxiety unreasonable—given that they have already disclosed their Fifth Amendment invocations—but it is also not grounds for sealing. *Gucci Am., Inc. v. Guess?*, Inc., No. 09 CIV 4373, 2010 WL 1416896, at *2 (S.D.N.Y. Apr. 8, 2010) ("[A] 'generalized concern of adverse publicity' is not a sufficiently compelling reason to outweigh the presumption of access.").

Finally, Dr. Burns and Mr. Barbier claim that their redactions constitute Confidential Information under the Protective Order, ECF 124, and that status justifies sealing. They again

miss the mark. The law is clear that confidentiality designation under an action's protective order is irrelevant to whether that "confidential" information should be sealed. *In re Tel. Media Grp. Ltd.*, No. 23-MC-215, 2023 WL 5770115, at *6 (S.D.N.Y. Sept. 6, 2023) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order ... that same material might not overcome the presumption of public access once it becomes a judicial document."); *White v. Cnty. of Suffolk*, No. 20-CV-1501, 2024 WL 2274450, at *5 (E.D.N.Y. May 20, 2024) ("[t]he fact that a document is restricted by a protective order 'has no bearing on the presumption of access that attaches when it becomes a judicial document.'").

## CONCLUSION

For all of these reasons, plaintiffs respectfully submit that defendants' motion to seal be denied.

Dated: October 1, 2025
New York, New York

CLARICK GUERON REISBAUM LLP

By: */s/ Isaac B. Zaur*
Isaac B. Zaur
David Kumagai
Amanda J. Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
212-633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com
awong@cgr-law.com

LAW OFFICE OF DANIEL F. WACHTELL
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954
dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris*

6