

**Isaac B. Zaur**

izaur@cgr-law.com
Direct: 212.633.4314

**Via ECF**                                                          October 14, 2025

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  Letter-Motion for Pre-Motion Discovery Conference to Compel Individual
>      Defendants' Production of Financial Documents

Dear Judge Wang:

Pursuant to Rule IV.b of Your Honor's Individual Rules of Practice, plaintiffs respectfully request a pre-motion conference to address defendants Remi Barbier's and Dr. Lindsay Burns's refusal to produce financial documents relevant to punitive damages.  Counsel met and conferred by telephone on October 7, 2025, but were unable to resolve this dispute.

Background

In order to determine the appropriate scope of punitive damages, plaintiffs requested that the individual defendants produce the following five categories of documents:

1. All federal tax returns filed on Your behalf between 2021 and present day.

2. Documents and communications sufficient to show Your current net worth, including all assets, liabilities, or income that You share as a co-owner or co-debtor with others. Your current net worth constitutes Your current total assets less Your current total liabilities.

3. Documents and communications sufficient to show all Your current sources of income, payments, remuneration, compensation, or financial benefit.

4. Documents sufficient to show all income, payments, remuneration, compensation, or financial benefit of any kind received by You in connection with Your roles at Cassava Sciences, Inc. and your investments in Cassava Sciences, Inc.

5. All documents and communications concerning Your assets, liabilities, or net worth that You have previously produced in any other litigation, investigation, or proceeding, including the securities action, *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.).

(Exhibit A (Plaintiffs' Second Set of RFPs to Defendants Barbier and Burns) ("Requests").)

Hon. Ona T. Wang
Oct. 14, 2025
Page 2 of 3

In response to each request, Barbier and Burns stated: "Barbier and Burns will not produce documents in response to this Request." (Exhibit B (Responses and Objections to Plaintiffs' Second Set of RFPs) ("R&Os") at 6-9.) Barbier and Burns objected to all five requests on the grounds that they ostensibly (i) are "overly broad, vague, ambiguous, and unduly burdensome"; (ii) seek "irrelevant" documents; (iii) are "oppressive, annoying, and/or harassing"; and (iv) are "premature at this stage in the litigation." (*Id.*) Barbier and Burns also objected that RFP 4 seeks information "in the public domain or otherwise equally or more available to Plaintiffs or their counsel" (*id.* at 8); and that RFP 5 "seeks the noncompliant disclosure of confidential materials" under the protective order in the Securities Action (*id.* at 9).

In the course of the parties' October 7 call, plaintiffs' counsel explained the relevance of the requested documents to punitive damages. (*See* Dkt. 9, FAC, Prayer E; *see also* N.Y. Civ. Rights L. § 70-a (1)(c).) Barbier and Burns's counsel responded that their primary objection is that the requests are premature at this stage of the case, prior to any summary judgment motions and any determination of liability. (Counsel declined to say whether they intended to move for summary judgment or a bifurcation of trial into liability and damages phases.) All counsel acknowledged that the timing of such discovery is within the discretion of the trial court.[1]

<u>Argument</u>

It is well established that plaintiffs seeking punitive damages may offer evidence of a defendant's wealth under the theory that a larger monetary penalty is required to punish a wealthier defendant. *See Sohnen v. Charter Commc'ns, Inc.*, 761 F. Supp. 3d 556, 576 (E.D.N.Y. 2025) (collecting cases). Indeed, there is no real dispute over the relevance of the requested financial documents.

The weight of authority favors the production of such information during fact discovery. *See, e.g., United States v. Cline*, No. 1:24-cv-045, 2025 WL 1273407, at *1 (N.D.N.Y. Apr. 29, 2025) (ordering production of financial documents during fact discovery); *Equal Emp. Opportunity Comm'n v. Frontier Hot-Dip Galvanizing, Inc.*, No. 16-cv-0691V, 2023 WL 4999831, at *5 (W.D.N.Y. Aug. 4, 2023) (same, because "pre-trial discovery of defendants' financial information is most efficient"); *Spin Master Ltd. v. Bureau Veritas Consumer Products*, No. 08-cv-923, 2016 WL 690819, at *18 (W.D.N.Y. Feb. 22, 2016) (same); *One Source Env't, LLC v. M+W Zander, Inc.*, No. 12-cv-145, 2014 WL 5090855, at *6 (D. Vt. Oct. 9, 2014) (same); *Hazeldine v. Beverage Media, Ltd.*, No. 94-cv-3466, 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) (same); *see also Patient A v. Vt. Agency of Hum. Servs.*, 2016 WL 880036, at *2 (D. Vt. Mar. 1, 2016) ("the vast majority of federal district courts which have addressed the discoverability of financial information before a claim for punitive damages has been clearly established have held that such information is discoverable") (quoting *Christy v. Ashkin*, 972 F. Supp. 253, 253 (D. Vt. 1997)); *Searcy v. Esurance Ins. Co.*, No. 15-cv-00047, 2015 WL 9216573, at *1 (D. Nev. Dec. 16, 2015) ("The majority approach is that a plaintiff is not required

---

[1] At the request of plaintiffs' counsel, Barbier and Burns's counsel subsequently agreed to remove their "confidential" designation from the R&Os.

Hon. Ona T. Wang
Oct. 14, 2025
Page 3 of 3

to make a *prima facie* showing of merit on its punitive damages claim before permitting discovery of a defendant's net worth.").

The production of financial documents during discovery certainly is the most efficient approach. It allows plaintiffs to build their case for punitive damages in advance of trial; and any sensitivity or confidentiality concerns can be addressed, as appropriate, through a protective order like the one already entered in this case (*see* Dkt. 124). *See, e.g., Cline*, 2025 WL 1273407, at *1; *One Source Env't,* 2014 WL 5090855, at *6. This is especially so where, as here, defendants never sought a bifurcation of liability and damages discovery. *See Su v. Kwiat Eye & Laser Surgery, PLLC*, No. 22-cv-00264, 2023 WL 4847315, at *5 (N.D.N.Y. July 28, 2023) ("While it is true that Defendants' ultimate liability is still an open question in this case, no order bifurcating discovery has been entered [], no such order has been properly sought [], and the Court declines to enter one now") (citing Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding . . . parties' resources.")).

Finally, as explained in plaintiffs' October 1, 2025 opposition to the individual defendants' request for a stay—the individual defendants, Cassava, and their non-party allies have already imposed significant delays on discovery, including by the individual defendants' refusal to sit for a deposition during the fact discovery period. (*See* Dkt. 168.) While bifurcating damages discovery may sometimes be appropriate, in this instance it would merely reward defendants' pattern of obstructionist discovery conduct.

For these reasons, plaintiffs request that this Court exercise its discretion to compel the individual defendants' immediate production of the requested documents.

We thank the Court for its attention to this matter and are available at the Court's convenience.

Respectfully submitted,

*/s/ Isaac B. Zaur*

Isaac B. Zaur

Encl.

cc:    All parties/counsel of record (via ECF)