# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>　　　　　Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>　　　　　Intervenor-Plaintiffs,<br><br>　　　v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>　　　　　Defendants. | Case No. 1:24-cv-05948-JLR-OTW<br><br>**SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM PLAINTIFFS HEILBUT, BRODKIN, AND MILIORIS TO DEFENDANTS REMI BARBIER AND DR. LINDSAY BURNS** |

　　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York ("SDNY"), Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris ("Plaintiffs"), by and through their attorneys, hereby request that Defendants Remi Barbier and Dr. Lindsay Burns produce the documents requested herein that are in their possession, custody or control, at the offices of Clarick Gueron Reisbaum, 41 Madison Avenue, 23rd Floor, New York, NY 10010, within thirty (30) days of service of these Requests, as required by FRCP 34(b)(2)(A).

　　　　Under FRCP 26(e), Defendants are required to supplement their responses if additional information becomes available. Each Request herein is made without prejudice to, or waiver of, the rights of Plaintiffs to seek further discovery at a later date.

1

## DEFINITIONS

1. The definitions and rules of construction under Local Civil Rule 26.3 of the SDNY Local Rules are incorporated by reference into these Requests. These definitions apply throughout these Requests without regard to capitalization.

2. The terms "Defendants," "You," and the possessive "Your" as used herein shall mean, refer to and include Defendants Remi Barbier, and Lindsay Burns, individually and/or collectively, and any corporations, partnerships, or other entities under their complete or partial ownership.

3. The term "document" is used herein in its customary broad sense to include all materials discoverable pursuant to the FRCP and the SDNY Local Rules. The term "document" also includes all drafts or copies that are not identical to the original, including drafts or copies with handwritten notes thereon.

4. The terms "relate to," "relates to," "relating to," and "related to" as used herein shall mean referencing to (directly or indirectly), evidencing, consisting of, concerning, or logically or factually connected with the matter discussed.

## INSTRUCTIONS

1. Responses to these Requests shall be supplemented and/or amended to the extent required by the FRCP. These Requests shall be deemed to impose a continuing duty upon You to properly and timely serve upon the Plaintiffs supplemental and/or amended responses and documents.

2. With respect to any documents, parts of documents or information responsive hereto as to which You assert a claim of privilege or other immunity from discovery in

2

accordance with FRCP 26, You shall, unless the parties expressly agree otherwise, submit a list identifying each such document or piece of information by stating:

    a. its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;
    b. the identity of each person who participated in its preparation;
    c. the identity of each person who signed or sent the document;
    d. the identity of each person to whom the document or information was addressed, copied or sent;
    e. the identity of each person who received the document or information; and
    f. the basis of the claim of privilege or immunity.

3. In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

    a. the last known custodian;
    b. date of destruction or discard;
    c. the manner of destruction or discard;
    d. the reason(s) for destruction or discard;
    e. as to lost or misplaced documents, the efforts made to locate such documents;
    f. a statement describing the document, including a summary of its contents;
    g. the identity of its author(s); and
    h. the persons to whom it was sent or shown.

4. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

5. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto and all handwritten notes thereon. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

6. To the extent that a document requested is responsive to more than one specific Request, You need produce the document only once.

7.  If You object to any Request, state with specificity the grounds for such objection and the Request or Requests to which each objection applies. Any Request to which an objection is made should be responded to insofar as it is not deemed objectionable.

8.  If You believe that any Request, Definition, or Instruction is ambiguous, in whole or in part, You nonetheless must respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

9.  If there are no documents responsive to a particular Request, please provide a written response so stating.

10.  To the extent necessary to bring within the scope of the Requests contained herein any information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (a) the masculine, feminine, or neuter pronoun shall not exclude other genders; (b) the word "including" shall be read to mean including without limitation; (c) the present tense shall be construed to include the past tense and vice versa; (d) references to directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons shall include both current and former directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons; (e) the use of the singular form of any word includes the plural and vice versa; (f) the terms "any," "all," and "each" shall be read to mean any, all, each, and every; and (g) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be considered to be outside of their scope.

11.  Plaintiffs do not waive, but rather preserve, any objections to the use or introduction of evidence at trial or any other stage of this Action on any subjects covered by these Requests.

12. All documents responsive to the Requests should be produced in the form required by the ESI Protocol entered in the above-captioned litigation; and Plaintiffs hereby request pursuant to the ESI Protocol that Defendants produce native versions of all documents responsive to the Requests.

## DOCUMENT REQUESTS

1. All federal tax returns filed on Your behalf between 2021 and present day.

2. Documents and communications sufficient to show Your current net worth, including all assets, liabilities, or income that You share as a co-owner or co-debtor with others. Your current net worth constitutes Your current total assets less Your current total liabilities.

3. Documents and communications sufficient to show all Your current sources of income, payments, remuneration, compensation, or financial benefit.

4. Documents sufficient to show all income, payments, remuneration, compensation, or financial benefit of any kind received by You in connection with Your roles at Cassava Sciences, Inc. and your investments in Cassava Sciences, Inc.

5. All documents and communications concerning Your assets, liabilities, or net worth that You have previously produced in any other litigation, investigation, or proceeding, including the securities action, *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.).

Dated:	August 29, 2025
	New York, New York

CLARICK GUERON REISBAUM LLP

By: /s/ Isaac B. Zaur

Isaac B. Zaur
David Kumagai
Amanda J. Wong
41 Madison Avenue, 23rd Floor
New York, New York 10010
(212) 633-4310
izaur@cgr-law.com
dkumagai@cgr-law.com
awong@cgr-law.com

LAW OFFICE OF DANIEL F. WACHTELL

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
(917) 667-6954
dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris*
