# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS<br><br>Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>Defendants. | Case No. 1:24-cv-05948-JLR-OTW |

**DEFENDANTS REMI BARBIER'S AND LINDSAY BURNS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS HEILBUT, BRODKIN, AND MILIORIS'S SECOND REQUEST FOR PRODUCTION**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendants Remi Barbier and Lindsay Burns ("Barbier and Burns") hereby provide the following objections and responses to the Second Request for Production (the "Requests") propounded by Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris ("Plaintiffs").

**GENERAL OBJECTIONS**

In addition to the specific objections below, Barbier and Burns assert the following general objections to each and every Request. These general objections form a part of their response to each individual Request, as though fully set forth therein, and are set forth herein to avoid duplication and repetition by restating them in the response to each Request. These general objections, or one or more of them, may specifically be referred to for the purpose of clarity in any

CONFIDENTIAL

particular response; however, the absence of any specific reference to the general objections should not be construed as a waiver of these general objections.

1. Barbier and Burns object to the Requests on the grounds and to the extent that they seek information that is not relevant to the claims or defenses asserted in this litigation.

2. Barbier and Burns object to the Requests on the grounds and to the extent that they call for the discovery of information not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Barbier and Burns object to the Requests on the grounds and to the extent that they purport to seek information protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, the joint-defense or common-interest privilege, and any other applicable privilege, immunity, or exemption from discovery as outlined in the Federal Rules of Civil Procedure and applicable law. Any inadvertent production or disclosure by Barbier and Burns shall not constitute a waiver of any such privilege or protection. Barbier and Burns reserve the right to request the return of any such non-discoverable document that is inadvertently produced.

4. Barbier and Burns object to the Requests on the grounds and to the extent that they are compound, complex, unintelligible, vague and ambiguous, and/or amenable to different meanings, understandings, or interpretations.

5. Barbier and Burns object to the Requests on the grounds and to the extent that they are overly broad, unduly burdensome, oppressive, annoying, and/or harassing.

6. Barbier and Burns object to the Requests on the grounds and to the extent that they seek information that is in the public domain or otherwise equally or more available to Plaintiffs or their counsel.

7. Barbier and Burns object to the Requests on the grounds and to the extent that they call for the production of documents not in their possession, custody, or control.

8. Barbier and Burns object to the Requests on the grounds and to the extent that they call for the production of nonpublic, confidential, or competitively sensitive, business or financial information.

9. Barbier and Burns object to each Request to the extent that it is premature at this stage in the litigation.

10. Barbier and Burns object to each Request on the grounds and to the extent it assumes disputed facts or legal conclusions or may be construed as an admission by Barbier or Burns that any fact or circumstance alleged in, or suggested by, the Request actually occurred or existed. Barbier and Burns hereby deny any such disputed facts or legal conclusions. Any response or objection is not intended to be, and shall not be construed as, an agreement or concurrence by Barbier or Burns as to Plaintiffs' characterization of any facts or circumstances.

11. Barbier and Burns designate these responses and objections as confidential pursuant to the Protective Order, so-ordered by the Court on May 20, 2025, ECF 124.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Barbier and Burns object to the Plaintiffs' Instructions and Definitions to the extent that they purport to impose obligations on Barbier and Burns beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules, and/or other applicable law.

CONFIDENTIAL

Barbier and Burns will respond to these Requests in compliance with the Federal Rules of Civil Procedure and the rules of this Court.

2. Barbier and Burns object to Plaintiffs' Definitions to the extent that they (i) are vague, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and (iii) purport to impose any requirements or discovery obligations beyond those set forth in the applicable rules.

3. Barbier and Burns object to the definition of "You" and "Your" as overly broad and unduly burdensome to the extent it includes "any corporations, partnerships, or other entities under their complete or partial ownership." Barbier and Burns will construe "You" and "Your" to mean Barbier and Burns.

4. Barbier and Burns object to Instruction No. 2 on the grounds that it is overly broad and unduly burdensome to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 34, the Local Rules, or any other applicable rule or law.

5. Barbier and Burns object to Instruction No. 3 on the grounds that it is overly broad and unduly burdensome to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 34, the Local Rules, or any other applicable rule or law.

6. Barbier and Burns object to Instruction No. 5 on the grounds that it is overly broad and unduly burdensome to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 34, the Local Rules, or any other applicable rule or law.

CONFIDENTIAL

7.  Barbier and Burns object to Instruction No. 8 on the grounds that it is overly broad and unduly burdensome to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 34, the Local Rules, or any other applicable rule or law.

8.  Barbier and Burns object to Instruction No. 10 on the grounds that it is overly broad and unduly burdensome to the extent it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule 26 or 34, the Local Rules, or any other applicable rule or law. Further, Barbier and Burns objection to Instruction No. 10 as overly broad, vague, and unduly burdensome to the extent "references to references to directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons shall include both current and former directors, partners, officers, employees, trustees, agents, auditors, attorneys, or any other persons."

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the General Objections and Objections to Definitions and Instructions, and any objection that may be interposed at trial, and without conceding the materiality, admissibility, or relevancy of any information or documents contained in the responses, and without waiving any of their objections, Barbier and Burns specifically respond to Plaintiffs' Second Set of Requests for Production as follows:

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All federal tax returns filed on Your behalf between 2021 and present day.

**RESPONSE TO REQUEST NO. 1:**

Barbier and Burns incorporate each of their General Objections into this Response as if fully set forth here. Barbier and Burns further object to this Request on the grounds that it is overly

broad, vague, ambiguous, and unduly burdensome, calling for "all" federal tax returns from 2021 to the present, without limitation. Barbier and Burns further object to this Request on the grounds that it seeks documents or materials that are irrelevant to the claims or defenses at issue in this action, immaterial to this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Barbier and Burns further object to this Request on the grounds that it is oppressive, annoying, and/or harassing. Barbier and Burns further object to this Request as it is premature at this stage in the litigation.

