# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 17, 2025

Douglas W. Greene
direct dial: 212.847.7090
dgreene@bakerlaw.com

**VIA ECF**

Honorable Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

**Re:**   *Response to Plaintiffs' Request for Pre-Motion Discovery Conference (Dkt. 174)*,
    Case No: 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

On behalf of Defendants Remi Barbier and Lindsay Burns, we are writing to respond to Plaintiffs' request for a pre-motion conference (Dkt. 174; "Request") on their proposed motion to compel production of five categories of documents regarding Mr. Barbier's and Dr. Burns's personal assets, liabilities, compensation, remuneration, financial benefit, and net worth, among many other related things ("Financial Documents"). Plaintiffs' Request concedes these documents are not relevant to liability, but demands their production before any determination of liability, on the ground that they might be relevant to a potential future award of punitive damages.

As explained herein, Plaintiffs' demand for Mr. Barbier's and Dr. Burns's personal and sensitive financial information is premature. Under the weight of authority in this district—which Plaintiffs' Request fails to address, *see* Dkt. 174 at 2-3—the proper time for production of such documents, if ever, is after a trial determination that punitive damages should be awarded and certainly no earlier than after resolution of summary judgment motions. Here, the parties are still engaged in fact discovery.

## I.   Plaintiffs' Demands for Financial Documents are Premature

The Financial Documents Plaintiffs seek encompass "all" of Mr. Barbier's and Dr. Burns's personal assets, liabilities, income, investments, and net worth. This is indisputably "highly sensitive" and "private" information. *Pasternak v. Dow Kim*, 275 F.R.D. 461, 463 (S.D.N.Y. 2011); *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010); *Wenning v. On-Site Manager, Inc.*, 2015 WL 5148753, at *5 (S.D.N.Y. Aug. 26, 2015); *accord McNamee v. Clemens*, 2013 WL 6572899, at *9 (E.D.N.Y. Sept. 18, 2013).

Unless and until there is a finding that Plaintiffs are entitled to punitive damages, Mr. Barbier and Dr. Burns should not be compelled to disclose these highly sensitive and private Financial Documents at this stage in the litigation, even if a protective order has been entered in this case. *See, e.g.*, *Tyco Int'l Ltd. v. Walsh*, 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010); *Davis v. Ross*, 107 F.R.D. 326, 328 (S.D.N.Y. 1985).

"A defendant's net worth is only relevant if there is a finding that punitive damages should be awarded." *Tyco*, 2010 WL 3000179, at *1; *accord Dent v. U.S. Tennis Ass'n*, 2010 WL 1286391, at *1 (E.D.N.Y. Mar. 30, 2010). As the Second Circuit has observed:

> Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all.

*Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373–74 (2d Cir. 1988).

"Because the issue of punitive damages may never arise" here, discovery on Mr. Barbier's and Dr. Burns's net worth is premature. *Tyco*, 2010 WL 3000179, at *1. "Furthermore, even if it is determined at trial that punitive damages are warranted in this case, discovery concerning defendant's net worth may not be required if defendant does not attempt to use his financial circumstances to limit the size of the award." *Id.* "As a result, courts typically do not permit discovery concerning net worth until the jury has made" a finding that "punitive damages should be awarded." *Dent*, 2010 WL 1286391, at *1.

Accordingly, Mr. Barbier and Dr. Burns should not have to produce the Financial Documents unless and until there is a determination that Plaintiffs are entitled to punitive damages at trial. *Id.* And in no event should they be required to produce the Financial Documents before the resolution of defendants' summary judgment motions.[1] *See, e.g., Freeman v. Deebs-Elkenaney*, 2023 WL 9494799, at *1–2 (S.D.N.Y. Feb. 24, 2023) (granting protective order against plaintiff's demand for "discovery into [defendant's] net worth for purposes of assessing punitive damages"); *Wenning*, 2015 WL 5148753, at *5 (denying motion to compel because defendant "intends to move for summary judgment"); *Pasternak*, 275 F.R.D. at 463 ("As the discovery sought is highly sensitive and confidential, it would be premature to order that it be produced given that the need for its disclosure may be abrogated by motion."); *Copantitla*, 2010 WL 1327921, at *16 (denying motion to compel because "[i]t is conceivable that upon a summary judgment

---

[1] Based on the fact discovery to date, Mr. Barbier and Dr. Burns anticipate filing summary judgment motions that, if granted, would result in their dismissal from this action, rendering any question of punitive damages moot. Plaintiffs' counsel criticizes defendants' counsel for not stating on the parties' meet-and-confer call "whether they intended to move for summary judgment," Dkt. 174 at 2, but never acknowledges the case law in this district holding that the proper time for production of financial documents is after a trial determination that punitive damages should be awarded. Moreover, rather than propose deferring discovery of the Financial Documents until after summary judgment, Plaintiffs demand their "immediate production." *Id.* at 3.

motion, . . . some of the plaintiffs' claims will be dismissed, abrogating the need for disclosure of part, or all, of this highly confidential information."); *McNamee*, 2013 WL 6572899, at *9 (denying motion to compel production of financial information because "[defendant] intends to file a motion for summary judgment which may negate the need for disclosure.").[2]

## II. Plaintiffs Face No Prejudice

Plaintiffs do not identify any legitimate prejudice they would suffer should the Court deny their Request. Plaintiffs only fall back on their repeated and meritless accusation that "the individual defendants, Cassava, and their non-party allies" have somehow conspired to "impose[] significant delays on discovery," and that Mr. Barbier and Dr. Burns should not be "rewarded" for this conduct. Dkt. 174, at 3. This baseless accusation has nothing to do with the issue of whether Mr. Barbier and Dr. Burns should be compelled to produce highly sensitive and private financial information at this stage in the litigation.

## III. Conclusion

For these reasons, Mr. Barbier and Dr. Burns request that the Court deny Plaintiffs' Request for a pre-motion discovery conference to compel Mr. Barbier's and Dr. Burns's production of the Financial Documents at this stage in the litigation.

Respectfully submitted,

Douglas W. Greene
Partner

cc: All counsel of record via email

---

[2] The sole case from this district that Plaintiffs cite, *Hazeldine v. Beverage Media, Ltd.,* 1997 WL 362229 (S.D.N.Y. June 27, 1997), was decided nearly three decades ago. "More recent cases, however, have found that pre-trial discovery of financial information is premature . . ." *McNamee*, 2013 WL 6572899, at *8–9 (citing *Pasternak*, 275 F.R.D. at 463 and *Copantitla*, 2010 WL 1327921, at *16).