

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

<u>Via ECF</u>  October 21, 2025

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Plaintiffs' Opposition to Dr. Hoau-Yan Wang's Motion to Quash or Modify Subpoena Pursuant to Federal Rule of Civil Procedure 45</u>

Dear Judge Wang:

We write in opposition to Dr. Hoau-Yan Wang's motion to quash or modify plaintiffs' October 7, 2025, deposition subpoena[1], Dkt. No. 175 ("Mot."), and to request the Court's guidance with respect to an anticipated motion to compel compliance with that subpoena.[2]

**<u>Procedural Context</u>**

Following months of on-and-off dialogue concerning a deposition of Dr. Wang, Plaintiffs began seeking a date for that deposition in early August. On August 15, Dr. Wang's counsel proposed that his deposition be delayed for three or four months, until the end of his October trial. Plaintiffs disagreed and followed up to propose multiple accommodations to alleviate the burden of Dr. Wang's deposition, including by conducting the deposition remotely or at a location convenient to Dr. Wang. Plaintiffs also noted that the deposition was likely to be short in light of Dr. Wang's anticipated invocations of the Fifth Amendment. In mid-September, Dr. Wang's counsel informed Plaintiffs that they would respond with Dr. Wang's position to these proposals only after Plaintiffs formally served a deposition subpoena. Plaintiffs did so on September 17. Dr. Wang's counsel then refused to accept service of that subpoena via email, forcing Plaintiffs to serve Dr. Wang personally on September 23.

---

[1] Plaintiffs understand that Your Honor's Individual Rule of Practice IV.b and Local Rule 37.2 requires Dr. Wang to first file a letter-request seeking a pre-motion discovery conference prior to moving to quash or modify plaintiffs' subpoena. However, to the extent that the Court is inclined to accept Dr. Wang's motion as-is, Plaintiffs request the Court to consider this submission as a response to that application and a cross-motion to compel.

[2] Plaintiffs are mindful of the Court's order staying discovery until October 28, 2025, which was entered shortly before this letter was filed. Plaintiffs respect and will comply with that order. Our intention in submitting this letter is only to frame the issue of Dr. Wang's ultimate deposition for the Court's consideration at the upcoming conference.

Dr. Wang did not respond to the subpoena until October 2, when he filed a motion to quash in the Eastern District of Pennsylvania. *See* **Exhibit A**. Following an October 7 conference with Eastern District of Pennsylvania Judge Karen Spencer Marston, Dr. Wang consented to abrogate the need for a motion to transfer his motion to this Court by accepting service of a replacement deposition subpoena calling for compliance in this District. Plaintiffs promptly served that new subpoena dated October 7, 2025, noticing Dr. Wang's deposition for October 22, 2025. The October 7 Subpoena is attached hereto as **Exhibit B**. Dr. Wang's counsel informed Plaintiffs that he would file a motion to quash before this Court imminently but did not do so until October 16.

### Argument

Dr. Wang does not have a basis to quash or modify Plaintiffs' deposition subpoena.

*First*, Dr. Wang's plan to "take the Fifth regarding most, if not all, of the salient questions asked of him at the deposition, making the entire endeavor a fruitless waste of time for all parties involved" is irrelevant, and no reason to quash Plaintiffs' subpoena. Mot. at 5. As a matter of law, a witness's intention to broadly invoke the Fifth Amendment does not excuse him from being deposed. As Dr. Wang's own case law make clear, "when a deposition is sought, the availability of the Fifth Amendment privilege does not mean that the witness need not attend the deposition. *The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination*." *Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, No. 20-CV-5120, 2021 WL 9099984, at *1 (S.D.N.Y. May 4, 2021) (emphasis added) (denying motion for protective order), cited at Mot. at 5. That is exactly what Dr. Wang should do: attend his deposition, be sworn under oath, and answer on a question-by-question basis.[3]

*Second*, Dr. Wang's claims of undue burden are unavailing. Dr. Wang claims his testimony has low relevance to the instant action because "the crux of the allegations involve what Cassava knew or intended when it filed the defamation suit" and Dr. Wang was not employed by Cassava or "consulted regarding the anti-SLAPP lawsuit." Mot. at 6. This is nonsense. Many of the supposedly defamatory statements that Cassava challenged in the underlying lawsuit directly and explicitly concerned Dr. Wang, and all or nearly all of them concerned the drug he invented. (*See, e.g.*, Dkt. No. 9 (First Amended Complaint) ¶¶ 9, 48). Plaintiffs plainly are entitled to test the good faith of Cassava's allegations in the defamation action by deposing Dr. Wang and expect his testimony will be probative of their allegations against defendants. *Matter of MP Reorganization*, No. 22-14422, 2024 WL 4954320, at *2 (S.D.N.Y. Nov. 30, 2024) (granting motion to compel and denying motion to quash deposition subpoena where "information sought is undoubtedly relevant and material to the allegations at issue").

Dr. Wang's argument that "plaintiffs should be required to pursue the testimony of Dr. Burns and Barbier before turning to Dr. Wang" is incoherent. For one thing, Plaintiffs have been

---

[3] Dr. Wang recognizes that his invocation of the Fifth Amendment may support an adverse inference against defendants in this matter. *See* Mot. at 7.

(unsuccessfully) seeking testimony from Dr. Burns and Mr. Barbier for months; it is not Plaintiffs' fault that Dr. Burns and Mr. Barbier have refused to appear before the close of the discovery period. Moreover, it is not true that Dr. Wang's testimony would be cumulative of Dr. Burns and Mr. Barbier's testimony (or of the highly selective documents produced by him and by them). Indeed, one of the reasons his testimony is important is precisely to test the credibility of defendants' own (anticipated) testimony.

*Third*, Dr. Wang's objection that a deposition during his criminal trial would cause undue burden on his schedule is entirely self-inflicted. Mot. at 7. Any scheduling conflict has been manufactured by his refusal to agree to a deposition prior to his criminal trial and—more recently and specifically—by his studied procedural delay in responding to the subpoenas issued to him. Having engineered this delay, he cannot now rely on it to avoid compliance. Moreover, the subpoena allowed Dr. Wang sufficient time to comply (albeit Plaintiffs recognize discovery now is stayed until the October 28 conference). Dr. Wang was served on October 7 with a demand to appear at a deposition 15 days later, on October 22. As Dr. Wang readily admits, even "fourteen days is presumptively reasonable", Mot. at 8 (citing to *Brown v. Hendler*, No. 09 CIV. 4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("[M]any courts have found fourteen days from the date of service as presumptively reasonable")).

Accordingly, Plaintiffs request that the Court deny Dr. Wang's motion in its entirety and seek the Court's intervention to compel Dr. Wang's deposition on the earliest possible date. We thank the Court for its attention to this matter and look forward to discussing this issue on October 28.

Respectfully submitted,

*/s/ Isaac B. Zaur*

Isaac B. Zaur

cc: All parties/counsel of record (via ECF)