

**Dykema Gossett PLLC**
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304

WWW.DYKEMA.COM

Tel: (248) 203-0700
Fax: (248) 203-0763

**Jennifer L. Beidel**
Direct Dial: (248) 203-0506
Direct Fax: (866) 219-1641
Email: JBeidel@dykema.com

October 27, 2025

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Heilbut et al v. Cassava Sciences, Inc.*, Civil No. 1:24-cv-05948-JLR-OTW – Nonparty Letter Regarding Conference Scheduled for October 28, 2025

Dear Judge Wang:

We submit this letter on behalf of nonparty Dr. Hoau-Yan Wang ("Dr. Wang"), in advance of the status conference set for October 28, 2025. Dr. Wang is not a party to the above-referenced litigation, but instead received a third-party subpoena noticing his deposition for October 22, 2025. Because the compliance date of October 22, 2025 has passed, that subpoena is now moot, as is Dr. Wang's motion to quash it, filed on October 16, 2025. (Doc. 175). As a result, there does not appear to be a live discovery dispute involving Dr. Wang pending in this matter at present.

Relevant to the issue of Dr. Wang's testimony, the Department of Justice dismissed with prejudice the criminal case against Dr. Wang on October 23, 2025, after a four-year long battle to establish his innocence. That dismissal came only after the court found both Brady and Batson violations and that the expert opinions proffered by the Government were unreliable. As we have repeatedly indicated to Plaintiffs' counsel, if called to testify, Dr. Wang would confirm that he did not engage in intentional research misconduct and, by logical extension, did not discuss any such conduct with Cassava at any time. As a result, we struggle to see the relevance of Dr. Wang's testimony to Plaintiffs' case and ask Plaintiffs to permit Dr. Wang to move on with his life after the ordeal he has faced without having to relive it in a deposition.

Nonetheless, Plaintiffs' counsel have indicated that they are likely to re-subpoena Dr. Wang. Should that happen, we have indicated to Plaintiffs' counsel that it would be burdensome for Dr. Wang, a Philadelphia resident, to travel to New York for a deposition and to incur legal fees for undersigned counsel, resident in Michigan, to do the same, especially after four years of litigation with the Department of Justice. As a result, assuming that the discovery period continues following the Court conference and that the Court permits Plaintiffs' counsel to re-subpoena Dr. Wang, we respectfully request that Plaintiffs' counsel be directed to accommodate Dr. Wang's request for a virtual deposition.

We thank the Court for its consideration.

                                                                                    Respectfully submitted,

                                                                                  **Dykema Gossett PLLC**

                                                                                  */s/ Jennifer L. Beidel*

                                                                                  Jennifer L. Beidel