**CLARICK GUERON REISBAUM**

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**                                                                                   October 29, 2025

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re: *Heilbut, et al. v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang,

      We write on behalf of plaintiffs to respectfully request leave to take the deposition of Dr. Hoau-Yan Wang on November 21, 2025, pursuant to Fed. R. Civ. P. 30(a)(2). This will be plaintiffs' eleventh deposition.

      Rule 30(a)(2) requires that a party seek the Court's leave to take over ten depositions unless the parties otherwise stipulate. "The court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646, 2013 WL 5762923, at *4 (S.D.N.Y. Oct. 24, 2013); *see also* Fed. R. Civ. P. 30 Advisory Committee's Notes to the 1993 Amendment ("Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2).").

      Dr. Wang's deposition is not unreasonably cumulative, duplicative, or burdensome. There is no dispute that Dr. Wang has relevant and unique knowledge. He is the co-inventor of Cassava's drug, simufilam; he was the primary author of the preclinical research underlying simufilam; and he was also heavily involved in simufilam's phase 2 clinical studies.
Many of the supposedly defamatory statements that defendants challenged in the underlying defamation action concerned the integrity of Dr. Wang's research and scientific claims. Thus, Dr. Wang's interactions with defendants about the challenged research and science underlying simufilam are directly relevant to defendants' purported bases and purposes for bringing the defamation action. For example, Dr. Wang's interactions with defendants—about his failure to retain original data or records from simufilam's foundational experiments and studies, including the research that plaintiffs challenged in their allegedly defamatory statements—will further show that defendants lacked a substantial basis or legitimate purpose for the defamation action, insofar as they brought the case knowing they lacked the evidence needed to refute plaintiffs' "defamatory" statements. (*See, e.g.,* Dkt. 9 (FAC) ¶¶ 10-11, 123-143.)

      Dr. Wang's testimony is also necessary to test the credibility of defendants' testimony—particularly that of Mr. Barbier and Dr. Burns, who worked closely with Dr. Wang. His testimony is not cumulative or duplicative of any other person's testimony.

Hon. Ona T. Wang
October 29, 2025
Page 2 of 2

      Further, plaintiffs have not yet had the opportunity to depose Dr. Wang. Dr. Wang (and the individual defendants) have resisted his deposition, including by seeking to either quash or receive a stay from the Court until the recent dismissal of the criminal indictment against him. Accordingly, this is the first and only opportunity plaintiffs have had to obtain Dr. Wang's testimony. Following the dismissal of the indictment, Dr. Wang's counsel agreed to make Dr. Wang available for a remote deposition on November 21, 2025.

      Finally, it is hardly burdensome for defendants to attend Dr. Wang's deposition. At the request of Dr. Wang's counsel, the deposition will be taken remotely, thus alleviating the burden of any travel. Dr. Wang's deposition is also taking place within the fact discovery period, thus not placing any additional burden on the case schedule. (Plaintiffs also note that their three previous third-party depositions have been entirely remote and shortened. One of these depositions only lasted one hour.) Plaintiffs fully expect the benefits of Dr. Wang's testimony to outweigh the limited burden of attending his remote deposition.

      Accordingly, plaintiffs request leave to depose Dr. Hoau-Yan Wang and proceed with his deposition calendared for November 21, 2025. We thank the Court for its attention to this matter.

      Respectfully submitted,

      */s/ Isaac B. Zaur*

      Isaac B. Zaur

cc:    All parties/counsel of record (via ECF).