**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Douglas W. Greene
direct dial: 212.847.7090
dgreene@bakerlaw.com

November 7, 2025

**VIA ECF & EMAIL**

Honorable Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

Re:   *Heilbut, et al. v. Cassava, et al.*, Case No: 1:24-cv-05948-JLR-OTW

Dear Magistrate Judge Wang:

As directed by the Court on October 28, ECF 182, Defendants Remi Barbier and Lindsay Burns respectfully move to compel (i) the depositions of David Bredt and Geoffrey Pitt; and (ii) the production of documents from Citadel Advisors LLC and the deposition of Zev Rosen, a former Citadel employee. Exhibits A-D are copies of the subpoenas to these third parties.

## Background

On September 26, 2025, Plaintiffs served amended Rule 26(a)(1) disclosures that identified Bredt and Pitt as individuals with "discoverable information that Plaintiffs may use to support their clams in this Action." Ex. E. The Rule 26(a)(1) disclosures Plaintiffs served on January 6, 2025, did not include Bredt or Pitt. Ex. F.

On October 8, 2025, we emailed deposition subpoenas to Bredt and Pitt's counsel at Goodwin Procter. Exs. A-B.[1] At the October 28 conference, Plaintiffs objected to any discovery from Bredt or Pitt solely on the ground that "discovery is closed." 10/28/25 Tr. 5:9-10.

Citadel and Rosen, through his current employer, have accepted service of the subpoenas directed to them. Plaintiffs also object to any discovery from Citadel and Rosen on the ground that

---

[1] Despite being counsel of record for Bredt and Pitt in this action, Goodwin Procter declined to accept service of the subpoenas. On October 10, 2025, Pitt was served through his wife at his residence. *See Plaza Motors of Brooklyn, Inc. v. Rivera*, 2021 WL 4356011, *3 (E.D.N.Y. Sept. 24, 2021). In light of Goodwin's refusal to accept service, we continue to try to personally serve Bredt.

November 7, 2025
Page 2

"discovery is closed." 10/28/25 Tr. 5:9-10; *see also id.* 7:4-8:11.

As directed by the Court, *id.* 15:11-12, Defendants Barbier and Burns are filing this letter motion to compel the discovery sought from Bredt, Pitt, Citadel, and Rosen.

## Argument

Rule 45 subpoenas are governed by the relevancy guidelines of Rule 26. *See Delta Air Lines v. Lightstone Grp.*, 2021 WL 2117247, *2 (S.D.N.Y. May 24, 2021). "Relevancy 'is an extremely broad concept' and needs only be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.*

***Bredt and Pitt.*** Plaintiffs do not dispute the relevance of the discovery sought from Bredt and Pitt. 10/28/25 Tr. 5:9-10. And with good reason. Plaintiffs have identified Bredt and Pitt as having "discoverable information that Plaintiffs may use to support their clams in this Action," including: (i) the "[i]ntegrity of scientific and clinical research related to simufilam and SavaDX"; (ii) "Cassava's communications related to simufilam and SavaDX, including any efforts by Cassava to influence scientific publication or dialogue concerning simufilam, SavaDX, or Dr. Wang"; (iii) "attacks against Plaintiffs and other critics"; and (iv) the "Defamation Action," *i.e.* *Cassava Sciences, Inc. v. Bredt*, No. 22-cv-09409 (S.D.N.Y.). Ex. E, at 9.

Plaintiffs' amended Rule 26(a)(1) disclosures underscore that Bredt and Pitt—while no longer parties to the case—remain central to Plaintiffs' claims. *See* Compl., ECF 9, ¶¶ 97-98, 103, 113-114, 121-122 (referencing and citing Bredt, Pitt, and their allegations in the Citizen's Petition, as support for claims). Plaintiffs contend that Cassava pursued a "baseless" Defamation Action as part of a "blame-and-shame strategy, which involved attacking the motives of critics to distract from the truth of their critiques," and that Barbier and Burns "knew they lacked probable cause and could never prove that Plaintiffs' supposedly defamatory statements were false or defamatory[.]" *Id.* ¶¶ 1, 8, 12, 25-26, 46, 97, 108, 115, 143, 171, 196-203, 207-13. Plaintiffs assert two claims against Barbier and Burns: (1) malicious prosecution of the Defamation Action (¶¶ 195-205); and (2) civil conspiracy regarding both malicious prosecution and an anti-SLAPP claim (¶¶ 206-214).

To establish malicious prosecution, Plaintiffs must prove, among other things, that the Defendants commenced or continued the Defamation Action "without probable cause" and "with malice"—*i.e.*, there was no reasonable basis to believe Plaintiffs' defamatory statements were false and made with malice, and that Defendants brought the Defamation Action for malicious reasons. *See Loftus v. Arthur*, 847 N.Y.S.2d 902 (Sup. Ct. 2007) (granting summary judgment to defendant where plaintiff failed to demonstrate underlying action "was entirely lacking in probable cause"). Plaintiffs' anti-SLAPP claim against Cassava requires a similar showing: Plaintiffs must prove that the Defamation Action was commenced or continued "without a substantial basis in fact and law." N.Y. Civ. Rts. Law § 70-a. Thus, any evidence tending to show either that (i) Plaintiffs' allegedly defamatory statements (many of which were based on the Citizen's Petition) were false; (ii) Plaintiffs knew the statements were false and made them in bad faith; or (iii) Barbier or Burns

believed Plaintiffs' statements were false and maliciously motivated, is relevant to specific elements of Plaintiffs' claims.

