# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS, <br><br>       Plaintiffs, <br><br> DAVID BREDT and GEOFFREY PITT, <br><br>       Intervenor-Plaintiffs, <br><br>   v. <br><br> CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS, <br><br>       Defendants. | Case No. 1:24-cv-05948-JLR-OTW |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Remi Barbier and Lindsay Burns, by and through their undersigned counsel, will serve the attached subpoena *duces tecum* upon the following non-party:

**Citadel Advisors LLC**

This subpoena commands that this non-party produce to BakerHostetler LLP any materials in the non-party's possession, custody, or control that are responsive to the requests in Schedule A.

Dated: October 14, 2025

             **BAKER & HOSTETLER LLP**

             */s/ Zachary R. Taylor*
             Zachary R. Taylor
             45 Rockefeller Plaza-14th Floor

New York, New York 10111
Telephone:  212.589.4200
Facsimile:   212.589.4201
Email: ztaylor@bakerlaw.com

*An Attorney for Defendants Remi Barbier and*
*Lindsay Burns*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Adrian Heilbut et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-05948-JLR-OTW |
| Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Citadel Advisors, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Schedule A.

| Place: BakerHostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111 | Date and Time:<br><br>10/28/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/14/2025

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Zachary R. Taylor |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendants, Remi Barbier and Lindsay Burns _____ , who issues or requests this subpoena, are:

Zachary R. Taylor, 45 Rockefeller Plaza, New York, NY 10111, 212-589-4645, ztaylor@bakerlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-05948-JLR-OTW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants, Remi Barbier and Lindsay Burns, by and through their undersigned counsel, request that Citadel Advisors LLC produce for inspection and copying all documents and things listed below to BakerHostetler LLP, 45 Rockefeller Plaza, New York NY 10111 and/or electronically via email to the undersigned counsel, within fourteen (14) days of service of this subpoena or by a mutually agreed upon date.

### DEFINITIONS

For the purposes of these requests (individually a "Request" and collectively the "Requests"), the following definitions shall apply:

1.     "You," or "Your," or "Citadel" refer to Citadel Advisors LLC, and any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative.

2.     "Cassava" means Cassava Sciences, Inc.

3.     "Cassava Securities" means: (i) any Security issued by Cassava; (ii) any derivative Security or contract referencing any Security issued by Cassava, including but not limited to call options and put options; (iii) any other Security or contract creating any long or short position relative to any Security issued by Cassava, whether synthetically through direct holdings, or otherwise; and (iv) any Security or contract referencing Cassava financial or other performance metrics.

4.     "Communication" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), by any means

whatsoever, including orally or in writing, and by any medium whatsoever, including in person, via telephone, or via digital or electronic communication.

5.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

6.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.      The terms "and," "or," and "and/or" shall be construed conjunctively and disjunctively as necessary to bring within the scope of these Requests each document which might otherwise be construed to be outside of the scope of these Requests.

## INSTRUCTIONS

1.      This is a continuing request for the production of Documents and Communications. You are under a duty to promptly supplement Your response to, and compliance with, these Requests if You obtain information on the basis of which You learn or have reason to believe that (a) Your response or compliance was inaccurate, incomplete, or misleading when made, or (b) Your response or compliance, although accurate and complete when made, is no longer accurate and complete. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

2.      Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents and Communications authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning or in effect during the period from January 1, 2020 to December 31, 2024.

3.      In responding to these Requests, You shall produce responsive Documents and Communications that are in Your possession, custody, or control, or in the possession, custody, or control of Your partners, directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A Document or Communication is within Your control if You have the right to secure the Document or Communication or a copy thereof from another Person having possession or custody of the Document or Communication, including Documents or Communications maintained at any of Your present or former offices, at Your attorneys' offices, or elsewhere.

4.      In objecting to any Request herein, You shall state the specific grounds for the objection and which Documents and/or Communications will be withheld and which Documents and/or Communications will be produced notwithstanding such objections. Any ground not stated with specificity or in a timely objection is waived unless excused by the Court for good cause shown. If You object to any particular portion of any Request herein, You are nevertheless required to produce Documents and Communications in response to all other portions of such Request as to which there is no objection.

5.      You shall construe each Request herein independently and not with reference to any other Request for the purposes of limitation.

6.      The following rules of construction apply to these Requests:

a.  The terms "all," "any," and "each" shall each be construed as encompassing any and all;

b.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

c.  The use of the singular form of any word includes the plural and vice versa.

7.  If no Documents or Communications exist that are responsive to a particular Request, You shall so state in writing.

8.  With respect to each responsive Document or Communication called for by these Requests and withheld under a claim of privilege or otherwise, You should create and provide a privilege log identifying such Documents and Communications that is consistent with the Federal Rules of Civil Procedure.

9.  All definitions set forth above are in addition to the defined words' standard meanings. If You contend that You do not understand the definition of the term or phrase used in any Request, You should respond to that portion of the Request that You do understand and explain what it is that You do not understand with regard to the remainder of the Request. If You believe that any Request is overbroad in part, You should respond to that portion of the Request that You do not consider overbroad and explain why You believe the remainder is overbroad.

10.  These Instructions incorporate by reference the rules of construction set forth in paragraphs (c) and (d) of Rule 26.3 in the Local Rules of the Southern District of New York.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

All Documents and Communications concerning Cassava.

**REQUEST NO. 2**

All Documents and Communications concerning Citadel's decision to hold any financial position in Cassava Securities.

**REQUEST NO. 3**

All Documents and Communications involving or concerning Remi Barbier.

**REQUEST NO. 4**

All Documents and Communications involving or concerning Lindsay Burns.

**REQUEST NO. 5**

All Documents and Communications involving or concerning Geoffrey Pitt with respect to Cassava.

**REQUEST NO. 6**

All Documents and Communications involving or concerning David Bredt with respect to Cassava.

**REQUEST NO. 7**

All Documents and Communications involving or concerning Adrian Heilbut with respect to Cassava.

**REQUEST NO. 8**

All Documents and Communications involving or concerning Enea Milioris with respect to Cassava.

**REQUEST NO. 9**

All Documents and Communications involving or concerning Jesse Brodkin with respect to Cassava.

Dated: October 14, 2025            **BAKER & HOSTETLER LLP**

                           */s/ Zachary R. Taylor*

Zachary R. Taylor
45 Rockefeller Plaza-14[th] Floor
New York, New York 10111
Telephone:  212.589.4200
Facsimile:   212.589.4201
Email: ztaylor@bakerlaw.com

*An Attorney for Defendants Remi Barbier and*
*Lindsay Burns*