

Jeffrey A. Simes
212.813.8879
jsimes@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

November 14, 2025

**VIA ECF AND EMAIL**

>Honorable Ona T. Wang
>United States District Court for the
>Southern District of New York
>500 Pearl Street, Courtroom 20D
>New York, NY 10007-1312

**Re:**   *Subpoena to Dr. Geoffrey Pitt In Heilbut et al. v. Cassava Sciences, et al.,* **Civil Action No. 1:24-cv-05948-JLR-OTW (S.D.N.Y.)**

Dear Magistrate Judge Wang:

We represent Drs. David Bredt and Geoffrey Pitt, two former intervenor-plaintiffs in this matter. We respond to the November 7, 2025 letter of Zachary Taylor, counsel for Defendants Remi Barbier and Lindsay Burns, seeking to compel Drs. Bredt's and Pitt's responses to subpoenas served by Barbier and Burns (ECF No. 186). The subpoenas, which we do not believe have been validly served, are inappropriate as Barbier and Burns seek discovery that is not relevant or proportional to the needs of this case. Moreover, Barbier and Burns exceed the terms of the parties' Settlement Agreement and they have failed to take the necessary steps under FRCP 45 to minimize of avoid imposing burdens on Drs. Bredt and Pitt, who are non-parties.

Mr. Taylor's letter further fails to present an accurate factual record here, has failed to put before the Court the meritorious Rule 45 objections of Drs. Bredt and Pitt, and has failed to bring to the Court's attention the parties' prior correspondence which is relevant to the resolution of this matter.

By way of background, Drs. Bredt and Pitt were intervenor-plaintiffs in this matter who settled their claims against Defendants on September 23, 2025 and whose claims were dismissed with prejudice pursuant to FRCP 41(a)(2) on October 2, 2025 (ECF No. 172). Their settlement agreement with defendants contained protections against discovery directed to Drs. Bredt and Pitt. As the Court can confirm in an *in camera* review of the Settlement Agreement, the Defendants agreed to minimize the burden of any discovery that might be required and acceded to other terms protecting Drs. Bredt and Pitt from the costs and burdens of discovery in this case.

The day after Drs. Bredt and Pitt dismissed their Complaint-in-Intervention, counsel for Barbier and Burns contacted counsel for Drs. Bredt and Pitt to seek discovery. Counsel for Drs. Bredt and Pitt requested, as per Section 7 of the Settlement Agreement, that counsel for Barbier and Burns identify what information they sought from Drs. Bredt and Pitt. In an October 7, 2025 telephone call, counsel for Barbier and Burns demurred, but ultimately indicated that they sought discovery concerning assertions in the Citizen Petition



Honorable Ona T. Wang
November 14, 2025
Page 2

itself and concerning the financial motives of Drs. Bredt and Pitt. Counsel for Drs. Bredt and Pitt explained that the discovery requested was not relevant to the anti-SLAPP matter and constituted an improper effort to relitigate the underlying defamation lawsuit.

Undeterred, on October 8, 2025, counsel for Barbier and Burns forwarded subpoenas to counsel for Drs. Bredt and Pitt. These do not appear to have been properly served, and on Wednesday, November 12, 2025, counsel for Barbier and Burns reiterated a request that counsel for Drs. Bredt and Pitt accept service of the subpoenas. A further colloquy then ensued in which counsel for Drs. Bredt and Pitt again requested that Barbier and Burns identify the specific discovery that they believed was required. Counsel for Barbier and Burns initially refused to do so, but then reiterated on October 13, 2025 that the requested discovery was addressed to the "credibility of, and allegations contained in, the Citizen's Petition and the Supplements to the Citizen's Petition[.]" (As the referenced email references confidential terms of the Settlement Agreement, the email can be provided for *in camera* review.) Before Drs. Bredt and Pitt could respond, counsel for Barbier and Burns made efforts to serve the subpoenas on Drs. Bredt and Pitt.

By letter dated October 21, 2025, the undersigned served objections to the subpoenas under FRCP 45. (Exhibit A.) The objection letter noted that Barbier and Burns had not identified any valid discovery need that Drs. Bredt and Pitt could address, but instead sought to relitigate matters that Cassava lost in the underlying defamation matter. The objection letter quoted Your Honor's admonition at the May 20, 2025 conference in this matter that "[w]e are not here to relitigate the defamation action. . . . Cassava is collaterally estopped from relitigating the merits of the defamation action." (5/20/25 Hr'g Tr. at 58:1-6.) The objection letter further noted the Court's statement that what is at issue in this case is "what Cassava knew at the time of the defamation action and before and the circumstances surrounding the statements made in the defamation action, the decision to bring the defamation action, what other actors were deployed to support Cassava's narrative." (*Id.* at 57:18-22.)

Despite numerous requests and despite having agreed to do so in the Settlement Agreement, Barbier and Burns have not identified any subject matter of the discovery they seek from Drs. Bredt and Pitt beyond testing the credibility of the Citizens Petition and supporting communications. That is a direct and impermissible effort to relitigate the defamation case. Indeed, in his letter to the Court, Mr. Taylor makes clear that his intent is to relitigate whether the underlying defamation action "was not frivolous or supportable." This is precisely what the Court has indicated is off limits here. As Drs. Bredt and Pitt can shed no light on what the Defendants knew or intended when they filed their baseless allegations—the core issue to be litigated here—Barbier and Burns have failed to demonstrate the propriety of the subpoenas.

Even if Barbier and Burns had identified a legitimate subject matter of discovery, they still are obligated under Rule 45(d)(1) of the Federal Rules of Civil Procedure to avoid burdening Drs. Bredt and Pitt, who are now non-parties, with discovery obligations that one or more parties could provide. *See, e.g., Ivor Wolfson Corp, S.A. v. Locke Lidell & Sapp LLP*, No. 99 CIV 11471 AKH, 2001 WL 246384, *5 (S.D.N.Y.



Honorable Ona T. Wang
November 14, 2025
Page 3

Mar. 13, 2001) (denying discovery request because it was "redundant of discovery already obtained from party witnesses"); *In re Penn Central Commercial Paper Litig.*, 61 F.R.D. 453, 466 (S.D.N.Y. 1973) ("The rationale for permitting an independent action for production of documents and things from a nonparty witness presumes a situation in which the items sought are unavailable from a party, or are not otherwise obtainable by the movant's own efforts.") (internal citation omitted). Despite several requests, Barbier and Burns have not identified any subject matter of discovery that could and should not be addressed first by the parties before imposing burdens on non-parties such as Drs. Bredt and Pitt.

Despite the Court's prior rulings to the contrary, Barbier and Burns appear to believe that they can continue to wield litigation as a cudgel against Drs. Bredt and Pitt. This behavior is inappropriate, inconsistent with Rule 45, and in breach of the parties' settlement agreement. Rule 45(d)(1) provides that the Court "must enforce" the duty to avoid expense and burden on third parties such as Dr. Bredt and Pitt, who request that the Court impose on Barbier and Burns "an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." We request that the Court cause Barbier and Burns to pay reasonable attorneys' fees incurred by Drs. Bredt and Pitt in addressing their improper subpoenas.

Sincerely,

*Jeffrey Simes*

Jeffrey A. Simes

All counsel of record (by ECF and email)