# EXHIBIT A



Jeffrey A. Simes
212.813.8879
jsimes@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

October 21, 2025

**VIA EMAIL AND U.S. MAIL**

Zachary R. Taylor, Esq.
Baker & Hostetler
45 Rockefeller Plaza-14th Floor
New York, NY 10111
ztaylor@bakerlaw.com

Re:  *Subpoena to Dr. Geoffrey Pitt In Heilbut et al. v. Cassava Sciences, et al.,* **Civil Action No. 1:24-cv-05948-JLR-OTW (S.D.N.Y.)**

Dear Mr. Taylor:

As you know, we are counsel to Dr. Geoffrey Pitt and we write to you concerning the subpoena you purported to issue to Dr. Pitt in the above-referenced matter on behalf of your clients, Defendants Remi Barbier and Lindsay Burns.

First, while we have a copy of the subpoena that you served on counsel, we do not believe the subpoena was validly served on Dr. Pitt. Please provide us with proof of service as to which we reserve all rights.

Second, had the subpoena been validly served, Dr. Pitt would object to the subpoena pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure on the ground that it exceeds the scope of permissible discovery in this case. In prior correspondence, we asked you to identify what discovery, if any, to which you believed Burns and Barbier were entitled and which you believe needed to be obtained from Dr. Pitt. You asserted—entirely wrongly—that you were under no obligation to inform us what discovery you intended to seek from Dr. Pitt. After we pressed, you further evaded the question, asserting vaguely that the Citizen Petition is generally relevant because you intend to relitigate the underlying defamation action. This ruse has already been rejected by the Court. In the May 20, 2025 conference in this matter—which we note you did not attend—Magistrate Judge Wang explicitly rejected your predecessor counsel's effort to broaden discovery in the manner you now seek in order to relitigate the underlying defamation matter. Judge Wang ruled that what is at issue in this case is "what Cassava knew at the time of the defamation action and before and the circumstances surrounding the statements made in the defamation action, the decision to bring the defamation action, what other actors were deployed to support Cassava's narrative." (5/20/25 Hr'g Tr. at 57:18-22.) Judge Wang flatly rejected efforts to obtain discovery concerning the Plaintiffs' motivations or motives and ruled "[w]e are not here to relitigate the defamation action. . . . Cassava is collaterally estopped from relitigating the merits of the defamation action." (*Id.* at 58:1-6.) Your subpoena contravenes the Court's clear directive and is entirely improper. Dr. Pitt thus objects under Rule 45 that the subpoena improperly seeks information that is overbroad, unduly burdensome, seeks



Zachary R. Taylor, Esq.
October 21, 2025
Page 2

information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case.

Third, Rule 45(d)(1) imposes on you the duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." You have entirely failed to do so. Dr. Pitt has settled with the Defendants and is no longer a party to this action. Yet it appears you have made no effort to determine whether any actually discoverable information you may be seeking could be obtained from one or more of the remaining parties to the lawsuit. Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, it was incumbent upon you first to seek the requested information from the parties to the lawsuit before imposing inconvenience and costs on non-parties such as Dr. Pitt. *See, e.g., Ivor Wolfson Corp, S.A. v. Locke Lidell & Sapp LLP*, No. 99 CIV 11471 AKH, 2001 WL 246384, *5 (S.D.N.Y. Mar. 13, 2001) (denying discovery request because it was "redundant of discovery already obtained from party witnesses"); *In re Penn Central Commercial Paper Litig.*, 61 F.R.D. 453, 466 (S.D.N.Y. 1973) ("The rationale for permitting an independent action for production of documents and things from a nonparty witness presumes a situation in which the items sought are unavailable from a party, or are not otherwise obtainable by the movant's own efforts.") (internal citation omitted).

Fourth, Dr. Pitt objects to the extent that the subpoena would impose costs on Dr. Pitt which should be borne by the parties, rather than non-party Dr. Pitt. In the event that a narrowed and valid subpoena is ultimately served, Dr. Pitt requests that your client confirm that it will pay the reasonable costs Dr. Pitt may incur in responding to the subpoena, both under Rule 45 and as required by the parties' settlement agreement. (As previously noted, we will address separately and reserve all rights with respect to our contention that your approach to discovery violates Burns and Barbier's obligations under the Settlement Agreement.)

Fifth, Dr. Pitt further notes that the date selected in the subpoena—which you did not previously discuss with us—is not available for him. Dr. Pitt will not be appearing pursuant to the subpoena, which is not only invalid but which also conflicts with other obligations of Dr. Pitt and his counsel.

Dr. Pitt reserves the right to assert such other and further objections as may subsequently become evident. Dr. Pitt further reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the subpoena.

In sum, your subpoena is squarely at odds with Rule 45(d)(1). We remind you that under Rule 45(d)(1), the Court "must enforce" the duty to avoid expense and burden on third parties such as Dr. Pitt and your violation of that duty will require "an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Be advised that we intend to pursue all such sanctions and remedies in the event you proceed with your invalid subpoena.



Zachary R. Taylor, Esq.
October 21, 2025
Page 3

Sincerely,

*Jeffrey A. Simes*

Jeffrey A. Simes