

**Isaac B. Zaur**

**izaur@cgr-law.com**
**Direct: 212.633.4314**

**VIA ECF AND EMAIL**

November 14, 2025

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

  Re: *Heilbut, et al., v. Cassava, et al*., Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

  Plaintiffs oppose the individual defendants' letter-motion to compel depositions of Dr. David Bredt, Dr. Geoffrey Pitt, and Zev Rosen, and the production of documents from Citadel Advisors LLC. (Dkt. No. 186, "Mot.").)  The individual defendants have systematically resisted, obstructed, and delayed discovery throughout this action; their about-face effort to pursue this discovery now, at the very end of fact discovery, appears calculated only to force further delay.[1] The individual defendants also set forth no compelling need for the discovery they now seek.

  With respect to timing, it bears repeating that the individual defendants produced a grand total of only *eight* documents during the course of fact discovery, based on their extensive invocations of the "act of production" doctrine under the Fifth Amendment privilege against self-incrimination. They delayed their own depositions—including on the basis of ostensible Fifth Amendment concerns—such that they were completed only yesterday. Plaintiffs have been seeking to recover for the defendants' abusive and baseless litigation for more than a year and are entitled to see the discovery period finally closed. The individual defendants should not be permitted to strategically withhold participation in discovery and then pivot to seek additional depositions and documents—of ill-defined relevance—at (and indeed beyond) the last minute in a transparent effort to impose further delay.

  The individual defendants' apparent suggestion that they decided to depose Dr. Bredt and Dr. Pitt only in reaction to Plaintiffs' September 26, 2025, amendments to their Rule 26(a)(1) disclosures is not credible. Mot. at 1-2. Dr. Bredt and Dr. Pitt were defendants in the Defamation Action and, until very recently, plaintiffs in this action. *They were also listed on the individual defendants' own Rule 26(a)(1) disclosures served January 6, 2025*. With respect to Citadel and Mr. Rosen, the individual defendants admit that "prior to the commencement of the Defamation

---

[1] Allowing these depositions to proceed would undoubtedly require another extension to the fact discovery deadline. Neither Dr. Bredt, Dr. Pitt, or Mr. Rosen's depositions have been scheduled for even a tentative date, despite discovery ending on November 26, 2025. Dr. Bredt has not even been served. Mot. at 1 n.1.

**41 Madison Avenue, New York, NY 10010**  **Main: 212.633.4310**  **cgr-law.com**

Hon. Ona T. Wang
November 14, 2025
Page 2 of 2

Action," i.e., more than three years ago, "Barbier and Burns understood on information and belief that Plaintiffs in this case corresponded with Citadel and Rosen."  Mot. at 4.

        Moreover, the individual defendants do not clearly distinguish between discovery relevant to this action and that which would have been proper in the underlying defamation case. As the Court pointed out at the May 20, 2025 Discovery Conference, this case concerns what "what Cassava knew at the time of the defamation action and before and the circumstances surrounding the statements made in the defamation action, the decision to bring the defamation action, what other actors were deployed to support Cassava's narrative."  Tr. at 57: 18-22 (limiting defendants' discovery requests into plaintiffs' financial holdings); *see also id.* at 58:2-3 (finding "Cassava is collaterally estopped from relitigating the merits of the defamation action."). For example, defendants seek evidence from Citadel to test "Plaintiffs' credibility and motivations for making the alleged defamatory statements." Mot. at 4. This does not justify a further extension of the discovery period.

        For these reasons, plaintiffs request this Court deny defendants' request entirely. We thank the Court for its attention to this matter and are available at the Court's convenience.


                                        Respectfully submitted,

                                        */s/ Isaac B. Zaur*

                                        Isaac B. Zaur




cc:     All parties/counsel of record (via ECF)
        Meghan Spillane (mspillane@goodwinlaw.com) (counsel to Dr. Bredt and Dr. Pitt)
        Jeffrey Simes (jsimes@goodwinlaw.com) (counsel to Dr. Bredt and Dr. Pitt)
        Robert Boone (robert.boone@wilmerhale.com) (counsel to Citadel Advisors LLC)
        Florence Rostami (frostami@rostamilaw.com) (counsel to Mr. Rosen)