**Robert L. Boone**

+1 212 295 6314 (t)
+1 212 230 8888 (f)
robert.boone@wilmerhale.com

November 14, 2025

**VIA ECF & EMAIL**

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

     Re: *Adrian Heilbut et al. vs. Cassava Sciences, Inc.*, 24-cv-05948-JLR-OTW

Dear Judge Wang:

     As directed by the Court on October 28, 2025, this letter responds to the October 14, 2025, subpoena directed to non-party Citadel Advisors LLC ("Citadel" or the "Firm") (the "Subpoena") and the October 20, 2025, subpoena directed to non-party Dr. Zev Rosen (the "Rosen Deposition Notice") on behalf of Defendants Remi Barbier and Lindsay Burns in the above-referenced matter. Citadel objects to the production of its documents in this matter and Dr. Rosen objects to the proposed deposition.

     Citadel, a global investment firm, is not named in the complaint and had no involvement in the prior defamation lawsuit that is the subject of the current litigation. As set forth more fully below, Defendants are merely grasping at straws at the tail end of discovery and attempting to engage in an unfounded fishing expedition.

     Citadel's written responses and objections to the subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure are attached as Exhibit 1 and incorporated by reference herein.

     <u>**Background**</u>

     Defendants Barbier and Burns subpoenaed Citadel on October 14, 2025, seeking a broad set of material, including "all documents" relating to Cassava, as well as communications that are likely to be in the possession of parties to this litigation. Defendants have failed to sufficiently articulate any basis for such broad requests, including in their November 7, 2025, Letter Motion.

Non-party discovery is permitted only when the material sought is relevant to a party's claim or defense, or the material sought reasonably could lead to admissible evidence. *See* Federal Rule of Civil Procedure 26(b)(1). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *Citizens Union of City of New York v. Att'y Gen. of New York,* 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *Salvatorie Studios, Int'l v. Mako's, Inc.*, No. 1:01-cv-04430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

Despite numerous opportunities to provide an explanation, Defendants Barbier and Burns have failed to explain why the discovery sought is relevant or could lead to admissible evidence, including in the meet-and-confer discussions Citadel had with counsel; at the October 28 status conference before the Court; and in Defendants' November 7 filing. In various conversations with counsel, Defendants' only attempt at an explanation was a vague reference to potential discussions involving Citadel and unnamed hedge funds relating to the shorting of Cassava's stock. That is not enough. Indeed, at the October 28 hearing, the Court itself questioned what "the alleged conspiracy or discussions among hedge funds have to do with the claims in this case," and warned that "we are not re-litigating the defamation action." Tr. 11, 13.

The Defendants' November 7 Letter did not provide any further information to support their request for Citadel's documents. In fact, the majority of the Defendants' November 7 Letter Motion is spent defending the subpoenas to David Bredt and Geoffrey Pitt. By contrast, with respect to the Citadel Subpoena and the Rosen Deposition Notice, Defendants dedicated only a single paragraph to explain why they are seeking discovery from Citadel and Dr. Rosen. Defendants make no mention of a purported conspiracy among hedge funds, noting only that the Defendants understood "on information and belief" that Plaintiffs corresponded with Citadel and Dr. Rosen "in an effort to spread negative publicity about Cassava." Defendants claim that these communications will be relevant to "Plaintiffs' credibility and motivations for making the alleged defamatory statements, as well as to support Dr. Burns's and Mr. Barbier's lack of malice." Yet, the Letter Motion offers no explanation for how that might be the case, or what information Citadel purportedly has in its possession. Clearly, as the Court suspected, Defendants are simply trying to relitigate certain of the underlying issues in their original defamation action, none of which relates to Citadel. Accordingly, Defendants' motion to compel the production of Citadel documents and the deposition of Dr. Rosen should be denied.

### Citadel and Dr. Rosen Object to the Subpoena and Deposition Notice

Defendants were not justified in issuing the Subpoena or the Rosen Deposition Notice in light of the clear lack of rationale for the relevancy of the materials. *See, e.g., Morelli v. Alters*, No. 1:19-CV-10707-GHW, 2020 WL 6508858, at *4 (S.D.N.Y. Nov. 5, 2020); *Salvatorie Studios*, 2001 WL 913945, at *1 (granting motion to quash nonparty subpoena

because the litigant "failed to establish that the [information] it seeks is in any way relevant to the claims or defenses raised in *this* action"). This is true regardless of whether or not the requests are burdensome. *Morelli*, 2020 WL 6508858, at *4 ("A subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous.") (citations omitted).

