# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 19, 2025

**VIA ECF & EMAIL**

Honorable Ona T. Wang
United States District Court for S.D.N.Y.
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

Re:   *Heilbut, et al. v. Cassava, et al.*, Case No: 1:24-cv-05948-JLR-OTW

Dear Magistrate Judge Wang:

Defendants Remi Barbier and Lindsay Burns respectfully submit this reply in support of their letter motion to compel. ECF 186.

***Bredt and Pitt's Response.*** Bredt and Pitt's response (ECF 187) boils down to the following meritless assertions: (1) that "Barbier and Burns have not identified any subject matter of the discovery they seek from Drs. Bredt and Pitt beyond testing the credibility of the Citizen's Petition and supporting communications," and that such subjects are "off limits" as an "impermissible effort to relitigate the defamation case"; (2) that undersigned counsel failed to "minimize the burden of any discovery that might be required" from Bredt and Pitt; (3) that the discovery sought from Bredt and Pitt is somehow obtainable from "one or more other parties"; and (4) that the Court should impose sanctions for attorneys' fees on Barbier and Burns under Rule 45(d)(1). ECF 187. All of these arguments are conclusory, unsupported by the case law, and/or factually incorrect.

<u>The Subject Matter is Proper</u>. Bredt and Pitt's response ignores Barbier's and Burns's substantive explanations as to why the depositions are relevant to the ongoing litigation and Barbier's and Burns's defenses. ECF 186, at 2-3. Bredt and Pitt do not address the "extremely broad" relevancy principles governing third-party subpoenas. *Id.* at 2. They do not address the fact that Plaintiffs only recently identified Bredt and Pitt as having "discoverable information that Plaintiffs may use to support their claims in this Action" and that Plaintiffs may call them as witnesses at trial. *Id.* And they do not address the fact that Bredt's and Pitt's deposition testimony is relevant to Barbier's and Burns's defenses, including that the Defamation Action was brought with probable cause and without malice. *Id.* at 3. Instead—sidestepping all the substantive analysis—Bredt and Pitt simply assert that undersigned counsel has not sufficiently identified the subject matter of the depositions, and that whatever subject matter has been identified constitutes an impermissible attempt to "relitigate the defamation action." ECF 187. None of this has any merit.

At the October 7 meet-and-confer (and in the October 13 correspondence), undersigned counsel communicated to Bredt and Pitt's counsel at Goodwin Procter that Barbier and Burns seek to depose Bredt and Pitt as to: (1) their motivations in authoring the Citizen's Petition; (2) their correspondence and coordination with Plaintiffs in publishing negative information about Cassava, Barbier, and Burns; and (3) the allegations asserted in the Citizen's Petition, which were referenced and incorporated into many of Plaintiffs' alleged defamatory statements (which remain at issue in

this case). And on October 24, undersigned counsel explained that the purpose of the depositions is to "gather evidence concerning the central questions of whether probable cause existed to initiate the Defamation Action against Plaintiffs, and whether it was initiated with malice (or any other improper purpose), including with regard to Plaintiffs' alleged defamatory statements that incorporate allegations from Dr. Pitt, Dr. Bredt, and the Citizen's Petition." Undersigned counsel then provided a specific list of topics that would constitute the subject matter of the depositions. We believe that the confidential Settlement Agreement and related correspondence show that our efforts to obtain Bredt and Pitt's deposition testimony are proper, and request leave to submit the Settlement Agreement and correspondence for *in camera* review.

Factoring in the specific communications regarding the relevance and subject matter of Bredt and Pitt's depositions, the accusation that undersigned counsel has not sufficiently "identified any subject matter of the discovery they seek" is disingenuous and factually incorrect. Their testimony is relevant to whether probable cause existed to bring the Defamation Action and may tend to support Barbier's and Burns's good faith belief that Plaintiffs' statements were false and made with malice.

Nor does any of this constitute "relitigating of the defamation action." ECF 186. Bredt and Pitt repeat that assertion like a mantra but fail to provide any legal support for it or to address the substantive arguments as to why the decision in the Defamation Action cannot bar Barbier and Burns from developing facts relevant to their defenses in this action. The decision in the Defamation Action dismissed some of Plaintiffs' allegedly defamatory statements with prejudice, while finding others were sufficiently pleaded as defamatory, and it allowed Cassava leave to replead malice. *Id.* at 3. It did not decide whether probable cause existed to bring the Defamation Action (as to some or any statements), whether Mr. Barbier or Dr. Burns acted with malice, or whether it was possible to plead that Plaintiffs acted with malice. *Id.*; *Villaver v. Paglinawan*, 216 N.Y.S.3d 242, 244 (App. 2024) (no preclusion where "issue decided in the prior action was [not] identical"). And Barbier and Burns were not parties to the Defamation Action and cannot, as a matter of law, be precluded by any decision in that case from developing facts and arguments relevant to their defenses here. ECF 186, at 3. Bredt and Pitt do not contest these points (nor could they), and their conclusory assertions to the contrary are simply wrong.

