

**Isaac B. Zaur**
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**                                                                                           November 21, 2025

Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Heilbut, et al., v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

      Pursuant to the Court's October 29, 2025 Order (the "October 29 Order", Dkt. No. 182), we submit this letter jointly on behalf of Plaintiffs Drs. Adrian Heilbut, Jesse Brodkin, and Enea Milioris and Defendants Cassava Sciences, Inc. (Cassava), Remi Barbier, and Dr. Lindsay Burns.

**Plaintiffs' Statement**

      Plaintiffs' position is that no further discovery is necessary or appropriate, and they do not request any extension to the fact discovery deadline. Accordingly, the fact discovery deadline of November 26, 2025 should be maintained. Plaintiffs propose the following dates for the completion of expert discovery, and request the Court schedule a final pre-trial conference shortly after the conclusion of expert discovery.

| Event | Original Deadline (Dkt. 42) | Proposed Deadline |
| --- | --- | --- |
| Plaintiffs' expert disclosures | July 17, 2025 | January 2, 2026 |
| Defendants' rebuttal expert disclosures | Aug. 18, 2025 | February 2, 2026 |
| Expert discovery / all discovery | Aug. 28, 2025 | February 13, 2026 |

      The ostensible contention interrogatories served by Cassava on September 26, 2025, there are wholly improper and appear designed to introduce additional burden and delay rather than advance discovery concerning damages.

      Contention interrogatories should be "carefully drafted to obtain 'contentions,' rather than something more appropriately obtained through other discovery methods, such as depositions." *Pasternak v. Dow Kim*, No. 10 CIV. 504, 2011 WL 4552389, at *2 (S.D.N.Y. Sept. 28, 2011).

Cassava's interrogatories expressly purport to require plaintiffs "describe in detail any and all" facts associated with certain categories of damages, including to "provide a complete narrative explanation" of their damages. This is far from the "straightforward answers" Cassava purports to be requesting below and is patently inappropriate for a contention interrogatory.

Furthermore, Plaintiffs already have provided interrogatory responses, hours of deposition questioning, and numerous documents that bear upon their damages. Expert discovery will provide additional disclosure as to Plaintiffs' damages claims.

For these reasons, Plaintiffs oppose Cassava's proposed motion to compel responses to the September 27 interrogatories.

**Defendant Cassava Sciences Inc.'s Statement**

Cassava does not seek to extend the fact discovery deadline of November 26, 2025, and agrees to the proposed schedule for expert discovery.

However, Plaintiffs have refused to answer straightforward interrogatories requesting the factual bases for their damages claims, apparently seeking to hide the ball and prevent Defendants' experts from evaluating those factual bases before Plaintiffs disclose their expert reports. This gamesmanship and flat refusal to respond to reasonable discovery requests for directly relevant facts should not be sustained, and the Court should order Plaintiffs to respond immediately and fulsomely.

On April 11, 2025, Cassava served its first set of interrogatories on Plaintiffs. Among those interrogatories was Interrogatory No. 9, which consistent with Local Rule 33.3(a) requested a computation of all categories of damages that Plaintiffs claim to have suffered as a result of Cassava's defamation action. Plaintiffs responded to Interrogatory No. 9 on May 12, 2025, with a list of vague categories of damages, such as "future earnings," "emotional distress," and "reputational damages." *See* Exhibit A (Plaintiffs' May 12, 2025 Responses and Objections).

On September 26, 2025, at the conclusion of discovery, and also consistent with Local Rule 33.3(c), Cassava served straightforward interrogatories on Plaintiffs that asked each Plaintiff to describe the factual basis for each category of damages they claimed in their responses to Interrogatory No. 9. Specifically, Cassava requested the following:

- From Plaintiff Milioris:
    - Describe in detail any and all cancelled employment contracts that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action.
    - Describe in detail any and all emotional distress that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action.

- From Plaintiff Brodkin:
    - Describe in detail any and all earnings you allege were lost due to the Defamation Action from Your Behavioral Instruments business that You

                    referenced in Your response to Cassava's Interrogatory Number 9 in this Action.
- o Describe in detail any and all reputational harm that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action.

- From Plaintiff Heilbut:
  - o Describe in detail any and all emotional distress that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action.
  - o Describe in detail any and all earnings that You allege were lost due to the Defamation Action relating to Your equity research and consulting businesses that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action.
  - o Describe in detail any and all employment opportunities in biotechnology investment management that You referenced in Your response to Cassava's Interrogatory Number 9 and that You allege You lost due to the Defamation Action.

      All three Plaintiffs have now refused to answer these interrogatories. Plaintiffs' bases for this refusal are: (1) that the requests are improper contention interrogatories precluded by Local Rule 33.3(c); (2) that the interrogatories are not the most "practical method" of obtaining the information requested under Local Rule 33.3(b); and (3) that the interrogatories are "duplicative of" other discovery such as prior depositions, Interrogatory No. 9, and "extensive document discovery." *See* Exhibit B (Plaintiffs' October 27, 2025 Responses and Objections). Plaintiffs also cite *Pasternak v. Dow Kim*, No. 10 CIV. 5045, 2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011).

