# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS, | No. 1:24-cv-05948-JLR-OTW |
|      Plaintiffs, | **PLAINTIFF JESSE BRODKIN'S RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC'S FIRST SET OF INTERROGATORIES** |
| DAVID BREDT and GEOFFREY PITT, | |
|      Intervenor Plaintiffs, | |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, AND LINDSAY BURNS, | |
|      Defendants. | |

Plaintiff Jesse Brodkin hereby responds and objects to Defendant Cassava Sciences,

Inc.'s ("Cassava") First Set of Interrogatories, dated April 11, 2025 (the "Interrogatories"), as set

forth below.

## GENERAL OBJECTIONS

Plaintiff makes the following general objections to each and every instruction, definition,

and Interrogatory ("General Objections").

1.    Plaintiff objects to the Interrogatories as improper, untimely, and overbroad under

Local Civil Rule 33.3(a), in that the Interrogatories seek information other than the "names of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location, and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature."  Local Civil Rule 33.3(a).

2.      Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

3.      Plaintiff objects to the Interrogatories insofar as they seek to require Plaintiff to identify persons or entities not known to it or otherwise to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or services equally accessible to Defendant.

4.      Plaintiffs object to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiffs.

5.      Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such privileges or doctrines

6.      By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers.  Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

7.      Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

8.    Plaintiff objects to the definition of "Documents" as overbroad to the extent that the Interrogatory's definition goes beyond the usage in FRCP 34(a)(1)(A), particularly where the Interrogatory's definition seeks documents that are not in Plaintiff's possession or control but have previously been "at any time in [his] possession, custody, or control."

9.    Plaintiff objects to the definition of "Social Media Account" as overbroad to the extent it seeks content from social media accounts or services that Plaintiff has not used.

10.    Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

11.    Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief. These responses are subject to additional or different information that discovery may disclose. As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information. Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

12.    A precise calculation of each category of damages caused by Defendants will be established through discovery and expert testimony. Plaintiff will disclose further details concerning computations of damages in accordance with the expert disclosure schedule set forth in the Court's case management order.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify all jobs You have had, including all positions as "a psychopharmacology consultant and investor" and Your current position.

a. For each such job, include: (1) the name and place of employment; (2) the dates of employment; (3) Your title; (4) a description of Your job responsibilities; and (5) the reason(s) for the termination of that employment.

### RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

### INTERROGATORY NO. 2

State the total compensation, including but not to limited salary, wages, bonuses, retirement plans, stock and stock options, and company prerequisites You received, on an annual basis from the jobs identified in response to Interrogatory No. 1.

a. In addition to total compensation, also indicate the value of each component of your compensation (e.g., stock options), and how the component was valued.

### RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

## INTERROGATORY NO. 3

State the total compensation, including but not limited to salary, wages, bonuses, retirement plans, and stock/stock options You received from any source in connection with Your statements about Cassava and/or Cassava's Research.

## RESPONSE TO INTERROGATORY NO. 3

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 3.

## INTERROGATORY NO. 4

Identify all third parties with whom You communicated about Cassava and/or Cassava's Research, including any actual or potential competitors of Cassava.

## RESPONSE TO INTERROGATORY NO. 4

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because the identities of "all third parties with whom You communicated about Cassava and/or Cassava's Research" are not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 4.

**INTERROGATORY NO. 5**

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding the content of any statement, post, PowerPoint, or article, published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts, including posts made on Twitter using the @jesse_brodkin handle, regarding Cassava and/or Cassava's Research. Identify these Persons regardless of whether they are or have been affiliated with You.

a.  For each, identify the Person's job title and his or her role regarding the content, including whether s/he drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding the content, PowerPoint, statement, article, or social media post.

**RESPONSE TO INTERROGATORY NO. 5**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 5.

**INTERROGATORY NO. 6**

Identify all Persons who had the final or ultimate decision-making authority regarding the content and statements published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts.

**RESPONSE TO INTERROGATORY NO. 6**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 6.

**INTERROGATORY NO. 7**

State the number of hours spent managing Your defense of the Defamation Action as referenced in Paragraph 174 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 7.

