# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>    Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>    Defendants. | No. 1:24-cv-05948-JLR-OTW<br><br>**PLAINTIFF ADRIAN HEILBUT'S RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC'S THIRD SET OF INTERROGATORIES** |

    Plaintiff Adrian Heilbut hereby responds and objects to Defendant Cassava Sciences, Inc.'s ("Cassava") Third Set of Interrogatories, dated September 26, 2025 (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS

    Plaintiff makes the following general objections to each and every instruction, definition, and Interrogatory ("General Objections").

    1.    Plaintiff objects to the Interrogatories because they are not a practical method of obtaining the information sought. Local Rule 33.3(b).

    2.    Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

    3.    Plaintiff objects to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiff.

      4.       Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such doctrines.

      5.       By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers.  Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

      6.       Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

      7.       Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

      8.       Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief.  These responses are subject to additional or different information that discovery may disclose.  As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information.  Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Describe in detail any and all emotional distress that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how Cassava's conduct caused them.

### RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

### INTERROGATORY NO. 2

Describe in detail any and all earnings that You allege were lost due to the Defamation Action relating to Your equity research and consulting businesses that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how the Cassava's conduct caused them.

### RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the

3

scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

### INTERROGATORY NO. 3

>Describe in detail any and all employment opportunities in biotechnology investment management that You referenced in Your response to Cassava's Interrogatory Number 9 and that You allege You lost due to the Defamation Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how the Cassava's conduct caused them.

### RESPONSE TO INTERROGATORY NO. 3

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 3.

Dated: October 27, 2025
New York, New York

By: */s/ Isaac B. Zaur*

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris*

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>  Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>  Defendants. | No. 1:24-cv-05948-JLR-OTW<br><br>**PLAINTIFF ENEA MILIORIS' RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC'S THIRD SET OF INTERROGATORIES** |

Plaintiff Enea Milioris hereby responds and objects to Defendant Cassava Sciences, Inc.'s ("Cassava") Third Set of Interrogatories, dated September 26, 2025 (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS

Plaintiff makes the following general objections to each and every instruction, definition, and Interrogatory ("General Objections").

1. Plaintiff objects to the Interrogatories because they are not a practical method of obtaining the information sought. Local Rule 33.3(b).

2. Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

3. Plaintiff objects to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiff.

4.       Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such doctrines.

5.       By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers. Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

6.       Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

7.       Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

8.       Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief. These responses are subject to additional or different information that discovery may disclose. As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information. Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Describe in detail any and all emotional distress that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how Cassava's conduct caused them.

### RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

### INTERROGATORY NO. 2

Describe in detail any and all cancelled employment contracts that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how Cassava's conduct caused them.

### RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the

scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

Dated: October 27, 2025
New York, New York

By: */s/ Isaac B. Zaur*

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN HEILBUT, JESSE BRODKIN, and ENEA MILIORIS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and LINDSAY BURNS,<br><br>　　　　Defendants. | No. 1:24-cv-05948-JLR-OTW<br><br>**PLAINTIFF JESSE BRODKIN'S RESPONSES AND OBJECTIONS TO DEFENDANT CASSAVA SCIENCES, INC'S THIRD SET OF INTERROGATORIES** |

　　　　Plaintiff Jesse Brodkin hereby responds and objects to Defendant Cassava Sciences, Inc.'s ("Cassava") Third Set of Interrogatories, dated September 26, 2025 (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS

　　　　Plaintiff makes the following general objections to each and every instruction, definition, and Interrogatory ("General Objections").

　　　　1.　　Plaintiff objects to the Interrogatories because they are not a practical method of obtaining the information sought. Local Rule 33.3(b).

　　　　2.　　Plaintiff objects to the definitions, instructions, and Interrogatories to the extent they purport to enlarge, expand, or in any way alter Plaintiff's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable statute, rule, case law, or order entered in this action ("Applicable Rules").

　　　　3.　　Plaintiff objects to the Interrogatories insofar as they seek information already in the possession, custody, or control of Defendants, publicly available, or more easily obtainable from sources other than Plaintiff.

4.       Plaintiff objects to the Interrogatories insofar as they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Such information will not be provided in response to the Interrogatories and any inadvertent disclosure or production thereof shall not operate as a waiver of such doctrines.

5.       By responding to any Interrogatory, Plaintiff does not concede the relevancy or materiality of any Interrogatory or of the subject to which such Interrogatory refers.  Plaintiff's responses are made expressly subject to, and without waiver of, any objections available to Plaintiff in this action or any other proceeding, including objections as to competency, relevancy, materiality, privilege, or admissibility.

6.       Plaintiff objects to Instruction Nos. 2, 3, 4, and 5 to the extent these instructions are unduly burdensome or go beyond the Applicable Rules.

7.       Plaintiff object to the definitions of "You or Your" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Applicable Rules and are unduly burdensome, including insofar as they purport to require Plaintiff to collect, search, or provide information from third parties, materials not in his possession, custody, or control, or materials protected by the attorney-client privilege, work product doctrine, or common interest privilege.

8.       Discovery is ongoing in this matter, and these responses are based on Plaintiff's present state of recollection, knowledge, and belief.  These responses are subject to additional or different information that discovery may disclose.  As such, Plaintiff reserves the right to supplement these objections and/or responses as it discovers additional information.  Plaintiff also reserves the right to rely on facts, documents, or other evidence that may develop or come to its attention at a later time.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**

Describe in detail any and all earnings you allege were lost due to the Defamation Action from Your Behavioral Instruments business that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how Cassava's conduct caused them.

**RESPONSE TO INTERROGATORY NO. 1**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b). Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 1.

**INTERROGATORY NO. 2**

Describe in detail any and all reputational harm that You referenced in Your response to Cassava's Interrogatory Number 9 in this Action. For purposes of this Interrogatory, "describe in detail" means You must provide a complete narrative explanation that identifies the facts supporting your asserted damages and how Cassava's conduct caused them.

**RESPONSE TO INTERROGATORY NO. 2**

In addition to the General Objections, Plaintiff specifically objects to this Interrogatory as improper and overbroad under Local Civil Rule 33.3, in that it seeks information outside of the

3

scope of Local Civil Rule 33.3(a) and is not a more practical method of obtaining the information sought pursuant to Local Civil Rule 33.3(b).  Nor is this Interrogatory proper under Local Civil Rule 33.3(c) because it is an improper contention interrogatory, as it seeks to elicit a "complete narrative explanation." Plaintiff further objects to this Interrogatory insofar as it seeks information that was already the subject of extensive document discovery and deposition questioning. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Defendant's First Set of Interrogatories, served on April 11, 2025.

Based upon the foregoing objections, Plaintiff will not respond to Interrogatory No. 2.

Dated: October 27, 2025
New York, New York

By: */s/ Isaac B. Zaur*

**CLARICK GUERON REISBAUM LLP**
Isaac B. Zaur
David Kumagai
Amanda Wong
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: 212-633-4310
Email: izaur@cgr-law.com
Email: dkumagai@cgr-law.com
Email: awong@cgr-law.com

**LAW OFFICE OF DANIEL F. WACHTELL**
Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: 917-667-6954
Email: dan@danwachtell.com

*Attorneys for Plaintiffs Dr. Adrian Heilbut, Dr. Jesse Brodkin, and Dr. Enea Milioris*