**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ADRIAN HEILBUT, JESSE BRODKIN, and
ENEA MILIORIS,

                            Plaintiffs,

           -against-

CASSAVA SCIENCES, INC., REMI BARBIER, and
LINDSAY BURNS,

                        Defendants.

-------------------------------------------------------------x

24-cv-5948 (JLR) (OTW)

**<u>OPINION & ORDER</u>**

      **ONA T. WANG, United States Magistrate Judge:**

      The only outstanding issues in fact discovery are two motions to compel filed by

Defendants Barbier and Burns[1] seeking non-party discovery in the form of: 1) depositions of

Bredt and Pitt; and 2) document discovery from Citadel Advisors and a deposition of Zev Rosen,

a former employee of Citadel.  (*See* ECF Nos. 186, 187, 188, 190, 193, 194).

      The motion to compel depositions of Bredt and Pitt is **DENIED**. Even assuming that the

subpoenas to Drs. Bredt and Pitt were validly served, Defendants Barbier and Burns have not

shown that these depositions are relevant and proportional to the needs of this case. To the

contrary, other than conclusory statements that Drs. Bredt and Pitt possess "directly relevant"

information because they were the authors of the Citizen Petitions, Barbier and Burns have

focused (as they should) on the Plaintiffs' statements. But deposing nonparties Bredt and Pitt

will not shed any light on the factual bases supporting Plaintiffs' statements. While it is

---

[1] Barbier is Cassava's former CEO and Burns was its former lead scientist and coauthor on papers which were challenged by the Plaintiffs and Intervenors here. (*See, e.g*. ECF 9 ¶¶ 29-35).

technically true that the Plaintiffs (the "Dot.Com defendants" in the Defamation Action[2])

reference the Citizen Petitions in their websites and slide decks and Twitter/X posts, these

Plaintiffs' statements were analyzed at length in the Reports and Recommendations[3] that were

adopted by Judge Woods in that case.

It is not clear whether Defendants' omissions of those analyses were intentional or

simply an oversight; but I addressed this issue in the Defamation Action:

> Most of the Dot.Com Defendants' allegations are science-based and rely on Cassava's own public statements and data, and other publicly available information obtained through FOIA and FOIL requests. From that publicly available information – exhaustively linked, referenced and analyzed – the Dot.Com Defendants raise the same questions about the integrity of the research underlying Cassava's development of simufilam as were raised by the Neuroscientist Defendants. Framed one way, the Dot.Com Defendants summarize the publicly available data concerning simufilam and offer their opinion that the data, taken at face value, does not support Cassava's claims about the efficacy or mechanism of simufilam as a treatment for Alzheimer's disease, nor does the limited information suggest that SavaDX presents a viable way to detect Alzheimer's disease before clinical symptoms appear. When framed that way, the Dot.Com Defendants' scientific analysis fall squarely under *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490 (2d Cir. 2013), and is non-actionable.

> Cassava has claimed, however, that the reasoning in *ONY* does not apply if the alleged defamatory statements call into question the veracity of the underlying data. While it is true that the Dot.Com Defendants are more vocal (and hyperbolic) than the Neuroscientist Defendants in questioning the integrity of the underlying research, these statements are still not actionable under *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153–54 (N.Y. 1993), because these statements are "accompanied by a recitation of the facts on which [they are] based ... and do[ ] not imply the existence of undisclosed underlying facts." *Id.* (citing Justice Brennan's dissent in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 11–14 (1990), reasoning "a proffered

---

[2] *See Cassava Scis., Inc. v. Heilbut*, No. 22-CV-9409 (GHW) (OTW), 2024 WL 553806, at *1 n.1 (S.D.N.Y. Jan. 5, 2024). Filings in the Defamation Action, No. 22-CV-9409 (GHW) (OTW), will be cited as "Defamation Action, ECF ..." for ease of reference, without Westlaw citation.

[3] I issued three Reports and Recommendations for the different groups of defendants and they are found in the Defamation Action at ECF Nos. 104 (Neuroscientist Defendants), 105 (Dot.Com Defendants), and 110 (QCM Defendant). Judge Woods adopted all of them at ECF 119, which is the only decision from the Defamation Action that Burns and Barbier cite in their motion to compel.

> hypothesis that is offered after a full recitation of the facts on which it is based is readily understood by the audience as conjecture."). Here, as with the Neuroscientist Defendants, the Dot.Com Defendants' statements draw the inference that the research on which Cassava relies to support clinical testing of simufilam in humans may be unreliable. (*See* Neuroscientists' R&R at 20).

*Cassava*, 2024 WL 553806, at *5 (S.D.N.Y. Jan. 5, 2024), *R.&R. adopted sub nom* 2024 WL 1347362 (S.D.N.Y. Mar. 28, 2024).

Barbier and Burns have not addressed the subsequent history of the Defamation Action – which included a <u>fourth</u> Report and Recommendation (*See* Defamation Action, ECF 131) and Opinion and Order adopting it. (*Id.*, ECF 139). At that point, Cassava had filed a Second Amended Complaint in the Defamation Action covering only the "Seeing Through the Blind" slide deck, (*id.*, ECF 30-9), and 75 social media posts by the Dot.Com Defendants. In denying Cassava's motion for partial final judgment, Judge Woods again noted that Cassava would have had to resolve another motion to dismiss by the Dot.Com Defendants, where malice and falsity were intertwined, before Cassava could appeal the whole case to the Second Circuit. (*See id.*, ECF 139 at 6-7) (Cassava's allegations of malice depended on Dot.Com Defendants' alleged "common knowledge that contradicted their statements," but repleaded claims also "hinge[d] on the falsity of statements that Plaintiff committed fraud, manipulated data and conducted unsound scientific studies.")

The "Seeing Through the Blind" slide deck relies not on Bredt and Pitt's statements, however, but on results from FOIA and FOIL requests, which were appended to the slide deck and which apparently were obtained by the Plaintiffs/Dot.Com Defendants. Notably, there is no reference to Drs. Bredt and Pitt or the Citizen Petitions in the entire slide deck, which appears to be based on the Dot.Com Defendants' subsequent investigation and the conclusions

that they drew from their investigations. (*See* Defamation Action, ECF No. 30-9). Discovery into the factual bases for the statements in the Citizen Petition and Bredt's and Pitt's "interactions" with the Dot.Com parties is not relevant to the remaining claims and defenses in this case and would – contrary to Defendants' conclusory assertions – be a relitigation of the Defamation Action. Moreover, as Judge Rochon has explained in her decision denying dismissal of the First Amended Complaint here, the claims in this case relate to whether Defendants commenced the Defamation Action without probable cause, and with actual malice. (*See, e.g.*, ECF 82 at 27-30). These elements relate to <u>Defendants'</u> state of mind and <u>Defendants'</u> motives in bringing the Defamation Action, and not to communications between Bredt and Pitt and the Plaintiffs here, which could not have played a role in Defendants' decisions to bring the Defamation Action because they were not known to Defendants at the time they commenced this case.

For the same reasons, the motion to compel discovery from Citadel and Rosen is **DENIED**. Whether Citadel or Rosen had any contacts with Plaintiffs (and even if they in fact intended to spread negative publicity about Cassava) is not information that was known to Cassava (or Barbier and Burns, who presumably greenlit the filing) at the time the Defamation Action was filed, and therefore is not relevant to Defendants' state of mind or motives in this action.

The Clerk of Court is respectfully directed to close ECF 186.

**SO ORDERED.**

|  |  |
|---|---|
| | _/s/ Ona T. Wang_ |
| Dated: May 19, 2026 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |