# GIBSON DUNN

Monica K. Loseman
Partner
T: +1 303.298.5784
M: +1 303.408.1847
mloseman@gibsondunn.com

June 2, 2026

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Heilbut, et al. v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Rochon:

Pursuant to the Court's Order and Section 3.I of the Court's Individual Rules, Defendant Cassava Sciences, Inc. respectfully requests that the June 22, 2026 post-discovery pretrial conference serve as a pre-motion conference. Cassava intends to move (i) to exclude the expert testimony of Dr. David A. Sanders under Federal Rule of Evidence 702, and (ii) for summary judgment on Plaintiffs' malicious-prosecution claim; Plaintiffs' demand for punitive damages; and Plaintiffs' demand for attorney's fees incurred prosecuting this action.

## I. Background

Cassava is a clinical-stage biotechnology company that sponsored clinical trials of simufilam, an investigational treatment for Alzheimer's. *See* ECF 9 (FAC) ¶¶ 28, 39. Plaintiffs Adrian Heilbut, Jesse Brodkin, and Enea Milioris publicly accused Cassava and Cassava's scientific collaborator, Dr. Hoau-Yan Wang, of fraud and of relying on fabricated data. *See id.* ¶¶ 1-2, 41, 48-49.

In November 2022, Cassava sued Plaintiffs, alleging that their accusations were defamatory. *See Cassava Scis., Inc. v. Bredt*, No. 22-cv-9409 (S.D.N.Y.) (Defamation Action), ECF 1, 6. Judge Woods dismissed Cassava's First Amended Complaint on March 28, 2024, for failure to plead actual malice, but permitted Cassava to replead its claims regarding numerous accusations of scientific fraud and criminal conduct, which the court determined were defamatory *per se. See Cassava Scis., Inc. v. Bredt,* 2024 WL 1347362 (S.D.N.Y. Mar. 28, 2024). Cassava filed a Second Amended Complaint on April 29, 2024, focused on those statements, and later voluntarily dismissed the action. *See* Defamation Action, ECF 124, 142. Plaintiffs then filed this action, asserting a New York anti-SLAPP claim against Cassava and malicious-prosecution and conspiracy claims against Cassava, Remi Barbier, and Dr. Lindsay Burns. *See* FAC ¶¶ 188-207.

## II. Cassava's Anticipated Rule 702 Motion

Plaintiffs' expert, Dr. David A. Sanders, offers sweeping, conclusory opinions on scientific recordkeeping, research integrity, and statistical analysis, and asserts that simufilam-related ELISA biomarker data and Western Blot images produced by Dr. Wang showed signs of fabrication, falsification, or other research-integrity concerns. His opinions should be excluded under Rule 702 because Dr. Sanders (1) is not qualified to offer these opinions, (2) uses unreliable methods, and (3) offers opinions that do not fit the issues to be tried.

*1. Dr. Sanders's opinions are irrelevant.* Dr. Sanders opines that Dr. Wang fabricated results and engaged in poor recordkeeping. But this is not a research-misconduct case against Dr. Wang. This case is about what Cassava knew or reasonably believed when it filed and continued the defamation action, whether Cassava had a substantial basis or probable cause, and whether Plaintiffs can prove improper purpose and damages. *See* N.Y. Civ. Rights Law § 70-a(1)(a)-(c); *Engel v. CBS, Inc.*, 711 N.E.2d 626, 631 (N.Y. 1999). Dr. Sanders's opinions do not address those issues, and instead focus on allegations regarding Dr. Wang's independent actions. His testimony would improperly invite the jury to infer Cassava's liability from alleged misconduct by a non-party. *See* Fed. R. Evid. 403, 702; *United States v. Willis*, 14 F.4th 170, 185 (2d Cir. 2021); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541-43 (S.D.N.Y. 2004).

*2. Dr. Sanders is not qualified.* Dr. Sanders testified that he is not a neurobiologist or Alzheimer's-disease expert, has no specialized training in scientific ethics or recordkeeping, and has not published peer-reviewed articles on the subjects in his expert report. Plaintiffs nevertheless offer him to opine that Dr. Wang engaged in scientific misconduct and kept insufficient records. Rule 702 does not permit that mismatch between expertise and opinion. *See, e.g., Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.,* 164 F.3d 736, 746 (2d Cir. 1998).

