# EXHIBIT 118

Message

**From**: Lindsay Burns [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0BAA8DB7FC9E45BD8A53357CB339E048-LINDSAY.BUR]
**Sent**: 4/5/2022 8:57:36 AM
**To**: Jim Kupiec [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6977f47597784ea09bde896812343d5d-Jim.Kupiec]
**Subject**: FW: Confirming receipt of your email.
**Attachments**: PLOS.2008.2009.pdf; PLOS03142022CS.pdf; Venkatarama letter Plos 03142022.pdf

Jim,

The below thread starts with my attempt to contact the Editor in Chief of PLOS One about these baseless retractions. I received a response from the head of the ethics department of PLOS (Dr. Hoch) who explained that the single reason for retraction of all five papers (other claims had been refuted by original images) was that in those original blot images we provided, there was a tiny area of 6 pixels common to many blots across these publications. The backgrounds had other clear differences and the area of concern is cropped out, far away from the published blot area. We believe that the most likely explanation is a tiny blotch or scratch on the scanner glass or backing that scanned all these X-ray films – because the rest of these backgrounds are distinct. There could be other reasons, but they did not buy these possible explanations and preferred to swiftly retract all five. This action is NOT in compliance with COPE guidelines, which dictate an escalation to the institution (CUNY) in the absence of CLEAR evidence of manipulation. CUNY of course is already concluding an investigation, so it was especially strange that they retracted with lightening speed.

The response immediately below is from an independent WB expert who reached out to us earlier. I copied him in my response and he responded as well. I will also attach three letters: two written by him specifically addressing the allegations in four of the PLOS papers, and one last letter written by a final expert who reviewed allegations concerning the fifth paper.

I will separately forward a communication from the PLOS CEO who has promised to look into the matter, and the head of COPE, because their non-adherence to COPE guidelines was reported to them as well.

Please note that the author of the Retraction Watch article, which inappropriately uses our oversized logo as a header, is Adrian Heilbutt (See "hat tip: Adrian_H). This is one of two people who Tweet non-stop FUD about us and appear not to be otherwise employed. (The other, Jesse Brodkin, is a self-employed seller of rat behavioral instruments but has extremely low sales).

Lindsay

---

**From:** Charles Spruck <cspruck@sbpdiscovery.org>
**Sent:** Wednesday, March 30, 2022 3:25 PM
**To:** Lindsay Burns <lburns@cassavasciences.com>; PLOS Pub Ethics <pub-ethics@plos.org>
**Cc**: echenette@plos.org; mdohm@plos.org; Singer, Guy <gsinger@orrick.com>; Foley, William J. <wfoley@orrick.com>
**Subject:** Re: Confirming receipt of your email

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

By deciding to retract these PLOS publications, your editorial office is establishing a very dangerous precedent.

You are setting an extremely low bar for data manipulation, a very serious charge, based on patterns of background pixels in western blot figures. These background regions have nothing to do with the actual data and are generally cropped out of figures. They do not change the scientific conclusions of the publications. These regions are only relevant to individuals attempting to find something "unexplainable" to build a case for potential data manipulation. Are we as scientists now required to go through all our published articles and significantly alter the contrast/brightness of figures to identify suspect areas in background pixels? Should we proactively retract publications where this is the case?

As scientists, we are obligated to not only prove our hypotheses but do everything possible to disprove it. Dr. Wang and I have provided several plausible explanations for the common pixel patterns observed between figures. It is unclear why these explanations were not accepted as potential evidence of disproving the hypothesis of data manipulation. Has your Editorial staff conducted an analysis of western blot data from other PLOS publications from labs that used scanned films (i.e. prior to 2010) to determine if the issue of common background pixels is unique to Dr. Wang's data? If not, do you intend to hold these other publications to the same standard you are setting for Dr. Wang and issue retractions for these publications?