Subject to and without waiving their objections, Barbier and Burns respond to this Request as follows: Barbier and Burns will not produce documents in response to this Request.

**REQUEST NO. 2:**

Documents and communications sufficient to show Your current net worth, including all assets, liabilities, or income that You share as a co-owner or co-debtor with others. Your current net worth constitutes Your current total assets less Your current total liabilities.

**RESPONSE TO REQUEST NO. 2:**

Barbier and Burns incorporate each of their General Objections into this Response as if fully set forth here. Barbier and Burns further object to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for documents and communications sufficient to show Barbier's and Burns's current net worth, including "all" assets, liabilities, or income, without limitation. Barbier and Burns further object to this request as overly broad, vague, ambiguous, and unduly burdensome, to the extent it calls for documents relating to Barbier's and Burns's "assets, liabilities, or income" that Barbier and Burns "share as a co-owner or co-debtor with others." Barbier and Burns further object to this Request on the grounds that it seeks documents or materials that are irrelevant to the claims or defenses at issue in this action,

immaterial to this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Barbier and Burns further object to this Request on the grounds that it is oppressive, annoying, and/or harassing. Barbier and Burns further object to this Request as it is premature at this stage in the litigation.

Subject to and without waiving their objections, Barbier and Burns respond to this Request as follows: Barbier and Burns will not produce documents in response to this Request.

**REQUEST NO. 3:**

Documents and communications sufficient to show all Your current sources of income, payments, remuneration, compensation, or financial benefit.

**RESPONSE TO REQUEST NO. 3:**

Barbier and Burns incorporate each of their General Objections into this Response as if fully set forth here. Barbier and Burns further object to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for documents and communications sufficient to show "all . . . sources of income, payments, remuneration, compensation, or financial benefit," without limitation. Barbier and Burns further object to this Request on the grounds that it seeks documents or materials that are irrelevant to the claims or defenses at issue in this action, immaterial to this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Barbier and Burns further object to this Request on the grounds that it is oppressive, annoying, and/or harassing. Barbier and Burns further object to this Request as it is premature at this stage in the litigation.

Subject to and without waiving their objections, Barbier and Burns respond to this Request as follows: Barbier and Burns will not produce documents in response to this Request.

**REQUEST NO. 4:**

Documents sufficient to show all income, payments, remuneration, compensation, or financial benefit of any kind received by You in connection with Your roles at Cassava Sciences, Inc. and your investments in Cassava Sciences, Inc.

**RESPONSE TO REQUEST NO. 4:**

Barbier and Burns incorporate each of their General Objections into this Response as if fully set forth here. Barbier and Burns further object to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for documents and communications sufficient to show "all income, payments, remuneration, compensation, or financial benefit of any kind" in connection with their roles at and investments in Cassava Sciences, Inc., without limitation. Barbier and Burns further object to this Request on the grounds that it seeks information that is in the public domain or otherwise equally or more available to Plaintiffs or their counsel. Barbier and Burns further object to this Request on the grounds that it seeks documents or materials that are irrelevant limitation to the claims or defenses at issue in this action, immaterial to this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Barbier and Burns further object to this Request on the grounds that it is oppressive, annoying, and/or harassing. Barbier and Burns further object to this Request as it is premature at this stage in the litigation.

Subject to and without waiving their objections, Barbier and Burns respond to this Request as follows: Barbier and Burns will not produce documents in response to this Request.

**REQUEST NO. 5:**

All documents and communications concerning Your assets, liabilities, or net worth that You have previously produced in any other litigation, investigation, or proceeding, including the

securities action, *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.).

**RESPONSE TO REQUEST NO. 5:**

Barbier and Burns incorporate each of their General Objections into this Response as if fully set forth here. Barbier and Burns further object to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for "all" documents and communications concerning Barbier's and Burns's "assets, liabilities, or net worth," without limitation, produced in "any . . . litigation, investigation, or proceeding," including in *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.). Barbier and Burns further object to this Request on the grounds that it seeks documents or materials that are irrelevant to the claims or defenses at issue in this action, immaterial to this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Barbier and Burns further object to this Request on the grounds that it is oppressive, annoying, and/or harassing. Barbier and Burns further object to this Request to the extent that it seeks the noncompliant disclosure of confidential materials under the governing August 14, 2023 Confidentiality and Protective Order filed in *In Re Cassava Sciences, Inc. Securities Litigation*, No. 21-cv-00751-DAE (W.D. Tex.) (ECF 116), and any other similar order or confidentiality agreement governing other litigations, investigations, or proceedings. Barbier and Burns further object to this Request as it is premature at this stage in the litigation.

Subject to and without waiving their objections, Barbier and Burns respond to this Request as follows: Barbier and Burns will not produce documents in response to this Request.

CONFIDENTIAL

Dated: September 30, 2025

        Respectfully submitted,

        <u>/s/ *Zachary R. Taylor*</u>
        Douglas W. Greene (*pro hac vice*)
        Zachary R. Taylor
        BAKER & HOSTETLER LLP
        45 Rockefeller Plaza
        New York, NY 10111
        Telephone: 212.847.7090
        dgreene@bakerlaw.com
        ztaylor@bakerlaw.com

        *Counsel for Defendants Remi Barbier and Lindsay Burns*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2025, a true and correct copy of this document was delivered electronically to counsel of record.

/s/ *Zachary R. Taylor*
Zachary R. Taylor