Bredt and Pitt possess information directly relevant to these issues, and Defendants Barbier and Burns are entitled to gather that evidence for their defense. Plaintiffs' Complaint expressly adopts and reiterates the allegations first advanced by Bredt and Pitt in the Citizen's Petition with respect to simufilam and Defendants. Compl. ¶¶ 97-98, 103, 113-14, 121-22. Moreover, many of Plaintiffs' alleged defamatory statements explicitly referenced Bredt and Pitt, and/or incorporated their allegations in the Citizen's Petition. *See Cassava*, No. 22-cv-9409, ECF 1 ¶¶133, 136, 161(ff); ECF 1-1 at 15, 28, 31, 33, 36-37, 48, 50, 64, 88, 96-97, 104, 123, 126, 129-30, 139. This includes statements the Court found were sufficiently alleged to have been defamatory and actionable in the Defamation Action. *Cassava*, 2024 WL 1347362, *17-18, 20-22 (S.D.N.Y. 2024) (concluding "statements about [Cassava's] Open Label Study are defamatory" and "Tweets accus[ing] [Cassava] of lying, scientific fraud, or criminal conduct, or assert[ing] that its technology lacked scientific support, [] are defamatory per se," but that Cassava had not adequately pleaded malice); *see also id.* Ex. A at 224, 245, 294, 302. Furthermore, discovery in this case has revealed that Plaintiffs corresponded with Bredt and Pitt in connection with Plaintiffs' allegedly defamatory statements, in an apparent effort to further Plaintiffs' short-selling. Accordingly, the depositions of Bredt and Pitt are likely to produce evidence on several relevant issues, including their potential conflicts of interest in preparing and submitting the Citizen's Petition; the factual bases (or lack thereof) for Plaintiffs' allegedly defamatory statements, which largely rely on the Citizen's Petition; and Plaintiffs' motivations in making those statements. Such evidence would help show the existence of probable cause for, and lack of malice in, bringing the Defamation Action.

Discovery on these issues would not result in "re-litigating the defamation case." 10/28/25 Tr. 20:18-19. Defendants Barbier and Burns were not parties to the Defamation Action (*see Harco Constr. v. Scottsdale Ins.*, 236 N.Y.S.3d 250 (App. 2025)), and because the Court's order dismissing the Defamation Action under Rule 12(b)(6) did not address the merits of whether Cassava brought the Defamation Action without probable cause or with malice, it has no preclusive effect on those issues. *See Villaver v. Paglinawan*, 216 N.Y.S.3d 242, 244 (App. 2024) (no preclusion where "the issue decided in the prior action was [not] identical"). With the benefit of discovery in this action, Defendants Barbier and Burns intend to show that "the underlying civil claim, although not ultimately successful, was not frivolous or unsupportable." *Loftus*, 847 N.Y.S.2d at 902. Barbier and Burns are entitled to develop evidentiary support for their defenses in this action, including evidence showing that the defamatory statements were false and made with malice, which supports both the existence of probable cause and their good faith. *See 347 Cent. Park Assocs. v. Pine Top Assocs.*, 144 A.D.3d 785 (N.Y. App. 2016) (affirming summary judgment dismissal of malicious prosecution claim where underlying action was terminated in plaintiff's favor but defendants demonstrated the "action, considered as a whole, was not entirely without probable cause").

The testimony sought is unique to Bredt and Pitt—regarding the factual bases for their accusations in the Citizen's Petition, their motivations, and their interactions with Plaintiffs—and

Hon. Ona T. Wang
November 7, 2025
Page 4

cannot be obtained through discovery of the remaining parties in this action. Nor is the requested testimony unduly burdensome; we have repeatedly indicated to counsel for Bredt and Pitt that we are willing to agree on reasonable dates, times, and locations for the depositions. *Probulk Carriers v. Marvel Int'l Mgmt.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016) ("[T]he obligation for sitting for a deposition is not, in and of itself, burdensome."); *Gov't Emps. Ins. v. Dinesh Verma*, 2023 WL 1967575, *5 (E.D.N.Y. Feb. 10, 2023) ("absent an adequate excuse," non-party must comply with deposition subpoena).

At the October 28 conference, the Court queried "whether any settlement agreement that [Defendants] have with Bredt and Pitt may conform on whether they should show up or not show up." 10/28/25 Tr. 15:14-16. We respectfully request leave to submit the confidential settlement agreement for the Court's *in camera* review, with a short note on the relevant provisions (copying Bredt and Pitt's counsel).

***Citadel and Rosen.*** Prior to commencement of the Defamation Action, Barbier and Burns understood on information and belief that Plaintiffs in this case corresponded with Citadel and Rosen in an effort to spread negative publicity about Cassava. The requested discovery from Citadel and Rosen is likely to produce evidence relevant to Plaintiffs' credibility and motivations for making the alleged defamatory statements, as well as to support Dr. Burns's and Mr. Barbier's lack of malice.

## Conclusion

For all these reasons, the Court should compel (i) the depositions of Bredt and Pitt; and (ii) the production of documents from Citadel and the deposition of Rosen.

Respectfully submitted,

Douglas W. Greene
Partner

cc: All Parties/Counsel of Record via ECF
   Meghan Spillane (mspillane@goodwinlaw.com)
   Jeffrey Simes (jsimes@goodwinlaw.com) (counsel to Dr. Bredt and Dr. Pitt)
   Robert Boone (robert.boone@wilmerhale.com) (counsel to Citadel Advisors LLC)
   Florence Rostami (frostami@rostamilaw.com) (counsel to Mr. Rosen)