Even if this material *were* relevant (and plainly it is not), what Defendants appear to be seeking is in fact both burdensome to produce and plainly disproportionate to the needs of the case. *See UMB Bank, N.A. v. Sanofi*, No. 1:15-cv-08725, 2017 WL 6398628, at *1 (S.D.N.Y. Nov. 22, 2017) (citing Fed. R. Civ. P. 26 (b)(1)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 1:03-cv-01382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (internal quotation marks omitted) (citing *Concord Boat Corp. v. Brusnwick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996)); *Neogenix Oncology, Inc. v. Gordon*, No. 2:14-cv-04427, 2017 WL 1207558, at *10 (E.D.N.Y. Mar. 31, 2017) (denying a motion to compel a subpoena for documents and testimony after finding that the defendant "fail[ed] to cite any evidence or concrete facts which would provide even elementary support for the assertions it makes" and that "[s]uch substantiation is even more important, where, as here, Defendant seeks a broad universe of discovery as well as deposition testimony from a non-party").

Particularly "[w]here discovery is targeted to non-parties, [t]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the nonparty." *Id.* (internal quotation marks omitted) (citing *Fears v. Wilhelmina Model Agency, Inc.*, No. 02-cv-4911, 2004 WL 719185, at *1 (S.D.N.Y April 1, 2004)). Courts in the Southern District of New York consistently grant motions to quash non-party subpoenas where the burden of production outweighs the relevance of the information requested. *Leslie v. Starbucks Corp.*, No. 23-1194-cv, 2024 WL 2186232, at *7 (2d Cir. May 15, 2024) (finding that non-party subpoena requests which would require a non-party to search years' worth of emails sent by "any" employee of the defendant was "not proportional to the inquiry" in the case and would "require[] disclosure of confidential [ ] activities"); *Concord Boat Corp. v. Brusnwick Corp., 169 F.R.D. 44, 50-51 (S.D.N.Y. 1996)*.

Indeed, contrary to the representations to the Court in the Letter Motion, Defendants' Subpoena here includes overly broad requests such as "[a]ll Documents and Communications concerning Cassava" or "concerning Citadel's decision to hold any financial position in Cassava Securities" from January 1, 2020, to December 31, 2024. The material sought "is not sufficiently relevant to warrant production nor is it proportional to the needs of the case."

*Morocho v. Stars Jewelry by A Jeweler Corp*., 345 F.R.D. 292, 294-295 (S.D.N.Y. 2024) (quashing subpoena).  Rather, the subpoena is "overbroad on its face," seeking information from a non-party for a vast timeframe, therefore imposing an "undue burden."  *Concord Boat Corp*, 169 F.R.D. 44 at 50-51; *Leslie*, 2024 WL 2186232, at *7.

Additionally, Defendants are inappropriately seeking communications involving Plaintiffs, as well as Defendants (i.e., they are seeking communications to which they themselves were a party), when clearly those could have already been sought from the parties themselves.  Putting aside the fact that the requests contradict Defendants' claim to be seeking communications with the Plaintiffs only, these documents should be available without the involvement of a non-party.  If "documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]."  *Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB) (JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (internal quotation marks omitted) (citing *Hasbro, Inc. v. Serafino,* 168 F.R.D. at 99, 100 (D. Mass 1996)); *see also Solomon v. Nassau Cnty*., 274 F.R.D. 455, 461 (E.D.N.Y. 2011) (granting motion to quash non-party testimony even when "the Court already determined that this evidence was necessary and relevant to the Plaintiff's ability to explain his theory of damages" because "the Court may also consider under Rule 26(b)(2)(C)(i) if the discovery can be 'obtained from some other source that is more convenient' or 'less burdensome,'" such as from a designated expert instead of the non-party).  Defendants have provided no explanation, and no showing has been offered as to why that would not answer the ask here.

In similar circumstances, courts have found overly broad non-party subpoenas that included sweeping requests for information with only a tangential relationship to the claims of the case to be "the epitome of a fishing expedition."  *Morelli v. Alters*, No. 1:19-CV-10707-GHW, 2020 WL 6508858, at *6 (S.D.N.Y. Nov. 5, 2020); *see also Salvatorie Studios*, 2001 WL 913945, at *1; *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (granting motion to quash when the non-party "subpoenaed information" related to a defense of defamation claims that were previously dismissed).  The same applies here.