*Undersigned Counsel Has Minimized Any Purported Burden on Bredt and Pitt.* Nowhere do Bredt and Pitt identify any burden separate from having to respond to the subpoenas and appear for deposition. ECF 187. Nor do they offer any support for their accusation that undersigned counsel "failed to take the necessary steps . . . to minimize avoiding imposing burdens on Drs. Bredt and Pitt." *Id.* at 1. In fact, undersigned counsel communicated, and met and conferred, with counsel for Bredt and Pitt on several occasions to discuss potential alternatives to their deposition testimony. At the October 7 meet-and-confer, undersigned counsel offered to first perform informal interviews to narrow the scope of any depositions and minimize any potential burden. Ms. Spillane refused, explaining that informal interviews would only additionally burden her clients, and undersigned counsel agreed to forego them. Since then, undersigned counsel has repeatedly conveyed willingness to negotiate mutually agreeable dates and locations for Bredt and

Pitt's depositions.[1]

*Bredt and Pitt's Deposition Testimony is Unique to Them*. Bredt and Pitt fail to explain how the discovery sought from them could be procured from any other remaining party. As reflected in the motion, here, and in the October 24 letter, the discovery to be obtained from Bredt and Pitt is uniquely within their possession.

*Bredt and Pitt are Not Entitled to Attorneys' Fees*. For the many reasons detailed above and in the motion, the subpoenas are proper and undersigned counsel has consistently worked in good faith to minimize any burden on Bredt and Pitt. Accordingly, Bredt and Pitt are not entitled to attorneys' fees under Rule 45(d)(1) or any other authority. *See, e.g., Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 469-70 (S.D.N.Y. 2023) (denying Rule 45(d)(1) motion because the subpoena recipient "has not provided sufficient detail to explain why or how the subpoena requests were unreasonable, [] relying only on general assertions"); *Trellian Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, *5 (S.D.N.Y. Feb. 3, 2021) (similar); *In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *6 (D. Md. Apr. 29, 2019) ("Where a serving party engages in good faith negotiations to resolve a conflict over its subpoena and to avoid imposing an undue burden, courts have declined to impose Rule 45 sanctions absent a showing that the subpoena was issued in bad faith, for an improper purpose, or in a manner inconsistent with existing law.").

**Plaintiffs' Response**. Plaintiffs do not address any of the substantive arguments presented in the motion to compel. Instead, Plaintiffs parrot the conclusory assertion that the discovery seeks to relitigate the Defamation Action, which fails for the reasons described above and in the motion. ECF 188. Separately, Plaintiffs' worn-out accusations that Barbier and Burns have sought to delay discovery have no merit. *Id.*

**Citadel and Rosen's Response.** Citadel and Rosen oppose their subpoenas on the basis that the discovery is not relevant and/or is overbroad. ECF 190. With regard to relevance, we respectfully direct the Court to our letter motion. As to scope, we are willing to negotiate with Citadel and Rosen to narrow the discovery requests, as is routine in civil discovery.

## Conclusion

For all these reasons, the Court should compel (i) the depositions of Bredt and Pitt; and (ii) the production of documents from Citadel and the deposition of Rosen.

---

[1] Counsel for Bredt and Pitt provide no basis for their conclusory "belie[f]" that the subpoenas were not "validly served." ECF 187, at 1. On October 10, 2025, Pitt was served through his wife at his residence. *See Plaza Motors of Brooklyn, Inc. v. Rivera*, 2021 WL 4356011, *3 (E.D.N.Y. Sept. 24, 2021). In light of Goodwin's refusal to accept service, we continue to try to personally serve Bredt. ECF 186, at 1 n.1.

Hon. Ona T. Wang
November 19, 2025
Page 4

                                                           Respectfully submitted,

                                                           */s/ Zachary R. Taylor*

                                                           Zachary R. Taylor

                                                           Partner
                                                           Phone: 212.589.4645
                                                           Email: ztaylor@bakerlaw.com

                                                           Counsel to Remi Barbier and Dr. Lindsay Burns

cc: All Parties/Counsel of Record via ECF
    Meghan Spillane (mspillane@goodwinlaw.com) (counsel to Dr. Bredt and Dr. Pitt)
    Jeffrey Simes (jsimes@goodwinlaw.com) (counsel to Dr. Bredt and Dr. Pitt)
    Robert Boone (robert.boone@wilmerhale.com) (counsel to Citadel Advisors LLC)
    Florence Rostami (frostami@rostamilaw.com) (counsel to Mr. Rosen)