      None of these objections can sustain Plaintiffs' blanket refusal to respond. First, as noted above, Cassava's interrogatories are consistent with Local Rule 33.3. Local Rule 33.3(c) expressly permits contention interrogatories at the conclusion of discovery: "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." Courts in this District routinely find such interrogatories appropriate and useful at this stage of a case. *See, e.g., Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011), *aff'd*, 458 F. App'x 58 (2d Cir. 2012) (Local Rule 33.3(c) authorizes contention interrogatories "at the conclusion of other discovery" and their function is to narrow and clarify disputed issues before summary judgment/trial).

      Second, even if Local Rule 33.3(b)'s "most practical" standard applied (which it does not at this stage of the case, given 33.3(c)), these requests are appropriate. The interrogatories are not "evidence dump" requests; they are about specific categories of damages put at issue during discovery *by Plaintiffs*. They seek specific, fulsome factual responses, including information the relevant Plaintiffs did not supply from memory at deposition (and indeed, in many instances, could not recall).[1] That is precisely why written interrogatories exist and are permitted at the

---

[1] For example, when asked at his deposition about the specific time periods and amounts related to his damages claims and the earnings he purportedly lost, Dr. Heilbut could not recall specific

close of discovery in this District.  *See Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.,* 297 F.R.D. 99, 110 (S.D.N.Y. 2013) (Noting that contention interrogatories "help the parties focus their arguments … by asking them to identify each claim or defense clearly and point to the facts, witnesses, or documents that support them").

Third, Cassava's interrogatories are not duplicative.  Rather than duplicating Interrogatory No. 9, the September 26 interrogatories are targeted follow-ups to elicit specific facts supporting the vague damage categories listed in Plaintiffs' earlier responses—explicitly asking for details "that [Plaintiffs] referenced in [their] response to Cassava's Interrogatory Number 9."  Further, Plaintiffs' attempt to point to "extensive document discovery" is an improper "go find it yourself" response.  If Plaintiffs intend to rely on documents in lieu of narrative responses, Fed. R. Civ. P. 33(d) requires identifying the specific records "in sufficient detail to enable the interrogating party to locate and identify them," e.g., by Bates ranges.

Finally, *Pasternak v. Dow Kim* does not support Plaintiffs' position.  In fact, the court in *Pasternak* affirmed the legitimacy of interrogatories like Cassava's.  The court noted that Fed. R. Civ. P. 33(a) and Local Rule 33.3 expressly authorize interrogatories seeking an opponent's contentions when that's a practical way to get the information.  2011 WL 4552389, at *2.  Such interrogatories are "designed to assist parties in narrowing and clarifying the disputed issues" before summary judgment and trial and they aren't stricken just because they require "burdensome labor" in a complex case.  *Id.* at *2-3.  The court contrasted proper requests for a party's "specific position on particular issues," which Cassava's requests do, with the improper demand to describe all facts and produce all documents, which Cassava's requests do not.  *Id.* at *3.

Between November 18 and 20, 2025, the Parties conferred on this issue.  Cassava asked that Plaintiffs withdraw their objections and provide answers.  Plaintiffs refused.  Cassava now asks this Court to compel Plaintiffs to provide the straightforward answers Cassava has requested.

**<u>Defendants Barbier's and Burns' Statement</u>**

Mr. Barbier and Dr. Burns request that fact discovery remain open past the current November 26 deadline for the third-party discovery from David Bredt, Geoffrey Pitt, Zev Rosen, and Citadel Advisors LLC that is the subject of Mr. Barbier's and Dr. Burns's letter motion to compel and reply in support thereof (ECF 186, 193). Mr. Barbier and Dr. Burns propose that this third-party discovery be completed by December 19, 2025.

Mr. Barbier and Dr. Burns also note that, in the wake of the government's dismissal of the criminal action against Dr. Hoau-Yan Wang, and today's deposition of Dr. Wang at which Dr. Wang did not invoke the Fifth Amendment to any of the parties' questions, they intend to produce by November 26 documents previously withheld on Fifth Amendment grounds in response to Plaintiffs' document requests.  The production will be limited to relevant, non-

---

details.  Similarly, Dr. Brodkin and Dr. Milioris could not recall details regarding categories of damages they listed in their response to Interrogatory No. 9 when questioned about those damages at their depositions.

November 21, 2025
Page 5 of 5

privileged material from the personal files of Mr. Barbier and Dr. Burns. Mr. Barbier and Dr. Burns previously produced a limited set of documents from their personal files, and Defendant Cassava has previously produced material from their Cassava files, including from the Cassava email accounts of Mr. Barbier and Dr. Burns.

    Mr. Barbier and Dr. Burns agree to the proposed schedule for expert discovery.

***

    We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Isaac B. Zaur*
Isaac B. Zaur

cc:  All parties/counsel of record (by ECF)