**INTERROGATORY NO. 8**

State the amount of money expended in managing Your defense of the Defamation Action, broken out into attorney's fees and costs.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a), but also refers Defendant to his response to Interrogatory No. 9.  Plaintiff will not otherwise respond to Interrogatory No. 8.

**INTERROGATORY NO. 9**

Provide an itemized list of all damages that You allege Cassava has caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. This Interrogatory includes, but is not limited to, the "reputational harms" You allege in Paragraph 175 of the Complaint, the "substantial harms" You allege in Paragraphs 182 and 214 of the Complaint, the "lost valuable investment opportunities" and "substantial emotional and psychological harm" You allege in Paragraph 182 of the Complaint, the "significant economic and non-economic damage [You suffered] as a result of the Defamation Action" You allege in Paragraph 193 of the Complaint, and the "special injuries" You alleged in Paragraph 204 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Plaintiff further objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a)(2), insofar as it seeks the premature disclosure of Plaintiff's precise damages computations and quantifications, which require further information that will be adduced through fact and expert discovery. Plaintiff anticipates providing a computation and quantification of damages in its expert disclosures, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Subject to all foregoing objections, Plaintiff identifies that he is seeking, at minimum, the following categories of damages:

A. His one-third share of approximately $440,000 in costs and attorney's fees incurred in connection with the Defamation Action, offset by approximately $65,000 in insurance coverage (net of costs incurred in litigation with carrier);

B. His one-third share of approximately $330,000 in costs and attorneys' fees incurred to date in prosecuting this Action;

C. Subject to expert analysis, tens of thousands of dollars in lost earnings from lost sales of behavior spectrometers through his business Behavioral Instruments caused by the Defamation Action;

D. Subject to expert analysis, hundreds of thousands or millions of dollars in lost future earnings potential owing to the reputational harm from the Defamation Action;

E. Damages for emotional distress including the disruption of personal and family relationships, amounting to at least $1 million;

F. Additional compensatory damages, including reputational damages, in an amount to be proven at trial, such that total legal fees, costs, and other compensatory damages are likely to exceed $2 million;

G. Punitive damages in an amount to be established at trial, likely in the range of four to ten times compensatory damages, or $8 million to $20 million, for total damages in the range of at least $10 million to $22 million;

H. Pre- and post-judgment interest.

## INTERROGATORY NO. 10

Identify all Persons who provided information to answer these interrogatories.

## RESPONSE TO INTERROGATORY NO. 10

Subject and without waiver of the General Objections, Plaintiff identifies that he and his legal counsel provided information to answer these Interrogatories.

## INTERROGATORY NO. 11

Identify all Persons who You expect will testify at trial to present evidence in this Action.

## RESPONSE TO INTERROGATORY NO. 11

In addition to the General Objections above, Plaintiff specifically objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order, insofar as it seeks the premature disclosure of expert and trial witnesses.

Subject to all foregoing objections, Plaintiff will identify its trial and expert witnesses, at the appropriate time, in accordance with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order.

Dated: May 12, 2025
       New York, New York

By: _____

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris*

11

## <u>VERIFICATION</u>

I, Jesse Brodkin, have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 12, 2025
        Basking Ridge , New Jersey

                                    By:  /s/  Jesse Brodkin
                                         Jesse Brodkin

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>      Plaintiffs,<br><br>DAVID BREDT and GEOFFREY PITT,<br><br>      Intervenor Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, AND LINDSAY BURNS,<br><br>      Defendants. | No. 1:24-cv-05948-JLR-OTW<br><br>**PLAINTIFF ADRIAN HEILBUT'S RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC'S FIRST SET OF INTERROGATORIES** |

Plaintiff Adrian Heilbut hereby responds and objects to Defendant Cassava Sciences, Inc.'s ("Cassava") First Set of Interrogatories, dated April 11, 2025 (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS

Plaintiff makes the following general objections to each and every instruction, definition, and Interrogatory ("General Objections").

1.     Plaintiff objects to the Interrogatories as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that the Interrogatories seek information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Local Civil Rule 33.3(a).