*3. Dr. Sanders's methods are unreliable.* Among other problems, Dr. Sanders's opinion that Dr. Wang fabricated ELISA data in simufilam-related studies rests on materials he assumed were original data, even though they are not. And his Western Blot opinions rest on his naked-eye review of low-resolution, post-publication image crops, without any method capable of distinguishing misconduct from ordinary and acceptable Western-blot methodology. *See, e.g., Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267-68 (2d Cir. 2002).

## III. Cassava's Anticipated Summary-Judgment Motion

<u>A. Malicious Prosecution</u>. To prevail on their malicious prosecution claim, Plaintiffs must show that Cassava prosecuted the action "with malice" and that Plaintiffs suffered "special injury" as a result. *Engel*, 711 N.E.2d at 631. Plaintiffs fail to do so.

*1. No Special Injury.* The "ordinary physical, psychological, or financial demands of defending" a lawsuit are not a special injury. *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 6 (2d Cir. 2013). Nor are "bare allegations of emotional distress, pain, and suffering," *Brown v. Brown,* 343 F. Supp. 2d 195, 198 (E.D.N.Y. 2004), or "mere injury to reputation or defamation of character." *Zahrey v. City of New York*, 2009 WL 54495, at \*22 (S.D.N.Y. Jan. 7, 2009). That, however, is all Plaintiffs can even hope to show here. They fail to put forth sufficient, viable evidence of damages "beyond damages normally attendant upon being sued." *Furgang v. JMK Bldg. Corp.*, 583 N.Y.S.2d 610, 612 (3d Dep't 1992).

*2. No Malice.* Plaintiffs likewise fail to show Cassava pursued the case with "malice." When pursuing the Defamation Action, Cassava's current and former executives were firm believers in simufilam, in the science supporting simufilam, and in the statements Cassava made about simufilam. Indeed, simufilam's mechanism of action enjoyed significant support from third-party

laboratories and researchers with no connection to Cassava, and early clinical results of simufilam were promising. Cassava instigated the Defamation Action seeking to protect then-ongoing clinical trials and defend the integrity of a product it believed in. That is not "malice." *E.g.*, *Kuriakose v. City of Mount Vernon*, 41 F. Supp. 2d 460, 467 (S.D.N.Y. 1999).

B. Punitive Damages. For the same reason, Plaintiffs cannot show that Cassava pursued the Defamation Action with the "sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech," as would be required for punitive damages. N.Y. Civ. Rights Law § 70-a(1)(c). Plaintiffs cannot meet this high burden. *See Bennett v. Towers*, 982 N.Y.S.2d 843, 850 (N.Y. Sup. Ct. 2014) (noting that § 70-a(1)(c) must be "strictly construed" and that "because economic gain is almost always involved in cases such as these, most [claimants] will be hard pressed to recover punitive damages"). At the time of the Defamation Action, Cassava vehemently disputed Plaintiffs' statements about simufilam and the scientific bases for those statements. There are therefore "many logical and highly plausible reasons" why Cassava would pursue the Defamation Action—"including, most obviously, obtaining a judicial ruling regarding the falseness of the challenged statements." *Egiazaryan v. Zalmayev*, 2013 WL 6486258, at *12 (S.D.N.Y. Dec. 11, 2013), *report and recommendation adopted as modified*, 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) (granting summary judgment).

C. Fees Incurred Prosecuting Damages Claims. Cassava also will seek summary judgment that § 70-a does not authorize Plaintiffs to recover fees incurred pursuing compensatory and punitive damages in this separate action. New York follows the American Rule; fee-shifting statutes must be strictly construed and fee shifting is available only when explicitly authorized by agreement, statute, or court rule. *See, e.g., Matter of A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5 (1986); *315 W. 103 Enters. LLC v. Robbins*, 171 A.D.3d 466, 467 (1st Dep't 2019).

Section 70-a(1)(a) permits recovery of fees and costs incurred defending the underlying SLAPP action if that action lacked a substantial basis. N.Y. Civ. Rights Law § 70-a(1)(a). Subsections (1)(b) and (1)(c) separately authorize "other compensatory damages" and punitive damages only on heightened proof of improper purpose. *Id.* § 70-a(1)(b)-(c); *see also Isaly v. Garde*, 213 N.Y.S.3d 850, 860-61 (Sup. Ct. N.Y. Cnty. 2024). But no provision authorizes recovery of fees incurred pursuing those discretionary damages. Plaintiffs may seek fees incurred establishing any recoverable § 70-a(1)(a) fee award; they cannot shift the cost of years of affirmative litigation seeking compensatory and punitive damages.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Monica K. Loseman*
Monica K. Loseman