By coming to this conclusion, your Editorial staff is accepting a hypothesis of potential data manipulation from sources that have either stated a financial interest in discrediting Dr. Wang's work or have not disclosed their financial backing. You are opening the door to scientific competitors and big pharma to file statements of concern to discredit past publications. If simufilam/PTI-125 is ultimately proven to be an effective treatment for Alzheimer's disease, your editorial decision could be held as an example of how outside forces can impede the development of potentially life-saving drugs. I hope that this is not the case.

Charles Spruck, Ph.D.
NCI-designated Cancer Center
Sanford Burnham Prebys Medical Discovery Institute
10901 N. Torrey Pines Rd.
La Jolla, CA 92037
cspruck@sbpdiscovery.org
858-646-3100, x5128

---

**From:** Lindsay Burns <lburns@cassavasciences.com>
**Date:** Wednesday, March 30, 2022 at 6:23 AM
**To:** PLOS Pub Ethics <pub-ethics@plos.org>
**Cc:** echenette@plos.org <echenette@plos.org>, Charles Spruck <cspruck@sbpdiscovery.org>, mdohm@plos.org <mdohm@plos.org>, Singer, Guy <gsinger@orrick.com>, Foley, William J. <wfoley@orrick.com>
**Subject:** RE: Confirming receipt of your email

[EXTERNAL EMAIL: This message may not be safe, use caution, and please be suspicious of any attachments contained in this email.]
Dear Dr. Hoch,

The belief that background to be cropped out was somehow manipulated, when this "manipulation" or "duplication" is limited to only one spot amidst clearly distinct backgrounds, makes no sense at all. This is not clear evidence of data manipulation, which is the only route per COPE guidelines that you would skip the next step of an institutional investigation (which is ongoing anyway). Please help me to understand how these five retractions are following COPE guidelines. I strongly believe they are not. In fact, the journal's belief that this is data manipulation only shows that the reviewers do not have the relevant expertise in immunoblotting.

I welcome a continued dialogue.

Best wishes,

Lindsay

---

**From:** PLOS Pub Ethics <pub-ethics@plos.org>
**Sent:** Wednesday, March 30, 2022 8:08 AM
**To:** Lindsay Burns <lburns@cassavasciences.com>
**Cc:** echenette@plos.org
**Subject:** Confirming receipt of your email

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you for your message. I understand your position, but as noted in my previous message we stand by PLOS' assessment and decision in these cases. Based on the outcome of our editorial assessment, due process was taken in accordance with COPE guidance.

Kind regards,
Renee

Renee Hoch, Ph.D.
Senior Editor, Team Manager Publication Ethics

PLOS | plos.org
Empowering researchers to transform science
1265 Battery Street, Floor 2, San Francisco, CA 94111

CONFIDENTIAL: This email and any attachments are confidential and for the sole use of the individual(s) to whom they are addressed. If you have received this message in error please delete the message and notify the sender. Note that information and text in this correspondence should not be disclosed, copied, distributed, or used without explicit permission from PLOS.

Case Number: 07513166
ref:_00DU0Ifis._5004P1pLwQ4:ref

--------------- Original Message ---------------
**From:** Lindsay Burns [lburns@cassavasciences.com]
**Sent:** 3/29/2022 7:07 PM
**To:** pub-ethics@plos.org
**Cc:** echenette@plos.org; cspruck@sbpdiscovery.org
**Subject:** Re: Response to your 3/21/2022 message

[CAUTION: External Email. ]

Dear Dr. Hoch,

Thank you for your detailed response. I am frankly incredulous that tiny instances of similar background pixels, in areas far away from the area of the blot that is published, would cause such concern. If someone were to manipulate an image to change results, dropping in a different background that is to be cropped out anyway makes no sense whatsoever. Furthermore, this "common background" that contains tiny spots of similarities

also contains many clear differences in each case. They are not the same backgrounds, and instances of similarity in those backgrounds in no way constitutes image manipulation, particularly over an 8-year period. There are any number of things that could cause such small similarities as detailed in a letter from an independent Western blot expert that we previously provided (attached again).