**Conclusion**

For these reasons, Citadel respectfully requests that the Court deny the Defendants'
Motion to Compel the production of documents from Citadel and the deposition of Dr. Rosen.

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Robert L. Boone*
    Robert L. Boone

**Robert L. Boone**

+1 212 295 6314 (t)
+1 212 230 8888 (f)
robert.boone@wilmerhale.com

November 14, 2025

**VIA ECF & EMAIL**

Zachary R. Taylor
BakerHostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      Re: *Adrian Heilbut et al. vs. Cassava Sciences, Inc.*, 24-cv-05948-JLR-OTW

Dear Mr. Taylor:

      This letter responds to the October 14, 2025, subpoena directed to non-party Citadel Advisors LLC ("Citadel" or the "Firm") (the "Subpoena") and the October 20, 2025, subpoena directed to non-party Dr. Zev Rosen on behalf of Defendants Remi Barbier and Lindsay Burns in the above-referenced matter. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, this letter serves as the Firm's written response and objections to the subpoenas. With respect to the subpoena directed to Dr. Rosen, we object on the ground that Dr. Rosen lacks personal knowledge of or involvement in the matters alleged by the plaintiffs in the instant action. With respect to the subpoena directed to Citadel, our objections are below.

## GENERAL OBJECTIONS

1.      Citadel objects to each request to the extent that it seeks "any" or "all" documents on a subject as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in that the collection of potentially responsive documents would require a massive search for documents in numerous different places and files, including potentially the files of many individuals.

2.      Citadel objects to the Subpoena to the extent it seeks documents on subjects beyond the scope permitted by the Court.

3.      Citadel objects to the Subpoena because it does not provide reasonable time to review and produce documents to comply reasonably with the Subpoena.

4.    Citadel objects to the Subpoena's Document Requests (the "Requests") to the extent that they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, any privilege of self-critical analysis, any pertinent statutes dealing with privacy rights, or by any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. All requests have been read to exclude discovery of such privileged information, and such documents will not be produced.

5.    Citadel objects to the Requests to the extent that they are overbroad, unduly burdensome, not relevant to the parties' claims or defenses, not proportional to the needs of the case, or not reasonably calculated to lead to the discovery of admissible evidence.

6.    Citadel objects to the Requests to the extent that they impose an undue burden and expense on Citadel or purport to impose obligations greater than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable law, rule, or doctrine.

7.    Citadel objects to the Requests to the extent that they purport to require Citadel to produce documents that are outside its possession, custody, or control, and/or that are not maintained in the ordinary course of its business.

8.    Citadel objects to the Requests to the extent that they are unreasonably cumulative or duplicative of any other discovery request.

9.    Citadel objects to each Request to the extent it seeks documents that may be obtained through discovery from a party to the lawsuit. The Firm is a non-party here and thus, the burden it need shoulder to comply with a non-party subpoena is less than the burdens that parties to the litigation should bear themselves. Accordingly, Citadel objects to the Subpoena insofar as the discovery is available from a party to the litigation.

10.    Citadel objects to each Request to the extent it may be construed to require the Firm to search for and disclose or produce documents or information that are publicly available or equally accessible to Lead Plaintiff.

11.    Citadel objects to the Requests to the extent that they seek documents that contain, reflect, refer, or relate to confidential or proprietary information and/or trade secrets.

12.     Citadel objects to the Requests to the extent that they would require Citadel to search for and produce electronically stored documents from sources that are not reasonably accessible, and without regard for the expense and burden of such undertaking, particularly in light of the marginal benefit to be obtained from a search and the fact that the Firm is a non-party.

13.     Citadel expressly reserves any rights it may have to be reimbursed for the cost of compliance with the Subpoena.

14.     The specific responses set forth below are based upon information now available to Citadel. Citadel reserves the right to amend or supplement its responses and objections.

15.     Any decision by Citadel to provide documents or information, notwithstanding the objectionable nature of any part of the Subpoena, should not be construed as an agreement that the material is discoverable, a waiver of the Firm's objections, or an agreement that requests for similar discovery will be treated in a similar manner.

16.     Any response, objection, or statement that documents responsive to any particular Request will be produced does not necessarily mean that such documents exist or are in the possession, custody, or control of Citadel.