2.      Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

3.      Plaintiff objects to the Interrogatories insofar as they seek to require Plaintiff to identify persons or entities not known to it or otherwise to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or services equally accessible to Defendant.

4.      Plaintiffs object to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiffs.

5.      Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such privileges or doctrines

6.      By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers.  Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

7.      Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

8.     Plaintiff objects to the definition of "Documents" as overbroad to the extent that the Interrogatory's definition goes beyond the usage in FRCP 34(a)(1)(A), particularly where the Interrogatory's definition seeks documents that are not in Plaintiff's possession or control but have previously been "at any time in [his] possession, custody, or control."

9.     Plaintiff objects to the definition of "Social Media Account" as overbroad to the extent it seeks content from social media accounts or services that Plaintiff has not used.

10.    Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

11.    Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief.  These responses are subject to additional or different information that discovery may disclose.  As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information.  Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

12.    A precise calculation of each category of damages caused by Defendants will be established through discovery and expert testimony.  Plaintiff will disclose further details concerning computations of damages in accordance with the expert disclosure schedule set forth in the Court's case management order.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

<u>**INTERROGATORY NO. 1**</u>

Identify all jobs You have had, including all positions as a "self-employed . . . investment and biotechnology consultant and . . . adjunct instructor at a university in New York" and Your current position.

a.  For each such job, include: (1) the name and place of employment; (2) the dates of employment; (3) Your title; (4) a description of Your job responsibilities; and (5) the reason(s) for the termination of that employment.

<u>**RESPONSE TO INTERROGATORY NO. 1**</u>

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

<u>**INTERROGATORY NO. 2**</u>

State the total compensation, including but not to limited salary, wages, bonuses, retirement plans, stock and stock options, and company prerequisites You received, on an annual basis from the jobs identified in response to Interrogatory No. 1.

a.  In addition to total compensation, also indicate the value of each component of your compensation (e.g., stock options), and how the component was valued.

<u>**RESPONSE TO INTERROGATORY NO. 2**</u>

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

4

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

## INTERROGATORY NO. 3

State the total compensation, including but not limited to salary, wages, bonuses, retirement plans, and stock/stock options You received from any source in connection with Your statements about Cassava and/or Cassava's Research.

## RESPONSE TO INTERROGATORY NO. 3

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 3.

## INTERROGATORY NO. 4

Identify all third parties with whom You communicated about Cassava and/or Cassava's Research, including any actual or potential competitors of Cassava.

## RESPONSE TO INTERROGATORY NO. 4

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because the identities of "all third parties with whom You communicated about Cassava and/or Cassava's Research" are not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 4.

**INTERROGATORY NO. 5**

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding the content of any statement, post, PowerPoint, or article, published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts, including posts made on Twitter using the @Adrian_H handle, regarding Cassava and/or Cassava's Research. Identify these Persons regardless of whether they are or have been affiliated with You.

a. For each, identify the Person's job title and his or her role regarding the content, including whether s/he drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding the content, PowerPoint, statement, article, or social media post.

**RESPONSE TO INTERROGATORY NO. 5**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 5.

**INTERROGATORY NO. 6**

Identify all Persons who had the final or ultimate decision-making authority regarding the content and statements published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts.

**RESPONSE TO INTERROGATORY NO. 6**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 6.

**INTERROGATORY NO. 7**

State the number of hours spent managing Your defense of the Defamation Action as referenced in Paragraph 174 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 7.

**INTERROGATORY NO. 8**

State the amount of money expended in managing Your defense of the Defamation Action, broken out into attorney's fees and costs.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a), but also refers Defendant to his response to Interrogatory No. 9.  Plaintiff will not otherwise respond to Interrogatory No. 8.