Further, COPE guidelines detail a certain flow of steps prior to retraction in the absence of clear evidence of image manipulation. I don't think anyone can say that these tiny spots of similar pixels are clear evidence of image manipulation. I am attaching a COPE guidelines flowchart, which would require escalating to the institution first before proceeding with a retraction. I am also copying the independent expert who provided a number of plausible reasons why such similarities might happen.

I am happy to discuss this matter by phone, as is the independent expert who has already offered.

Best wishes,
Lindsay Burns

---

**From:** PLOS Pub Ethics <pub-ethics@plos.org>
**Sent:** Tuesday, March 29, 2022 8:40 PM
**To:** Lindsay Burns <lburns@cassavasciences.com>
**Cc:** echenette@plos.org <echenette@plos.org>
**Subject:** Response to your 3/21/2022 message

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I lead the PLOS Publication Ethics team, and am writing in response to the following message in which you discussed the pending editorial actions for articles by Dr. Hoau-Yan Wang and colleagues. While you directed your comments to Dr. Chenette, please note that this type of issue is addressed by the Publication Ethics team, and that our team discusses editorial decisions involving retractions with the relevant editorial leads for PLOS ONE. Nevertheless, in light of your comments, I have cc'd Dr. Chenette on this message.

Below, I will comment only on the two articles for which you are a listed co-author, pone.0001554 and pone.0004282. As is explained in the PLOS Ethical Publishing Practice policy, and in accordance with COPE guidance, we consider case details and materials received in ethics case follow-up discussions as confidential information, and as such we will not discuss with you details of the three related cases involving articles for which you are not a listed author.

That said, all concerns raised to PLOS are addressed according to COPE guidance and PLOS policies, and I assure you that as noted in our Ethical Publishing Practice Policy, PLOS conducts thorough, objective editorial examinations of concerns raised, regardless of who they are raised by or whether those raising concerns have potential competing interests. Our editorial assessments and discussions about case resolutions (i.e. our decisions) focus on the PLOS content and the materials and data provided in follow-up discussions.

Dr. Zalm, as other members of the PLOS Publication Ethics team, has scientific expertise (including in western blotting), as well as specialized editorial expertise in publication ethics, including in image forensics, image data analysis, and the PLOS policies and industry-wide standards relevant to addressing publication ethics concerns. She is a senior member of our team and is fully qualified to evaluate the concerns and the materials provided for your articles.

Dr. Zalm has already discussed the issues in this case with Dr. Wang, and the summary of the editorial assessments and reasons underlying PLOS' decisions are summarized in the retraction notices which have been shared with you and the other listed authors. I will not revisit all aspects of those prior discussions, but I will provide some comments about the concern discussed in paragraph 3 of the pone.0004282 and pone.0001554 retraction notices, involving similarities between background patterns observed in the blot data provided to PLOS. This is a major concern that contributed to the editorial decision for both of your articles, and the comments we received did not resolve this concern.

As is stated in the retraction notices, we noted similarities in pixel patterns within the background areas of image data provided for multiple experiments spanning multiple articles. In response to this issue, Dr. Wang commented, "*The inside of the lid of the scanner is a white sheet that becomes the background of any transparent image that is being scanned, like the blots. Consequently, the same background image is visible on all radiographic images scanned with that same scanner.*"

Our team has evaluated blot data received from hundreds of laboratories worldwide, and we are familiar with western blot and blot imaging techniques, as well as common imaging and image compression artefacts. Even considering that irregularities (scratches, marks, etc.) on the scanner may appear on multiple blot images generated with the same equipment, we are highly concerned about the degree of pixel x pixel similarity that we observed across blot images provided for pone.0004282, pone.0001554, and other articles published over an 8-year period. Comparing the blot images there was also very little variation as to the orientation or relative positioning of similar background pixel groupings across different blot images. Overall, we concluded that the degree of similarity observed across image data for different experiments and different articles is highly concerning, and exceeds what would reasonably be expected for independent data, even considering possible scanner artefacts. In light of our assessment, the integrity of the primary data is in question and therefore we cannot stand by the published results.