17.     The inadvertent production of a document is not a waiver of any rights or privileges. In the event that privileged documents or information are produced, the production, unless otherwise expressly stated to the contrary in writing at the time of production, is inadvertent and shall be deemed to be null, void, and of no legal consequence. Parties and their counsel are directed to refrain from reading or copying any inadvertently produced document that contains privileged information if they have been advised of the privileged or confidential nature of the document produced by Citadel and to return it (and all copies) immediately upon notice by the Firm.

18.     As the Requests seek confidentially and commercially sensitive information, Citadel objects to the production of any documents until such time as an appropriate protective order is in place governing the treatment of those documents.

19.     Nothing contained in the Responses and Objections or provided in response to the Subpoena consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in

any request.  Indeed, it is reasonably likely that no responsive documents exist in response to certain of the requests.

20.     The objections set forth above are incorporated in each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.  Citadel does not waive any objection by responding to a Request in whole or in part.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Citadel objects to the Instructions in the Subpoena to the extent that they impose an undue burden and expense on Citadel or purport to impose obligations greater than those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

2.     Citadel objects to Instruction 3 as overbroad and vague and ambiguous to the extent it purports to impose an obligation to furnish documents, electronic data, and information available to or in the possession or under the control of the Firm's "partners" or "agents." The Firm further objects to the definition on the grounds that it includes attorneys and thus may sweep in documents covered by the attorney-client privilege and/or the work product doctrine.  To the extent this Instruction is applicable to any Requests, Citadel will not conduct searches of documents in the possession, custody, or control, of any entities other than itself, and will search the files only of an appropriately limited set of custodians, based on a consideration of its status of a third party, the burden involved, and the likely location of responsive documents.

3.     Citadel objects to the Subpoena's Relevant Period purporting to set a time period for document review and production of "January 1, 2020 to December 31, 2024."  Plaintiffs' Complaint makes no specific allegations dated earlier than 2021.

4.     Citadel objects to the Subpoena's instructions to the extent they attempt to impose a continuing production obligation on Citadel.

5.     Citadel objects to the Definitions in the Subpoena to the extent that they conflict with or purport to define terms differently than those terms are defined by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable law or rule.

6.      Citadel Objections to the definition of "You" and "Your" as overly broad and unduly burdensome to the extent that it purports to impose an obligation on Citadel to collect documents from other individuals or entities.

7.      Citadel objects to the Definition of "Cassava Securities" as overbroad in that it includes "any other Security or contract creating any long or short position relative to any Security issued by Cassava, whether synthetically through direct holdings, or otherwise" and "any Security or contract referencing Cassava financial or other performance metrics."

8.      Citadel objects to the Subpoena's definition of "Concerning" as overly broad, unduly burdensome, and disproportionate to the needs of the case.

## RESPONSES AND OBJECTIONS
## TO SPECIFIC DOCUMENT REQUESTS

Citadel incorporates the above-mentioned general objections as to each one of the document requests below, and it asserts the following additional objections to your specific document requests.  These objections serve only to identify defects in the requests, primarily that many categories call for searches that are unreasonable and would impose burdens vastly in excess of any possible need.  They are not representations that Citadel has responsive documents in its custody, control or possession.

**Request No. 1**:   All Documents and Communications concerning Cassava.

**Response and Objections to Request No. 1:**

Citadel incorporates the General Objections and Objections to Definitions and Instructions by reference.  In addition, Citadel objects to Request 1 because it is burdensome, vague, ambiguous, and does not specify the information sought with sufficient particularity.  Citadel further objects to the extent that this Request purports to impose overbroad and unduly

burdensome requirements on non-party Citadel to search for and produce "[a]ll documents" over a more than four-year period.

Citadel objects to this Request on the grounds that it is not relevant to any claim or defense of any party to this action and therefore not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action. The Complaint makes no allegations regarding Citadel, and Citadel's Documents and Communications have no bearing upon Plaintiffs' malicious prosecution and conspiracy claims against Defendants Remi Barbier and Lindsay Burns. Indeed, when asked, Counsel for Defendants' Barbier and Burns was unable to explain to Citadel its relevance to this case. This request appears to be merely an attempt by Defendants Barbier and Burns to relitigate certain of the underlying issues in their related defamation action.

**Request No. 2**:   All Documents and Communications concerning Citadel's decision to hold any financial position in Cassava Securities.