**INTERROGATORY NO. 9**

Provide an itemized list of all damages that You allege Cassava has caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. This Interrogatory includes, but is not limited to, the "reputational harms" You allege in Paragraph 175 of the Complaint, the "substantial harms" You allege in Paragraphs 178 and 214 of the Complaint, the "damage and disruption to [Your] career" and "substantial emotional and psychological harm" You allege in Paragraph 181 of the Complaint, the "significant economic and non-economic damage [You suffered] as a result of the Defamation Action" You allege in Paragraph 193 of the Complaint, and the "special damages [You suffered] due to the loss of [Your] research consulting business, including at least $8,500 in hourly fees and the opportunity to enter a long-term engagement with one client, in addition to other harms" as alleged in Paragraph 205 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), to the extent that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Plaintiff further objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a)(2), insofar as it seeks the premature disclosure of Plaintiff's precise damages computations and quantifications, which require further information that will be adduced through fact and expert discovery. Plaintiff anticipates providing a computation and quantification of damages in its expert disclosures, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Subject to all foregoing objections, Plaintiff identifies that he is seeking, at minimum, the following categories of damages.

A. His one-third share of approximately $440,000 in costs and attorney's fees incurred in connection with the Defamation Action;

B. His one-third share of approximately $330,000 in costs and attorneys' fees incurred to date in prosecuting this Action;

C. $8500 in lost earnings from consulting calls between November 2022 and October 2024 that did not occur because of concerns raised by the Defamation Action;

D. Subject to expert analysis, tens of thousands of dollars in lost earnings from future consulting calls that did not occur because of concerns raised by the Defamation Action;

E. Subject to expert analysis, hundreds of thousands or millions of dollars in lost future earnings from equity research and consulting business, whose launch was disrupted by the Defamation Action, and from loss of future employment opportunities in biotechnology investment management;

F. Damages for emotional distress including the disruption of personal and family relationships, amounting to at least $1 million dollars;

G. Additional compensatory damages, including reputational damages, in an amount to be proven at trial, such that total legal fees, costs, and other compensatory damages are

likely to exceed $2 million;

H.  Punitive damages in an amount to be established at trial, likely in the range of four to ten
times compensatory damages, or $8 million to $20 million, for total damages in the range
of at least $10 million to $22 million;

I.  pre- and post-judgment interest.

## INTERROGATORY NO. 10

Identify the "multiple top biotech and generalist hedge funds" with whom you established
"new relationships" as referenced in Paragraph 179 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 10

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as

improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information

outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more

appropriately obtained through document discovery or deposition testimony from Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or

will produce non-privileged documents bearing upon the questions posed by this Interrogatory as

set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the

Production of Documents, and will not otherwise respond to Interrogatory No. 10.

## INTERROGATORY NO. 11

State how the "Defamation Action and Defendants' campaign of intimidation
substantially interfered in Dr. Heilbut's efforts to launch his equity research and
consulting business" as alleged in Paragraph 180 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 11

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as

improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information

outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 11.

**INTERROGATORY NO. 12**

Identify all Persons who provided information to answer these interrogatories.

**RESPONSE TO INTERROGATORY NO. 12**

Subject and without waiver of the General Objections, Plaintiff identifies that he and his legal counsel provided information to answer these Interrogatories.

**INTERROGATORY NO. 13**

Identify all Persons who You expect will testify at trial to present evidence in this Action.

**RESPONSE TO INTERROGATORY NO. 13**

In addition to the General Objections above, Plaintiff specifically objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order, insofar as it seeks the premature disclosure of expert and trial witnesses.

Subject to all foregoing objections, Plaintiff will identify its trial and expert witnesses, at the appropriate time, in accordance with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order.

Dated:  May 12, 2025
    New York, New York

By: _____

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut,*
*Jesse Brodkin, and Enea Milioris*

12

## <u>VERIFICATION</u>

I, Adrian Heilbut, have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 12, 2025
   New York, NY

       By:

        *A. Heilbut*
        Adrian Heilbut

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS, | No. 1:24-cv-05948-JLR-OTW |
|      Plaintiffs, | **PLAINTIFF ENEA MILIORIS'S** |
| | **RESPONSES AND OBJECTIONS TO** |
| DAVID BREDT and GEOFFREY PITT, | **DEFENDANT CASSAVA SCIENCES,** |
| | **INC'S FIRST SET OF** |
|      Intervenor Plaintiffs, | **INTERROGATORIES** |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, AND LINDSAY BURNS, | |
|      Defendants. | |

Plaintiff Enea Milioris hereby responds and objects to Defendant Cassava Sciences,

Inc.'s ("Cassava") First Set of Interrogatories, dated April 11, 2025 (the "Interrogatories"), as set

forth below.