We understand that you, Dr. Wang, and some external reviewers whose reports you provided may not agree with the concerns or with the outcome of our assessment. Nevertheless, Dr. Chenette (cc'd here) and I both stand by Dr. Zalm's assessment and the editorial decisions for these articles. Note that key aspects of the editorial assessment - including the evaluation of image background pixel patterns - were independently verified by two senior members of the PLOS Publication Ethics team.

I understand that this is a disappointing outcome but the decisions for your articles are final. The retractions are proceeding and we will provide another update when they have been completed, at which time the retraction notices will be available on the articles' PLOS ONE webpages.

We wish you all the best and appreciate your and your co-authors' cooperation in discussing the concerns about these articles.

Kind regards,
Renee Hoch, Ph.D.
Senior Editor, Team Manager Publication Ethics

PLOS | plos.org
Empowering researchers to transform science
1265 Battery Street, Floor 2, San Francisco, CA 94111
pub-ethics@plos.org

CONFIDENTIAL: This email and any attachments are confidential and for the sole use of the individual(s) to whom they are addressed. If you have received this message in error please delete the message and notify the sender. Note that information and text in this correspondence should not be disclosed, copied, distributed, or used without explicit permission from PLOS.

Case Number: 07513166

ref:_00DU0Ifis._5004P1pLwQ4:ref

--------------- Original Message ---------------
**From:** Lindsay Burns [lburns@cassavasciences.com]
**Sent:** 3/21/2022 7:45 AM
**To:** plosone@plos.org
**Subject:** Looking for email/phone of Emily Chenette

[CAUTION: External Email. ]

[CAUTION: External Email. ]

Dear PLOS One personnel,

I would like to bring to the attention of the Editor-in-Chief of PLOS One five simultaneous pending retractions for papers of my collaborator Dr. Hoau-Yan Wang. These pending retractions are unfounded. The pending retractions are based on "concerns" only (no evidence of manipulation) about the integrity of data images that were collected using old-style Western blotting, meaning X-ray film, hand-poured gels and scanning of the images. Most labs have now transitioned to digital imaging, which avoids much of the visual artifacts of these original techniques. I strongly believe these retractions are baseless, as there was no research misconduct, no intent to deceive and no image manipulation. Instead, these pending retractions are part of a negative campaign against Cassava Sciences and our long-time collaborator, in an attempt to stop or slow two large Phase 3 clinical trials of our promising drug candidate for Alzheimer's disease. Short-seller hedge funds (who profit from causing a decline in the stock price) have been manipulating the stock price to great gain. Twitter "scientists" have been promoting a false and damaging narrative that the program is "all made up" and even that some experiments "didn't happen." We know certain of these negative voices on Twitter have ties to the hedge funds. I will attach a recent article in Compliance Week that details the manipulation of Cassava Sciences stock by short sellers. They are also connected to the highly conflicted individuals (also short sellers) who filed a petition with the FDA to stop the Phase 3 trials, which the FDA denied on February 10 (https://www.cassavasciences.com/news-releases/news-release-details/fda-denies-citizen-petitions-filed-behalf-short-selling-clients).

I am also attaching three letters from two independent Western blot experts who have reviewed and refuted the allegations in all five papers poised to be retracted. I am also attaching the letter written by Dr. Wang himself addressing them. I do not believe your ethics editor has the necessary Western blot expertise to evaluate the allegations, and she appears to be relying on accuser(s) who are highly conflicted, stating that such conflicts are irrelevant. Additionally, she claims that any appeal must provide new information. I believe the assessments by these outside, independent reviewers meets that requirement.

I would be grateful for any time to discuss this matter, but I do urge you to evaluate the situation before it proceeds. It will be a great embarrassment to PLOS One if this Alzheimer's disease drug candidate definitively demonstrates the success that we expect it will, if PLOS One has mass retracted all PLOS papers of one of the drug's inventors.

Respectfully,

Lindsay Burns

**Lindsay H. Burns, PhD**

SVP, Neuroscience

Cassava Sciences, Inc.
O: 512-501-2484 C: 512-574-4238
www.cassavasciences.com