     **Response and Objections to Request No. 2:**  Citadel incorporates the General Objections and Objections to Definitions and Instructions by reference. Citadel objects to the Request because it is vague, ambiguous, and does not specify the information sought with sufficient particularity. Citadel specifically objects to the phrase "any financial position" as vague and ambiguous. Citadel further objects to the extent that this Request purports to impose

overbroad and unduly burdensome requirements on non-party Citadel to search for and produce "[a]ll documents" over a more than four-year period.

Citadel objects to this Request on the grounds that it is not relevant to any claim or defense of any party to this action and therefore not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action. The Complaint makes no allegations regarding Citadel, and Citadel's "financial position" has no bearing upon Plaintiffs' malicious prosecution and conspiracy claims against Defendants Remi Barbier and Lindsay Burns. Indeed, when asked, Counsel for Defendants' Barbier and Burns was unable to explain to Citadel its relevance to this case. This request appears to be merely an attempt by Defendants Barbier and Burns to relitigate certain of the underlying issues in their related defamation action.

**Request Nos. 3 & 4**: All Documents and Communications involving or concerning Remi Barbier (Request No. 3) and Lindsay Burns (Request No. 4).

**Response and Objections to Request Nos. 3 & 4:** Citadel incorporates the General Objections and Objections to Definitions and Instructions by reference. In addition, Citadel objects to these Requests because they are burdensome, vague, ambiguous, and does not specify the information sought with sufficient particularity. Citadel further objects to the extent that these Requests purport to impose overbroad and unduly burdensome requirements on non-party Citadel to search for and produce "[a]ll documents" over a more than four-year period.

Citadel objects to these Requests on the grounds that they seek information available from a party to the litigation—these concern communications between the Defendants Remi Barbier and Lindsay Burns, each one of the requesting parties, and Citadel. It would be unduly burdensome for Citadel to search for and produce documents that should be readily obtainable through discovery from the parties to the litigation and/or other non-parties.

Citadel objects to these Requests on the grounds that they are not relevant to any claim or defense of any party to this action and therefore not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action. The Complaint makes no allegations regarding Citadel, and Citadel's Documents and Communications have no bearing upon Plaintiffs' malicious prosecution and conspiracy claims against Defendants Remi Barbier and Lindsay Burns. Indeed, when asked, Counsel for Defendants' Barbier and Burns was unable to explain to Citadel the relevance to this case. These Requests appear to be merely an attempt by Defendants Barbier and Burns to relitigate certain of the underlying issues in their related defamation action.

**Request Nos. 5, 6, 7, 8, & 9**:  All Documents and Communications involving or concerning Geoffrey Pitt (Request No. 5) or David Bredt (Request No. 6) or Adrian Heilbut (Request No. 7), Enea Milioris (Request No. 8), or Jesse Brodkin (Request No. 9) with respect to Cassava.

**Response and Objections to Request Nos. 5, 6, 7, 8, & 9:**  Citadel incorporates the General Objections and Objections to Definitions and Instructions by reference.  In addition, Citadel objects to these Requests because they are burdensome, vague, ambiguous, and do not specify the information sought with sufficient particularity.  Citadel further objects to the extent that these Requests purport to impose overbroad and unduly burdensome requirements on non-party Citadel to search for and produce "[a]ll documents" over a more than four-year period.

Citadel further objects to these Requests on the grounds that they seek information available from a party to the litigation—they concern communications between the Plaintiffs or Intervenor-Plaintiffs and Citadel.  It would be unduly burdensome for Citadel to search for and produce documents that should be readily obtainable through discovery from the parties to the litigation and/or other non-parties.

Citadel objects to these Requests on the grounds that they are not relevant to any claim or defense of any party to this action and therefore not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action.  The Complaint makes no allegations regarding Citadel, and Citadel's Documents and Communications have no bearing upon Plaintiffs' malicious prosecution and conspiracy claims against Defendants Remi Barbier and Lindsay Burns.  Indeed, when asked, Counsel for Defendants' Barbier and Burns was unable to explain to Citadel the relevance to this case.  These Requests appear to be merely an attempt

WilmerHale

November 14, 2025
Page 10

by Defendants Barbier and Burns to relitigate certain of the underlying issues in their related

defamation action.

*      *      *      *

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: _/s/ Robert L. Boone_____
    Robert L. Boone