## GENERAL OBJECTIONS

Plaintiff makes the following general objections to each and every instruction, definition,

and Interrogatory ("General Objections").

1.     Plaintiff objects to the Interrogatories as improper, untimely, and overbroad under

Local Civil Rule 33.3(a), in that the Interrogatories seek information other than the "names of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location, and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature."  Local Civil Rule 33.3(a).

2.      Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

3.      Plaintiff objects to the Interrogatories insofar as they seek to require Plaintiff to identify persons or entities not known to it or otherwise to impose upon Plaintiff an obligation to investigate or discover information or materials from third parties or services equally accessible to Defendant.

4.      Plaintiffs object to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiffs.

5.      Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such privileges or doctrines

6.      By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers.  Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

7.      Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

8.     Plaintiff objects to the definition of "Documents" as overbroad to the extent that the Interrogatory's definition goes beyond the usage in FRCP 34(a)(1)(A), particularly where the Interrogatory's definition seeks documents that are not in Plaintiff's possession or control but have previously been "at any time in [his] possession, custody, or control."

9.     Plaintiff objects to the definition of "Social Media Account" as overbroad to the extent it seeks content from social media accounts or services that Plaintiff has not used.

10.     Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

11.     Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief.  These responses are subject to additional or different information that discovery may disclose.  As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information.  Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

12.     A precise calculation of each category of damages caused by Defendants will be established through discovery and expert testimony.  Plaintiff will disclose further details concerning computations of damages in accordance with the expert disclosure schedule set forth in the Court's case management order.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify all jobs You have had, including all positions as a "biopharmaceutical consultant and investment manager" and Your current position.

a.  For each such job, include: (1) the name and place of employment; (2) the dates of employment; (3) Your title; (4) a description of Your job responsibilities; and (5) the reason(s) for the termination of that employment.

### RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

### INTERROGATORY NO. 2

State the total compensation, including but not to limited salary, wages, bonuses, retirement plans, stock and stock options, and company prerequisites You received, on an annual basis from the jobs identified in response to Interrogatory No. 1.

a.  In addition to total compensation, also indicate the value of each component of your compensation (e.g., stock options), and how the component was valued.

### RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

4

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

## INTERROGATORY NO. 3

State the total compensation, including but not limited to salary, wages, bonuses, retirement plans, and stock/stock options You received from any source in connection with Your statements about Cassava and/or Cassava's Research.

## RESPONSE TO INTERROGATORY NO. 3

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Based on the foregoing objections, Plaintiff will not respond to Interrogatory No. 3.

## INTERROGATORY NO. 4

Identify all third parties with whom You communicated about Cassava and/or Cassava's Research, including any actual or potential competitors of Cassava.

## RESPONSE TO INTERROGATORY NO. 4

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because the identities of "all third parties with whom You communicated about Cassava and/or Cassava's Research" are not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 4.

**INTERROGATORY NO. 5**

Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, or made any decision regarding the content of any statement, post, PowerPoint, or article, published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts, including posts made on Twitter using the @DRnotaDR handle, regarding Cassava and/or Cassava's Research. Identify these Persons regardless of whether they are or have been affiliated with You.

a. For each, identify the Person's job title and his or her role regarding the content, including whether s/he drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding the content, PowerPoint, statement, article, or social media post.

**RESPONSE TO INTERROGATORY NO. 5**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 5.

**INTERROGATORY NO. 6**

Identify all Persons who had the final or ultimate decision-making authority regarding the content and statements published on the Cassava Fraud Sites, SavaDx Presentation, Seeing Through the Blind Presentation, SAVA Charade Presentation, Dot.com Citizen Petition, and Your personal and/or professional Social Media Accounts.

**RESPONSE TO INTERROGATORY NO. 6**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

This Interrogatory is also unduly burdensome in that the requested information is more appropriately obtained through document discovery or deposition testimony from Plaintiff.

This Interrogatory is also improper because Plaintiff's "total compensation . . . received from any source in connection with Your statements about Cassava and/or Cassava's research" is not relevant to any party's claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiff states that he has or will produce non-privileged documents bearing upon the questions posed by this Interrogatory as set forth in Plaintiffs' Responses and Objections to Cassava's First Set of Requests for the Production of Documents, and will not otherwise respond to Interrogatory No. 6.

**INTERROGATORY NO. 7**

State the number of hours spent managing Your defense of the Defamation Action as referenced in Paragraph 174 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 7.

**INTERROGATORY NO. 8**

State the amount of money expended in managing Your defense of the Defamation Action, broken out into attorney's fees and costs.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a), but also refers Defendant to his response to Interrogatory No. 9.  Plaintiff will not otherwise respond to Interrogatory No. 8.

**INTERROGATORY NO. 9**

Provide an itemized list of all damages that You allege Cassava has caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. This Interrogatory includes, but is not limited to, the "reputational harms" You allege in Paragraph 175 of the Complaint, the "substantial harms" You allege in Paragraph 214 of the Complaint, the "substantial emotional and medical disruptions and significant cost associated with anxiety" You allege in Paragraph 177 of the Complaint, the "significant economic and non-economic damage [You suffered] as a result of the Defamation Action" You allege in Paragraph 193 of the Complaint, and the "special damages to [Your] consulting business of at least $300,000, in addition to other harms" You alleged in Paragraph 205 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper, untimely, and overbroad under Local Civil Rule 33.3(a), in that it seeks information outside of the scope of Local Civil Rule 33.3(a).

Plaintiff further objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a)(2), insofar as it seeks the premature disclosure of Plaintiff's precise damages computations and quantifications, which require further information that will be adduced through fact and expert discovery. Plaintiff anticipates providing a computation and quantification of damages in its expert disclosures, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Subject to all foregoing objections, Plaintiff identifies that he is seeking, at minimum, the following categories of damages:

A. His one-third share of approximately $440,000 in costs and attorney's fees incurred in connection with the Defamation Action;

B. His one-third share of approximately $330,000 in costs and attorneys' fees incurred to date in prosecuting this Action;

C. Approximately $420,000 in lost earnings from employment contract cancelled in November 2022 as a result of the Defamation Action;

D. Subject to expert analysis, hundreds of thousands of dollars in future lost earnings employment by counterparty to cancelled contract;

E. Damages for emotional distress including the disruption of personal and family relationships, amounting to at least $1 million;

F. Additional compensatory damages, including reputational damages, in an amount to be proven at trial, such that total legal fees, costs, and other compensatory damages are likely to exceed $2 million;

G. Punitive damages in an amount to be established at trial, likely in the range of four to ten times compensatory damages, or $8 million to $20 million, for total damages in the range

of at least $10 million to $22 million;

H.  Pre- and post-judgment interest.

## INTERROGATORY NO. 10

Identify all Persons who provided information to answer these interrogatories.

## RESPONSE TO INTERROGATORY NO. 10

Subject and without waiver of the General Objections, Plaintiff identifies that he and his legal counsel provided information to answer these Interrogatories.

## INTERROGATORY NO. 11

Identify all Persons who You expect will testify at trial to present evidence in this Action.

## RESPONSE TO INTERROGATORY NO. 11

In addition to the General Objections above, Plaintiff specifically objects to this Interrogatory on the grounds that it is improper, untimely, and inconsistent with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order, insofar as it seeks the premature disclosure of expert and trial witnesses.

Subject to all foregoing objections, Plaintiff will identify its trial and expert witnesses, at the appropriate time, in accordance with Federal Rule of Civil Procedure 26(a) and Paragraph 8 of the Case Management Order.

Dated:  May 12, 2025
         New York, New York

By:   _____

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**

Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris*

11

**<u>VERIFICATION</u>**

I, Enea Milioris, have read the foregoing interrogatories and the answers to those

interrogatories, which are true according to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.


Dated: May 12, 2025
   Athens, Greece


         By: _____
          Enea Milioris